MONIQUE OLIVIER (SBN 190385)
(molivier@dplolaw.com)
DUCKWORTH, PETERS, LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone:     (415) 433-0333
Facsimile:      (415) 449-6556

SHANNON LISS-RIORDAN, *pro hac vice* anticipated
(sliss@llrlaw.com)
SARA SMOLIK, *pro hac vice* anticipated
(ssmolik@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

**FILED**

AUG 16 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (SAN FRANCISCO DIVISION)

KAW

DOUGLAS O'CONNOR and THOMAS
COLOPY, individually and on behalf of all
others similarly situated,

        Plaintiffs,

vs.

UBER TECHNOLOGIES, INC., TRAVIS
KALANICK, and RYAN GRAVES,

        Defendants.

Case No. **CV 13 3826**

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

## I.   INTRODUCTION

1.      This case is brought on behalf of individuals who have worked as Uber drivers
anywhere in the United States (other than Massachusetts). Uber is a car service that provides
drivers who can be hailed and dispatched through a mobile phone application. As set forth
below, Uber advertises to customers that gratuity is included in the cost of its car service.

1
CLASS ACTION COMPLAINT AND JURY DEMAND

However, Uber drivers do not receive the total proceeds of any such gratuity. Instead, they receive only a portion of such gratuity, if any is charged to the customer. Furthermore, based on Uber's communication to customers that gratuity is included in the price of its service and so they do not need to tip, few if any customers leave tips for the drivers. Thus, drivers do not receive the tips that are customary in the car service industry and that they would otherwise receive were it not for Uber's communication to customers that they do not need to tip.

2.      Plaintiffs bring this action on their own behalf, and on behalf of all Uber drivers across the country (except in Massachusetts), for unjust enrichment, tortious interference with contractual and/or advantageous relations, violation of the California Gratuities Law, California Labor Code Section 351, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), based upon Uber's failure to remit to drivers the entire gratuity paid by customers, or alternatively for Uber's causing the drivers not to receive tips they would otherwise receive based on Uber's communications to customers that the gratuity is already included in the price of the car service and that there is no need to tip the drivers.

3.      In addition, Plaintiffs bring this action on behalf of Uber drivers who have been misclassified as independent contractors and thereby required to pay business expenses (such as for their vehicles, gas, and maintenance) in violation of California Labor Code Section 2802.

## II. PARTIES

4.      Plaintiff Douglas O'Connor is an adult resident of South San Francisco, California, where he works as an Uber driver.

5.      Plaintiff Thomas Colopy is an adult resident of San Francisco, California, where he works as an Uber driver.

2
CLASS ACTION COMPLAINT AND JURY DEMAND

6.    Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber drivers anywhere in the country other than in Massachusetts.

7.    Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California.

8.    Defendant Travis Kalanick at all relevant times has been an individual resident of California and the President and a Director of Uber.  Mr. Kalanick is responsible for the pay practices and employment policies of Uber throughout the country.

9.    Defendant Ryan Graves at all relevant times has been an individual resident of California and the Vice President and a Director of Uber.  Mr. Graves is responsible for the pay practices and employment policies of Uber throughout the country.

**III.    JURISDICTION**

10.    This Court has jurisdiction over the state law claims asserted here  pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendants are California citizens and members of the plaintiff class reside in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

**IV.    STATEMENT OF FACTS**

11.    Uber provides car service in cities throughout the country via an on demand dispatch system.

12.    Uber offers customers the ability to hail a car service driver on a mobile phone application.

13.    Uber's website advertises that "Uber is your on-demand private driver."

3
CLASS ACTION COMPLAINT AND JURY DEMAND

14.     Uber states to customers, on its website and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

15.     However, Uber drivers do not receive the total proceeds of this gratuity.

16.     Instead, Uber retains a portion of the gratuity for itself.

17.     In some instances, Uber has advertised that the gratuity is a set amount, such as 20%, of the fare that it charges.

18.     In other instances, Uber has not specified the amount of the gratuity.

19.     However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers.  Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

20.     As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of payments to which they are entitled, and to which reasonable customers would have expected them to receive.

21.     Moreover, by informing customers that there is no need to tip the drivers, Uber has further interfered with the advantageous relationship that drivers would otherwise enjoy with customers.  Uber has prevented its drivers from receiving tips from customers based upon its deceptive and misleading communications to customers.

22.     Although many are classified as independent contractors, Uber drivers are employees.

CLASS ACTION COMPLAINT AND JURY DEMAND

They are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.)

23.     In addition, Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide.  The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

24.     However, those Uber drivers who are misclassified as independent contractors are required to bear many of the expenses of their employment, including expenses for their vehicles, gas, and other expenses. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

## V.     CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all drivers who have worked for Uber anywhere in the country, except in Massachusetts.

26.     Plaintiffs and other class members throughout the country have uniformly been deprived of gratuities that were not remitted to them.

27.     Plaintiffs and other class members throughout the country have been uniformly deprived of tips that they would otherwise have received were it not for Uber informing passengers that there is no need to tip the drivers.

28.     The members of the class are so numerous that joinder of all class members is impracticable.

29.     Common questions of law and fact regarding Uber's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class.  Among the questions of law and fact common to the class are:

a.   Whether Defendants have charged customers a gratuity for class members' services;

b.   Whether Defendants failed to distribute the total proceeds of those gratuities to the class members;

c.   Whether Defendants have informed customers that gratuity is included in the price of the Uber service and so there is no need to tip their drivers;

d.   Whether class members had a reasonable expectation of receiving tips were it not for this representation Uber made to customers;

e.   Whether class members have suffered damages based upon Uber's representation to customers that there is no need to tip the drivers.

30.     Common questions of law and fact also exist as to members of the class who have been misclassified as independent contractors.  Among the questions of law and fact that are common to these drivers are:

a.   Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;

CLASS ACTION COMPLAINT AND JURY DEMAND

b. Whether the work performed by class members—providing car service to customers—is within Uber's usual course of business, and whether such service is fully integrated into Uber's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, and other expenses.

31.     The named plaintiffs are members of the class, who suffered damages as a result of Defendants' conduct and actions alleged herein.

32.     The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class and subclass.

33.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

34.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical.  Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them.  The class is readily definable and

prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Tortious Interference with Contractual and/or Advantageous Relations

36.     Defendants' conduct, as set forth above, in failing to remit the total proceeds of gratuities to the drivers constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and the customers, under state common law. Furthermore, Defendants' conduct in informing Uber customers that there is no need to tip their drivers also constitutes unlawful tortious interference with the contractural and/or advantageous relationship that exists between the drivers and the customers, under state common law.

## COUNT II

### Unjust Enrichment/*Quantum Meruit*

37.     Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers, in violation of state common law. Plaintiff and the class are entitled to restitution for their full share of the proceeds of these gratuities under the state common law doctrine of *quantum meruit*.

## COUNT III

### Breach of Contract

38.     Defendants' conduct, as set forth above, constitutes breach of contract under state common law. Defendants have an implied contract with the drivers to remit to them the total proceeds of all gratuities. Additionally, the drivers are third-party beneficiaries of the

8

CLASS ACTION COMPLAINT AND JURY DEMAND

contractual relationship between Defendants and the customers, pursuant to which the customers pay the gratuity for the benefit of the drivers.

## COUNT IV

### Statutory Gratuity Violation

39.     Defendants' conduct, as set forth above, in failing to remit all gratuities to the Uber drivers constitutes a violation of California Labor Code Section 351.  This violation is enforceable pursuant to UCL § 17200.

## COUNT V

### Independent Contractor Misclassification and Expense Reimbursement Violation

40.     Defendants' conduct, as set forth above, in misclassifying Uber drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802.

## COUNT VI

### Unfair Competition in Violation of California Business and Professions Code § 17200 et seq.

41.     Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL").  Defendants' conduct constitutes unlawful, unfair, or fraudulent business acts or practices, in that Defendants have committed the tort of tortious interference with contractual and/or advantageous relations, unjustly enriched themselves, breached implied contracts with the drivers and with customers for

9

whom the drivers are third party beneficiaries, and have violated California Labor Code Sections 351 and 2802.  As a result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to loss of gratuities to which they were entitled and customers expected them to receive, loss of tips that customers did not pay to the drivers due to Defendants' deceptive representations, and business expenses that drivers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.  Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

41.    WHEREFORE, Plaintiffs request that this Court certify this case as a class action, pursuant to Fed. R. Civ. P. 23; award restitution for all charged gratuities which were not remitted to the drivers; award damages for Defendants' interference with drivers' receiving tips from customers; award reimbursement that the drivers who were misclassified as independent contractors were required to bear; award pre- and post-judgment interest; award reasonable attorneys' fees, costs, and expenses; and award any other relief to which the plaintiffs may be entitled.

Dated: August 16, 2013

Respectfully submitted,

DOUGLAS O'CONNOR AND THOMAS COLOPY,

individually and on behalf of all others similarly situated,

By their attorneys,

MONIQUE OLIVIER (SBN 190385)
(molivier@dplolaw.com )
DUCKWORKTH, PETERS,
LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:      (415) 433-0333
Facsimile:      (415) 449-6556

SHANNON LISS-RIORDAN,
*pro hac vice* anticipated
(sliss@llrlaw.com)
SARA SMOLIK,
*pro hac vice* anticipated
(ssmolik@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone:      (617) 994-5800
Facsimile:      (617) 994-5801

11
CLASS ACTION COMPLAINT AND JURY DEMAND

# Exhibit 1

JS 44 (Rev. 12/12)
Cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DOUGLAS O'CONNOR and THOMAS COLOPY,
Individually and on behalf of all others similarly situated

### DEFENDANTS

UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES

**(b)** County of Residence of First Listed Plaintiff   San Mateo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Monique Olivier (Cal. Bar No. 190385)   (415) 433-0333
Duckworth Peters Lebowitz Olivier LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

Shannon Liss-Riordan (*pro hac vice* anticipated)   (617) 994-5800
Sara Smolik (*pro hac vice* anticipated)
Lichten & Liss-Riordan, P.C.
100 Cambridge St., Suite 2000
Boston, MA 02114

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities Employment
☐ 446 Amer. w/Disabilities Other
☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Class Action Fairness Act, 28 U.S.C. § 1332

Brief description of cause:
Common law & statutory violations for unlawful retention of gratuities

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

| (Place an "X" in One Box Only) | (x) SAN FRANCISCO/OAKLAND | () SAN JOSE | () EUREKA |
|---|---|---|---|
| DATE | SIGNATURE OF ATTORNEY OF RECORD | | |
| August 16, 2013 | Monique Olivier | | |