United States District Court
Northern District of California

DOUGLAS O'CONNOR, et al.,

    Plaintiffs,

    v.

UBER TECHNOLOGIES, INC., et al.,

    Defendants.

Case No.: 13-03826-KAW

ORDER DENYING EMERGENCY MOTION FOR PROTECTIVE ORDER TO STRIKE ARBITRATION CLAUSES

## I. BACKGROUND

On August 16, 2013, Douglas O'Connor and Thomas Colopy ("Plaintiffs") filed the instant class action complaint against Uber Technologies, Inc. and two of its executives ("Uber"). (Compl., Dkt. No. 1 at 2, 3). Uber is a type of car service that operates through a mobile phone application. (Compl. ¶ 1). The mobile phone application provides the mechanism for patrons to hail a driver and for the company to dispatch a driver. *(Id.)* Plaintiffs are individuals who have worked for the company as drivers. *(Id.)*

In their Complaint, Plaintiffs bring numerous causes of action, including tortious interference with contractual and/or advantageous relationship, unjust enrichment, breach of contract, and violations of various California statutes. (Compl. ¶¶ 36-41). Plaintiffs allege Uber's conduct harms drivers in two primary ways. First, Uber wrongfully deprives drivers of the full amount of the gratuity that Uber advertises as being included in the cost of its car service. (Compl. ¶ 20). Second, Uber's advertising creates the misconception that patrons do not need to leave additional gratuity because it is already included in the cost of the service, which, in turn, causes Uber drivers to lose gratuities they would have otherwise received. (Compl. ¶ 21).

On August 21, 2013, Plaintiffs filed an "Emergency Motion for Protective Order to Strike Arbitration Clauses." (Mot., Dkt. No. 4). In the Motion, Plaintiffs assert that just prior to the

filing of the Complaint, Uber distributed a revised contract to its drivers. (Mot. at 1). Plaintiffs explain that drivers were required to accept the new terms if they wished to continue their work with the company. *(Id.)* The revised agreement contains an arbitration clause that includes a class action waiver barring drivers from bringing or participating in any class action alleging violations of law by Uber. (Decl. of Douglas O'Connor, Ex. 1 at 11, 12, 13, 14). Plaintiffs challenge the validity of the arbitration provision on the grounds that the requirements for opting-out are too onerous (drivers must send written notice to Uber's General Counsel that they are opting-out through personal delivery or overnight delivery service) when compared to the means for communicating acceptance (drivers may do so by the tap of a button on their mobile phones). (Mot. at 2). Plaintiffs now seek an order from this court declaring that the arbitration clause is unenforceable and striking it, or, in the alternative, an order from this court requiring that:

> Uber drivers . . . be given fair notice (on their smartphones - the same means by which they received the new contract) that: (1) this case is pending; (2) they need to "opt-out" of the arbitration clause in order to be able to potentially participate in this case; (3) they will be given additional time to make a reasoned choice as to whether to preserve their rights to participate in this case by opting out of the arbitration clause; and (4) they will be able to opt out of the arbitration clause through a less burdensome means i.e. they should be permitted to opt out by swiping a button on their smartphones, the same method through which they were to agree to the new contract that Uber required them to agree to.

(*Id.* at 2, 3).

As a preliminary matter, the court notes that Plaintiffs do not cite any authority permitting the filing of this Motion on an emergency basis; nor have they followed any procedures governing such filings. As of the date of this order, Plaintiffs have yet to serve Uber with the summons and complaint and have not filed a declaration indicating that they otherwise notified Uber about the instant Motion.

## II. DISCUSSION

### A. This Court Declines To Grant Plaintiffs' Request For Declaratory Relief Prior To Service Of The Summons And Complaint

In their Motion, Plaintiffs urge this court to declare the arbitration clause in the revised agreement unenforceable based on the contention that Uber does not provide drivers with a meaningful opportunity to opt-out. (Mot. at 5). Plaintiffs fail to cite any statute, case, rule, or any other authority that permits this court to grant the relief requested at this stage of the litigation. (*See* Mot. at 4). Instead, Plaintiffs cite cases where courts have evaluated the enforceability of arbitration provisions at different stages in litigation. (*See* Mot. at 4). However, none of the cases Plaintiffs cite in their Motion stands for the proposition that a court may determine the validity of such a provision before service of the summons and complaint on the defendant. *See, e.g., Kilgore v. KeyBank, Nat'l Ass'n*, 673, F.3d 947, 965 (9th Cir. 2012) (reversing district court's denial of defendant's motion to compel arbitration), *vacated by Kilgore v. KeyBank Nat'l Ass'n*, 697 F.3d 1191 (9th Cir. 2012); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003) (affirming district court's denial of defendant's motion to compel arbitration), *overruled in part by AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011); *Hicks v. Macy's Dep't Stores, Inc.*, No. C 06-02345 CRB, 2006 WL 2595941 (N.D. Cal. Sept. 11, 2006) (granting defendant's motion to compel arbitration); *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1143 (C.D. Cal. 2011) (same).

To the contrary, the settled principles of personal jurisdiction dictate that this court refrain from granting any of the relief prayed:

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 90 L. Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."). Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a

summons or other authority-asserting measure stating the time within which the party served must appear and defend. . . .

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) (citations and quotations in original).

Accordingly, this court denies Plaintiffs' request for declaratory relief without prejudice.

### B. This Court Declines To Restrict Communications Between Uber And Class Members Prior To Service Of The Summons And Complaint.

Plaintiffs contend that Uber's "communications with class members, through the arbitration provision, are misleading because they fail to inform the class members of the pending litigation and the rights they are potentially giving up." (Mot. at 3). Plaintiffs assert that "the communication is coercive because the nature of the relationship between Uber and the drivers is such that the drivers are dependent upon Uber for future work and income." *(Id.)* They argue that "[p]ursuant to FED. R. CIV. P. 23, this court has broad authority to not only enjoin any such further communications, but to correct the effects of such communications thus far and to control Defendants['] further communications with class members about this litigation and their rights to participate in it." *(Id.)* On this basis, Plaintiffs request an order from this court requiring Uber to, among other things, give its drivers notice of this case and explain that they would need to opt-out in order to participate in this class action. *(Id.)*

Federal Rule of Civil Procedure 23(d)(1) ("Civil Rule 23") authorizes the court to issue orders that:

> (A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;
> (B) require--to protect class members and fairly conduct the action--giving appropriate notice to some or all class members of:
> (i) any step in the action;
> (ii) the proposed extent of the judgment; or
> (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action;
> (C) impose conditions on the representative parties or on intervenors;
> (D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or
> (E) deal with similar procedural matters.

FED. R. CIV. P. 23(d). *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103 (1981).

4

Plaintiffs cite Civil Rule 23 as the basis for the court's authority to restrict Uber's communications with class members. Plaintiffs cite a number of cases where courts have agreed to structure the communications between those involved in a class action prior to the class certification stage. (*See* Mot. at 5, 6, 7, 8, 9). As with the cases cited in support of their request for declaratory relief, *see supra* Part IV.A, the cases Plaintiffs rely on here are inapposite. They involve scenarios where, unlike in this action, the defendant has clearly been served and or has had an opportunity to appear in the action. *See, e.g., Gulf Oil*, 452 U.S. at 104 (district court abused its discretion by granting defendant's motion for an order restricting communications between parties and their counsel with class members); *Mevorah v.Wells Fargo Home Mortg.*, No. C 05-1175 MHP, 2005 WL 4813532, at *5, 6 (N.D. Cal. Nov. 17, 2005) (issuing order restricting communications with class members over defendant's filed opposition); *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 238 F. Supp. 2d 151, 154, 159 (D.D.C. 2002) (denying plaintiffs' emergency motion to preclude settlement discussions with individual plaintiffs but rejecting defendants' argument that district court had no authority to limit communications prior to class certification); *Hampton Hardware, Inc. v. Cotter & Co., Inc.*, 156 F.R.D. 630, 632 (N.D. Tex. 1994) (granting plaintiff's motion to limit defendant's contact with class members after having heard the arguments of the parties).

Accordingly, this court denies Plaintiffs' request for an order imposing restrictions on communications between Uber and class members without prejudice.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is denied without prejudice to either file a motion setting forth appropriate legal authority for the filing of the emergency motion or file the emergency motion at a more appropriate stage of the litigation.

IT IS SO ORDERED.

DATE: August 23, 2013

KANDIS A. WESTMORE
United States Magistrate Judge