United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, *et al.*, | No. C-13-3826 EMC |
| Plaintiffs, | **ORDER (1) DENYING IN PART PLAINTIFFS' "RENEWED EMERGENCY MOTION FOR PROTECTIVE ORDER TO STRIKE ARBITRATION CLAUSES;" (2) DENYING PLAINTIFFS' EMERGENCY MOTION TO SHORTEN TIME FOR DEFENDANTS' RESPONSE; AND (3) DENYING DEFENDANTS' *EX PARTE* APPLICATION AS MOOT** |
| v. | |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. _____/ | |

**(Docket Nos. 15, 27, 34)**

Plaintiffs Douglas O'Connor and Thomas Colopy ("Plaintiffs") filed the current class action complaint against defendants Uber Technologies, Inc. ("Uber") and two of its executives, Travis Kalanick and Ryan Graves (collectively "Defendants"), seeking restitution, damages, and other relief for unremitted gratuity. Now pending before this Court are three motions: (1) Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses (Docket No. 15); (2) Plaintiffs' Emergency Motion to Shorten Time for Defendants' Response (Docket No. 27); and (3) Defendants' *Ex Parte* Application (Docket No. 34).

Having considered the parties' moving and response papers, the Court hereby (1) **DENIES IN PART**, without prejudice, Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses; (2) **DENIES** Plaintiffs Motion to Shorten Time for Defendants' Response; and (3) **DENIES** as moot Defendants' *Ex Parte* Application.

## I. FACTUAL & PROCEDURAL BACKGROUND

Uber offers a car service and mobile phone application by which drivers can be hailed and dispatched. *See* Docket No. 1 (Compl., ¶ 1). Plaintiffs are former drivers for Uber who bring the current action for tortious interference with contractual and/or advantageous relations (Count I); unjust enrichment (Count II); breach of contract (Count III); violation of California Labor Code § 351 (Count IV); violation of California Labor Code § 2801 (Count V); and violation of California's Unfair Competition Law (Calif. Bus. & Prof. Code § 17200 et seq. ("UCL") (Count VI)).

The thrust of Plaintiffs complaint is that drivers are wrongfully deprived (1) the full amount of gratuity that Uber advertises as included in the car service; and (2) additional gratuity that drivers would otherwise receive but for Uber's advertisement that gratuity is already included. Plaintiffs filed the current action on August 16, 2013. Less than a week later, Plaintiffs consented to proceed before Magistrate Judge Westmore and filed an "Emergency Motion for Protective Order to Strike Arbitration Clauses." *See* Docket Nos. 3, 4. On August 23, 2013, Magistrate Judge Westmore denied Plaintiffs' motion without prejudice on grounds Plaintiffs had failed to first serve Defendants with summons and complaint. *See* Docket No. 14 (Order, at pg. 3-4).

That same day, Plaintiffs personally served Uber with summons and complaint. *See* Docket No. 17. Three days later, Plaintiffs filed their "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses." *See* Docket No. 15. Plaintiffs contend that shortly before the current action was filed, Uber revised their agreement with their drivers, titled the "Software License and Online Services Agreement," dated July 15, 2013. *See* Docket No. 15-4 (Ex. 4 to Mot.). Plaintiffs allege that Defendants required their drivers to assent to the revised agreement, which contained an arbitration clause, if the drivers continued driving for Uber. *See* Docket No. 15 (Mot., at pg. 3). Plaintiffs contend that because the revised agreement does not inform drivers of the pendency of the current action and the mode of opting-out is unreasonably burdensome, "Uber's new agreement may deprive potential class members of their right to participate in this case." *See id.* at pg. 5. Accordingly, Plaintiffs seek the following relief in their "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses": (1) strike the arbitration clause in the revised agreement; or,

alternatively, (2) issue an order restricting Uber's communications with potential class members. Plaintiffs also request that the Court shorten time for Uber's response to the "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses." *See* Docket No. 27. Uber opposes the motion shortening time and also filed an *ex parte* application for relief from Plaintiffs' proposed expedited briefing schedule. *See* Docket No. 34.

## II. DISCUSSION

Under Local Rule 6-3, a party seeking an order shortening (or enlarging time) must make a particularized showing. Local Rule 6-3 provides, in pertinent part, that a motion shortening time must be accompanied by an affidavit that:

> (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time;
>
> [...]
>
> (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time....

*See* N.D. Cal. Civ. L.R. 6-3 (a)(1), (a)(3). Plaintiffs have failed to make out a particularized showing of good cause for shortening time. Plaintiffs have not specifically identified an impending time-critical event that would warrant shortening time. Plaintiffs also, for example, articulate no specific risk of further communications from Uber with putative class members that would affect opt-out decisions. Plaintiffs' unspecified fears arising from defense counsel's refusal to accept a broad proposal to cease all communications with potential class members will not suffice. *See* Docket No. 35 (Reply, at pg. 2). Further, Plaintiffs have not shown that the 30-day window for drivers has not already passed, which would moot their request for expedited relief. The revised agreement attached to Plaintiffs "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses," see Docket No. 15, seems to indicate that the 30-day window may have expired even before Plaintiffs brought the current action on August 16, 2013 and certainly before Plaintiffs sought emergency relief.

Nor is there a basis for issuing an emergency protective order regarding communications with potential class members. Plaintiffs point to no evidence indicating that Uber is currently or planning to communicate with potential class members in a manner that would threaten to

undermine or taint the class certification process. Plaintiffs correctly note that this Court may issue an order exercising control over class communications even before a class has been certified. But a district court may only do so after making the requisite factual findings that reflects the weighing of competing interests – *i.e.*, the need for the communications restriction and the interference of the rights of the parties. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103 (1981) (finding district court abused its discretion by issuing an order restricting class communications without a supporting factual record; the "mere possibility of abuse does not justify routine adoption of a communications ban"). Although *Gulf Oil* involved a communications ban imposed upon plaintiff's attorney to the putative class, its reasoning applies with equal force here. Again, the fact that Uber sent out the revised agreement *prior* to the filing of the current action does not establish the requisite showing. Absent evidence, for example, that Uber circulated the revised agreement in bad faith to anticipate the current action, the Court lacks a factual basis required under *Gulf Oil* to exercise control over class communications.

### III. CONCLUSION

Based on the foregoing, the Court hereby rules as follows:

(1) Plaintiffs' request to shorten the briefing schedule on their "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses" is DENIED.

(2) Plaintiffs' alternative request for interim relief seeking an order limiting class communications is DENIED, without prejudice in the event Plaintiffs can identify new facts supporting an order restricting class communications by Uber to potential class members.

(3) Plaintiffs' "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses" shall be set for the next available hearing date and briefed as a regularly noticed motion, pursuant to N.D. Cal. Civ. L. R. 7-2.

///
///
///
///
///

(4) Defendants' ex parte application seeking to vacate the expedited briefing schedule, or in the alternative, extending the deadline for Defendants' response is DENIED as moot.

This order disposes of Docket Nos. 27 and 34.

IT IS SO ORDERED.

Dated: September 17, 2013

_____
EDWARD M. CHEN
United States District Judge