MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
STEPHEN L. TAEUSCH (SBN 247708)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
rhendricks@morganlewis.com
staeusch@morganlewis.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
TRAVIS KALANICK and RYAN GRAVES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR and THOMAS COLOPY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES,<br><br>        Defendants. | Case No. 13-03826-EMC<br><br>Hon. Edward M. Chen<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Fed. R. Civ. P. 12(b)(6)<br><br>[Request for Judicial Notice Filed Concurrently; (Proposed) Order Lodged Concurrently]<br><br>Date:        Oct. 31, 2013<br>Time:        1:30 p.m.<br>Courtroom:  5<br><br>Complaint Filed:    August 16, 2013 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24377285.2

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on October 31, 2013, at 1:30 p.m., or as soon as the matter may be heard before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California in the San Francisco Courthouse, Seventeenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Uber Technologies, Inc. ("Uber"), Travis Kalanick, and Ryan Graves (collectively, "Defendants") will and do move this Court, under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for an Order dismissing Plaintiffs' Complaint on the ground that Plaintiffs have failed to state any claim against Defendants upon which relief may be granted.

Defendants' motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, all pleadings and papers on file in this action, and such other argument and evidence as may be presented to this Court prior to or at the hearing on this matter.

Dated: September 25, 2013

MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS
STEPHEN L. TAEUSCH

By   /s/ Robert Jon Hendricks
Robert Jon Hendricks
Attorneys for Defendants
UBER TECHNOLOGIES, INC., TRAVIS
KALANICK, and RYAN GRAVES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DB2/ 24377285.2

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ....................................................................... 2

II.     STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)] ................... 3

III.    SUMMARY OF ALLEGATIONS CONTAINED IN PLAINTIFFS' COMPLAINT ........................................................................................................ 4

IV.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..................................................... 4

    A.    The Standards Governing A Rule 12(b)(6) Motion To Dismiss ............... 4

    B.    The Court Should Dismiss The California Common Law And Statutory Claims Asserted On Behalf Of The Non-California Putative Class Members As They Constitute An Extraterritorial Application Of California Law ................................................................................................................ 6

    C.    The Court Should Dismiss Plaintiffs' Fifth Cause Of Action Captioned As Independent Contractor Misclassification And Expense Reimbursement Violation Because Plaintiffs Have Failed To Allege Sufficient Facts To Demonstrate The Existence Of An Employer-Employee Relationship ................. 8

    D.    The Court Should Dismiss Plaintiffs' Fourth Cause Of Action Captioned As Statutory Gratuity Violation Based Upon California Labor Code § 351 ........ 10

        1.    California Labor Code § 351 does not provide a private right of action ........................................................................................................... 10

        2.    Plaintiffs fail to allege sufficient facts to demonstrate that they would be entitled to any purported gratuities .......................................... 11

    E.    The Court Should Dismiss Plaintiffs' Third Cause Of Action Captioned As Breach Of Contract ....................................................................................... 12

    F.    The Court Should Dismiss Plaintiffs' Second Cause Of Action Captioned As Unjust Enrichment/Quantum Meruit Because It Fails To State Sufficient Facts Upon Which Relief Can Be Granted ........................................... 13

    G.    The Court Should Dismiss Plaintiffs' First Cause Of Action Captioned As Tortious Interference With Contractual And/Or Advantageous Relations Because It Fails To State Sufficient Facts Upon Which Relief Can Be Granted ........................................................................................................... 14

    H.    The Court Should Dismiss Plaintiffs' Sixth Cause Of Action Because It Is Derivative Of Plaintiffs' Other Causes Of Action And Likewise Fails To State Sufficient Facts Upon Which Relief Can Be Granted ........................... 15

    I.    The Court Should Dismiss Plaintiffs' Claims Against Kalanick And Graves Because The Complaint Fails To State Sufficient Facts Upon Which Relief Can Be Granted As To Them ....................................................................... 15

V.      CONCLUSION ............................................................................................. 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................. 5, 8, 9, 16

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ............................................................................. 5, 8, 11, 12

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ............................................................................. 8

*Daniels-Hall v. Nat'l Educ. Ass'n*
629 F.3d 992 (9th Cir. 2010) ............................................................................. 8

*Doe I v. Wal-Mart Stores, Inc.*
572 F.3d 677 (9th Cir. 2009) ............................................................................. 11

*Edgar v. MITE Corp.*
457 U.S. 624 (1982) ............................................................................. 9, 10

*Global Network Commc'ns., Inc. v. City of New York*
458 F.3d 150 (2d Cir. 2006) ............................................................................. 12

*Healy v. Beer Inst., Inc.*
491 U.S. 324 (1989) ............................................................................. 9

*Knievel v. ESPN*
393 F.3d 1068 (9th Cir. 2005) ............................................................................. 10, 11

*Moreno v. Los Angeles Child Care and Dev. Council, Inc.*
963 F. Supp. 876 (C.D. Cal. 1997) ............................................................................. 15

*Moss v. U.S. Secret Serv.*
572 F.3d 962 (9th Cir. 2009) ............................................................................. 9

*Pardi v. Kaiser Found. Hosps.*
389 F.3d 940 (9th Cir. 2004) ............................................................................. 17

*Parrino v. FHP, Inc.*
146 F.3d 699 (9th Cir. 1998) ............................................................................. 12

*Rescuecom Corp. v. Google, Inc.*
562 F.3d 123 (2d Cir. 2009) ............................................................................. 14

*Sanders v. Brown*
504 F.3d 903 (9th Cir. 2007) ............................................................................. 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24377285.2

ii

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

*Shaffer v. Heitner*
433 U.S. 186 (1977) ................................................................................................. 9

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) ................................................................................... 9

**CALIFORNIA CASES**

*Hedging Concepts, Inc. v. First Alliance Mortg. Co.*
41 Cal. App. 4th 1410 (1996) ................................................................................. 16

*Jogani v. Sup. Ct.*
165 Cal. App. 4th 901 (2008) ................................................................................. 16

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) ................................................................................... 17, 18

*Lance Camper Mfg. Corp. v. Republic Indem. Co.*
44 Cal. App. 4th 194 (1996) ................................................................................... 15

*Lu v. Hawaiian Gardens Casino, Inc.*
50 Cal. 4th 592 (2010) ..................................................................................... 6, 13

*Reeves v. Hanlon*
33 Cal. 4th 1140 (2004) ......................................................................................... 17

*Serv. Empls. Int'l Union v. County of Los Angeles*
225 Cal. App. 3d 761 (1990) ................................................................................. 11

*Vernon v. State*
116 Cal. App. 4th 114 (2004) ................................................................................. 11

*Willman v. Gustafson*
63 Cal. App. 2d 830 (1994) ................................................................................... 16

**CALIFORNIA STATUTES**

California Business and Professions Code § 17200 ........................................... passim

California Labor Code § 350 ................................................................................... 14

California Labor Code § 351 ................................................................... 6, 9, 13, 14, 15

California Labor Code § 2802 ................................................................................... 9

**FEDERAL STATUTES**

Federal Rule of Civil Procedure 8(a) ................................................................. 5, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiffs Douglas O'Connor and Thomas Colopy's Complaint against Defendants Uber Technologies, Inc. ("Uber"), Travis Kalanick, and Ryan Graves alleges six causes of action for (1) tortious interference with contractual and/or advantageous relations; (2) unjust enrichment/*quantum meruit*; (3) breach of contract; (4) statutory gratuity violation; (5) independent contractor misclassification and expense reimbursement violation; and (6) unfair competition in violation of California Business and Professions Code § 17200. Dkt. No. 1 ("Complaint") ¶ 1. Moreover, Plaintiffs seek to bring these claims on behalf of not just themselves, but also on behalf of a putative class consisting of alleged "Uber drivers anywhere in the United States (other than Massachusetts)." *Id.*

Plaintiffs' Complaint must be dismissed because it utterly fails to meet the pleading standards articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Indeed, far from presenting a plausible picture that Plaintiffs are entitled to relief as required under Federal Rule of Civil Procedure 8(a), the Complaint is comprised of boilerplate recitations of legal elements and is devoid of factual allegations sufficient to push Plaintiffs' legal claims from the level of speculative to plausible. Plaintiffs' allegations are conclusory, nonspecific, and even if taken as true, not only fail to state a claim for relief, but actually demonstrate that no claims for relief are viable.

The full extent of the Complaint's deficiency is made particularly clear when one takes into account the parties' Software License and Online Services Agreement ("SLOSA") and Driver Addendum Related to Uber Services ("DARUS") (collectively, the "Licensing Agreement") by which Plaintiffs have agreed to be bound.[1] Indeed, the very fact that the parties have entered into a fully-integrated written agreement compels dismissal of Plaintiffs' claims for

---

[1] Although Plaintiffs failed to attach the Licensing Agreement to their Complaint, as set forth in more detail below, this Court can properly take judicial notice of it and consider it in connection with Defendants' motion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

breach of implied contract, *quantum meruit*, and tortious interference because those claims are not viable as a matter of law where a contract exists covering the same matter.

In addition to other flaws fatal to Plaintiffs' claims, most of Plaintiffs' claims require employee status, yet Plaintiffs have pled insufficient specific facts making their alleged employment status plausible. Considering that employment status is a central issue, Plaintiffs' nonspecific and conclusory allegations are insufficient and must be ignored. But, as explained below, the level of factual specificity that Plaintiffs must plead is even higher because the Licensing Agreement specifically provides that Uber is ***not*** Plaintiffs' employer and expressly denies Uber the requisite control needed to establish an employment relationship.

Similarly, Plaintiffs seek to allege a claim for violation of California Labor Code § 351. But California Labor Code § 351 does not provide a private right of action. *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010).

Finally, Plaintiffs seek to assert California statutory and common law claims on behalf of a putative class consisting of non-California residents predicated upon conduct that takes place wholly outside of California's borders. But the application of California law by non-California residents to conduct occurring outside of California constitutes an extraterritorial application of law in violation of the Commerce Clause of the United States Constitution. Because these claims are unconstitutional, they fail to state a claim for relief and must be dismissed by the Court.

Given all of this, and as set forth in more detail below, Plaintiffs have not – and cannot – meet their pleading burden, and the Complaint should be dismissed with prejudice.

## II.     STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)]

The following issues are raised by this motion:

1.     Whether Plaintiffs' first cause of action fails to set forth sufficient facts upon which relief can be granted.

2.     Whether Plaintiffs' second cause of action fails to set forth sufficient facts upon which relief can be granted.

3.     Whether Plaintiffs' third cause of action fails to set forth sufficient facts upon which relief can be granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1          4.        Whether Plaintiffs' fourth cause of action fails to set forth sufficient facts

2  upon which relief can be granted.

3          5.        Whether Plaintiffs' fifth cause of action fails to set forth sufficient facts

4  upon which relief can be granted.

5          6.        Whether Plaintiffs' sixth cause of action fails to set forth sufficient facts

6  upon which relief can be granted.

7          7.        Whether Plaintiffs can extraterritorially apply California law to assert

8  claims on behalf of persons who performed services in other states.

9  **III.**    **SUMMARY OF ALLEGATIONS CONTAINED IN PLAINTIFFS' COMPLAINT**

10      Filed on August 16, 2013, Plaintiffs' Complaint alleges that Uber provides customers with

11  the ability to utilize a mobile phone application to hail car service drivers.  Compl. ¶ 12.

12  Plaintiffs allege that Uber advertises to its customers "that a gratuity is included in the total cost

13  of the car service and that there is no need to tip the driver."  *Id.* at ¶ 14.  Plaintiffs contend that

14  they are car service drivers and have entered into a contractual relationship concerning that

15  service.  *See generally id.* at ¶¶ 22-23, and 38.  Plaintiffs contend that, contrary to their contract

16  with Uber, they do not receive the total proceeds of any gratuity paid by Uber's customers.  *Id.* at

17  ¶¶ 15, 38.  Plaintiffs further contend that, although classified as independent contractors, they are

18  actually employees of Uber.  *Id.* at ¶ 22.

19      Plaintiffs set forth no factual allegations concerning Kalanick and Graves, other than to

20  identify them as, respectively, the President and Vice President of Uber, and to allege that they

21  are both "responsible for the pay practices and employment policies of Uber."  *Id.* at ¶¶ 8-9.

22      As set forth in more detail below, Plaintiffs' threadbare allegations are wholly insufficient

23  to state a claim upon which relief can be granted.  Therefore, Plaintiffs' Complaint must be

24  dismissed in its entirety.

25  **IV.**    **PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

26

     **A.**    **The Standards Governing A Rule 12(b)(6) Motion To Dismiss**

27      A complaint or an individual cause of action must be dismissed if it "fail[s] to state a

28  claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6)

motion, a court accepts as true "all well-pleaded allegations of material fact," but not "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). A complaint's factual allegations must show that "the pleader is entitled to relief." FRCP 8(a)(2). Thus, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544. If the allegations do not move the claims "across the line from conceivable to plausible, [then the] complaint must be dismissed." *Id.* at 570. Factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 545.

Conclusory allegations are insufficient to establish a plausible claim. *Id.* at 555. Legal conclusions must be supported by factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff cannot meet Rule 8(a)(2)'s threshold requirement by simply reciting legal language or stating legal conclusions that are unsupported by factual allegations. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (holding conclusory legal allegations are not adequate to defeat a motion to dismiss); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (holding that the court "is not required to accept legal conclusions cast in the form of factual allegations"). Rather, "further factual enhancement" is required, and such factual enhancement must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The purpose of Rule 8(a)(2)'s threshold requirement is to ensure that the plaintiff actually suffered an injury for which liability is plausible before dragging the parties and the court through the costly and time-consuming discovery process. *Id.* at 559. District courts can best achieve this purpose by dismissing unsupported claims at the pleading stage, before the parties commence the discovery process. *Id.* at 558-59 (noting the "practical significance" of Rule 8(a)(2) as a basis for exposing the deficiency of failing to raise a claim of entitlement to relief "at the point of minimum expenditure of time and money by the parties and the court").

In *Iqbal*, the Court identified a two-pronged approach to determine the sufficiency of a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

complaint. *Iqbal*, 556 U.S. at 678. First a court strips away all conclusory allegations. *Id*. Then the court determines whether the remaining "well-pleaded, nonconclusory factual allegation[s]" give rise to a plausible claim. *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Moreover, where the deficiencies in a particular claim cannot be cured by amendment, the court may dismiss such claims without leave to amend. *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

**B.**     **The Court Should Dismiss The California Common Law And Statutory Claims Asserted On Behalf Of The Non-California Putative Class Members As They Constitute An Extraterritorial Application Of California Law**

It is fundamental that the extraterritorial exercise of power by a State constitutes a violation of the Commerce Clause of the United States Constitution and a party's due process rights. As explained by the United States Supreme Court, the "Commerce Clause … precludes the application of a state statute to [conduct] that takes place wholly outside of the State's borders." *Edgar v. MITE Corp.*, 457 U.S. 624, 642-43 (1982); *see also Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989) ("A state statute is a *per se* violation of the Commerce Clause when it has an 'extraterritorial reach.'"); *Shaffer v. Heitner*, 433 U.S. 186, 197 (1977) ("Any attempt directly to assert extraterritorial jurisdiction over person or property would offend sister States and exceed the inherent limits of the State's power.").

Here, Plaintiffs seek to assert California statutory and common law claims on behalf of a putative class consisting of non-California residents and predicated upon conduct that takes place wholly outside of California's borders. Indeed, Plaintiffs allege that the Complaint is brought on behalf of purported "Uber drivers *anywhere in the United States* (other than Massachusetts)." Complt. ¶ 1 (emphasis added). Plaintiffs further allege claims for violation of California "state common law" (*see id.* at ¶¶ 36-38), California Labor Code §§ 351 and 2802 (*id.* at ¶¶ 39-40), and California Business and Professions Code § 17200 (*id.* at ¶ 41) predicated upon allegations that Uber failed "to remit to drivers the entire gratuity paid by customers, or alternatively … [caused] the drivers not to receive tips they would otherwise receive" (*id.* at ¶ 2). Notably, there are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24377285.2

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

absolutely no plausible factual allegations explaining how non-California drivers engaging in driving services outside of California could possibly be subject to California's statutory or common law.  Given this, Plaintiffs' effort to represent a putative class consisting of non-California drivers in connection with claims predicated *entirely* on California statutory and common law constitutes an extraterritorial application of California law in violation of the Commerce Clause of the United States Constitution and must be dismissed by the Court.  *Edgar*, 457 U.S. at 642-43.

In connection with Plaintiff's Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses ("Motion for Protective Order"), Plaintiffs have asserted that "[p]ursuant to the contract that Uber requires its drivers to enter, California law governs any disputes between the drivers and Uber regarding Uber's services."  *See* Dkt. No. 15 at 3, n6.  Thus, Plaintiffs may be arguing that the Licensing Agreement establishes a basis for Plaintiffs to represent a putative class of non-California residents.

While generally a court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss, the court may consider extrinsic documents, such as contracts, when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Because, as conceded in the Motion for Protective Order, Plaintiffs' claims necessarily depend on the contents of the Licensing Agreement and its authenticity is not in dispute, the Court may consider it in connection with Defendants' motion.  *See* Request for Judicial Notice ("RJN") No. 1.

A simple review of the Licensing Agreement demonstrates that it is insufficient to support the California statutory and common law claims of non-California putative class members.  Paragraph 14 of the Licensing Agreement simply provides that the *agreement* shall be governed by California law, and that any disputes arising out of or in connection with the *agreement* shall be subject to the exclusive jurisdiction of San Francisco, California.  *See generally* RJN No. 1, SLOSA ¶ 14.1.  In other words, it simply provides the law under which the agreement is to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

interpreted and the forum in which any disputes are to be resolved. This does not bestow upon the non-California putative class members the ability to bring claims against Defendants under California statutory and common law, nor does it permit the unconstitutional, extraterritorial application of California law.

Given this, the Court should dismiss (and or strike) the California statutory and common law claims asserted on behalf of the non-California putative class members.

**C.** **The Court Should Dismiss Plaintiffs' Fifth Cause Of Action Captioned As Independent Contractor Misclassification And Expense Reimbursement Violation Because Plaintiffs Have Failed To Allege Sufficient Facts To Demonstrate The Existence Of An Employer-Employee Relationship**

Plaintiffs' fifth cause of action alleges that they were misclassified as independent contractors, and should have instead been treated as employees. Complt. ¶ 40. Plaintiffs allege that as a result of this purported misclassification, Uber failed to reimburse them for business-related expenses. *Id.* The key factor to consider in analyzing whether an entity is an employer is "the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." *Serv. Empls. Int'l Union v. County of Los Angeles*, 225 Cal. App. 3d 761, 769 (1990). "A finding of the right to control employment requires … a comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Vernon v. State*, 116 Cal. App. 4th 114, 127-28 (2004).

Here, Plaintiff's allegations do not support the conclusion that Uber is Plaintiffs' employer. All Plaintiffs assert is that they are "required to follow a litany of detailed requirements." *See* Complt. ¶ 22.[2] As a preliminary matter, Plaintiff's allegation "is a conclusion, not a factual allegation stated with any specificity." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (noting allegation that Wal-Mart exercised control over day-to-day employment was insufficient). As such, it should be disregarded when reviewing Defendants' Motion to Dismiss. *See generally Twombly*, 550 U.S. at 555.

But even assuming the Court were to consider these conclusory allegations, they are insufficient as there is no explanation how such purported requirements constitute a

---

[2] Presumably, Plaintiffs are referring to the contractual terms set forth in the Licensing Agreement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

comprehensive and immediate level of day-to-day authority over employment decisions. This is particularly true in light of Plaintiffs' *express* and *repeated* acknowledgements in the Licensing Agreement that they are independent contractors of Uber, not employees, and that Uber does *not* exercise day-to-day control over their operations.[3] Indeed, Plaintiffs agreed:

- "The Transportation Company acknowledges and agrees that it exercises **sole control** over the Driver and will comply with all applicable laws and regulations…" RJN No. 1, SLOSA ¶ 3.5 (emphasis added).

- "Uber does not and does not intend to exercise **any control** over the Driver's (or the Transportation Company's) actions or the operation or physical condition of the Vehicle (except as provided under the Agreement)." *Id.* (emphasis added).

- "The relationship between the Parties is solely that of independent contracting parties." *Id.* at ¶ 7.1.

- "The Parties expressly agree that this Agreement is not an employment agreement or employment relationship. The parties further agree that no employment contract is created between Uber and the Drivers." *Id.* at ¶ 7.2.

- "The Parties expressly agree that no … employment[] or agency relationship exists between you, Uber or any third party provider as a result of this Agreement or use of the Uber Service or Software." *Id.* at ¶ 7.3.

- "Subcontractor understands that his/her access to the Software and Service are in no way intended to create an employer-employee relationship between Uber and Subcontractor for any purpose. Subcontractor represents that he/she specifically desires to operate as an independent contractor with respect to the transportation

---

[3] As discussed above, the Court can consider the Licensing Agreement in connection with Defendants' motion. Regardless, a Court can also consider documents attached to a motion to dismiss when they are necessary to Plaintiffs' claims. This prevents plaintiffs from "deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also Global Network Commc'ns., Inc. v. City of New York*, 458 F.3d 150, 156-157 (2d Cir. 2006) (noting such a rule "prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting"). Here, the Licensing Agreement appears to be relied upon and is necessary to Plaintiffs' claims as it details the terms and conditions governing the parties' relationship.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

services performed under this Addendum." RJN No. 1, DARUS ¶ 6. Having repeatedly and expressly agreed that no employment relationship exists, that the parties did not intend to create any employment relationship by entering into the Licensing Agreement, and that Uber does not have the right to control Plaintiffs, Plaintiffs' conclusory allegation that an employment relationship in fact existed is simply insufficient.

Because Plaintiffs have failed to allege facts sufficient to demonstrate the existence of an employer-employee relationship, Plaintiffs' fifth cause of action fails to state a claim upon which relief can be granted and should be dismissed by the Court.

**D.** **The Court Should Dismiss Plaintiffs' Fourth Cause Of Action Captioned As Statutory Gratuity Violation Based Upon California Labor Code § 351**

Plaintiffs' fourth cause of action alleges that Defendants failed to pay Plaintiffs all gratuities in violation of California Labor Code § 351. Complt. ¶ 39. California Labor Code § 351 provides that "[n]o employer … shall collect, take, or receive any gratuity … left for an employee by a patron." Cal. Lab. C. § 351. Here, Plaintiffs' claim should be dismissed because California Labor Code § 351 does not provide a private right of action and because Plaintiffs' own allegations establish that the moneys they seek to recover are not "gratuities" under California law.

*1.* *California Labor Code § 351 does not provide a private right of action.*

As a preliminary matter, Plaintiffs' claim must be dismissed because California Labor Code § 351 does not provide a private right of action. A violation of a state statute does not necessarily give rise to a private cause of action. *Lu,* 50 Cal. 4th at 596. Rather, whether a party has a right to sue depends on whether the Legislature has "manifested an intent to create such a private cause of action" under the statute. *Id.* No such legislative intent is manifest in California Labor Code § 351. As a result, in *Lu,* the California Supreme Court held that California Labor Code "section 351 does not contain a private right to sue." *Id.* at 595. Because there is no private

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

right of action, Plaintiffs' fourth cause of action must be dismissed.[4]

## 2. Plaintiffs fail to allege sufficient facts to demonstrate that they would be entitled to any purported gratuities.

But even assuming there were a private right of action under California Labor Code § 351, which there is not, Plaintiffs' fourth cause of action fails to set forth sufficient facts upon which relief can be granted because Plaintiffs fail to demonstrate that they would be entitled to any purported gratuity. As a preliminary matter, Plaintiffs' Complaint is barren of *any* allegation that Defendants collect any money *voluntarily* left by any passenger beyond the designated fare. Rather, Plaintiffs allege that Uber includes a *mandatory* fee in its fare, which it advertises to passengers as being for a gratuity, but does not provide the full amount of that additional fee to Plaintiffs. *See* Compt. ¶ 14 ("Uber states to customers … a gratuity is included in the total cost of the car service and that there is no need to tip the driver."); *id.* at ¶ 17 ("Uber has advertised that the gratuity is a set amount, such as 20% of the fare that it charges."). Based upon the allegations of Plaintiffs' Complaint, this additional fee is mandatory and is automatically included into the fare that is charged to passengers.[5] *Id.*

Pursuant to California Labor Code § 350, a gratuity or tip is money paid "over and above the actual amount due the business for services rendered." As a result, the California Department of Labor Standards Enforcement ("DLSE") has stated that mandatory fees, such as the fees alleged to have been charged by Uber, are *not* considered tips or gratuities. RJN No. 2. Because, based on the allegations of Plaintiffs' Complaint, the purported gratuities are mandatory and "included in the total cost of the car service" (Comp. ¶ 14), they do not constitute a tip under California Labor Code § 351, and Plaintiffs' fourth cause of action fails to state sufficient facts

---

[4] Plaintiffs appear to acknowledge this defect because they assert that "[t]his violation is enforceable pursuant to UCL § 17200." Compl. ¶ 39. However, Plaintiff's *sixth* cause of action alleges a claim for violation of California Business & Professions Code § 17200 (the "UCL"), which is predicated, in part, upon California Labor Code § 351. *Id.* at ¶ 40. So, if Plaintiff's *fourth* cause of action is truly for violation of the UCL, predicated upon California Labor Code § 351, then it is entirely duplicative of Plaintiff's sixth cause of action and should be dismissed for that reason.

[5] While Uber disputes Plaintiffs' characterizations, Uber recognizes that for purposes of this motion Plaintiffs' factual allegations must be accepted as true. *See generally, Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24377285.2

11

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

upon which relief may be granted.

E.  **The Court Should Dismiss Plaintiffs' Third Cause Of Action Captioned As Breach Of Contract**

Plaintiffs' third cause of action alleges that Uber has entered into an "implied contract with the drivers to remit to them the total proceeds of all gratuities" and then breached that implied contract by not remitting to the drivers all gratuities.  Compl. ¶ 38.  However, this conclusory allegation is wholly insufficient to set forth sufficient facts upon which relief can be granted.

As a preliminary matter, "[i]t is well settled that an action based on an implied-in-fact … contract cannot lie where there exists between the parties a valid express contract covering the same subject matter."  *Lance Camper Mfg. Corp. v. Republic Indem. Co.,* 44 Cal. App. 4th 194, 203 (1996).  The Licensing Agreement – a valid, express contract entered into between Uber and Plaintiffs – details how fares and fees will be calculated.  *See, e.g.*, RJN No. 1, SLOSA ¶¶ 5.1-5.3. Indeed, the Licensing Agreement expressly provides that Plaintiffs shall pay Uber a fee per ride, "which shall be set by Uber at Uber's sole discretion."  *Id.* at ¶ 5.2.1.  Because there exists a valid express contract between the parties covering the same subject matter as the purported implied contract, any action based upon the purported implied contract fails as a matter of law.

Regardless, in order to assert a claim for breach of an implied contract, Plaintiffs must first allege that an implied contract actually existed.  An implied contract is an agreement that is manifested by the parties' conduct "in light of the surrounding circumstances [and] their tacit understanding."  *Moreno v. Los Angeles Child Care and Dev. Council, Inc.*, 963 F. Supp. 876, 879 (C.D. Cal. 1997).  Yet, a simple review of Plaintiffs' Complaint reveals that it is devoid of *any* allegations demonstrating that an implied contract existed.  There are no allegations concerning the parties' purported conduct or the surrounding circumstances sufficient to demonstrate an implied agreement by Uber to remit to Plaintiffs the total proceeds of all alleged "gratuities."  Notably, according to the other allegations in Plaintiffs' Complaint, Uber's pattern of practice manifested the exact opposite understanding – that it was *not* required to remit to Plaintiffs the total proceeds of all alleged gratuities.  *See*, *e.g.*, Compl. ¶ 15 (alleging that Uber's

1   practice was not to tender the full amount of gratuities to Plaintiffs).  Given the dearth of factual

2   allegations demonstrating the existence of an implied contract, Plaintiffs' claim must necessarily

3   be dismissed.  *See generally Iqbal*, 556 U.S. at 678 ("Naked assertions devoid of 'further factual

4   enhancement'" are inadequate.).

5        **F.      The Court Should Dismiss Plaintiffs' Second Cause Of Action Captioned As
                   Unjust Enrichment/Quantum Meruit Because It Fails To State Sufficient
6                  Facts Upon Which Relief Can Be Granted**

7        Plaintiffs' second cause of action alleges a claim for unjust enrichment.  According to

8   Plaintiffs' Complaint, Defendants have "been unjustly enriched through their retention of a

9   portion of the gratuities owed to the drivers."  Compl. ¶ 37.  However, as the courts have made

10  clear, "unjust enrichment is not a cause of action."  *Jogani v. Sup. Ct.*, 165 Cal. App. 4th 901, 911

11  (2008).  Rather, "it is a general principle underlying various doctrines and remedies."  *Id.*  As

12  such, Plaintiffs' claim for unjust enrichment fails to state a cause of action upon which relief can

13  be granted.

14       Plaintiffs may argue that in actuality they are bringing a cause of action for *quantum*

15  *meruit.*  Compl. ¶ 37 ("Plaintiff and the class are entitled to restitution for their full share of the

16  proceeds of these gratuities under the state common law doctrine of *quantum meruit.*").  "A

17  *quantum meruit* or quasi-contractual recovery rests upon the equitable theory that a contract to

18  pay for services rendered is implied by law for reasons of justice."  *Hedging Concepts, Inc. v.*

19  *First Alliance Mortg. Co.*, 41 Cal. App. 4th 1410, 1419 (1996).  "However, it is well settled that

20  there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties

21  have an actual agreement covering compensation."  *Id.*; *Willman v. Gustafson*, 63 Cal. App. 2d

22  830 (1994) (holding there can be no implied promise to pay reasonable value for services when

23  there is an express agreement to pay a fixed sum).  Here, as discussed above, the parties have an

24  actual agreement covering compensation – including how applicable fares and fees will be

25  calculated.  Given the existence of this express contract, Plaintiffs are unable to state a claim in

26  *quantum meruit,* and this claim should be dismissed with prejudice.

27

28

**G.** **The Court Should Dismiss Plaintiffs' First Cause Of Action Captioned As Tortious Interference With Contractual And/Or Advantageous Relations Because It Fails To State Sufficient Facts Upon Which Relief Can Be Granted**

Plaintiffs allege that Defendants tortiously interfered with Plaintiffs' contracts with passengers by "failing to remit the total proceeds of gratuities" and advertising that no tip was required. Compl. ¶¶ 36. But in order to establish a claim for interference with contract, Plaintiffs must demonstrate the existence of an enforceable contract between Plaintiffs and the passengers. *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004). Here, there are no facts alleged demonstrating the existence of an enforceable contract between Plaintiffs and the passengers for the payment of gratuities. Indeed, because by its very nature a gratuity is optional, discretionary, and akin to a gift, there can be no contract for the payment of a gratuity. Once such a payment becomes mandatory, it is transformed from a gratuity into a fee. *See, e.g.*, RJN No. 2 (Question No. 6). As such, this claim should be dismissed.

Similarly, Plaintiffs allege that Defendants' purported conduct constitutes an interference with prospective economic advantage. Compl. ¶ 36. To state a claim for interference with prospective economic advantage, Plaintiffs must demonstrate that an economic relationship existed between Plaintiffs and the passengers with the probability of future economic benefit at the time of the alleged interference. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 940, 852-53 (9th Cir. 2004). Similarly, Plaintiffs must demonstrate that Defendants' conduct was "wrongful by some legal measure other than the fact of interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54 (2003). Plaintiffs have failed to allege any facts sufficient to satisfy either element.

As a preliminary matter, Plaintiffs have failed to allege facts demonstrating that they were in an economic relationship with any passengers that had the probability of future economic benefit. Here, according to Plaintiffs' own allegations, Plaintiffs only provided driving services for the passengers *after* Plaintiffs were referred to the passengers by Uber – passengers who purportedly already understood from Uber that there was no need to provide a gratuity for the transportation. So, Plaintiffs have failed to allege facts sufficient to demonstrate that they had the probability of future economic benefit in the form of a gratuity. Indeed, as discussed above, a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

gratuity is optional and discretionary. Plaintiffs fail to allege any facts sufficient to demonstrate why there is a reasonable probability that they would receive a gratuity for the services performed.

Regardless, Plaintiffs fail to assert sufficient facts to demonstrate that Uber's conduct in advertising that there was no need to tip the driver was "wrongful by some legal measure." *Id.* Indeed, Plaintiffs' Complaint fails to provide any explanation why advertising that a direct tip to the driver is not required is an independently wrongful or improper act, nor could they when gratuities are, by definition, optional payments.

For these reasons, Plaintiffs' claim fails and should be dismissed.

**H.**     **The Court Should Dismiss Plaintiffs' Sixth Cause Of Action Because It Is Derivative Of Plaintiffs' Other Causes Of Action And Likewise Fails To State Sufficient Facts Upon Which Relief Can Be Granted**

Plaintiffs' sixth cause of action is for alleged violation of California Business and Professions Code § 17200. Plaintiffs allege that Defendants engaged in

> unlawful, unfair, or fraudulent business acts or practices, in that Defendants have committed the tort of tortious interference with contractual and/or advantageous relations, unjustly enriched themselves, breached implied contracts with the drivers and with customers for whom the drivers are third party beneficiaries, and have violated California Labor Code Sections 351 and 2802.

Compl. ¶ 41. But as set forth above, Plaintiffs' Complaint fails to allege sufficient facts upon which relief can be granted as to those claims. So, because Plaintiffs' other claims fail, so too does Plaintiffs' derivative claim for unfair business practices.

**I.**     **The Court Should Dismiss Plaintiffs' Claims Against Kalanick And Graves Because The Complaint Fails To State Sufficient Facts Upon Which Relief Can Be Granted As To Them**

Finally, Plaintiffs' claims against individual defendants Travis Kalanick and Ryan Graves fail to set forth sufficient facts upon which relief can be granted. Plaintiffs allege that Kalanick and Graves are, respectively, the President and Vice President of Uber. *Id.* at ¶¶ 8-9. Plaintiffs further allege in a summary and conclusory fashion that Kalanick and Graves are "responsible for the pay practices and employment policies of Uber." *Id.* But Plaintiffs fail to provide any specific factual assertions to support this contention. Indeed, other than this conclusory allegation, there are ***no*** factual allegations pertaining to Kalanick and Graves.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

And while each cause of action – including interference with contract, breach of contract, and even failure to reimburse expenses – is asserted against both Kalanick and Graves, Plaintiffs fail to allege a single fact in support of their contentions.  Indeed, there are no allegations as to how Kalanick and Graves purportedly interfered with any alleged contract.  There are no allegations that Kalanick and Graves purportedly entered into any express or implied contract with Plaintiffs.  And there are no allegations to suggest that Kalanick and Graves entered into *any* employment relationship with Plaintiffs, let alone an employer-employee relationship.

In addition to the reasons set forth above, given the total absence of factual allegations concerning Kalanick and Graves specifically, Plaintiffs fail to set forth claims upon which relief can be granted and their Complaint should be dismissed.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' motion and dismiss Plaintiffs' Complaint.

Dated: September 25, 2013

MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS
STEPHEN L. TAEUSCH


By ___/s/ Robert Jon Hendricks___
    Robert Jon Hendricks
    Attorneys for Defendants
    UBER TECHNOLOGIES, INC., TRAVIS
    KALANICK, and RYAN GRAVES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DB2/ 24377285.2

DEFS. MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT