MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
STEPHEN L. TAEUSCH (SBN 247708)
CAITLIN V. MAY (SBN 293141)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
rhendricks@morganlewis.com
staeusch@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR and THOMAS COLOPY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES,<br><br>Defendants. | Case No. 13-03826-EMC<br><br>Hon. Edward M. Chen<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO DEFENDANT'S SUBMISSION REGARDING CORRECTIVE NOTICE**<br><br>Complaint Filed:     August 16, 2013 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25091403.2

DEF'S RESPONSE TO PLAINTIFF'S RESPONSE
TO SUBMISSION RE: CORRECTIVE NOTICE
No. 13-03826-EMC

Defendant Uber Technologies, Inc. ("Defendant" or "Uber") submits the following response to the Response to Uber's Submission Regarding Corrective Notice (Dkt. No. 103) submitted by Plaintiffs Douglas O'Connor and Thomas Colopy ("Plaintiffs").

## I. Plaintiffs' Counsel Failed To Meet And Confer In A Timely Fashion.

Plaintiffs' counsel distorts the record by suggesting that the parties "began" meeting and conferring within 7 days as required by the Court's order. *See* Dkt. No. 98, p. 15.[1] On May 1, 2014, Defendant's counsel promptly sent Plaintiffs' counsel its proposed corrective notice and a proposed communication providing advance notice of the corrective notice and revised Licensing Agreement. Plaintiffs' counsel finally responded on May 7, 2014, not to meet and confer but only to indicate that she understood the parties were supposed to meet and confer. Defendant's counsel reminded Plaintiffs' counsel the next day that the deadline to meet and confer was imminent and requested a substantive response to Defendant's proposed corrective notice by the following day so that the parties could "promptly" file their submissions. Plaintiffs still failed to meet and confer, and did not provide any substantive response to Defendant's proposed corrective notice or any proposal of their own by the deadline to do so. The issues now raised by Plaintiffs were not timely raised before the meet and confer deadline set by the Court, and were only provided after Defendant had already filed its proposed notice pursuant to the Court's order.

In any case, as set forth below, Plaintiffs' objections largely fail to address the appropriateness of Uber's proposed notice. Instead, Plaintiffs again attempt through the guise of corrective notice to enhance their own position in this case at the potential expense of the putative class members they seek to represent.

## II. Electronic Opt-Out Is Not Feasible And Would Place Undue Burden On Uber.

Plaintiffs seek to require Uber to create an electronic opt-out, despite the Court's order providing that it would <u>not</u> require Uber to devote resources to re-engineer its application to include such functionality. *See* Dkt. No. 99, p. 15. Plaintiffs' other proposed method of opting out electronically—allowing drivers to notify Uber by email of their desire to opt out—is just as

---

[1] The Court revised its Order on May 2, 2014. *See* Dkt. No. 99.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25091403.2

1

DEF'S RESPONSE TO PLAINTIFF'S RESPONSE
TO SUBMISSION RE: CORRECTIVE NOTICE
No. 13-03826-EMC

unfeasible and burdensome. Uber issues agreements to its licensees via its mobile application. Because Uber does not transmit the agreement via email, there is no way for the driver simply to respond to the communication containing the agreement with an "opt out" request, and it is not possible for Uber simply to "attach" an opt-out form. None of the electronic opt-out mechanisms proposed by Plaintiffs' counsel currently exist, and all would require Uber to reprogram its systems and create new functionality. This burden is simply unwarranted.

Plaintiffs' counsel are merely attempting to improperly encourage participation in an action in which they have a direct financial interest. Counsel do not explain why allowing drivers to opt out via U.S. Mail is inadequate. Notably, the Ninth Circuit has previously upheld arbitration agreements that required individuals who wished to opt out of the agreement to do so by U.S. Mail. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198 (9th Cir. 2002) (holding that an individual had a meaningful opportunity to opt out of an arbitration agreement when permitted to do so by U.S. Mail within 30 days of receiving the agreement).

Notably, the Plaintiffs in this case in fact did opt out and did submit the required notice. This is clear evidence that requiring a written opt-out communication is not "unrealistic," as Plaintiffs now self-servingly claim. Plaintiffs have submitted no information beyond condescending conjecture that would support a contrary conclusion. If the Court shares Plaintiffs' concern that it is "unrealistic to expect drivers to write out their own a [sic] statement of opting out," Uber would be amenable to providing drivers, in the arbitration provision itself, with the exact information they would need to include in their opt-out letter – i.e. their name, contact information, and the sentence "I opt out of the arbitration provision."

### III. Inclusion Of Plaintiffs' Counsel's Contact Information Is Unnecessary And Intended To Improperly Solicit Participation In The Action.

Plaintiffs propose including their counsel's contact information in the notice, purportedly so that drivers can obtain information about their rights. First, the proposed language Plaintiffs seek to add is misleading. Plaintiffs' counsel has not been appointed "class" counsel. Indeed, no class has been certified. Yet, Plaintiffs seek to have their counsel presented as the "attorney who represents the drivers in the proposed class action case." Objections at 2:22-23. This language

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25091403.2

2

DEF'S RESPONSE TO PLAINTIFF'S RESPONSE
TO SUBMISSION RE: CORRECTIVE NOTICE
No. 13-03826-EMC

would create the false impression that Plaintiffs' counsel represents the putative class when, in fact, they do not. There has been no showing or finding that either Plaintiffs or their counsel are adequate within the meaning of FRCP Rule 23, and therefore Plaintiffs' counsel's contact information should not be included within the notice.

Moreover, listing Plaintiffs' own counsel as a source of information regarding the action is solicitous, and would be improper given the manifest conflict of interest that exists. As emphasized by this Court, communications that "'drum up' participation in the proceeding" are a "potential abuse[] associated with communications to class members." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, (1981); *see also* Dkt. No. 99, p. 14. Plaintiffs' counsel are not impartial because they have a direct financial and pecuniary interest in expanding the size of the putative class by encouraging individuals to opt out – something which may or may not be in the interests of any particular putative class member. Everything Plaintiffs' counsel have done is to promote participation in their case, and inclusion of her contact information is intended to further solicit participation in this action. The inclusion of their contact information would create the false and misleading appearance of neutrality when none in fact exists.

Plaintiffs cite to two inapposite cases to support their contention that their counsel's contact information should be included, neither of which has anything to do with notice to putative class members regarding arbitration agreements or the consequences of agreeing to arbitration on the recipient's ability to participate in a class action. In *County of Santa Clara v. Astra USA, Inc.*, 2010 WL 2724512 (N.D. Cal. July 8, 2010), one of the defendant pharmaceutical companies began issuing settlement checks to putative class members prior to certification. Each check included a letter claiming that acceptance of the check constituted accord and satisfaction, as well as a release of future claims. *County of Santa Clara,* 2010 WL 2724512 at *2. The Court found the failure to include the plaintiff's counsel's contact information was only one of many issues making the letter an improper communication under Rule 23. *Id.* at *3-5. Ultimately, the Court ordered that the recipients of the checks could deposit them without releasing any future claims for additional damages. *Id.* at *6. The court in *County of Santa Clara* never actually ordered corrective notice or affirmatively required inclusion of counsel's contact information.

1    Here, Uber is will be issuing corrective notice relevant to arbitration agreements, not soliciting

2    settlements from putative class members.[2]

3    Nonetheless, Defendant's Notice appropriately states that:

**WHETHER TO AGREE TO ARBITRATION IS AN IMPORTANT BUSINESS DECISION. IT IS YOUR DECISION TO MAKE, AND YOU SHOULD TAKE CARE TO CONDUCT FURTHER RESEARCH AND TO CONSULT WITH OTHERS — INCLUDING BUT NOT LIMITED TO AN ATTORNEY — REGARDING THE CONSEQUENCES OF YOUR DECISION, JUST AS YOU WOULD WHEN MAKING ANY OTHER IMPORTANT BUSINESS OR LIFE DECISION.**

*See* Dkt. No. 100, Exhs. 1, 2. This encourages putative class members to seek "accurate and impartial information" regarding the potential effects of the arbitration agreement. *Hinds County, Mississippi v. Wachovia Bank N.A.,* 790 F. Supp. 2d 125, 134 (S.D.N.Y. 2011); *see also* Dkt. No. 99, p. 14. Plaintiffs fail to demonstrate why the notice presented is inadequate, and therefore their request to add counsel's information should be rejected.

### IV. Reference To *Lavitman v. Uber Technologies, Inc.* Is Appropriate To Provide Putative Class Members With An Accurate Depiction Of The Actual Legal Landscape.

Ironically, Plaintiffs seek to have the reference to the *Lavitman v. Uber Technologies, Inc.* action excluded from the corrective notice. This request is disingenuous and directly contradicts Plaintiffs' other objections to Uber's corrective notice. On one hand, Plaintiffs claim that they seek to inform drivers about their rights and the potential consequences of agreeing to arbitration. On the other hand, Plaintiffs simultaneously seek to exclude reference to an action that may affect drivers' rights in Massachusetts. Once again, this suggests that Plaintiffs' counsel's true motivation is to steer putative class members to the case in which she has a personal pecuniary interest and solicit their participation.

There is no reasonable justification for excluding reference to *Lavitman,* which is still pending, from Uber's corrective notice. While Plaintiffs now claim that it is the *O'Connor* case that purportedly brings about the need for corrective notice, this new position is simply not what Plaintiffs argued in the past. Indeed, their entire argument was based on the self-serving assertion

---
[2] *Pollar v. Judson Steel Corporation*, 1984 WL 161273 (N.D. Cal. Feb. 3, 1984) is equally inapt, as it also involved a defendant who attempted to solicit settlements and information from putative class members prior to certification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25091403.2

4

DEF'S RESPONSE TO PLAINTIFF'S RESPONSE
TO SUBMISSION RE: CORRECTIVE NOTICE
No. 13-03826-EMC

1  that Uber purportedly issued its arbitration agreements in response to the *Lavitman* case.  Now
2  that they have successfully persuaded this Court to adopt that view, Plaintiffs run from the notion
3  that *Lavitman* is relevant to this notice.  This inconsistent position only underscores that the
4  raising of *Lavitman* was merely a ruse to find some purported "misconduct" to justify the
5  issuance of "corrective" notice.

6  New prospective drivers continue to sign up to use the Uber App within Massachusetts
7  and, to the extent that Court believes that any case needs to be mentioned, there is no reason not
8  to mention *Lavitman*.  These drivers are as entitled to information regarding the legal action that
9  potentially affects their rights as the putative class members in the *O'Connor* action.  And Uber
10  should not be required to expose itself to some later argument that the failure to mention a known
11  case (*Lavitman*) was misleading.

**V.  Plaintiffs' Request To Deem That Putative Class Members Have "Opted Out" Of Arbitration Is An Overreach And Reveals An Improper Intent to Deny Putative Class Members Their Right To Make Decisions For Themselves.**

As Uber already disclosed to the Court and the parties in a letter on May 15th,

> On May 13, 2014, Uber experienced a technical glitch that resulted in some drivers and partners receiving copies of their prior Licensing Agreement and or Driver Addendum.  To the extent that that prior version contained an arbitration provision, the version they were provided on May 13th also contained that same arbitration provision.

As Uber further explained,

> … when a driver signs-in to use the Uber App, the Uber system checks to see if any new (read: unsigned) regulatory documents exist. A code change went out yesterday that mistakenly marked all existing documents in the system as 'new.' This resulted in all drivers coming online to be prompted to sign documents which had been signed by them in the past.

Moreover, on May 14th, as soon as this issue was discovered:

> Uber sent out a communication to the affected parties indicating that:
>
> It has come to our attention that some of you may have received yesterday (May 13, 2014) a copy of your Licensing Agreement and/or Driver Addendum. If you did, this was mistakenly sent to you as a result of a technical glitch that unintentionally triggered that distribution. Despite your acceptance of these documents, you

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
DB2/ 25091403.2

5

DEF'S RESPONSE TO PLAINTIFF'S RESPONSE
TO SUBMISSION RE: CORRECTIVE NOTICE
No. 13-03826-EMC

|   |   |
|---|---|
| 1 | may disregard the May 13th documents. Your last accepted agreements before the May 13th distribution remain in effect. We apologize for any inconvenience. |
| 2 | |
| 3 | To view a copy of the agreement you accepted before the technical glitch yesterday, please visit partners.uber.com. Once you log in, you will see a link to the agreements on the left hand side under the "Information" section. |
| 4 | |
| 5 | |

As also noted in the May 15th letter to the Court and counsel,

> This situation was completely unintentional and has been addressed, but we wanted you to know what happened and what has been done. We have been in contact with Plaintiffs' counsel on this issue and informed them that we would be reaching out to you.

Without any basis in fact, Plaintiffs now attempt to exploit this situation by requesting some unwarranted benefit.[3] This overreaching approach ignores what putative class members might want for themselves, is not based on any actual showing of harm, is speculative and inflammatory, and would force putative class members to opt out of an arbitration agreement to which they very well may want to be a party. Given that putative class members have a right under the Federal Arbitration Act to enter into arbitration agreements if they choose to do so, Plaintiffs' efforts to deny them even the ability to consider whether they wish to exercise this right only underscores their pure hostility to arbitration and their desire to place their interests above all else. Plaintiffs' request should be denied.

For the foregoing reasons, Uber respectfully requests that the Court approve its proposed corrective notice in its present form.

Dated: May 20, 2014

MORGAN, LEWIS & BOCKIUS LLP

By:    */s/ Robert Jon Hendricks*
        Robert Jon Hendricks

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

---

[3] Uber has promptly explained the glitches that have taken place since the Court's order. There has been no intentional violation of any order of the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25091403.2

6

DEF'S RESPONSE TO PLAINTIFF'S RESPONSE
TO SUBMISSION RE: CORRECTIVE NOTICE
No. 13-03826-EMC