SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORKTH, PETERS, LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:     (415) 433-0333
Facsimile:      (415) 449-6556

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV  13-3826-EMC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>CASE FILED: AUGUST 16, 2013<br><br>BEFORE THE HON. EDWARD M. CHEN |

## I. **INTRODUCTION**[1]

1. This case is brought on behalf of individuals who have worked as Uber drivers anywhere in the United States (other than Massachusetts). Uber is a car service that provides drivers who can be hailed and dispatched through a mobile phone application. As set forth below, Uber advertises to customers that gratuity is included in the cost of its car service. However, Uber drivers do not receive the total proceeds of any such gratuity. Instead, they receive only a portion of such gratuity, if any is charged to the customer. Furthermore, based on Uber's communication to customers that gratuity is included in the price of its service and so they do not need to tip, few if any customers leave tips for the drivers. Thus, drivers do not receive the tips that are customary in the car service industry and that they would otherwise receive were it not for Uber's communication to customers that they do not need to tip.

2. Plaintiffs bring this action on their own behalf, and on behalf of all Uber drivers across the country (except in Massachusetts), for tortious interference with prospective economic advantage, breach of contract with customers (for which drivers are third party beneficiaries), violation of the California Gratuities Law, California Labor Code Section 351 (enforced through the UCL), and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

---

[1] Plaintiffs file this First Amended Complaint pursuant to the Court's Order of April 18, 2014. Plaintiffs have removed from the complaint the portions of claims that the Court dismissed in its Order of December 5, 2013 (Doc. 58). However, in so doing, Plaintiffs do not waive their rights to the claims that have been dismissed, for appellate purposes, and Plaintiffs do not waive their rights to reinstitute claims against Travis Kalanick and Ryan Graves, individually, if appropriate. Plaintiffs have conferred with Defendant, who does not object to the filing of this amended complaint (while reserving the right to challenge the complaint) and who has acknowledged that Plaintiffs have not waived their rights for appellate purposes to the claims that have been dismissed.

("UCL"), based upon Uber's failure to remit to drivers the entire gratuity paid by customers, or alternatively for Uber's causing the drivers not to receive tips they would otherwise receive based on Uber's communications to customers that the gratuity is already included in the price of the car service and that there is no need to tip the drivers.

3. In addition, Plaintiffs bring this action on behalf of Uber drivers who have been misclassified as independent contractors and thereby required to pay business expenses (such as for their vehicles, gas, and maintenance) in violation of California Labor Code Section 2802.

## II. PARTIES

4. Plaintiff Douglas O'Connor is an adult resident of South San Francisco, California, where he works as an Uber driver.

5. Plaintiff Thomas Colopy is an adult resident of San Francisco, California, where he works as an Uber driver.

6. Plaintiff David Khan is an adult resident of San Francisco, California, where he has worked as an Uber driver.

7. Plaintiff Matthew Manahan is an adult resident of Los Angeles, California, where he works as an Uber driver.

8. Plaintiff Wilson Rolle, Jr. is an adult resident of Atlanta, Georgia, where he works as an Uber driver.

9. Plaintiff William Anderson is an adult resident of Seattle, Washington, where he works as an Uber driver.

10. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber drivers anywhere in the country other than in Massachusetts.

11. Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California.

### III. JURISDICTION

12. This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and members of the plaintiff class reside in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

### IV. STATEMENT OF FACTS

13. Uber provides car service in cities throughout the country via an on demand dispatch system.

14. Uber offers customers the ability to hail a car service driver on a mobile phone application.

15. Uber's website advertises that "Uber is your on-demand private driver."

16. Uber states to customers, on its website, and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

17. However, Uber drivers do not receive the total proceeds of this gratuity.

18. Instead, Uber retains a portion of the gratuity for itself.

19. In some instances, Uber has advertised that the gratuity is a set amount, such as 20%, of the fare that it charges.

20. In other instances, Uber has not specified the amount of the gratuity.

21. However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers. Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

22. As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of payments to which they are entitled, and to which reasonable customers would have expected them to receive.

23. Moreover, by informing customers that there is no need to tip the drivers, Uber has further interfered with the advantageous relationship that drivers would otherwise enjoy with customers. Uber has prevented its drivers from receiving tips from customers based upon its deceptive and misleading communications to customers.

24. Although many are classified as independent contractors, Uber drivers are employees. They are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.)

25. In addition, Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide. The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

26. However, those Uber drivers who are misclassified as independent contractors are required to bear many of the expenses of their employment, including expenses for their vehicles, gas, and other expenses. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

## V. CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all drivers who have worked for Uber anywhere in the country, except in Massachusetts.

28. Plaintiffs and other class members throughout the country have uniformly been deprived of gratuities that were not remitted to them.

29. Plaintiffs and other class members throughout the country have been uniformly deprived of tips that they would otherwise have received were it not for Uber informing passengers that there is no need to tip the drivers.

30. The members of the class are so numerous that joinder of all class members is impracticable.

31. Common questions of law and fact regarding Uber's conduct with respect to

gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether Defendant has charged customers a gratuity for class members' services;

    b. Whether Defendant has failed to distribute the total proceeds of those gratuities to the class members;

    c. Whether Defendant has informed customers that gratuity is included in the price of the Uber service and so there is no need to tip their drivers;

    d. Whether class members had a reasonable expectation of receiving tips were it not for this representation Uber made to customers;

    e. Whether class members have suffered damages based upon Uber's representation to customers that there is no need to tip the drivers.

32. Common questions of law and fact also exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;

    b. Whether the work performed by class members—providing car service to customers—is within Uber's usual course of business, and whether such service is fully integrated into Uber's business;

    c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, and other expenses.

33. The named plaintiffs are members of the class, who suffered damages as a result of Defendants' conduct and actions alleged herein.

34. The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class and subclass.

35. The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

36. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical.  Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them.  The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation.  There will be no difficulty in the management of this action as a class action.

## COUNT I

**Tortious Interference with Prospective Economic Advantage**

38. Defendant's conduct, as set forth above, in failing to remit the total proceeds of gratuities to the drivers, constitutes unlawful tortious interference with the prospective economic advantageous relationship that exists between the drivers and the customers, under state common law. Furthermore, Defendant's conduct in informing Uber customers that there is no need to tip their drivers also constitutes unlawful tortious interference with the prospective economic advantageous relationship that exists between the drivers and the customers, under state common law.

## COUNT II

**Breach of Contract**

39. Through its conduct, as set forth above, Defendant has an implied-in-fact contractual relationship with customers, pursuant to which the customers pay gratuity for the benefit of the drivers. Defendant has breached that contract by failing to remit to the drivers the total proceeds of all such gratuities. The drivers have suffered from this breach, as they are third-party beneficiaries of the contractual relationship between Defendants and the customers.

## COUNT III

**Statutory Gratuity Violation (Enforced Through UCL)**

40. Defendant's conduct, as set forth above, in failing to remit all gratuities to the Uber drivers constitutes a violation of California Labor Code Section 351. This violation is enforceable pursuant to UCL § 17200.

## COUNT IV

**Independent Contractor Misclassification and Expense Reimbursement Violation**

41. Defendant's conduct, as set forth above, in misclassifying Uber drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802.

## COUNT V

**Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq*.**

42. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendant's conduct constitutes unlawful or fraudulent business acts or practices, in that Defendant has committed the tort of tortious interference with prospective economic advantage, breached implied-in-fact contracts with customers for whom the drivers are third party beneficiaries, and have violated California Labor Code Sections 351 and 2802. As a result of Defendant's unlawful and fraudulent conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to loss of gratuities to which they were entitled and customers expected them to receive, loss of tips that customers did not pay to the drivers due to Defendant's deceptive representations, and business expenses that drivers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful and fraudulent conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class

members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## **JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court certify this case as a class action, pursuant to Fed. R. Civ. P. 23; award restitution for all charged gratuities which were not remitted to the drivers; award damages for Defendant's interference with drivers' receiving tips from customers; award reimbursement that the drivers who were misclassified as independent contractors were required to bear; award pre- and post-judgment interest; award reasonable attorneys' fees, costs, and expenses; and award any other relief to which the plaintiffs may be entitled.

Respectfully submitted,

DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: sliss@llrlaw.com


Monique Olivier, SBN 190385
DUCKWORTH, PETERS, LEBOWITZ, OLIVIER, LLP
100 Bush Street, Suite 1800
San Francisco, CA 04104
(415) 433-0333
E-mail: monique@dplolaw.com

Dated: May 30, 2014


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion was served by electronic filing on May 30, 2014, on all counsel of record.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.