Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page1 of 11

MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
STEPHEN L. TAEUSCH (SBN 247708)
CAITLIN V. MAY (SBN 293141)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
rhendricks@morganlewis.com
staeusch@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendants. | Case No. 13-03826-EMC<br><br>Hon. Edward M. Chen<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: August 16, 2013 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 13-03826-EMC
UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT
DB2/ 25144852.2

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page2 of 11

Defendant Uber Technologies, Inc. ("Uber" or "Defendant") answers the First Amended Class Action Complaint ("Complaint") filed by Plaintiffs Douglas O'Connor, Thomas Colopy, Davis Khan, Matthew Manahan, Wilson Rolle, Jr., and William Anderson according to its numbered paragraphs as follows:

**I. INTRODUCTION**

1. Defendant admits that Uber is a software technology company that provides lead generation services for transportation companies and drivers. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs seek to set forth a class action on behalf of themselves and other similarly situated individuals and denies any remaining factual allegations.

3. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs seek to set forth a class action on behalf of themselves and other similarly situated individuals and denies any remaining factual allegations.

**II. PARTIES**

4. Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Douglas O'Connor is a resident of South San Francisco, California. Based on this lack of information and belief, Defendant denies this allegation. Defendant expressly denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Thomas Colopy is a resident of San Francisco, California. Based on this lack of information and belief, Defendant denies this allegation. Defendant expressly denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant lacks sufficient information and belief to admit or deny whether Plaintiff David Khan is a resident of San Francisco, California. Based on this lack of information and belief, Defendant denies this allegation. Defendant expressly denies the remaining

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 Case No. 13-03826-EMC

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

DB2/ 24570529.3

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page3 of 11

allegations contained in paragraph 6 of the Complaint.

7. Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Matthew Manahan is a resident of Los Angeles, California. Based on this lack of information and belief, Defendant denies this allegation. Defendant expressly denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Wilson Rolle, Jr. is a resident of Atlanta, Georgia. Based on this lack of information and belief, Defendant denies this allegation. Defendant expressly denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant lacks sufficient information and belief to admit or deny whether Plaintiff William Anderson is a resident of Seattle, Washington. Based on this lack of information and belief, Defendant denies this allegation. Defendant expressly denies the remaining allegations contained in paragraph 9 of the Complaint.

10. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs seek to set forth a class action on behalf of themselves and other similarly situated individuals and denies any remaining factual allegations.

11. Defendant admits that Uber is a corporation whose headquarters is located in San Francisco, California.

## III. JURISDICTION

12. Defendant admits that Plaintiffs claim that this "Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) [("CAFA")]" is based in part on the purported grounds that "…members of the plaintiff class reside in states around the country, there are more than 100 putative class members; and the amount in controversy exceeds $5 million." Except as expressly admitting that Plaintiffs have asserted the existence of CAFA jurisdiction, Defendant denies each and every allegation contained in paragraph 12 of the Complaint, and affirmatively alleges that the allegations as to non-Californians urge an extra-territorial application of California law which is unconstitutional,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2 Case No. 13-03826-EMC

DB2/ 25144852.2 UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page4 of 11

improper and denies this Court jurisdiction under CAFA.

## IV. STATEMENT OF FACTS

13. Defendant denies each and every allegation contained in paragraph 13 of the Complaint.

14. Defendant admits that Uber is a software technology company that provides lead generation services for transportation companies and drivers. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in paragraph 15 of the Complaint.

16. Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

19. Defendant admits that Uber's webpage states that in some cities, a 20% gratuity is added by default when selecting uberTaxi. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 19 of the Complaint.

20. Defendant admits that Uber's webpage does not specify that a gratuity is automatically added when selecting certain choices in various cities. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant lack sufficient information and belief to admit or deny the allegations contained in this paragraph. Based on this lack of information and belief, Defendant denies each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in paragraph 21 of the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3 Case No. 13-03826-EMC

DB2/ 25144852.2 UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page5 of 11

Complaint.

24. Defendant denies each and every allegation contained in paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in paragraph 25 of the Complaint.

26. Defendant denies that Uber misclassifies drivers as independent contractors. Defendant lacks sufficient information and belief to admit or deny whether drivers are required to bear the expenses of their employment. Based on this lack of information and belief, Uber denies this allegation. The remaining allegations constitute a conclusion of law for which no response is required. To the extent a response is required, Defendant denies each and every remaining allegation contained in paragraph 26.

**V. CLASS ACTION ALLEGATIONS**

27. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in paragraph 28 of the Complaint.

29. Defendant denies each and every allegation contained in paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

34. Defendant denies each and every allegation contained in paragraph 34 of the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page6 of 11

Complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in paragraph 37 of the Complaint.

**COUNT I**

**Tortious Interference with Prospective Economic Advantage**

38. Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

**COUNT II**

**Breach of Contract**

39. Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

**COUNT III**

**Statutory Gratuity Violation (Enforced Through UCL)**

40. Defendant denies each and every allegation contained in paragraph 40 of the Complaint.

**COUNT IV**

**Independent Contractor Misclassification and Expense Reimbursement Violation**

41. Defendant denies each and every allegation contained in paragraph 41 of the Complaint.

**COUNT V**

**Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.***

42. Defendant denies each and every allegation contained in paragraph 42 of the Complaint.

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page7 of 11

**JURY DEMAND**

43. Defendant denies that Plaintiffs or the putative class are entitled to any relief in this action.

**DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any of them, Defendant alleges the following separate defenses to the Complaint:

**FIRST DEFENSE**

(Failure to State a Claim)

1. Plaintiffs' Complaint, and each claim contained therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

(Statute of Limitations)

2. Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint, are barred in whole or in part by the applicable statutes of limitations.

**THIRD DEFENSE**

(Laches)

3. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by the doctrine of laches.

**FOURTH DEFENSE**

(Action Unconstitutional)

4. Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page8 of 11

**FIFTH DEFENSE**

(Estoppel)

5. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

**SIXTH DEFENSE**

(Waiver of Claims)

6. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

**SEVENTH DEFENSE**

(Unclean Hands)

7. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by the doctrine of unclean hands.

**EIGHTH DEFENSE**

(Excuse)

8. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because Defendant's acts and/or omissions were excused.

**NINTH DEFENSE**

(Adequate Remedy at Law)

9. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint brought pursuant to California Business and Professions Code Section 17200 are barred in whole or in part in light of the fact that Plaintiffs have an adequate remedy at law.

///

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page9 of 11

**TENTH DEFENSE**

(Good Faith)

10. The claims of Plaintiffs and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by Defendant's good faith and/or good faith legal defense.

**ELEVENTH DEFENSE**

(Equitable Indemnity/Proportional Fault)

11. Plaintiffs' alleged injuries are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, including Plaintiffs, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**TWELFTH DEFENSE**

(Satisfaction of Duty)

12. Defendant satisfied, fulfilled and performed each and every obligation and duty imposed by law or contract to the full extent of its responsibility.

**THIRTEENTH DEFENSE**

(Parol Evidence Rule)

13. Plaintiffs' Complaint, and each cause of action therein, is barred by the parol evidence rule as set forth in California Code of Civil Procedure § 1856 and judicial authority.

**FOURTEENTH DEFENSE**

(Lack of Consideration)

14. Plaintiffs' Complaint, and each cause of action therein, is barred because the alleged contract lacked consideration.

**FIFTEENTH DEFENSE**

(Statute of Frauds)

15. Plaintiffs' Complaint, and each cause of action therein, is barred by the provisions of California Civil Code § 1624.

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page10 of 11

**SIXTEENTH DEFENSE**

(Failure to Perform)

16. Plaintiffs' Complaint, and each cause of action therein, is barred by Plaintiffs' or applicable third parties' failure to perform under the alleged contract.

**SEVENTEENTH DEFENSE**

(Material Breach of Contract)

17. Plaintiffs' Complaint, and each cause of action therein, is barred because Plaintiffs or applicable third parties materially breached the alleged contract.

**EIGHTEENTH DEFENSE**

(Arbitration Agreement)

18. The claims of persons who might otherwise be putative class members are barred by a valid and binding arbitration agreement.

**NINETEENTH DEFENSE**

(Additional Affirmative Defenses)

19. Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That judgment be entered in favor of Defendant and against Plaintiffs;
3. That Defendant be awarded its costs of suit;
4. That Defendant be awarded its attorneys' fees incurred herein, including, but not limited to, under Labor Code section 218.5;
5. The Court deny Plaintiffs' request to certify this action as a class action; and
6. That the Court award Defendant such other and further relief as the Court may deem proper.

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Case3:13-cv-03826-EMC Document110 Filed06/16/14 Page11 of 11

Dated: June 16, 2014

MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS
STEPHEN L. TAEUSCH
CAITLIN V. MAY

By *\/s/ Robert Jon Hendricks*
Robert Jon Hendricks
Attorneys for Defendant
UBER TECHNOLOGIES, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case No. 13-03826-EMC

DB2/ 25144852.2

UBER'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT