SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
BENJMAIN J. WEBER, *pro hac vice*
(bweber@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:      (617) 994-5800
Facsimile:      (617) 994-5801

MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH, PETERS, LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:      (415) 433-0333
Facsimile:      (415) 449-6556

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV  13-3826-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**<br><br>**28 U.S.C.§ 1292(b)**<br><br>Judge: Hon. Edward M. Chen<br><br>Hearing Date: October 9, 2014<br>Time: 1:30 p.m.<br>Courtroom 5 |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD: Plaintiffs believe that this motion

may be decided without a hearing.  In the event that the Court decides that a hearing is necessary,

please take notice that on Thursday, October 9, 2014, at 1:30 p.m., or as soon as the matter can

be heard before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court

1

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

for the Northern District of California in the San Francisco Courthouse, Seventeenth Floor, 450

Golden Gate Avenue, San Francisco, California, Plaintiffs will and herby move the Court pursuant to

28 U.S.C. § 1292(b) to certify for interlocutory review the Court's September 4, 2014 Order and for

the Court to amend the Order to state that the necessary conditions for interlocutory review under 28

U.S.C. § 1292(b) have been met.

The motion is based on this notice of motion and the motion, along with supporting

memorandum, filed herewith; the Court's September 4, 2014 Order; and all other pleadings and

papers filed in this action.


By:      _/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, *pro hac vice*
Benjamin J. Weber, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com


Monique Olivier, SBN 190385
DUCKWORTH, PETERS,
LEBOWITZ, OLIVIER, LLP
100 Bush Street, Suite 1800
San Francisco, CA 04104
(415) 433-0333
E-mail:  monique@dplolaw.com


Dated: September 10, 2014

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

## MEMORANDUM AND POINTS OF AUTHORITIES

### INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), Plaintiffs respectfully move this Court to certify for interlocutory review the portion of its Order of September 4, 2014 (Docket No. 136), addressing Uber's choice of law provision and whether claims may be brought in this case under California law on behalf of drivers who have not worked in California.

Uber requires its drivers throughout the country to work pursuant to a Licensing Agreement that contains a California choice of law provision. However, despite having chosen to include this provision in its contracts nationwide, Uber has sought to avoid the application of this provision in order to prevent drivers outside California from bringing claims against it under California law.

In its original order on the issue, this Court relied on the Ninth Circuit's opinion in Gravquick A/S v. Trimble Navigation Int'l Ltd., 323 F.3d 1219 (9th Cir.2003), to hold that the choice of law provision could be enforced to allow this case to be brought on behalf of drivers who have worked outside California. O'Connor v. Uber Technologies, Inc., 2013 WL 6354534, *4 (N.D. Cal. Dec. 5, 2013). The Court held that, under Gravquick, a choice of law provision would be enforceable where the claims are based on laws that contain no express geographical limitation on their applicability. Id. (citing Gravquick, 323 F.3d at 1221).[1]

However, on September 4, 2014, the Court reversed its reasoning, holding that, even if

---

[1]     The Massachusetts Supreme Judicial Court similarly relied on Gravquick to reach this exact same conclusion in Taylor v. Eastern Connection, 988 N.E.2d 408, 414 (Mass. 2013) (reversing trial court decision that held that Massachusetts law could not apply extraterritorially in an independent contractor misclassification case, where the company, based in Massachusetts, included a Massachusetts choice of law provision in its contracts with workers performing services outside the state). See also Harlow v. Sprint Nextel Corp., 574 F. Supp. 2d 1224, 1226 (D. Kan. 2008) (also citing Gravquick, holding that Kansas wage and hour laws applied to individuals who never worked or lived in Kansas pursuant to a choice of law provision because Kansas law contained "no express geographical limitation.").

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

there is not an express geographic limitation on the applicability of the statutes at issue, the choice of law provision cannot be enforced because the statutes contain an "implicit" geographic limitation.  Order Granting Defendant's Motion for Judgment on the Pleadings, at 17 (Docket No. 136).  In so holding, the Court read Gravquick differently from how it originally interpreted the decision.

Plaintiffs submit that this issue is appropriate for immediate appeal pursuant to § 1292(b). The fact that this Court itself has reached conflicting conclusions based on the same Ninth Circuit opinion makes clear that the question of whether or not an express geographic limitation is required in order to overcome a party's choice of law provision is an unsettled question.[2] Moreover, it is a question that has an enormous impact on the potential scope and proceeding of this case, as well as other cases that are pending, including Cotter v. Lyft, Inc., Civ. A. No. 13-4065-VC (N.D. Cal.).

Plaintiffs thus request that the Court certify the following issues for interlocutory review:

(1) Whether California labor laws, such as Cal. Lab. Code §§ 351 and 2802, as well as Cal. Bus. & Prof. Code § 17200, et seq., which contain no express geographic limitation on their application, may be applied extraterritorially in accordance with a choice of law provision drafted by the party that now seeks to prevent such extraterritorial application; and

(2) Whether, under Gravquick and the California Supreme Court's decision in Sullivan v. Oracle Corp., 51 Cal. 4th 1191 (2011), a California statute must expressly allow for

---

[2]      Plaintiffs submit that Gravquick turned on the lack of an express geographical limitation, as the decision repeated in several instances that the statute at issue there contained no express limitation.  Gravquick, 323 F.3d at 1223.  The court noted that the legislature had considered a bill that would have contained an express limitation, but did not enact the bill, id.; in doing so, the court simply bolstered its conclusion that no express limitation existed in the statutory text.   This analysis does not mean that an implicit limitation can override a party's choice of law provision, nor does it require an express allowance of the statute to be applied extraterritorially in order for a choice of law provision to be enforced.  In any event, the ambiguity of the Gravquick decision on this question, as reflected by this Court's shifting interpretation, highlights the need for appellate clarification.

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

extraterritorial application in order for a party to bring a claim under the statute for conduct that occurred outside California, where the other party chose to implement a choice of law provision specifying that California law will apply.

## DISCUSSION

Pursuant to § 1292(b), a court may certify for interlocutory review a non-final order if: (1) it involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Google Inc. v. Rockstar Consortium U.S. LP, 2014 WL 4145506, *1 (N.D. Cal. Aug. 20, 2014) (citing Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir.2010)). The party seeking interlocutory review bears the burden of showing that all of these factors are met. Id. Plaintiffs meet all three requirements here.

A controlling question of law "might be called one of 'pure' law" that can be reviewed "quickly and cleanly without having to study the record." McFarling v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir.2004) (citation omitted). The Ninth Circuit has ruled that an issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation" in the district court." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982) (citing United States v. Woodbury, 263 F.2d 784, 787 (9th Cir.1959). An issue need not be dispositive of the lawsuit, however, to be considered controlling. Id.

In general, "[c]hoice-of-law determinations are considered controlling questions of law." IBLC Abogados, S.C. v. Bracamonte, 2013 WL 5418047, *2 (S.D. Cal. Sept. 26, 2013). As the Ninth Circuit held, controlling questions of law, appropriate for interlocutory appeal, include the determination of the parties and what law should be applied. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982) (citing United States v. Woodbury, 263 F.2d 784, 787 (9th Cir.1959). As a result, under 28 U.S.C. § 1292(b), courts have routinely certified for review the issue of whether a law may be applied extraterritorially. See, e.g., Minn-Chem, Inc. v. Agrium

5

1    <u>Inc.</u>, 657 F.3d 650, 653 (7th Cir. 2011); <u>Rogers v. Consol. Rail Corp.</u>, 948 F.2d 858, 859 (2d Cir.

2    1991).  <u>Cf</u>. <u>Taylor v. Eastern Connection</u>, 988 N.E.2d 408 (Mass. 2013) (recognizing

3    significance of the issue, Massachusetts Supreme Judicial Court granted sua sponte direct

4    appellate review).

5         Moreover, excluding the claims of out-of-state Uber drivers, such as named Plaintiffs

6    Wilson Rolle and William Anderson, will undoubtedly materially affect their rights.  The Court's

7    recent ruling has narrowed the scope of this case from a potential national case to a California-

8    only case.  Given that the laws of other states will almost universally be less protective than

9    California, the Court's ruling effectively ends the claims of drivers throughout most of the

10   country.[3]  In addition, assuming the forum selection clause of Uber's contract is still valid, the

11   Court's ruling would have the ironic effect of forcing drivers from all over the country to litigate

12   their claims in California, but under other states' laws.

13        Furthermore, there is clearly a "substantial ground for differences of opinion" as to

14   whether under <u>Gravquick</u> a court may, pursuant to a choice of law provision, apply California

15   laws which have no explicit geographic limitation to work done outside California.  A

16   "substantial ground for difference of opinion" may exist when "the controlling law is unclear."

17   <u>Couch v. Telescope Inc.</u>, 611 F.3d 629, 633 (9th Cir.2010).  As recently noted by the Ninth

18   Circuit, "when novel legal issues are presented, on which fair-minded jurists might reach

19   contradictory conclusions, a novel issue may be certified for interlocutory appeal without first

20   awaiting development of contradictory precedent." <u>Reese v. BP Exploration (Alaska) Inc.</u>, 643

21   F.3d 681, 688 (9th Cir.2011) (declining to require adverse authority to develop around an issue

22

23        [3]     Although states' laws vary somewhat concerning the test for whether a worker is
24   an independent contractor or an employee, California is close to unique in having an express
     expense reimbursement statute (Cal. Lab. Code § 2802), which provides the drivers in this case
25   with damages, assuming they can prevail on their claim of misclassification.  Moreover, few
     states have gratuity statutes such as Cal. Lab. Code § 351 on which the tips-related claim made
26   here can be based.

27                                              6

28

prior to review of an interlocutory appeal).

That the controlling law is unclear should be obvious. This Court reached conflicting conclusions when applying Gravquick. Moreover, at least two other courts have relied on Gravquick in holding that a choice-of-law provision may be used to overcome the presumption against extraterritorial application of a law that contains no express geographic limitations. See Taylor, 988 N.E.2d at 414 ("where no explicit limitation is placed on a statute's geographic reach, there is no presumption against its extraterritorial application in appropriate circumstances."); Harlow v. Sprint Nextel Corp., 574 F. Supp. 2d 1224, 1226 (D. Kan. 2008) (holding that Kansas wage and hour laws applied to individuals who never worked or lived in Kansas pursuant to a choice of law provision because Kansas law contained "no express geographical limitation.").

Finally, certification of the limited issues discussed here will materially advance the ultimate termination of the litigation. This requirement is linked to the question of whether an issue of law is "controlling," in that the district court should consider the effect of a reversal on the management of the case. In re Cement, 673 F.2d at 1026. Interlocutory review will speed the resolution of this case because this case will be effectively unresolvable until it is determined whether the claims can be pursued on behalf of drivers outside California. Moreover, with this issue undecided, members of the proposed nationwide class will be left in an enormous state of limbo, not knowing whether, following appeal, they will be able to bring claims under California law.[4]

---

[4]     Additionally, no discernable delay will result if the certification is granted because, if the Ninth Circuit agrees to entertain this appeal, the parties may still file motions for summary judgment and a motion for class certification of a California-only class, and proceed with discovery related to the proposed California class.

7

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

1

**CONCLUSION**

2

For the foregoing reasons, this Court should grant Plaintiffs' motion to certify the

3

important issue raised here, pursuant to 28 U.S.C. § 1292(b).

4

5

Respectfully submitted,

6

DOUGLAS O'CONNOR, THOMAS

7

COLOPY, DAVID KHAN, MATTHEW
MANAHAN, WILSON ROLLE, JR., and

8

WILLIAM ANDERSON, individually and
on behalf of all others similarly situated,

9

10

By their attorneys,

11

  /s/ Shannon Liss-Riordan

12

Shannon Liss-Riordan, *pro hac vice*

13

Benjamin J. Weber, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C

14

729 Boylston Street, Suite 2000
Boston, MA 02116

15

(617) 994-5800
Email:  sliss@llrlaw.com

16

17

Monique Olivier, SBN 190385

18

DUCKWORTH, PETERS,
LEBOWITZ, OLIVIER, LLP

19

100 Bush Street, Suite 1800
San Francisco, CA 04104

20

(415) 433-0333
E-mail:  monique@dplolaw.com

21

Dated:          September 10, 2014

22

23

24

25

26

27

8

28

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

1

2                          **<u>CERTIFICATE OF SERVICE</u>**

3

4          I hereby certify that a copy of the foregoing document was served by electronic filing on

5   September 10, 2014, on all counsel of record.

6                                          _/s/ Shannon Liss-Riordan_____
                                           Shannon Liss-Riordan, Esq.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         9

28  _____
    **PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**