MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
STEPHEN L. TAEUSCH (SBN 247708)
CAITLIN V. MAY (SBN 293141)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
rhendricks@morganlewis.com
staeusch@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 13-03826-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO SHORTEN TIME TO HEAR DISCOVERY MOTION**<br><br>**[Civil L.R. 6-1(b), Civil L.R. 6-3]**<br><br>Courtroom 4, 3rd Floor<br>Hon. Donna M. Ryu |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25318605.1

MOT. TO SHORTEN TIME TO HEAR DISCOVERY
MOTION & [PROPOSED] ORDER
CASE NO. 13-03826-EMC

## I. INTRODUCTION

Pursuant to Local Civil Rule 6-3, Defendant Uber Technologies, Inc. ("Defendant") requests that the Court re-set the hearing on its motion to compel Plaintiffs O'Connor, Colopy, and Manahan[1] to produce their tax records (Dkt. No. 141), currently scheduled for October 30, 2014, to either September 25, 2014, or October 9, 2014. Earlier consideration of the discovery motion is necessary because Judge Chen has ordered that Defendant's motion for summary judgment on the threshold issue of Plaintiffs' employment status precede Plaintiffs' motion for class certification in this case, and the motion for summary judgment must be filed no later than October 16, 2014.[2] The underlying dispute concerns Plaintiffs' refusal to produce their tax records, which are directly relevant to their employment status. If the parties' discovery dispute is not resolved until on or after October 30, 2014, as currently scheduled, Defendant will be deprived of the opportunity to support its summary judgment motion with Plaintiffs' tax returns and underlying schedules, even though those documents are perhaps the most relevant documents in Plaintiffs' possession regarding their status as independent contractors or employees. Counsel for Plaintiffs refused to stipulate to an earlier hearing unless Defendant agreed that any issues Plaintiffs have with Defendant's September 18, 2014 discovery response and document production, about which the parties have not even met and conferred, be heard on the same date. Accordingly, Defendant requests that the Court issue an order re-setting the hearing on its discovery motion to either September 25, 2014, or October 9, 2014.

## II. REASONS FOR SHORTENING OF TIME

Judge Chen has ordered that Defendant's motion for summary judgment in this case precede Plaintiffs' motion for class certification because Plaintiffs' substantive claims are predicated on their claim of employment status, and determination of that threshold issue may

---

[1] Plaintiff Khan has withdrawn from the lawsuit (Dkt. No. 143), and Plaintiffs Anderson and Rolle were dismissed from the lawsuit by operation of Judge Chen's Order granting Defendant's Motion for Judgment on the Pleadings (Dkt. No. 136).

[2] At the time the parties submitted their joint discovery letter (Dkt. No. 141), this case had not yet been referred to this Court for discovery. Otherwise, the parties would have included a paragraph listing relevant case management deadlines, in compliance with this Court's standing order. motions.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25318605.1

1

MOT. TO SHORTEN TIME TO HEAR DISCOVERY
MOTION & [PROPOSED] ORDER
CASE NO. 13-03826-EMC

1  resolve the case. *See* Dkt. No. 119; *see also* Declaration of Stephen L. Taeusch ("Taeusch

2  Decl."), Ex. 1 (Transcript of Proceedings), at 12:13-15 ("When one looks at it at first, it's not

3  obvious why they're employees. I mean, that's the first instinct."). Defendant's deadline to move

4  for summary judgment is October 16, 2014. *See* Dkt. No. 133. Accordingly, if the hearing on the

5  discovery motion is not advanced, Defendant will be deprived of the opportunity to provide the

6  Court with highly relevant documentary evidence of Plaintiffs' employment status.

## III. NATURE OF UNDERLYING DISPUTE

Through a Request for Production to each Plaintiff (No. 37 to Plaintiffs O'Connor and Colopy, No. 36 to Plaintiff Manahan), Defendant sought Plaintiffs' tax records during the relevant time period, including their federal, state, or local income tax returns, as well as all schedules thereto and documentation used to prepare their tax returns. *See* Taeusch Decl., ¶ 3, Ex. 2. In response, each Plaintiff objected on the ground that the request sought "privileged tax records" and failed to produce their tax returns, underlying schedules, or related documentation. *Id*.

Defendant's position is that the tax records are discoverable because (1) they contain information that is not readily obtainable elsewhere and that is directly relevant to several of the factors courts consider in determining whether an individual is an employee or an independent contractor and (2) they will prove or disprove Plaintiffs' allegation that professional drivers typically earn tips equivalent to 20% of the fare. Having had the opportunity to review Plaintiffs' portion of the parties' joint discovery letter, Defendant now also believes that Plaintiffs' tax returns will be directly relevant to their adequacy as class representatives, because Plaintiffs appear to acknowledge having intentionally filed false income tax returns, a criminal offense. *See* Dkt. No. 141 at 6 ("Plaintiffs' tax returns and other documentary evidence of Plaintiffs' reported tip income should be disregarded (and Plaintiffs should not be required to produce it) because it is widely recognized that reported tip income is not reliable evidence as to the amount of tips earned by service employees.").

Although Defendant has agreed that the requested tax records could be produced subject to a stipulated protective order, Plaintiffs' position appears to be that whatever relevance the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25318605.1

2

MOT. TO SHORTEN TIME TO HEAR DISCOVERY MOTION & [PROPOSED] ORDER
CASE NO. 13-03826-EMC

1 records have does not outweigh Plaintiffs' interest in keeping the records confidential.

## IV. SUBSTANTIAL HARM OR PREJUDICE

If the Court concludes that Plaintiffs must produce their tax records to Defendant, but does not make that determination until after Defendant's deadline to move for summary judgment, Defendant will have been significantly prejudiced, because the tax records Defendant seeks are directly relevant to several of the factors courts consider in determining whether an individual was properly classified as an independent contractor, including whether the parties believed they were creating an independent contractor relationship, whether the plaintiff is engaged in a distinct occupation or business, and whether the plaintiff supplied his own instrumentalities, tools, and place of work.

## V. EFFECT OF THE REQUESTED MODIFICATION ON THE CASE SCHEDULE

The requested modification will have no effect on the case schedule. Denial of the requested modification may result in delay, however, because Defendant may in that case request that its deadline to move for summary judgment be continued.

## VI. COMPLIANCE WITH CIVIL L.R. 37-1(a)

In compliance with Civil L.R. 37-1(a), counsel for the parties met and conferred regarding the underlying discovery dispute in writing and again by telephone on September 10, 2014. Taeusch Decl. ¶ 4. The parties did not meet and confer in person because lead counsel for Plaintiffs is located in Boston, Massachusetts, and counsel for Defendant is located in San Francisco, California. *Id*.

## VII. EFFORTS TO OBTAIN A STIPULATION

Defense counsel requested that Plaintiffs' counsel stipulate to an earlier hearing on Defendant's discovery motion, but Plaintiff would agree only on the condition that Defendant agree that an as-yet-unfiled motion by Plaintiffs regarding Defendant's September 18, 2014 document production, about which the parties have not met and conferred, be heard on the same date. *Id*. ¶ 5.

## VIII. PREVIOUS TIME MODIFICATION REQUESTS

The following time modification requests have been made in this case:

- Plaintiffs' Emergency Motion to Shorten Time for Defendant's Response to Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses (Dkt. No. 27).

- Stipulation to Extend Deadline to Respond to Complaint (Dkt. No. 32).

- Ex Parte Application to Vacate or, in the Alternative, Modify the Briefing Schedule on Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses (Dkt. No. 34).

- Stipulation to consolidate the hearing dates for Plaintiffs' Renewed Emergency Motion and Defendants' Motion to Dismiss (Dkt. No. 42).

- Stipulation to Continue Case Management Conference (Dkt. No. 54).

- Plaintiffs' Motion for Administrative Relief Regarding Briefing on Defendant's Motion for Reconsideration (Dkt. No. 74).

- Stipulation Continuing Initial Case Management Conference and Hearing on Motion for Reconsideration (Dkt. No. 85).

- Joint Stipulation to Continue Case Management Conference (Dkt. No. 101).

- Plaintiffs' Motion for Extension of Time to File Response to Defendant's Motion for Judgment on the Pleadings (Dkt. No. 122).

- Stipulation to Continue Deadline for Defendant to File Motion for Summary Judgment (Dkt. No. 132).

## IX. CONCLUSION

Based upon the foregoing, good cause exists for the Court to re-set the hearing on Defendant's motion to compel to either September 25, 2014 or October 9, 2014.

Dated: September 19, 2014                    MORGAN, LEWIS & BOCKIUS LLP

                                             By /s/Stephen L. Taeusch
                                                Stephen L. Taeusch
                                                Attorneys for Defendant
                                                UBER TECHNOLOGIES, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25318605.1

4

MOT. TO SHORTEN TIME TO HEAR DISCOVERY MOTION & [PROPOSED] ORDER
CASE NO. 13-03826-EMC

**[PROPOSED] ORDER**

Plaintiff's motion to shorten the time pursuant to Local Rule 6-3 for the Court to hear its motion to compel (Dkt. No. 141) is hereby GRANTED.

The hearing on the motion to compel is set for September 25, 2014 at 11:00 a.m.

[OR]

The hearing on the motion to compel is set for October 9, 2014 at 11:00 a.m.

IT IS SO ORDERED

Date: _____      _____
                             Donna M. Ryu
                             United States Magistrate Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25318605.1

5

MOT. TO SHORTEN TIME TO HEAR DISCOVERY
MOTION & [PROPOSED] ORDER
CASE NO. 13-03826-EMC