SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
BENJMAIN J. WEBER, *pro hac vice*
(bweber@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH, PETERS, LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:    (415) 433-0333
Facsimile:    (415) 449-6556

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, and MATTHEW MANAHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV  13-3826-EMC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>CASE FILED: AUGUST 16, 2013<br><br>BEFORE THE HON. EDWARD M. CHEN |

1

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs seek leave to file an amended complaint in the form of the Second Amended Complaint attached here.[1]  As grounds for this request, Plaintiffs state as follows.

1. When ruling on a motion to amend a complaint, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Justice requires that leave be granted here.

2. This is a proposed class action that seeks relief on behalf of the named plaintiffs and all others similarly situated. As a putative class action, Plaintiffs do not assert claims solely on their own behalves; instead, they seek relief on behalf of all workers similarly situated, including themselves and numerous others.  As a result, although Plaintiffs must satisfy the adequacy and typicality requirements of Fed. R. Civ. P. 23(a), the proper focus of this case is not on the individual circumstances of the named plaintiffs; it is on the rights of the class as a whole.

3. This Court's Order of September 4, 2014, granting Defendant's Motion for Judgment on the Pleadings, significantly shifted the landscape in this case. <u>See</u> Dkt. 136.  This ruling came just weeks before the summary judgment deadline in this case.  In fairness, Plaintiffs should be given the opportunity to respond to the ruling by adding named plaintiffs who can assert claims that were affected at this late stage (unexpectedly) by the Court's recent ruling.

---

[1] Plaintiffs have sought the assent of Defendant in filing this amended complaint. Defendant's counsel has made clear that Defendant has no intention of agreeing to the further amendment of the complaint, although Defendant may attempt to claim that Plaintiffs have not fully conferred regarding this motion. Due to upcoming deadlines, including the current deadline for summary judgment set for October 16, 2014, and the hearing scheduled with this Court for October 9, 2014, Plaintiffs are filing this motion now so that the Court would have the opportunity to discuss it with counsel at this upcoming hearing. Plaintiffs are also today filing an administrative motion to continue the summary judgment deadlines by 30 days so as to give time for Uber to take discovery of the additional lead plaintiffs named in the proposed Second Amended Complaint and/or for the Court to consider this motion to amend (as well as to allow for the Magistrate Judge to decide discovery disputes that are scheduled to be heard on October 9, 2014).

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

4. In reliance on the Court's ruling from December 5, 2013 (Dkt. 58), Plaintiffs had amended the complaint to add lead plaintiffs who had characteristics who could represent certain categories of Uber drivers. Based on the Court's ruling that the case could include drivers who have worked outside California, these lead plaintiffs included drivers from outside California. However, in light of the Court's recent ruling, which effectively removed those out-of-state drivers from the case, Plaintiffs should, in fairness, now be given the opportunity to add new lead plaintiffs to the case who have these characteristics and have driven for Uber in California.

5. For example, following the Court's Order from last December, Plaintiffs added two lead plaintiffs who had worked as drivers exclusively (or nearly exclusively) for Uber and had not worked for Uber through a limousine company. These plaintiffs were William Anderson (from Seattle) and Wilson Rolle (from Atlanta).[2] Now that Mr. Anderson and Mr. Rolle have been (unexpectedly) removed from the case just weeks before the summary judgment deadline (based on their having worked outside California), Plaintiffs seek leave to amend the complaint to replace them with new lead plaintiffs from

---

[2] Although Plaintiffs assert that all Uber drivers have been misclassified as independent contractors, Plaintiffs added as lead plaintiffs proposed representatives who had certain characteristics, recognizing that the Court may (or may not) consider these characteristics to be material to the Plaintiffs' claims.

For instance, Plaintiffs Thomas Colopy and Douglas O'Connor worked for Uber through limousine companies. Plaintiffs contend that the existence of these companies does not affect their misclassification claims because their work was controlled and directed by Uber, they relied on Uber for their work, and the limousine companies were simply "pass-throughs" through which they received their pay (and at the least, Uber was their "joint employer" with these companies). However, recognizing that the Court might find this fact material, Plaintiffs added Mr. Anderson and Mr. Rolle as named plaintiffs, who worked directly for Uber and not through limousine companies.

As another example, Plaintiff Matthew Manahan did, at various times, drive for other companies, including Lyft and Sidecar. Although Plaintiffs contend that the fact that some drivers have performed driving work for other companies does not prevent them from being declared employees of Uber, Plaintiffs recognize that the Court might find this fact material. Thus, Plaintiffs also added other lead plaintiffs, including Mr. Anderson and Mr. Rolle (who did not work through limousine companies, and did not perform driving work for other companies).

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

California (Khristo Makdisi and Elie Gurfinkel).

6. In addition, Plaintiffs had previously added William Anderson as a lead plaintiff who had not timely opted out of Uber's arbitration clause, so that there would be a lead plaintiff in the case with clear standing to challenge the arbitration clause. In reliance on the Court's decision from last December, Plaintiffs believed that Mr. Anderson would be a suitable plaintiff with clear standing to challenge the clause. However, now that Mr. Anderson is unexpectedly and at this late stage out of the case, Plaintiffs now wish to add a new California-based plaintiff who did not timely opt out of the arbitration clause (Elie Gurfinkel).

7. Finally, the Court's Order of September 4, 2014, reached several legal conclusions that appeared to be based on particular arguments that Plaintiffs had raised or not raised, although the Court appears to have believed that other meritorious arguments could have been made. For example, in its recent decision in the related case of Ehret v. Uber, C.A. No. 14-0113 (Sept. 17, 2014) (Dkt. 64), at *22, n.4, the Court specifically noted that:

> The class in *O'Connor* chose to rely on an implied-in-fact contract theory that the Court found was barred by an express provision of Uber's terms and conditions. The plaintiff in *O'Connor* did not allege, as Plaintiffs do here, that the gratuity-based representations were incorporated by reference into the Terms and Conditions.

In other words, the Court in *Ehret* noted that Plaintiffs' implied-in-fact contract claim could have merit but, because Plaintiffs in this case failed to argue that the terms and conditions of customers' contracts incorporated Uber's website by reference, their implied-in-fact contract claim would be dismissed. However, in reaching this ruling, the Court treated the arguments made by the plaintiffs in this case as though they were arguments made on behalf of a certified class. No class has yet been certified in this case, and thus those arguments were made only on behalf of individual plaintiffs. The

4

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

the entire putative class of drivers in this case cannot be bound by the Court's finding that the individual plaintiffs failed to make arguments that, had they been made, the Court would have found meritorious.[3]

8. Thus, Plaintiffs should also be permitted to add additional lead plaintiffs who did not "waive" any such argument that the Court may well find meritorious. Although these new proposed lead plaintiffs, who are not bound by arguments raised by the previously-named lead plaintiffs, could simply file a new lawsuit asserting these claims, requiring them to file a new case, and starting all over again, would be a waste of judicial resources. It would be more efficient to allow them to be amended into this case, and with only a brief continuance of the case schedule, allow the arguments to be raised here and considered together with those of the other drivers pursuing these claims.[4]

---

[3]  Plaintiffs argued at the hearing on the motion for judgment on the pleadings that it was improper to consider the details of the actual Terms and Conditions on a motion to dismiss, as this consideration would entail fact-based considerations more appropriate for summary judgment. The Court disagreed and proceeded to consider those details (although Plaintiffs had not fully considered all of the Terms and Conditions, thinking that was an exercise to be performed at the summary judgment stage). Now, however, that the Court has expressed (in another case) its conclusion that a particular argument that the Terms and Conditions in fact incorporate Uber's website could substantiate a meritorious breach of contract claim, it is not fair, nor would it be appropriate, to penalize an entire putative class based on the original Plaintiffs' failure (prior to them representing a certified class) to anticipate that the Court would consider this to be a meritorious argument and one that could be considered on a motion for judgment on the pleadings. Indeed, following the Court's decision, Plaintiffs have now identified portions of the Terms and Conditions that indeed incorporate Uber's website. The new proposed lead plaintiffs never "waived" this argument and should be permitted to raise it, and have the Court consider the breach of contract (third party beneficiary) claim anew on summary judgment with respect to claims brought by these new plaintiffs.

[4]  The Court's dismissal of a portion of the plaintiffs' UCL claim may also have been triggered by what Uber contended was a "waiver" of certain arguments related to what Plaintiffs were contending was the fraudulent or deceptive behavior committed by Uber. The new proposed plaintiffs have not made any such waiver.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

9. Finally, Plaintiffs wish to amend the complaint to add a retaliation claim for driver Guy Gottlieb. Mr. Gottlieb, who submitted a declaration in support of the plaintiffs earlier this year, was recently terminated by Uber. Based on deposition testimony taken last week from Uber's general manager in Los Angeles (William Barnes), Plaintiffs believe that Mr. Gottlieb's termination (and Uber's refusal to rehire him) was based upon his participation in and support of this case. As these facts have only recently unfolded and come to light, Plaintiffs should be permitted to amend the complaint also to add this retaliation claim.

10. Courts have held that "[l]eave to amend a pleading should be freely granted when justice so requires" but may be denied "if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party ... or (4) would be futile." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (internal quotation omitted). None of these situations exist here. Plaintiffs have acted quickly to respond to this Court's September 4, 2014, ruling and amend their complaint accordingly and have clearly acted in good faith to protect and preserve the claims of this large potential class of drivers. Likewise, the amendment will not significantly prejudice Uber, as it seeks only to add individuals with standing to make arguments (and represent characteristics of Uber drivers) that Plaintiffs had already put forward prior to this Court's (unexpected) ruling of September 4, 2014, which significantly changed course from the Court's ruling last December (and upon which Plaintiffs had relied in choosing new lead plaintiffs for the First Amended Complaint). The amendment would also not significantly prejudice Uber, as Plaintiffs propose that only a brief continuance of the summary judgment deadlines would be necessary, in order to allow for documents to be produced regarding, and depositions taken of, these new lead plaintiffs. Moreover, amendment would be far from futile, as it would allow the putative class to preserve important claims and arguments going forward.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

11. As noted above, alternatively, if the Court does not permit this amendment, these new proposed Plaintiffs could simply file a new, related case in order to make these claims. However, in the interests of judicial economy, allowing Plaintiffs to amend the complaint again to add these new lead plaintiffs would better serve all parties. As many courts have recognized, where an intervening event creates deficiencies in a named plaintiff's case before class certification, "there is no reason to punish the absent class," and the addition of named plaintiffs is an appropriate remedy. Griffith v. Bowen, 678 F.Supp. 942, 947 (D.Mass. 1988), citing H. Newberg, 1 Newberg on Class Actions § 2.23 at 89 (2d ed. 1985) ("when the intervening event has affected the posture of only the named plaintiff, the litigation remains viable as to the absent class, and mootness may be avoided ... by allowing absent class members to intervene as substitute representatives...."). Indeed, federal courts have recognized that the addition or substitution of named plaintiffs is an appropriate measure to protect the interests of a putative class. Puello v. Citifinancial Services, Inc., 2010 WL 1541503, *4 (D.Mass. Apr. 16, 2010) (granting time to amend complaint to add or substitute named plaintiffs, even before such plaintiffs had been identified), citing Griffith, 678 F.Supp. at 947. Here, the interests of the class clearly require amendment to include additional named Plaintiffs who can best represent the interests of the class.

12. Thus, the interests of justice support allowing Plaintiffs to address these new lead plaintiffs' arguments because the entire putative class should not be prejudiced by the previously named lead plaintiffs' waiver of any particular argument or claim, or failure to represent certain characteristics of the proposed class, for which Plaintiffs had amended the complaint to add other lead plaintiffs in reliance on a decision from last year that was unexpectedly reversed on September 4, 2014, just weeks before the summary judgment deadline.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## CONCLUSION

Wherefore, because an amendment is in the interests of justice, Plaintiffs respectfully request that the Court grant leave for the Plaintiffs to file their proposed Second Amended Complaint.

Respectfully submitted,

DOUGLAS O'CONNOR, THOMAS COLOPY, and MATTHEW MANAHAN, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Ben Weber, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729    Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, bweber@llrlaw.com

Monique Olivier, SBN 190385
DUCKWORTH, PETERS, LEBOWITZ, OLIVIER, LLP
100 Bush Street, Suite 1800
San Francisco, CA 04104
(415) 433-0333
E-mail:  monique@dplolaw.com

Dated:         September 24, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on September 24, 2014, on all counsel of record.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

8

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**