United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., *et al.*, <br><br> Defendants. <br> _____/ | No. C-13-3826 EMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW** <br><br> **(Docket No. 138)** |

Currently pending before the Court is Plaintiffs' motion to have this Court certify its order granting Defendants' motion for judgment on the pleadings for interlocutory review under 28 U.S.C. § 1292(b). The Court finds this motion suitable for disposition without oral argument and **VACATES** the hearing currently set for October 9, 2014.

In attempting to establish that there is a "substantial ground for differences of opinion" as to this Court's extraterritoriality ruling, Plaintiffs rely primarily on *Taylor v. Eastern Connection Operating, Inc.*, 988 N.E. 2d 408 (Mass. 2013). Plaintiffs are correct that *Taylor* held that because the Massachusetts law in question did not contain an express geographical limitation, a choice of law provision could apply that law extraterritorially to conduct occurring outside Massachusetts. *See Taylor*, 988 N.E.2d at 413. *Taylor* cites with approval *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003). *Taylor*, 988 N.E.2d at 414. However, *Taylor* differs from the present case in one critical respect: there is no implicit presumption against the extraterritorial application of Massachusetts law. *Taylor* made this point explicit. *See Taylor*, 988 N.E.2d at 413 n.9 ("[W]e conclude that there is no corresponding presumption against the application of Massachusetts statutes to conduct occurring outside Massachusetts but within the

United States.").[1] California, by contrast, has a strong, nearly century old presumption against the extraterritorial application of its laws. *See Ehret v. Uber Technologies, Inc.*, — F. Supp. 3d — , 2014 WL 4640170, at *3 (N.D. Cal. Sept. 17, 2014). As a result, *Taylor* does not address the effectiveness of a choice of law provision where there is a *presumption* against extraterritorial application of a state's laws. Nothing in *Taylor* or any other case cited by Plaintiffs suggests this Court erred when it concluded that when such a presumption exists, the parties' choice of law to the contrary must be disregarded.

Accordingly, the Court finds that Plaintiffs have failed to demonstrate that there is a "substantial ground for difference of opinion" on this Court's extraterritoriality ruling. Plaintiffs have failed to articulate a logical reason why a choice-of-law provision should yield to an express geographical limitation in a statute and yet be able to overcome the strong presumption against extraterritorial application of California law that the state has adopted. Further, Plaintiffs have cited no authority that would support such a distinction. Plaintiffs' motion for § 1292(b) certification is therefore **DENIED**. *See Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010) (finding that the statutory requirements of § 1292(b) are jurisdictional and an interlocutory appeal cannot proceed if those requirements are not met).

This order disposes of Docket Number 138.

IT IS SO ORDERED.

Dated: October 6, 2014

_____
EDWARD M. CHEN
United States District Judge

---

[1] Plaintiffs' reliance on *Harlow v. Sprint Nextel Corporation*, 574 F. Supp. 2d 1224 (D. Kan. 2008), is similarly misplaced. *Harlow* relied on *Gravquick* and did not address whether there was an implicit presumption against extraterritorial application under Kansas law which would dictate a different result.