MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
STEPHEN L. TAEUSCH (SBN 247708)
CAITLIN V. MAY (SBN 293141)
One Market, Spear Street Tower
San Francisco, California  94105
Telephone:  415.442.1000
Facsimile:   415.442.1001
rhendricks@morganlewis.com
staeusch@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 13-03826-EMC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO HEAR JOINT DISCOVERY LETTER ON OCTOBER 9, 2014 [DKT. NO. 164]**<br><br>**[Civil L.R. 6-1(b), Civil L.R. 6-3]**<br><br>Complaint Filed:      August 16, 2013<br>First Am. Compl. Filed:  May 30, 2014 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25372141.2

DEF.'S OPP. TO  REQUEST TO HEAR
JOINT DISCO. LETTER  ON OCT. 9, 2014
CASE NO. 13-03826-EMC

## I. PLAINTIFFS PERSIST IN FILING MOTIONS THAT IGNORE LOCAL PROCEDURAL REQUIREMENTS, WHICH ALONE JUSTIFIES DENIAL OF THEIR REQUEST.

Local Rule 6-1(b) provides that any "motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event." L.R. 6-1(b). Ignoring that rule, Plaintiffs now ask that the Joint Discovery Letter (Dkt. 157) the parties just filed be heard at tomorrow's hearing on an earlier-submitted Joint Discovery Letter. Plaintiffs also ignore their obligation to submit a declaration in support of their request, as required by Civil L.R. 6-3(a). While the Court might ordinarily be willing to overlook these defects, Defendant urges the Court not to excuse them as this is the <u>third time</u> in just the last two weeks that Plaintiffs have filed a motion in this case that disregards local procedural requirements. *See* Dkt. No. 149 (no declaration as required under Civil L.R. 6-3(a)); Dkt. No. 150 (no declaration as required under Civil L.R. 7-2(d)). Plaintiffs' refusal to follow this District's Local Rules alone justifies denial of Plaintiffs' request. *See, e.g. Roberson v. St. Anthony Foundation*, No. 10-4576-SBA, 2011 WL 1193012, at *1 (N.D. Cal. Mar. 30. 2011) (denying Plaintiff's motion for leave to amend that did not comply with Civil L.R. 7-2 and stating that "<u>[t]he failure to comply with a district court's local rules constitutes grounds for summary denial of a motion</u>."); *see also* Civil L.R. 1-4 ("Failure by counsel…to comply with any duly promulgated local rule…may be a ground for imposition of any authorized sanction.").

## II. PLAINTIFFS HAVE NO NEED FOR AN EXPEDITED HEARING BECAUSE JUDGE CHEN HAS NOT AUTHORIZED THEM TO FILE A MOTION FOR SUMMARY JUDGMENT PRIOR TO CLASS CERTIFICATION.

Civil Local Rule 6-3(a) requires Plaintiffs to identify the "substantial harm or prejudice" they will suffer if their motion is not granted. The single harm Plaintiffs specify in their request is that if the discovery issues they raised for the first time in late September are not heard until October 30, 2014 they will be unable to "obtain the discovery they need to draft <u>their</u> motion for summary judgment" by the November 21, 2014 "deadline for filing motions for summary judgment." Pl. Mot. ¶ 1 (emphasis added). <u>Plaintiffs have no such need</u>. Judge Chen has <u>not</u> authorized them to file a motion for summary judgment prior to class certification in this case, and Plaintiffs have <u>never</u> even stated an intent to file such a motion until making last night's

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/ 25372141.2

1

DEF.'S OPP. TO REQUEST TO HEAR
JOINT DISCO. LETTER ON OCT. 9, 2014
CASE NO. 13-03826-EMC

1   request.  <u>Defendant</u>, by contrast, specifically requested authorization from Judge Chen to file a
2   motion for summary judgment prior to class certification.  Dkt. No. 114, 8:15-10:4.  While Judge
3   Chen admitted that "in the normal course of things – you reserve the merits questions till after
4   certification," he made a conscious decision to depart from standard procedure and granted
5   <u>Defendant</u> the opportunity to move for summary judgment on the issue of Plaintiffs' employment
6   status.  Dkt. No. 125, 7:24-8:1.  Judge Chen emphasized that the employment question is a "close
7   threshold issue" because "it's not obvious why [the Plaintiffs are] employees." *Id*. at 12:12-14;
8   *see also id.* at 11:18-20 ("[W]hy go through the whole class cert exercise and expense if there
9   isn't an employee relationship to start with?").  The Court's statements reflect deliberate case
10  management decisions that did not contemplate the filing of cross-motions for summary
11  judgment.

12         At no time has Plaintiffs' counsel even requested the opportunity to file a motion for
13  summary judgment.  In fact, counsel adamantly objected to the Court's decision to allow for
14  Defendant to file a motion for summary judgment prior to class certification, both in the parties'
15  Joint Case Management Conference Statement and at the hearing.  Dkt. No. 114, 11:21-23
16  ("Plaintiffs strongly object to Defendant's attempt once again to obtain permission to file separate
17  motions for summary judgment as to individual plaintiffs prior to class certification."); Dkt. No.
18  125, 6:16-20 ("I would strongly disagree with that approach. …I think what makes most sense,
19  and the way these cases should run, is that class certification is decided before the merits.").

20         Further, even if it was previously unclear whether Plaintiffs are authorized to move for
21  summary judgment, Judge Chen's orders regarding the briefing and hearing schedule
22  unambiguously confirm that he has only authorized Defendant to file a motion for summary
23  judgment.  For example, his initial case management order states that "<u>Defendant's</u> motion for
24  summary judgment is scheduled for 8/28/14 at 1:30 p.m." and "<u>Defendant's</u> MSJ to be filed by
25  10/9/14." Dkt. No. 119.  Judge Chen's order granting Plaintiffs' motion to alter the summary
26  judgment briefing schedule reiterates this point as it refers to "<u>Defendant's</u> anticipated summary
27  judgment motion" and set a schedule referencing "<u>Plaintiff's</u> Opposition" and "<u>Defendant's</u>
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25372141.2                             2                    DEF.'S OPP. TO  REQUEST TO HEAR
                                                                JOINT DISCO. LETTER ON OCT. 9, 2014
                                                                       CASE NO. 13-03826-EMC

Reply." Dkt. No. 154 (emphasis added).[1]

Plaintiffs' deadline to oppose Defendant's summary judgment motion is not until December 15, 2014. Holding the hearing on the just-filed discovery letter on October 30, 2014, the date selected by the Court, allows them ample time to obtain any discovery the Court may conclude they are actually entitled to. *See* Dkt. No. 154. As Plaintiffs will not suffer "substantial harm or prejudice" if the hearing on the just-filed Joint Discovery is not expedited, the Court should deny their request and hold the hearing as scheduled on October 30, 2014.[2]

### III. PLAINTIFFS' SUGGESTION THAT DEFENDANT WAS NOT COOPERATIVE IN PREPARING THE JOINT DISCOVERY LETTER IS FALSE

Plaintiffs' suggestion that Defendant delayed in preparing its portion of the joint discovery letter is patently false. Pl. Mot. at ¶3. In reality, Plaintiffs unduly delayed raising concerns with Defendant's discovery and now seek accommodations for their own lack of diligence.

Plaintiffs received Defendants' response to Plaintiffs' first set of requests for production of documents on July 2, 2014. Declaration of Stephen L. Taeusch ("Taeusch Decl.") ¶ 2. Defendant served documents responsive to those requests on July 2 and July 7, 2014. *Id*. Despite being aware as of the July 10, 2014 Case Management Conference of their original November 6, 2014 deadline to oppose Defendant's summary judgment motion, Plaintiffs propounded no

---

[1] This is not the first time that Plaintiffs have misrepresented the contents of a court order for their own benefit. In Plaintiffs' Motion for Administrative Relief seeking to alter the summary judgment briefing schedule, they stated that, pursuant to the parties' agreement, the Magistrate Judge moved the hearing date for both joint discovery letters to October 9, 2014. Dkt. No. 149, fn. 1. In fact, Defendant filed a separate motion to shorten time because it did not accept Plaintiffs' demand that discovery issues about which the parties had not yet even met and conferred also be heard on October 9, 2014. Dkt. No. 145, 2:14-19. Despite Plaintiffs' separately filed response reiterating their demand, the Court granted Defendant's motion without reference to Plaintiffs' request and moved only the hearing on Defendant's discovery letter (Dkt. No. 141) to October 9, 2014. *See* Dkt. No. 146, 2:25-26; Dkt. No. 147.

[2] Plaintiffs also claim that they "inadvertently omitted" a request to have the discovery letter heard on October 9, 2014 from their portion of the joint discovery letter. Pl. Mot. at ¶ 3. However, Plaintiffs' counsel's mistake cannot serve as a basis to establish good cause to shorten time to hear the discovery disputes in question. *See Rashdan v. Geissberger*, No. 10-00634-SBA, 2012 WL 566379, at *3 (N.D. Cal. Feb. 21, 2012) (finding that attorney's acts or omissions delaying discovery do not constitute good cause to modify court's scheduling order), citing *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 676–77 (C.D.Cal. 2003) (attorney's negligence did not constitute good cause for continuance of deadlines).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25372141.2

3

DEF.'S OPP. TO REQUEST TO HEAR JOINT DISCO. LETTER ON OCT. 9, 2014
CASE NO. 13-03826-EMC

1  additional written discovery on Defendant until more than a month later, on August 15, 2014,
2  when they served Defendant with their second set of document requests. *Id*. ¶ 3. Defendant
3  responded and served responsive documents on September 18, 2014. *Id.* ¶ 4. Plaintiffs then
4  served interrogatories on Defendant for the first time on September 26, 2014. *Id*. ¶ 6.

5  On September 25, 2014, the parties met and conferred <u>for the first time</u> regarding the
6  discovery issues Plaintiffs now contend should be heard on October 9, 2014. *Id*. ¶ 5. During the
7  call, defense counsel informed Plaintiffs' counsel that it would discuss Plaintiffs' discovery
8  demands further with Defendant to see if any agreements could be reached. *Id*. Nevertheless,
9  Plaintiffs sent Defendant a draft of their joint discovery letter in the evening on Friday, September
10 26, 2014. *Id*. ¶ 7. Plaintiffs' letter was 6 pages (leaving only 2 pages for Defendant's response),
11 had margins smaller than 1 inch, included excessive 10-point font footnotes, and did not address
12 the disputes issue-by-issue. *Id*. On the morning of Monday, September 29, 2014, Defendant
13 responded that it was surprised to receive the letter as the meet and confer process was ongoing,
14 but requested that Plaintiffs send a letter that complied with this Court's standing order so that
15 Defendant could insert its positions. *Id*. ¶ 8.

16 Plaintiffs' motion to alter the summary judgment schedule was granted on September 30,
17 2014, which had the effect of delaying Plaintiffs' deadline to oppose the motion for summary
18 judgment by almost six weeks, to December 15, 2014. Dkt. No. 154. Despite this extension of
19 time, Plaintiffs continued the rush to motion practice on discovery disputes that were not yet ripe.
20 On October 1, 2014, Plaintiffs sent Defendant a compliant letter and insisted it be filed by 5:00
21 p.m. East Coast time the next day—despite having themselves taken 6 days to prepare a
22 compliant letter. *Id*. ¶ 9. Plaintiffs' counsel repeatedly threatened to file a letter without
23 Defendant after defense counsel explained that Defendant needed more time and would not meet
24 Plaintiffs' artificial deadlines. On October 3, 2014—only two days after receiving a compliant
25 letter from Plaintiffs—Defendant sent Plaintiff its portion of the letter, which was filed the same
26 day. *Id*. ¶ 10.

27 Plaintiffs also falsely assert that they agreed to Defendant's request to shorten time for a
28 hearing on the September 16, 2014 discovery letter, while Defendant refuses to "extend the same

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25372141.2                                4                    DEF.'S OPP. TO REQUEST TO HEAR
                                                                    JOINT DISCO. LETTER ON OCT. 9, 2014
                                                                    CASE NO. 13-03826-EMC

1  courtesy." Pl. Mot. at ¶7.  First, Plaintiffs did <u>not</u> agree to shorten time for that hearing without

2  conditions that Defendant found unacceptable.  Because Plaintiffs did not agree, Defendant was

3  required to file a separate motion to shorten time.  Dkt. No. 145.  Second, Defendant has a

4  November 21, 2014 deadline to file its motion for summary judgment, while Plaintiff has six

5  additional weeks for their opposition.

### IV. <u>PLAINTIFFS' REQUEST PREJUDICES DEFENDANT AND DENIES THE COURT THE BENEFIT OF FULLY CONSIDERING THE COMPLEX DISCOVERY ISSUES PRESENTED</u>

Plaintiffs seek to prejudice Defendant by ignoring local rules and attempting to limit Defendant's opportunity to respond.  Plaintiffs filed this request just <u>two days</u> before the October 9, 2014 hearing, despite the fact that the local rules allow Defendant <u>four</u> days to file an opposition.  *See* Civil L.R. 6-3(b).  Defendant will not be prepared to discuss these discovery issues at the hearing on October 9 because lead counsel will be in deposition on October 8, and requiring Defendant to prepare for the hearing on such short notice would raise due process concerns.

As the joint letter was filed just four business days before the proposed hearing date, holding a hearing on that date would also deny the Court the opportunity to fully consider these complex discovery issues in advance of the hearing.  This Court's standing order makes clear that the Court expects to have two weeks to review papers prior to a hearing.  Standing Order for Magistrate Judge Donna M. Ryu, ¶ 2 ("<u>Parties are advised that requests which, in effect, do not allow the court two weeks from the filing of the last brief until the scheduled hearing date are routinely denied</u>.") (emphasis added).

### V. <u>CONCLUSION</u>

As set forth above, good cause does <u>not</u> exist for the Court to hold a hearing on a discovery letter filed on October 3, 2014 on October 9, 2014.

Dated: October 8, 2014                                    MORGAN, LEWIS & BOCKIUS LLP

                                                          By /s/Stephen L. Taeusch
                                                             Stephen L. Taeusch
                                                             Attorneys for Defendant

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25372141.2                        5                 DEF.'S OPP. TO REQUEST TO HEAR
                                                         JOINT DISCO. LETTER ON OCT. 9, 2014
                                                         CASE NO. 13-03826-EMC