United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, *et al.*, | No. C-13-3826 EMC |
| Plaintiffs, | |
| v. | **ORDER RE SUMMARY JUDGMENT BRIEFING AND SCHEDULE** |
| UBER TECHNOLOGIES, INC., *et al.*, | **(Docket No. 166)** |
| Defendants. | |

_____/

On October 8, 2014, Plaintiffs filed a request for clarification of this Court's order amending the briefing schedule on Defendant's motion for summary judgment. Docket No. 166. Plaintiffs indicate that they intend to file a motion for summary judgment as well, and request clarification as to whether both sides' motions should be filed on November 21, 2014, or whether Plaintiffs should plan to file a cross-motion with their opposition to Uber's motion." *Id.* at 3. The Court provides the following guidance.

Plaintiffs will not be permitted to file a motion for summary judgment prior to class certification in this case. Federal Rule of Civil Procedure 23(c)(1) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Despite this language, the Ninth Circuit has held that "[u]nder the proper circumstances – where it is more practicable to do so and where the parties will not suffer significant prejudice – the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984). Courts have noted that when "early resolution of a motion for summary

judgment is likely to protect both the parties and the court from needless and costly litigation, it is reasonable to consider such a motion before class certification." *Khasin v. Hershey Company*, No. 5:12-CV-01862-EJD, 2014 WL 1779805, at *2 (N.D. Cal. May 5, 2014).

Defendant's anticipated motion for summary judgment – if granted – would serve that purpose. If the Court were to determine that Plaintiffs were not employees of Defendant, much (if not all) of the case would be disposed of and the scope and course of class certification will be substantially affected.[1] The same cannot be said about Plaintiff's proposed motion for summary judgment seeking a judgment that Uber's drivers are employees.[2] Were the Court to grant such a motion, while it may inform some aspect of class certification, it would not be as potentially impactful as a grant of Defendant's motion; it would still be necessary to go through the class certification process as well as proceed to trial on any remaining factual issues regarding the nature, scope, and effect of Uber's representations regarding gratuities. Thus, there would be little or no efficiency to be gained from ruling on such a motion before class certification.

Accordingly, for the foregoing reasons, the Court clarifies that *Defendant*'s motion for summary judgment shall be filed by November 21, 2014, Plaintiff's *opposition to that motion* shall be filed by December 15, 2014, and Defendant's reply in support of its motion shall be filed on December 22, 2014. Defendant's motion for summary judgment shall be heard on January 15, 2015,

---

[1] Of course, by filing their motion before the class certification motion, Defendant assumes the risk that any order granting the motion would be res judicata only as to the named plaintiffs and not the unnamed, uncertified class members. *See id.*; *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) ("When a motion is maintained against an uncertified class, only the named plaintiffs are affected by the ruling. There is no res judicata effect as to unnamed members of the purported class.").

[2] During the July 10, 2014 case management conference in which the Court first scheduled Defendant's summary judgment motion prior to class certification, the Court made it clear that it was deviating from the normal "class cert first" approach given the potentially dispositive nature of Defendant's proposed motion. *See, e.g.*, July 10, 2014 Hearing Transcript at 7:24-8:6 ("Ant it is true that – at least in the normal course of things – you reserve the merits questions till after certification, but I have in wage and hour cases where I thought there were significant legal questions . . . somebody or a class rep is an employee or not is capable of resolution – potential resolution in advance of class cert, sometimes it does make sense."); *id.* at 11:16-20 ("But, you know, if even under the right of control analysis in bringing what we'll call collateral evidence of others, you're [Plaintiffs] short, then why go through the whole class cert exercise and expense if there isn't an employee relationship to start with?"). It did not indicate a desire to reverse the normal sequence of the entire litigation.

2

at 1:30 p.m. Docket No. 154, at 1. Cross motions for summary judgment will not be permitted. Plaintiffs may, of course, move for summary judgment following resolution of the class certification question.

This order disposes of Docket No. 166.

IT IS SO ORDERED.

Dated: October 14, 2014

_____
EDWARD M. CHEN
United States District Judge