1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
BENJMAIN J. WEBER, *pro hac vice*
(bweber@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:      (617) 994-5800
Facsimile:      (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:      (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>              Defendant. | Case No. CV  13-3826-EMC<br><br><br>**SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br><br>CASE FILED: AUGUST 16, 2013<br><br>BEFORE THE HON. EDWARD M. CHEN |

1
SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

## I.  **INTRODUCTION**[1]

1.      This case is brought on behalf of individuals who have worked as Uber drivers in California.  Uber is a car service that provides drivers who can be hailed and dispatched through a mobile phone application.  As set forth below, Uber has advertised to customers that gratuity is included in the cost of its car service.  However, Uber drivers do not receive the total proceeds of any such gratuity.  Instead, they receive only a portion of such gratuity, if any is charged to the customer.  Furthermore, based on Uber's communication to customers that gratuity is included in the price of its service and so they do not need to tip, few if any customers leave tips for the drivers.  Thus, drivers do not receive the tips that are customary in the car service industry and that they would otherwise receive were it not for Uber's communication to customers that they do not need to tip.

2.      Plaintiffs bring this action on their own behalf, and on behalf of other similarly situated Uber drivers, for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), based upon Uber's violation of the California Gratuities Law, California Labor Code Section 351, and failure to remit to drivers the entire gratuity paid by customers or that customers would otherwise intend to leave for them.

_____

[1]      Plaintiffs have removed from the complaint portions of claims that the Court dismissed in its Order of December 5, 2013 (Doc. 58), and its Order of September 4, 2014 (Doc. 136). However, in so doing, Plaintiffs do not waive their rights to the claims that have been dismissed, for appellate purposes, and Plaintiffs do not waive their rights to reinstitute claims against Travis Kalanick and Ryan Graves, individually, if appropriate.  Plaintiffs have also removed from the complaint named plaintiffs from outside California, and allegations regarding a national class brought under the statutory claims, based on the Court's Order of September 4, 2014 (Doc. 136). In doing so, Plaintiffs do not waive their rights to assert these claims on behalf of a national class should the Court's order be altered on reconsideration or appeal.

SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

3.      In addition, Plaintiffs bring this action on behalf of Uber drivers who have been misclassified as independent contractors and thereby required to pay business expenses (such as for their vehicles, gas, and maintenance) in violation of California Labor Code Section 2802.

## II. PARTIES

4.      Plaintiff Douglas O'Connor is an adult resident of South San Francisco, California, where he has worked as an Uber driver.

5.      Plaintiff Thomas Colopy is an adult resident of San Francisco, California, where he works as an Uber driver.

6.      Plaintiff Matthew Manahan is an adult resident of Los Angeles, California, where he works as an Uber driver.

8.      Plaintiff Elie Gurfinkel is an adult resident of San Diego, California, where he works as an Uber driver.

9.      Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber Black, Uber SUV, or UberX drivers in California.

10.     Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California.

## III.     JURISDICTION

11.     This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and, upon the original filing of this complaint, members of the putative plaintiff class resided in states

SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

## IV.    STATEMENT OF FACTS

12.     Uber provides car service in cities throughout the country via an on demand dispatch system.

13.     Uber offers customers the ability to hail a car service driver on a mobile phone application.

14.     Uber's website has advertised that "Uber is your on-demand private driver."

15.     Uber has stated to customers, on its website, and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

16.     However, Uber drivers have not received the total proceeds of this gratuity.

17.     Instead, Uber has retained a portion of the gratuity for itself.

18.     For Uber Black, Uber SUV, and UberX drivers, Uber has not specified the amount of the gratuity.

19.     However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers.  Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

20.     As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of

4
SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

payments to which they are entitled, and to which reasonable customers would have expected them to receive.

21.     Although classified as independent contractors, Uber drivers are employees. They are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.)

22.     In addition, Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide.  The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

23.     However, based on their misclassification as independent contractors, Uber drivers are required to bear many of the expenses of their employment, including expenses for their vehicles, gas, and other expenses. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

## V.     CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Uber Black, Uber SUV, and UberX drivers who have worked for Uber in California.

25.     Plaintiffs and other class members have uniformly been deprived of gratuities that were not remitted to them.

26.     The members of the class are so numerous that joinder of all class members is impracticable.

27.     Common questions of law and fact regarding Uber's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

      a.  Whether Defendant has charged customers a gratuity for class members' services;

      b.  Whether Defendant has failed to distribute the total proceeds of those gratuities to the class members;

      c.  Whether Defendant has informed customers that gratuity is included in the price of the Uber service and so there is no need to tip their drivers;

      d.  Whether class members have suffered damages based upon Uber's representation to customers that tips are included but not distributing them to the drivers.

28.     Common questions of law and fact also exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

      a.  Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;

      b.  Whether the work performed by class members—providing car service to customers—is within Uber's usual course of business, and whether such service is fully integrated into Uber's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, and other expenses.

29. The named plaintiffs are members of the class, who suffered damages as a result of Defendant's conduct and actions alleged herein.

30. The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

31. The named plaintiffs will fairly and adequately represent and protect the interests of the class. The named plaintiffs have retained able counsel experienced in class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

32. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

## COUNT I

### Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.*

34. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant's conduct constitutes unlawful or fraudulent business acts or practices, in that Defendant has violated California Labor Code Sections 351 and 2802. As a result of Defendant's unlawful and fraudulent conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to loss of gratuities to which they were entitled and customers expected them to receive, and business expenses that drivers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful and fraudulent conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT II

### Independent Contractor Misclassification and Expense Reimbursement Violation

35. Defendant's conduct, as set forth above, in misclassifying Uber drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802.

SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court certify this case as a class action, pursuant to Fed. R. Civ. P. 23; award restitution for all charged gratuities which were not remitted to the drivers; award reimbursement that the drivers who were misclassified as independent contractors were required to bear; award pre- and post-judgment interest; award reasonable attorneys' fees, costs, and expenses; and award any other relief to which the plaintiffs may be entitled.

Respectfully submitted,

DOUGLAS O'CONNOR, THOMAS COLOPY,
MATTHEW MANAHAN, and
ELIE GURFINKEL, individually
and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Ben Weber, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, bweber@llrlaw.com

Matthew Carlson, SBN 273242
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
 (415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Dated:          November 12, 2014

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this motion was served by electronic filing on November 12, 2014, on all counsel of record.

                     /s/ Shannon Liss-Riordan

                     Shannon Liss-Riordan, Esq.