UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, *et al.*, | No. C-13-3826 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO FILE EXCESS PAGES** |
| UBER TECHNOLOGIES, INC., *et al.*, | **(Docket No. 202)** |
| Defendants. | |

Pending before the Court is Uber Technologies, Inc.'s motion to extend the page limit for its memorandum of points and authorities in support of its motion for summary judgment and Plaintiff's memorandum in opposition thereof. Docket No. 202. The motion is **GRANTED**. Uber's memorandum of law in support of its summary judgment motion shall not exceed 30 pages. Plaintiff's memorandum of law in opposition shall not exceed 30 pages. Uber's reply brief shall not exceed 15 pages. These page limits are exclusive of title pages, table of authorities, table of contents, any exhibits but *include* the summary of argument sections. Plaintiff's request for leave to file a sur-reply is **DENIED**.

The Court notes that even Uber's routine request has become the latest example of uncooperative behavior on the part of both parties, leading to needless filings, a clogging of the Court's docket, and obfuscation of the issues. Uber filed its motion for leave to file excess pages and indicated that a stipulation could not be reached because Plaintiffs wanted to include a "unilateral request . . . for leave to file a surreply, even though no good cause could possibly exist at this time for such a request." Docket No. 202, at 3. Plaintiffs then felt compelled to respond to this

statement, filing a response, declaration, and proposed order all for the purpose of making clear that they did not oppose the request for leave to file excess pages, but simply wanted to request leave to file a sur-reply.  Docket No. 203, at 2.  Uber then decided to file a reply in support of its original motion for leave to file excess pages, which it entitled "Defendant Uber Technologies, Inc.'s Response to Plaintiffs' Improper Request for leave to File a Surreply."  Docket No. 204. In summary, what should have been a routine, undisputed stipulated request for expanded page limits for both sides has turned into a petty dispute about how to present an unrelated, disputed request for Plaintiffs to file a surreply.  This is the type of issue that the Court expects professional attorneys to work out amongst themselves without the need for unnecessary filings.

This uncooperative behavior will stop.  Counsel for both side are advised that the Court requires all counsel that appear before it to conduct themselves with the upmost professionalism.  "Professionalism" includes the obligation that counsel (1) meet and confer on disputed issues in good faith; (2) arrive at compromises where appropriate; and (3) extend normal courtesies and civilities to his or her opponent.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) ("[U]ncompromising behavior is not only inconsistent with general professional conduct, but also undermines the truth-seeking function of our adversarial system."); *see also Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995) ("We do not approve of the 'hardball' tactics unfortunately used by some law firms today.  The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice.").

If, going forward, the Court determines that counsel in this action are not taking these obligations seriously, sanctions will be considered.

This order disposes of Docket No. 202.

IT IS SO ORDERED.

Dated:  November 25, 2014

_____
EDWARD M. CHEN
United States District Judge