1  ROBERT JON HENDRICKS, State Bar No. 179751
   STEPHEN L. TAEUSCH, State Bar No. 247708
2  CAITLIN V. MAY, State Bar No. 293141
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market Street, Spear Street Tower
   San Francisco, California  94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  rhendricks@morganlewis.com
   staeusch@morganlewis.com
6  cmay@morganlewis.com

7  Attorneys for Defendant
   UBER TECHNOLOGIES, INC.
8
   SHANNON LISS-RIORDAN, *pro hac vice*
9  (sliss@llrlaw.com)
   LICHTEN & LISS-RIORDAN, P.C.
10 729 Boylston Street, Suite 2000
   Boston, MA 02116
11 Telephone:      (617) 994-5800
   Facsimile:      (617) 994-5801
12
   MATTHEW D. CARLSON (SBN 273242)
13 (mcarlson@carlsonlegalservices.com)
   CARLSON LEGAL SERVICES
14 100 Pine Street, Suite 1250
   San Francisco, CA 94111
15 Telephone:      (415) 817-1470

16 Attorneys for Plaintiffs
   DOUGLAS O'CONNOR, et al.

17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. CV 13-03826-EMC<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:    August 16, 2013 |

This Amended Protective order is intended to amend and supersede the prior protective order entered by the Court on October 21, 2014 (DKT. 181). Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. The Protective Order shall govern all materials deemed to be "Confidential Information." A Party or a Non-Party may designate as "Confidential Information" any documents or information produced in response to informal or formal discovery requests, subpoenas and/or other exchanges of documents/information which, in good faith, such Party deems confidential, including without limitation, any documents or information:

(a) Referring or related to confidential and proprietary human resources, business or pricing information and/or financial records and information of Defendant;

(b) Referring or related to any current, former or prospective business partner or third-party vendor of Defendant;

(c) Referring or related to any other confidential or trade secret information of Defendant; and

(d) Any portions of depositions (including audio or video) where Confidential Information is disclosed or used as exhibits.

Nothing in this Protective Order shall be deemed to require the production of information

that a party or a Non-Party believes to be objectionable on other grounds, nor shall anything in this Protective Order be deemed to allow for non-production of confidential information that is otherwise discoverable.

2. In the case of documents and the information contained therein, designation of Confidential Information produced pursuant to this Order shall be made by placing the following legend on the face of the document or collection of documents: "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."  Upon such designation, all parties shall treat the identified information as confidential under this agreement until and unless it is otherwise agreed by all parties or ordered by the Court.  In the event a party or a Non-Party neglects to identify any disclosed information as confidential, it may do so after disclosure by sending notice to all parties that clearly delineates the confidential information and describes the reason for the initial failure to designate.

3. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall be disclosed only to qualified recipients for purposes that are specifically and directly related to the reasonable conduct of this litigation.

4. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each Party and the secretarial, clerical and paralegal staff of each, if/as needed to perform their job duties;

(b) Deposition notaries;

(c) Persons other than legal counsel who have been retained or specially employed by a Party as an expert witness or consultant for purposes of this lawsuit or to perform investigative work or fact research, provided that the disclosing counsel identify to opposing counsel and to counsel for any Non-Party who produced the Confidential Information to be disclosed such expert witness or consultant, and provide to opposing counsel and to counsel for any Non-Party who produced the Confidential Information to be disclosed that individual's full curriculum vitae, at least one week before the disclosure for the sole purpose of affording the

opposing party or the Non-Party who produced the Confidential Information to be disclosed an opportunity to object to the disclosure if necessary.  However, the opposing party or the Non-Party who produced the Confidential Information to be disclosed shall not be permitted to use the disclosure of any such expert witness or consultant for any other purpose in the litigation.  The opposing party or the Non-Party who produced the Confidential Information to be disclosed shall have one week to notify the disclosing counsel of an objection to the disclosure.  If any objections are raised, no confidential materials shall be shown to the expert witness or consultant until after all objections have been resolved by the Court;

(d)     Deponents during the course of their depositions or potential witnesses of this case;

(e)     A mediator selected by mutual agreement of the Parties; and

(f)     The Parties as defined above through their employees who are engaged directly in this litigation on a need to know basis.

5.     Persons to whom Confidential Information is shown shall be informed of the terms of this Order, advised that its breach may be punished or sanctioned as contempt of the Court and required to sign the Acknowledgement and Agreement to Be Bound by Protective Order in the form attached this Order as Exhibit A.  Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.  Portions of deposition testimony deemed confidential by any party may be so designated at the deposition, and any such testimony shall be segregated in the deposition transcript and identified as "confidential" by the stenographer assigned to the deposition.

6.     <u>Challenging Confidentiality Designations</u>

(a)     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's or non-party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does

not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      (b)    <u>Meet and Confer</u>.  The party challenging a confidentiality designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties and the non-party who designated the information as confidential shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party and the non-party who designated the information as confidential an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

      (c)    <u>Judicial Intervention</u>.

          (i)    <u>Party Designations</u>. If the parties who designated the information as confidential cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties who designated the information as confidential agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

    (ii) <u>Non-Party Designations</u>. In the event of designations by non-parties, if the parties and the non-party who designated the information as confidential cannot resolve a challenge without court intervention, the party challenging the designation shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties and the non-party who designated the information as confidential agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the challenging party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall waive the right to challenge the confidentiality designation for each challenged designation, except upon an independent showing of good cause for the failure to make the motion within 21 days (or 14 days, if applicable). In addition, the challenging party may file a motion challenging the confidentiality designation of a deposition transcript or any portions thereof at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the challenging party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

other parties) may expose the challenging party to sanctions. Unless the designating non-party has affirmatively waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing non-party's designation until the court rules on the challenge.

7. No copies of Confidential Information shall be made except as required for the conduct of this litigation and by or on behalf of attorneys of record in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Order. Copies of confidential documents that are attached to pleadings or motions filed with the court may be retained in counsel's file. Any other copies of confidential documents shall be destroyed when no longer required for purposes of this litigation.

8. All information and/or documents produced in this action that are Confidential shall be used only for purposes of this litigation and not for any other purpose.

9. In the event that a Party or Non-Party wishes to use any Confidential Information in any papers filed in Court in this litigation, the Party or Non-Party shall file a motion requesting that the Court maintain the documents containing Confidential Information under seal pursuant to Civil Local Rule 79-5. In the event the Party or Non-Party does not believe the documents should be filed under seal, it shall meet and confer with regard to which documents, if any, should be filed under seal. Should the Parties and designating Non-Party not agree upon which documents should be placed under seal, the Party or Non-Party seeking the maintenance of such documents under seal shall file a motion requesting that the Court maintain the documents under seal. The Parties acknowledge that whether Confidential Information submitted to the Court is maintained under seal is subject to the Court's ultimate decision on any motion to place and/or accept confidential documents under seal. The parties and non-parties shall follow the procedure set forth in Civil Local Rule 79-5 regarding filing documents under seal in civil cases.

10. The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated

confidential pursuant to this Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties and designating Non-Parties may request the return or destruction of all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to comply with such request within thirty (30) days, with the exception of copies of Confidential Information that were filed with the Court as part of this action, which the Parties' counsel shall be permitted to retain. Any Confidential Information that is not requested shall be destroyed, subject to the provisions of paragraph 8 herein.

12. Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13. Nothing in the Protective Order shall be deemed to preclude any Party or Non-Party from moving to modify or dissolve this Order.

14. This Protective Order, until it is entered by the Court, *and even if it is never entered by the Court*, shall be deemed to be an enforceable agreement between the Parties, except that either Party may apply to the Court to challenge a confidentiality designation.

Dated: _, 2014                          LICHTEN & LISS-RIORDAN, P.C.


                                        By:   /s/ Shannon Liss-Riordan_____
                                              Shannon Liss-Riordan
                                              Attorneys for Plaintiffs

Dated: _, 2014                          MORGAN, LEWIS & BOCKIUS LLP


                                        By:   /s/ Stephen L. Taeusch_____
                                              Stephen L. Taeusch
                                              Attorneys for Defendant

1
2                                          **ORDER**
3    PURSUANT TO STIPULATION, IT IS SO ORDERED.
4
5    DATED: _____11/26/14_____    _____
6                                          *IT IS SO ORDERED*
7                                          *Judge Edward M. Chen*
8

**EXHIBIT A**

Acknowledgement and Agreement to Be Bound by Protective Order:

I, _____, acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Protective Order (Order) in the lawsuit *Douglas O'Connor, et al., v. Uber Technologies, Inc.*, pending in United States District Court, Case No. 13-03826-EMC. Having read and understood its terms, I agree to be bound by the Order and consent to the jurisdiction of said Court for any proceeding to enforce the terms of the Order.

I further agree that, within thirty (30) days after my responsibilities relating to this case end, I will destroy all copies of any confidential documents that were provided to me in this case.

Name of individual:

Present occupation/job description:

Name of Company or Firm:

Address:

Dated:

_____
Signature