UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, *et al.*, | No. C-13-3826 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | **(Docket No. 210)** |

On December 4, 2014, Defendant Uber Technologies submitted an administrative motion to file documents under seal that had been designated as confidential by both Plaintiffs and third-party Lyft. Docket No. 210. The Court denied the motion without prejudice on January 26, 2015, because neither the Plaintiffs nor Lyft filed a supporting declaration as required by this Court's Local Rules. *See* Docket No. 230. The Court gave Plaintiffs and Lyft an additional four days to file a compliant supporting declaration. *Id.* Plaintiffs' counsel filed a declaration that same day. Docket No. 232. Lyft, however, did not file a supporting declaration.

A.  <u>Applicable Legal Standard</u>

As recently explained in detail in this Court's Order on Plaintiffs' administrative motion to seal, *O'Connor v. Uber Technologies, Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015), a party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that "compelling reasons" support the sealing request. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Apple,*

*Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846-LHK, 2012 WL 2913669, at *1-2 (N.D. Cal. Jul. 17, 2012).

B.  Application of the Compelling Reasons Standard

The Court now applies the compelling reasons standard to the discovery materials sought to be sealed in Uber's administrative motion:

1.  Plaintiffs' Tax Return Information

Plaintiffs seek to maintain under seal certain interrogatory responses of the four named Plaintiffs that contain detailed information regarding their personal tax returns. Plaintiffs argue that such information is highly personal and confidential, and that compelling reasons do not support making this information public. Plaintiffs acknowledge, however, that the public does have *some* interest in how the named Plaintiffs reported their income to the IRS, and agree that Defendants' motion for summary judgment, which summarizes this information, should be unsealed. The Court agrees that the information about the Plaintiffs' tax filings contained in Defendants' motion is relevant to the issues at the heart of Uber's motion, and that this information should be disclosed to the public. But the Court is not convinced that there are compelling reasons to disclose more detailed information about the named Plaintiffs' taxes given that the gist of the information is already disclosed in the unsealed brief, and therefore will grant Plaintiffs' request to keep the interrogatory responses under seal.

2.  Lyft Records (Exhibit 6)

Uber filed certain documents produced by non-party Lyft under seal, as presumably required by the terms of a protective order between the parties and Lyft. Lyft did not file a supporting declaration to maintain the confidentiality of its records either time this Court afforded it the opportunity to do so. Therefore, Uber's request to maintain these records under seal is denied. *See* N.D. Cal. Local Rule 79-5(e).

///
///
///

Uber shall file an un-redacted version of its summary judgment motion and a copy of Exhibit 6 on the public docket. Plaintiffs' interrogatory responses shall remain under seal.

This order disposes of Docket No. 210.

**IT IS SO ORDERED**.

Dated: February 2, 2015

_____
EDWARD M. CHEN
United States District Judge