MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
SACHA M. STEENHOEK (SBN 253743)
CAITLIN V. MAY (SBN 293141)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
rhendricks@morganlewis.com
ssteenhoek@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

SHANNON LISS-RIORDAN, *pro hac vice*
ADELAIDE PAGANO, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
sliss@llrlaw.com
apagano@llrlaw.com

MATTHEW CARLSON, State Bar No. 273242
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 817-1470
mcarlson@carlsonlegalservices.com

Attorneys for Plaintiffs
DOUGLAS O'CONNOR, THOMAS COLOPY,
MATTHEW MANAHAN, and ELIE GURFINKEL,
individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 13-03826-EMC<br><br>Hon. Edward M. Chen<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: April 2, 2015<br>Time: 10:30 a.m.<br>Courtroom: 5<br><br>Complaint Filed: August 16, 2013 |

Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-10(d), in advance of the Case Management Conference scheduled in this matter for April 2, 2015, at 10:30 a.m.

## I. JURISDICTION AND SERVICE

The Parties agree that no issues exist regarding personal jurisdiction or venue. However, the Parties dispute whether this Court has subject matter jurisdiction over this matter.

### A. Plaintiffs' Position

Plaintiffs state that the Court has subject matter jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"), because such jurisdiction existed at the time this case was filed. Uber has also affirmed to the Ninth Circuit Court of Appeals that this Court has subject matter jurisdiction over this matter.

### B. Defendant's Position

Uber believes that CAFA jurisdiction does not exist because this Court dismissed the claims as to all drivers except those who have driven using the Uber application in California. Now that all but California drivers have been dismissed from this case, the "local controversy" exception to CAFA applies, and this court should decline subject matter jurisdiction because (1) greater than two-thirds of the members of the class are citizens of California, (2) Defendant is a citizen of California; (3) principal injuries resulting from the alleged conduct were incurred in California; and (4) during the three-year period preceding the filing of this class action, no other class action has been filed asserting the same factual allegations against Uber on behalf of the California drivers.

## II. LEGAL ISSUES

The primary legal issues remaining at this time are: (1) whether Plaintiffs are Uber's employees; (2) whether Uber has violated Labor Code Section 2802; (3) whether Uber has violated the California tip statute; and (4) whether Plaintiffs' claims may appropriately be

adjudicated on a class basis. In addition, Uber contends there is a legal issue of whether the Court has subject matter jurisdiction over Plaintiffs' claims.

## III. PRIOR AND PENDING MOTIONS

### A. Prior Motions Filed

(1) Plaintiffs' Emergency Motion for Protective Order to Strike Arbitration Clauses filed on August 21, 2013;

(2) Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses filed on August 26, 2013;

(3) Defendant's Motion to Dismiss filed on September 25, 2013;

(4) Defendant's Motion for Leave to File a Motion for Reconsideration of the Order Granting Plaintiffs' Renewed Emergency Motion for a Protective Order filed on December 20, 2013;

(5) Defendant's Motion for Administrative Relief Regarding Briefing filed on February 13, 2014;

(6) Defendant's Motion for Reconsideration filed on March 3, 2014;

(7) Defendant's Motion for Judgment on the Pleadings filed on July 9, 2014;

(8) Plaintiffs' Motion for Extension of Time to File their Response to Defendant's Motion for Judgment on the Pleadings filed on July 22, 2014;

(9) Plaintiffs' Motion for Leave to Appeal and Certify Order for Interlocutory Review filed on September 10, 2014;

(10) the Parties Joint Discovery Letter Brief filed on September 16, 2014;

(11) Defendant's Motion to Shorten Time to Hear Discovery Motion filed on September 19, 2014;

(12) Plaintiffs' Motion for Administrative Relief to Alter Briefing Schedule and Summary Judgment Hearing filed on September 24, 2014;

(13) Plaintiffs' Motion for Leave to File a Second Amended Complaint filed on September 24, 2014;

(14) the Parties Joint Discovery Letter Brief filed on October 3, 2014;

(15) Plaintiffs' Motion to Appear by Telephone at Upcoming Discovery Hearing filed on October 7, 2014;

(16) Plaintiffs' Motion Requesting That the Parties' Joint Discovery Letter be Heard At the Hearing Scheduled for October 9, 2014 filed on October 7, 2014;

(17) Plaintiffs' Motion Requesting Clarification of the Court's Amended Scheduling

Order filed on October 8, 2014;

(18) Plaintiffs' Motion to Appear by Telephone at the Discovery Hearing Scheduled for October 30, 2014 filed on October 20, 2014;

(19) Plaintiffs' Motion to Appear by Telephone at the Hearing Scheduled for November 4, 2014 on Plaintiffs' Motion for Leave to Amend filed on October 31, 2014;

(20) Defendant's Motion for Leave to File Excess Pages in Support of its Motion for Summary Judgment filed on November 20, 2014;

(21) Plaintiffs' Motion for Leave to File Excess Pages and Request for Leave to File a Sur-Reply filed on November 21, 2014;

(22) Defendant's Motion for Summary Judgment filed on December 4, 2014;

(23) Defendant's Administrative Motion For Leave to File Under Seal Documents in Support of Summary Judgment filed on December 4, 2014;

(24) Plaintiffs' Administrative Motion For Leave to File Under Seal Documents in Opposition to Summary Judgment filed on December 30, 2014;

(25) Defendant's Administrative Motion to File Statement of New Decision filed on February 6, 2015; and

(26) Plaintiffs' Motion for Leave to File a Third Amended Complaint on March 16, 2015.

The only currently pending motion is Plaintiffs' Motion for Leave to File a Third Amended Complaint. Defendant's response is due on March 30, 2015. Plaintiffs may have until April 6, 2015, to reply, although they plan to reply prior to the case management conference scheduled for April 2, 2015. Plaintiffs' Motion is noticed for hearing on April 30, 2015, at 1:30 p.m. (because due to the court rules, Plaintiffs were not permitted to notice it for an earlier date).

**B. Plaintiffs' Statement**

On March 16, 2015, Plaintiffs filed a motion for leave to file a third amended complaint, adding claim under the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699, predicated on the existing substantive claims in the case. Doc. 253. That motion is noticed for April 30, 2015 (although Plaintiffs urge the Court to consider the motion at the April 2, 2015, status conference, as all briefing will be submitted by that date and the issue presented by the motion is straightforward).

**C. Defendant's Statement**

Defendant does not believe it would be appropriate for this Court to consider oral arguments relating to Plaintiffs' Motion for Leave to File a Third Amended Complaint at this case management conference. Plaintiffs' Reply brief is not even due until April 6, 2015, so, contrary to Plaintiffs' assertion, all briefing may not be submitted by the date of the conference. Furthermore, a motion for leave to amend a complaint is a regularly noticed motion, and pursuant to this Court's local rules, must be noticed no less than 35 days in advance of the hearing. Without an administrative motion to shorten time to hear Plaintiffs' motion (which, under Local Rule 6-3, requires a showing of substantial harm if the Court did not change time and compliance with Local Rule 37-1 regarding meeting and conferring with opposing counsel), it is not appropriate for this Court to consider Plaintiffs' Motion for Leave to File a Third Amended Complaint at this case management conference.

**D. Defendant's Anticipated Motions**

Defendant intends to oppose Plaintiffs' Motion for Leave to File a Third Amended Complaint for reasons that will be set forth fully in its Opposition, including that the motion is untimely and prejudicial. Should this Court grant Plaintiffs' Motion and Plaintiffs file a Third Amended Complaint, Defendant intends to move to dismiss/strike certain portions for reasons that will be explained fully in its Motion to Dismiss/Strike.

Defendant has reviewed the Court's March 11, 2015 Order Denying Summary Judgment, and respectfully disagrees with many portions of that Order. Defendant is evaluating potential responses to the March 11 Order, including potentially seeking an interlocutory appeal and/or mandamus. Defendant anticipates it will seek such relief, if at all, within three weeks of the upcoming case management conference.

In addition, Defendant intends to file a motion for summary judgment on Plaintiffs' California Labor Code Section 351 (tips) claim, and possibly on the Labor Code 2802 claim.

**IV. AMENDMENT OF PLEADINGS**

Plaintiffs Thomas Colopy and Douglas O'Connor filed their initial Complaint in this matter on August 16, 2013. Dkt. No. 1. On September 25, 2013, Defendant, along with the then

individually named defendants, filed a Motion to Dismiss, which the Court granted in part and denied in part. Dkt. Nos. 39, 58. Defendant filed its Answer to the initial Complaint on December 19, 2013. Dkt. No. 63. Plaintiffs filed a First Amended Complaint (the "FAC") on May 30, 2014, which conformed the pleading to the Court's Order on Uber's Motion to Dismiss and added Plaintiffs Khan, Manahan, Rolle, and Anderson as named plaintiffs. Dkt. No. 107. Uber filed its Answer to the FAC on June 16, 2014. Dkt. No. 110.

With leave of the Court, Plaintiffs filed a Second Amended Complaint ("SAC") on November 12, 2014, adding named Plaintiff Elie Gurfinkel and conforming the pleading to the Court's Order on Uber's Motion for Judgment on the Pleadings. *See* Dkt. Nos. 136, 199. On November 17, 2014, the parties filed a stipulation for Plaintiffs to file a Revised SAC, the proposed version of which was attached to the Stipulation, as the originally filed SAC did not comply with the Court's Order on Uber's Motion for Judgment on the pleadings. Dkt. No. 201. Defendant filed an Answer to the SAC on November 25, 2014 and the Court granted the stipulation on November 26, 2014. Dkt. Nos. 206, 209.

On March 16, 2015, without waiting for Defendant to confirm whether or not it would stipulate to Plaintiffs filing a Third Amended Complaint, Plaintiffs filed a motion for leave to file a Third Amended Complaint (although Defendant has now confirmed that it will not stipulate to the filing). Dkt. No. 253. Defendant's response is due on March 30, 2015, and Plaintiffs' reply is due April 6, 2015, although they plan to reply prior to the case management conference scheduled for April 2, 2015. That motion is noticed for April 30, 2015.

**A. Defendant's Statement**

Plaintiffs' counsel previously indicated that O'Connor would be dismissed as a class representative, yet he remains in the proposed Third Amended Complaint. Defendant also requests clarification of Plaintiffs' intention in this regard.

**B. Plaintiffs' Statement**

Plaintiffs' counsel previously indicated that O'Connor would not be offered as a class representative in their motion for class certification. They have not agreed to dismiss his claims

in this case.

## V. DISCOVERY

The parties have exchanged written discovery in the form of requests for admission, interrogatories, and requests for production of documents. Defendant has deposed all of the named Plaintiffs. Plaintiffs have taken the depositions of two Rule 30(b)(6) witnesses, as well as the depositions of William Barnes, the General Manager at Uber Los Angeles and Ilya Abyzov, the General Manager at Uber San Francisco.

The parties are currently meeting and conferring regarding various discovery issues. Should motion practice become necessary, the parties will raise their issues with Magistrate Judge Ryu. Plaintiffs anticipate they may also need to serve additional discovery requests related to issues that impact class certification.

### A. Plaintiffs' Proposed Discovery Schedule

Plaintiffs propose that discovery shall continue through the class certification briefing stage and that the Court set an appropriate deadline for all discovery prior to a trial date.

### B. Defendant's Proposed Phased Discovery Schedule

Defendant proposes a schedule for phased discovery covering the next phases of this case. The first phase of discovery – discovery as to the named Plaintiffs, is generally complete. As to the remaining phases of discovery, the parties propose:

Phase II: Class Certification-Specific Discovery

Defendant proposes that, during this phase of discovery, the Parties be permitted to engage in discovery relevant to class certification issues not already addressed during Phase I. Such discovery may include expert discovery to the extent the Parties seek to introduce expert reports or testimony in support of their class certification papers. Following the completion of Phase II, Plaintiffs anticipate filing a motion for class certification pursuant to Fed. R. Civ. P. 23. Uber may additionally request that it be permitted to file a motion to deny class certification. If class certification is granted, and following distribution of notice to the class, discovery will proceed to Phase III.

Phase III: Merits Discovery

Defendant proposes that, should the Court grant class certification, the Parties then engage in discovery regarding the merits of Plaintiffs' class claims. Defendant further propose that the close of Phase III discovery also be the close of non-expert discovery.

Phase IV: Expert Discovery

Defendant proposes that, if necessary following Phase III, the Parties exchange expert reports and/or rebuttal reports, to the extent they intend to use such experts at trial.

**C. Discovery Issues**

The Parties agree to meet and confer in good faith to the extent that the parties have any disagreements regarding remaining discovery and they shall bring any disagreements they cannot resolve on their own to Magistrate Judge Ryu.

**D. Defendant's Proposed Changes to Discovery Limitations**

As to what changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, Defendant proposes that, in the event either party files declarations of more than 10 putative class members in support of or in opposition to a motion for class certification or to deny class certification, then the opposing party will have the right to depose those declarants, even if the total number of depositions taken by that party exceeds 10 depositions and, in this specific respect, the limit on the number of depositions set forth in Rule 30(a)(2)(A) shall not apply. Similarly, to the extent either party files declarations of more than 10 individuals in support of or in opposition to any other motion, Defendant proposes that the opposing party have the right to depose those declarants.

**E. Plaintiffs' Response to Defendant's Proposed Changes to Discovery Limitations**

Plaintiffs do not agree categorically that all declarants may be deposed. They agree to confer with Defendant in good faith regarding any discovery issues the parties may have and bring to the Magistrate any disputes they are not able to resolve on their own.

## VI. CLASS ACTION SCHEDULE PROPOSALS

### A. Plaintiffs' Position

Now that the Court has denied Defendant's motion for summary judgment, Plaintiffs intend to move for class certification. Plaintiffs wish to set a briefing schedule for a motion for class certification as follows:

| | |
|---|---|
| Plaintiffs' Motion for Class Certification | June 15, 2015 |
| Defendant's Opposition | July 13, 2015 |
| Plaintiffs' Reply Brief | July 27, 2015 |

This schedule will give the parties the opportunity to continue conducting necessary discovery on issues relevant to class certification. Additionally, this schedule will afford the Parties the opportunity to make additional requests for discovery relief as needed (pursuant to the procedures set forth in the Court's Civil Standing Order on Discovery).

Plaintiffs are still pursuing discovery regarding the personal involvement of Travis Kalanick and Ryan Graves in the formulation and implementation of the practices challenged in this case, and Plaintiffs anticipate that they may file a motion to amend the complaint to add them back into the case as defendants if appropriate.

### B. Defendant's Position

Defendant denies that this case is appropriate for class certification. In addition to significant commonality and typicality challenges, Defendant believes that serious issues exist with respect to the adequacy of the putative class counsel and the putative class representatives.

Defendant believes it is premature to set a class certification schedule at this time. First, it is still uncertain what pleading will control the issues, including class certification, in this case. Plaintiffs filed a motion for leave to amend their complaint just last week. Defendant intends to oppose Plaintiffs' motion, and will fully set forth its reasons for doing so in its opposition papers. The hearing on Plaintiffs' motion is set for April 30, 2015. Even if this Court grants Plaintiffs' motion, the Third Amended Complaint will not be filed until, at very earliest, April 30. If the currently proposed Third Amended Complaint is filed, Defendant intends to move to

dismiss/strike portions of the new complaint. Defendant's motion would not be due until mid-May 2015 at the earliest, with the earliest hearing date of mid- to late-June 2015. Given the complex issues Defendant intends to raise in its opposition and potential motion regarding Plaintiffs' Third Amended Complaint, Defendant anticipates that the pleadings in this case will not be settled until late Summer 2015 at the earliest.

Second, based upon Defendant's review of the Court's Order Denying Summary Judgment, Defendant may seek certification of certain portions of the summary judgment Order to the Ninth Circuit for an interlocutory appeal and/or seek mandamus to review a limited set of issues.

Third, the Court's Order Denying Summary Judgment has provided a better understanding of the issues facing the parties at class certification and trial. Defendant anticipates there will be significant issues surrounding the foundation of certain documents both parties may utilize. Defendant also anticipates significant complexity in presenting evidence with respect to the various categories of drivers Plaintiffs purport to represent (UberBlack, UberX, UberSUV). This issue does not exist in a similar case, currently pending before Judge Chhabria (*Cotter v. Lyft, Inc.*, Case No. 3:13-cv-04065-VC). In the *Cotter* case, the defendant only offers one type of platform – a peer-to-peer lead generation similar to UberX. In *Cotter*, the same Plaintiffs' counsel have set a class certification briefing schedule that marks November 2, 2015 as the last day to file a motion for class certification. Because the issues in this case are significantly more complex than the issues in *Cotter*, Defendant believes that more time is necessary to develop class certification and opposition issues.

Fourth, lead counsel for Defendant has an exceptionally busy trial schedule this summer, making Plaintiffs' proposed class certification schedule unreasonable. Lead counsel currently has trials set for the following dates: June 1, 2015 (two to three week trial); June 9, 2015 (or whenever the June 1 trial concludes; one week trial); August 11, 2015 (one week trial); September 14, 2015 (one week trial).

In light of the significant work that needs to done to perfect the pleadings, clarify the

summary judgment ruling, and gather the evidence needed to support and oppose class certification in this complex case, and in light of Defendant's counsel's upcoming trial schedule, Defendant proposes the following schedule for class certification related issues:

| Deadline to complete Phase II Discovery | November 1, 2015 |
|---|---|
| Any Motion for Class Certification or to Deny Class Certification | December 7, 2015 |
| Any Opposition Briefs | February 8, 2016 |
| Any Reply Briefs | February 29, 2016 |

## VII. RELATED CASES

The Court has related this case and the following cases pending in the United States District Court for the Northern District of California: *Ehret v. Uber Technologies, Inc.*, Case No. C 14-00113 EMC; *Mohamed v. Uber Technologies, Inc.*, Case No. C 14-05200 EMC; *Gillette v. Uber Technologies, Inc.*, Case No. C 14-05241; *v. Yucesoy v. Uber Technologies, Inc.*, Case No. C 15-00262. In addition, the parties are aware of a case pending in the Superior Court of the State of California, County of Los Angeles, entitled *Price v. v. Uber Technologies, Inc.*, Case No. BC 554512. That case is presently stayed.

## VIII. RELIEF

### A. Plaintiffs' Statement

Plaintiffs seek relief as set forth in their operative complaint.

### B. Defendant's Statement

Defendant denies that Plaintiffs are entitled to recover any damages or relief whatsoever and further denies that Plaintiffs may maintain this action as a class action.

## IX. SETTLEMENT AND ADR

The Parties participated in private mediation with mediator Jeffrey A. Ross on April 1, 2014 but were unable to reach an agreement to settle this matter. The Parties have not engaged in

further mediation or settlement discussions. The Parties await and will comply with any instructions by the Court regarding whether further mediation is appropriate.

## X. SCHEDULING

### A. Plaintiffs' Position

As set forth above, Plaintiffs intend to move shortly for class certification. Following the Court's ruling on class certification, this case will be ready to be set for trial at the Court's convenience.

### B. Defendant's Position

Defendant reasserts that, given the status of the pleadings and the uncertainty of the summary judgment ruling, it is premature to propose further scheduling at this time. In the event the Court requests scheduling of the next phases, Defendant proposes the following deadlines for the Parties to complete the phases of discovery proposed above:

(1) Close of Phase II Discovery: November 1, 2015;

(2) Deadline to file motions pertaining to class certification: December 7, 2015;

(3) Close of Phase III and IV Discovery: To be determined at a further scheduling conference following Court's ruling on any motions for or against class certification.

## XI. TRIAL

Plaintiffs state that, following the Court's ruling on class certification, this case will be ready to be set for trial at the Court's convenience.

Defendant states that it is appropriate to postpone specific consideration of the length or date of trial until after the Court rules on the pleadings, any motions Defendant files with respect to the summary judgment order, and any motion for class certification or to deny class certification and the Parties, and the Court, determine what additional discovery, motions, and trial preparation are required at that stage.

Dated: March 26, 2015

LICHTEN & LISS-RIORDAN, P.C.

By: *\/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, *pro hac vice*
Attorneys for Plaintiffs

Dated: March 26, 2015

MORGAN, LEWIS & BOCKIUS LLP

By *\/s/Robert Jon Hendricks*
Robert Jon Hendricks
Attorneys for Defendant

**Attestation**

I, Shannon Liss-Riordan, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT CONFERENCE STATEMENT. In compliance with Local Rule 5-1(i)(3), I hereby attest that Robert Jon Hendricks, counsel for Defendant, has concurred in this filing.

Dated: March 26, 2015

By: *\/s/ Shannon Liss-Riordan*

SHANNON LISS-RIORDAN

Attorney for Plaintiffs