MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS (SBN 179751)
SACHA M. STEENHOEK (SBN 253743)
CAITLIN V. MAY (SBN 293141)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
rhendricks@morganlewis.com
ssteenhoek@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 13-03826-EMC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO FILE A THIRD AMENDED COMPLAINT**<br><br>Date: April 30, 2015<br>Time: 1:30 p.m.<br>Courtroom: 5<br><br>Complaint Filed: 8/162013<br>First Am. Compl. Filed: 5/30/2014<br>Second Am. Compl. Filed: 11/12/2014 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................................... 1
II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ................................. 1
    A. Plaintiffs Have Previously Filed Multiple Amended Complaints ......................... 1
    B. The Parties Have Engaged In Extensive Discovery Regarding The Named Plaintiffs. ............................................................................................................ 3
    C. Plaintiffs' Last-Minute Proposal To File A Third Amended Complaint. ............... 3
III. ARGUMENT .............................................................................................................. 3
    A. The Court Should Deny Leave To Amend Because Plaintiffs Have Not Satisfied The Requirements Of FRCP 16(b). ...................................................... 3
        1. Plaintiffs Provide No Evidence That Their Motion Is Supported By Good Cause. ............................................................................................ 5
        2. Plaintiffs Failed To Act Diligently In Seeking Amendment ...................... 6
    B. Even If Plaintiffs Could Satisfy Rule 16's "Good Cause" Requirement, Which They Cannot, The Court Should Deny Leave To Amend Because Plaintiffs' Proposed TAC Does Not Satisfy The Requirements Of FRCP 15(a). ................................................................................................................... 7
        1. Plaintiffs Have Already Amended Their Complaint Twice ...................... 7
        2. The Proposed Amendment Would Be Futile Because The Exact Same New Claims Already Exist In Another Case Pending In This District. .................................................................................................... 8
        3. Plaintiffs Have Delayed Unduly In Filing Their Proposed Amendment. ............................................................................................ 9
        4. Amendment Would Cause Serious Prejudice To Defendant. .................. 10
IV. CONCLUSION ......................................................................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allen v. City of Beverly Hills*,
  911 F.2d 367 (9th Cir. 1990) .................................................................................................. 9

*Amerisourcebergen Corp v. Dialysist West, Inc.*,
  465 F.3d 946 (9th Cir. 2006) ............................................................................................. 9, 10

*Apple Inc. v. Samsung Electronics Co. Ltd.*,
  2013 WL 3246094 (N.D. Cal. June 26, 2013) ........................................................................ 5

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ..................................................................................................... 9

*Cano v. Shiro*,
  236 F.R.D. 437 (D. Ariz. 2006) .............................................................................................. 5

*Cedars-Sinai Med. Ctr. v. Shalala*,
  125 F.3d 765 (9th Cir. 1997) ................................................................................................... 8

*Chodos v. West Publ'g Co.*,
  292 F.3d 992 (9th Cir. 2002) ................................................................................................. 10

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ................................................................................................. 6

*Crop Data Management Systems, Inc. v. Software Solutions Integrated*,
  LLC, No. CIV. S–11–1437 LKK/KJN, 2012 WL 913327 (E.D. Cal. Mar. 16, 2012) ............. 4

*Emincence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ............................................................................................... 10

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................................ 7

*Frost v. Diocese of San Bernardino Educ. & Welfare Corp.*,
  302 Fed. App'x 729 (9th Cir. 2008) ........................................................................................ 8

*Gillette v. Uber Technologies, Inc.*,
  Case No. 3:14-cv-05241 .......................................................................................................... 8

*Her v. Career Systems Development Corp.*,
  No. 07-2200-GEB, 2008 WL 4584768 (E.D. Cal. Oct. 7, 2008) ............................................ 6

*Howrey v. United States*,
  481 F.2d 1187 (9th Cir. 1973) ............................................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Johnson v. Buckley*,
 356 F.3d 1067 (9th Cir. 2004) ................................................................................................ 8

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) ........................................................................................ 3, 4, 6, 7

*Mansourian v. Bd. of Regents of the Univ. of California at Davis*,
 No. 03-2591, 2007 WL 841739 (E.D. Cal. Mar. 20, 2007) ..................................................... 4

*Matsumoto v. Republic Ins. Co.*,
 792 F.2d 869 (9th Cir. 1986) .................................................................................................. 11

*Morongo Band of Mission Indians v. Rose*,
 893 F.2d 1074 (9th Cir. 1990) ................................................................................................ 10

*Osakan v. Apple Am. Group*,
 No. 08-4722, 2010 WL 1838701 (N.D. Cal. May 5, 2010) ................................................. 3, 7

*Roberson v. St. Anthony Foundation*,
 No. 10-4576-SBA, 2011 WL 1193012 (N.D. Cal. Mar. 30. 2011) .......................................... 6

*Roberts v. Arizona Bd. of Regents*,
 661 F.2d 796 (9th Cir. 1981) .................................................................................................. 11

*Scottsdale Ins. Co. v Okla. Transit Auth., Inc.*,
 No. 06-0359-CVE-SAJ, 2007 WL 2746928 (N.D. Okla. Sept. 20, 2007) ............................... 6

*Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S.
 Dakota v. United States*,
 90 F.3d 351 (9th Cir. 1996) ..................................................................................................... 8

*Soto v. Castlerock Farming and Transport, Inc.*,
 No. 1:09-cv-00701-AWI-JLT, 2011 WL 3489876 (E.D. Cal. Aug. 9, 2011) .......................... 7

*Texaco, Inc. v. Ponsoldt*,
 939 F.2d 794 (9th Cir. 1991) .................................................................................................. 10

*Walker v. Benter*,
 41 F. Supp. 2d 1067 (C.D. Cal. 1999) ..................................................................................... 6

*Zucco Partners, LLC v. Digimarc Corp.*,
 552 F.3d 981 (9th Cir. 2009) ................................................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL") .................................................................. 2

Cal. Lab. Code § 2802 .................................................................................................................... 2

Civ. L.R.
    7-2(d) ....................................................................................................................................... 5
    7-5(a) .................................................................................................................................. 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    15 ............................................................................................................................ 1, 2, 3, 7, 9
    15(a) ............................................................................................................................ 4, 7, 10
    16 .................................................................................................................................... 4, 7
    16(b) ................................................................................................................................ 3, 4, 5
    16(b)(4) ................................................................................................................................ 3, 4
    30(b)(6) .................................................................................................................................... 3

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

iv

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

## I. PRELIMINARY STATEMENT

Plaintiffs' Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel ("Plaintiffs") request for leave to file a Third Amended Complaint should be denied because Plaintiffs have not acted diligently, the relief requested would cause an undue delay in the administration of justice, and amendment would result in prejudice to Defendant Uber Technologies, Inc. ("Defendant"). In addition, Plaintiffs have not demonstrated how or why the requested amendment is justified.

The original Complaint in this action was filed on August 16, 2013. Plaintiffs twice amended their complaint already, once to conform to this Court's order granting Defendant's motion to dismiss, and a second time, with leave of the Court, to add new named Plaintiffs. In November 2014, this Court admonished Plaintiffs to stop "fiddl[ing] with the pleadings" and issued a scheduling order ordering Plaintiffs to file a Second Amended Complaint by no later than November 12, 2014. Now, over four months later, Plaintiffs seek to amend their complaint again, this time to add PAGA claims which, Plaintiffs admit, are based on the very facts already pleaded in their complaint filed in August 2013. Plaintiffs provide neither excuse nor good cause for their delay, and for those facts alone, their Motion should be denied.

Furthermore, Plaintiffs have not met their burden under Federal Rule 15 to file what amounts to a fourth bite at the pleading apple. Plaintiffs have already enjoyed multiple attempts to amend their pleading, and have not explained why they failed to add PAGA claims previously. They have delayed precipitously, resulting in prejudice to Defendant. Furthermore, Plaintiffs' attempt to amend is futile because a case alleging identical PAGA claims on behalf of an identical representative class was filed before Plaintiffs' proposed amendment, thus subjecting Plaintiffs' claim to dismissal under the first-to-file rule.

For these reasons, Plaintiffs' motion for leave to amend should be denied.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A. Plaintiffs Have Previously Filed Multiple Amended Complaints.

Plaintiffs Douglas O'Connor and Thomas Colopy filed their original Complaint in this action on August 16, 2013. *See* Dkt. No. 1. On September 25, 2014, Defendant filed a Motion to

Dismiss each of the claims asserted in the Complaint. *See* Dkt. No. 39. On December 5, 2013, the Court issued an Order on the Motion to Dismiss in which it dismissed several of Plaintiffs' claims with prejudice but permitted the following claims to proceed: (1) Tortious Interference with Prospective Economic Advantage; (2) Breach of Implied-In-Fact Contract (on a third party beneficiary theory); (3) Violation of California Labor Code Section 2802; and (4) Violation of California Business & Professions Code Section 17200 *et seq*. (the "UCL"). *See* Dkt. No. 58. In its April 23, 2014 case management order, the Court set May 30, 2014 as Plaintiffs' deadline to file an amended complaint. *See* Dkt. No. 92.

Plaintiffs filed a First Amended Complaint (the "FAC") on May 30, 2014, their deadline to do so, which conformed the pleading to the Court's Order on Defendant's Motion to Dismiss. *See* Dkt. No. 107. Defendant filed its Answer to the FAC on June 16, 2014. *See* Dkt. No. 110. On July 9, 2014, Defendant filed a Motion for Judgment on the Pleadings in which it sought dismissal of several of Plaintiffs' claims. *See* Dkt. No. 116. The Court granted Defendant's Motion for Judgment on the Pleadings in its entirety on September 4, 2014. *See* Dkt. No. 136.

Shortly after this Court granted Defendant's Motion for Judgment on the Pleadings, Plaintiffs sought leave to file a second amended complaint to add new named Plaintiffs. Dkt. No. 150. Defendant opposed Plaintiffs' motion, in part because Plaintiffs had not complied with this Court's scheduling order, and in part because amendment was inappropriate under Federal Rule 15. Dkt. No. 170. During the hearing on Plaintiffs' motion for leave to amend, this Court expressed concern about the delay Plaintiffs' amendments were causing in the case management structure. Dkt. No 191 at 12:7-9. The Court also admonished Plaintiffs that "at this point we are not going to fiddle with the pleadings anymore." *Id*. at 18:19-20. Ultimately, the Court granted Plaintiffs leave to amend their complaint, re-setting the initial scheduling order and ordering the amended complaint to be field by November 12, 2014. Dkt. No. 193. Plaintiffs filed a Second Amended Complaint on November 12, 2014. Dkt. No. 199. At no time in connection with these earlier conferences or filings did Plaintiffs raise any intention to yet again attempt to amend their complaint to include any PAGA claims. Plaintiffs have never explained this failure or why such claims were not a part of the original complaint or some earlier amendment.

### B. The Parties Have Engaged In Extensive Discovery Regarding The Named Plaintiffs.

The Parties have engaged in extensive discovery in the eighteen months since the filing of Plaintiffs' original Complaint. Defendant has propounded two sets of Requests for Production of Documents, Requests for Admission, and Special Interrogatories on each of the Plaintiffs. *See* Declaration of Caitlin V. May ("May Decl.") ¶ 2. Defendant has also taken the depositions of Plaintiffs O'Connor, Colopy, Manahan, and Gurfinkel. *Id*. Plaintiffs have propounded document requests and interrogatories on Defendant, and they have taken depositions of two fact witnesses and also pursuant to Federal Rule of Civil Procedure 30(b)(6) on a wide variety of topics as well as depositions of the individuals who manage Defendant's operations in the cities in which the California Plaintiffs worked. *Id*. ¶ 3.

### C. Plaintiffs' Last-Minute Proposal To File A Third Amended Complaint.

On Friday, March 13, 2015 at 4:13 p.m., Plaintiffs' counsel notified defense counsel that Plaintiffs intended to seek leave to file a Third Amended Complaint ("TAC"). *Id*. ¶ 4. Not hearing from Defendant's counsel after 4:00 p.m. on a Friday, on Sunday, March 15, Plaintiffs' counsel sent a draft of the Third Amended Complaint and sought Defendant's response, by the following day, whether it would stipulate to allow her to amend. *Id*. Defendant's counsel responded on Monday, March 16 that client approval would be required before we could stipulate to the filing of the amended complaint. *Id*. By that time, Plaintiffs had already filed their motion. Dkt. No. 253.

## III. ARGUMENT

### A. The Court Should Deny Leave To Amend Because Plaintiffs Have Not Satisfied The Requirements Of FRCP 16(b).

Once a court issues a scheduling order, the schedule may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15.'" *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)); *see also Osakan v. Apple Am. Group*,

No. 08-4722, 2010 WL 1838701, at *4 (N.D. Cal. May 5, 2010) ("Where, as here, the motion to amend is presented after the Court has entered a pretrial scheduling order, the liberal rules governing motions to amend under Rule 15(a) are inapplicable. Instead, a motion to amend is to be analyzed under Rule 16(b)(4), which requires the movant to demonstrate 'good cause' for allowing the amendment.") (citations omitted).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the modification. *See Johnson,* 975 F.2d at 609-10; *see also Crop Data Management Systems, Inc. v. Software Solutions Integrated*, LLC, No. CIV. S–11–1437 LKK/KJN, 2012 WL 913327, at *4 (E.D. Cal. Mar. 16, 2012). Specifically, the moving party must show the following: "(1) [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Mansourian v. Bd. of Regents of the Univ. of California at Davis*, No. 03-2591, 2007 WL 841739, at *2 (E.D. Cal. Mar. 20, 2007) (citations omitted). "*If [the moving] party was not diligent, the inquiry should end.*" *Johnson*, 975 F.2d at 609 (emphasis added).[1]

The Court issued a Scheduling Order in this action on November 5, 2014, when it set a November 12, 2014 deadline for Plaintiffs to amend their complaint. *See* Dkt. No. 193. During the hearing on the Plaintiffs' motion to amend preceding that Order, this Court admonished Plaintiffs that "at this point we are not going to fiddle with the pleadings anymore," (Dkt. No. 191 at 18:17-21) and subsequently issued a scheduling order, setting the dates by which Plaintiffs were required to amend their pleadings, deadlines for summary judgment filings, and further case management scheduling. Dkt. No. 193. Although apparently unaware of their obligation to do so, Plaintiffs must accordingly satisfy the heightened standard of Rule 16(b) in order to amend to

---

[1] Prejudice to the non-moving party may serve as an additional reason to deny a Rule 16(b) motion for leave, but lack of prejudice to the non-moving party does <u>not</u> justify granting the motion if the moving party was not diligent. *Id*.

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

add new parties or claims. Because they have not even attempted to do so and cannot do so – indeed, there is no declaration providing facts submitted in support of the motion -- the Court should deny their late request for leave to amend.

### 1. Plaintiffs Provide No Evidence That Their Motion Is Supported By Good Cause.

A district court may properly deny a motion for leave to amend where the moving party has failed to offer any evidence of good cause. *See, e.g. Apple Inc. v. Samsung Electronics Co. Ltd.*, 2013 WL 3246094, at *13 (N.D. Cal. June 26, 2013); *Cano v. Shiro*, 236 F.R.D. 437, 439 (D. Ariz. 2006) (denying Plaintiff leave to amend four months after expiration of the scheduling order for lack of good cause where "no evidence of diligence was presented to the Court," except for vague reference to "[e]vents and violations."). In *Apple Inc.,* Samsung sought leave to amend to add citations to a document it claimed it could not have relied on earlier because it had not received a third party's permission. 2013 WL 3246094 at *13. Applying a good cause standard identical to that of Rule 16(b), the Court observed that Samsung had provided "<u>no evidence</u> to the court regarding when it sought permission to use the document and when it obtained that permission." *Id*. (emphasis added). Concluding that it thus had "insufficient information from which to determine whether Samsung acted diligently and with good cause," the Court denied leave to amend. *Id*. ("As the party with the burden of showing good cause, <u>[the moving party] bears the consequences of this lack of evidence</u>.") (emphasis added).

Plaintiffs' failure here, at this late stage in the litigation, to provide any evidence of good cause to amend their complaint likewise justifies denial of their motion. By failing to provide the Court with any evidence supporting their contentions that they are moving in good faith and that any amendments will not prejudice Defendant, Plaintiffs have not only failed to support their argument that good cause exists from them to file an amended complaint, they have also violated the local rules of this District, which require that factual contentions in support of motions be supported by an affidavit or declaration. *See* Civil L.R. 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.") (emphasis added); Civil L.R. 7-2(d) ("Each motion must

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5."). Plaintiffs' failure to follow these basic local rules also justifies denial of the motion. *See, e.g. Roberson v. St. Anthony Foundation*, No. 10-4576-SBA, 2011 WL 1193012, at *1 (N.D. Cal. Mar. 30. 2011) (denying motion for leave to amend that did not comply with Civil L.R. 7-2 and stating that "[t]he failure to comply with a district court's local rules constitutes grounds for summary denial of a motion."); *see also* Civil L.R. 1-4 ("Failure by counsel…to comply with any duly promulgated local rule…may be a ground for imposition of any authorized sanction.").

Because Plaintiffs have failed to provide any evidence to support their contention that they act in "good faith," the Court should deny leave to amend.

### 2. Plaintiffs Failed To Act Diligently In Seeking Amendment.

Even if Plaintiffs had argued the existence of good cause and attempted to support that argument with evidence, their lack of diligence in seeking leave to amend would still justify denial of their motion. In considering whether "good cause" exists, the Court must primarily consider the diligence of the party seeking the amendment. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). If the party seeking the amendment "was not diligent, then the inquiry should end," and the Court should deny leave to amend. *Johnson*, 975 F.2d at 609; *see also Walker v. Benter*, 41 F. Supp. 2d 1067, 1071 (C.D. Cal. 1999) (denying motion to add new plaintiffs because "[p]laintiffs have not demonstrated good cause for their delay in adding such parties, and have provided no explanation for the delay"). Plaintiffs suggest that leave to amend is needed to add new PAGA claims that are based on factual allegations already contained in the operative complaint. But that does not excuse Plaintiffs' failure to plead PAGA claims previously. Plaintiffs have known since the filing of the complaint the underlying labor code violations they would assert. Their failure to plead PAGA claims with their initial complaint cannot now be excused just because of their oversight. *See, e.g., Her v. Career Systems Development Corp.,* No. 07-2200-GEB, 2008 WL 4584768, at *1 (E.D. Cal. Oct. 7, 2008) (denying leave to amend where the plaintiffs failed to explain how their counsel's oversight satisfied their burden to show good cause); *Scottsdale Ins. Co. v Okla. Transit Auth., Inc.*, No. 06-0359-CVE-SAJ, 2007 WL 2746928, at **3-4 (N.D. Okla. Sept. 20, 2007) (rejecting contention

that prior counsel's "oversight and inattentiveness" in failing to plead two defenses and counterclaims provided "good cause" for amendment); *see also Johnson* 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

The Court should deny Plaintiffs' request for leave to amend because they have provided no evidence that "good cause" supports their request and because they were not diligent in requesting leave to amend. Because Plaintiffs have failed to show good cause, the Court need not analyze whether his Motion meets the requirements of Rule 15. *Osakan*, 2010 WL 1838701, at *3; *Johnson*, 975 F.2d at 610 (if a plaintiff cannot show good cause, the inquiry ends).

**B.     Even If Plaintiffs Could Satisfy Rule 16's "Good Cause" Requirement, Which They Cannot, The Court Should Deny Leave To Amend Because Plaintiffs' Proposed TAC Does Not Satisfy The Requirements Of FRCP 15(a).**

Even if Plaintiffs could satisfy Rule 16's "good cause" requirement, which they cannot, the Court should deny leave to amend because Plaintiffs' proposed SAC does not satisfy the requirements of Rule 15(a). While Rule 15(a) is liberally construed as a general matter, amendment is properly denied where there is a showing of undue delay, bad faith or dilatory motive, futility of amendment, or prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *see also Soto v. Castlerock Farming and Transport, Inc.*, No. 1:09-cv-00701-AWI-JLT, 2011 WL 3489876, at *2 (E.D. Cal. Aug. 9, 2011) ("Under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his compliant [sic], (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party.") (citing *Foman,* 371 U.S. at 182 and *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984)).

Here, the Court should deny leave to amend because Plaintiffs have amended their complaint twice already, amendment would be futile, Plaintiffs have delayed unduly, and Defendant would suffer prejudice.

**1.     Plaintiffs Have Already Amended Their Complaint Twice.**

"The district court's discretion to deny leave to amend is particularly broad where plaintiff

has previously amended the complaint." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Here, this factor weighs heavily against Plaintiffs' motion for leave to amend, because Plaintiffs have already amended their complaint twice, once in response to the Court's granting of Defendant's motion for reconsideration and Order that Plaintiffs file a conforming amended complaint (Dkt. Nos. 92 and 107), and once after seeking leave to add additional named Plaintiffs (Dkt. Nos. 150, 199, 201). Plaintiffs have given no reason in their Motion why they failed to include PAGA claims (covering the exact same claims they pleaded in their First and Second Amended Complaints) previously. Because this will be Plaintiffs' fourth bite at the apple, this Court has wide discretion to and should, in fact, deny their motion.

### 2. The Proposed Amendment Would Be Futile Because The Exact Same New Claims Already Exist In Another Case Pending In This District.

The general rule allowing parties to amend their pleadings "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Frost v. Diocese of San Bernardino Educ. & Welfare Corp.*, 302 Fed. App'x 729, 730 (9th Cir. 2008) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, Plaintiffs' late attempt to add a PAGA claim is futile because a case involving the same parties and identical issues is already pending in another case in this District in which PAGA claims were filed four months before the amendment sought here. When cases involving the same parties and issues have been filed in multiple cases, principles of federal comity grant courts the discretion to dismiss the second case in the interest of efficiency and judicial economy. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). This Court has discretion to dismiss Plaintiffs' PAGA claims under the "first-to-file" rule, because a similar case involving identical PAGA claims and identical parties is already pending in another case before this court, *Gillette v. Uber Technologies, Inc.*, Case No. 3:14-cv-05241. Because Plaintiffs were not the first to file PAGA claims for their underlying tip and expense reimbursement violations,

their claims would be dismissed under the first-to-file theory, and, therefore, their amendment would be futile.

### 3. Plaintiffs Have Delayed Unduly In Filing Their Proposed Amendment.

Under Rule 15, the Court should consider the moving party's undue delay in filing the motion when deciding whether to grant a motion for leave to amend. *Amerisourcebergen Corp v. Dialysist West, Inc.*, 465 F.3d 946, 952-53 (9th Cir. 2006). Here, Plaintiffs have provided no legitimate reason for waiting over eighteen months from their original filing – and almost four months after filing a Second Amended Complaint – to seek the Court's permission to file their proposed amended complaint.

Furthermore, Plaintiffs have not identified any reason for their delay. Plaintiffs' Motion essentially admits that this Motion is based on a "new" legal theory – recovery under PAGA. But, in this circuit is it clear that a court has complete discretion to "deny[] a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation of his failure to develop his contentions originally. *Bonin v. Calderon*, 59 F. 3d 815, 845 (9th Cir. 1995) (upholding denial of motion to amend because plaintiff could have raised all "new" claims in the initial petition); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (upholding district court's denial of amendment "when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally'"). Because Plaintiffs have not identified any reason for their delay in bringing their "new" claims, based on a statute that has been in existence for over a decade – and has been the subject of hundreds of claims and cases since its inception – their motion should be denied.

Nor have Plaintiffs identified any new facts of which they were not previously aware to justify the long delay in filing these claims. The question of whether and how long the moving party was aware of the new facts or parties to be included in the amended complaint also weighs against granting Plaintiffs' Motion. *Amerisourcebergen*, 465 F.3d at 953 ("[I]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'") (quoting *Jackson v. Bank of Hawaii*,

902 F.2d 1385, 1387 (9th Cir. 1990)). As Plaintiffs admit in their Motion, the PAGA claims "address[] the same conduct that is already addressed by the current complaint in this action." Motion p. 2. Their nearly 18-month delay in proposing to add this claim therefore should be denied. *See Amerisourcebergen*, 465 F.3d at 953 (upholding district court's denial of motion for leave to amend when plaintiffs delayed fifteen months between discovering a relevant fact and filing motion for leave to amend); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding district court's denial of plaintiff's second request for leave to amend when plaintiff had facts prior to the first amendment); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (holding that an eight-month delay between the time of obtaining a relevant fact and seeking leave to amend is unreasonable); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (upholding denial of leave to amend based on dilatoriness and prejudice).

Because Plaintiffs have unduly delayed in bringing this Motion, they should not be permitted to amend their Complaint to add a fifth claim for relief.

### 4. Amendment Would Cause Serious Prejudice To Defendant.

Prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Emincence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under Rule 15(a)"); *Howrey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"). Plaintiffs' request for leave to amend should be denied because Defendant will suffer prejudice by the late addition of new claims because Defendant has already completed the depositions of all of the named Plaintiffs, and it would have no method of obtaining additional discovery from the named Plaintiffs purporting to bring representative PAGA claims now that their depositions have concluded.

Plaintiffs argue that Defendant will not be prejudiced by the addition of the addition of these claims because "these claims are already presently included in an existing, more recently filed, case." Motion p. 3. But in that case, discovery has not even commenced, and Uber has the opportunity to conduct discovery as to the named plaintiff's PAGA claims as a matter of right.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEF.'S OPPOSITION TO PLAINTIFFS'
MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC

*See Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872 (9th Cir. 1986) (holding the district court did not abuse its discretion in denying motion to amend where discovery had already commenced and defendant's motion for summary judgment was pending); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (holding the district court did not abuse its discretion in denying leave to amend where the "issue was raised at the eleventh hour, after discovery was virtually complete and [defendant's] motion for summary judgment was pending before the court").

Defendant would be prejudiced if new claims were added as to which it has not had the opportunity to conduct discovery. Therefore, Plaintiffs' Motion should be dismissed.

### C. Plaintiffs Have Not Demonstrated That Justice Requires Amendment.

Finally, two substantive issues with Plaintiffs' proposed amendments weigh against amendment. First, Plaintiffs' counsel has repeatedly stated that she has intended to remove Plaintiff O'Connor as a class representative. *See* Dkt. No. 191 at 18:19-20; Dkt. No. 255 at p. 5-6. However, the proposed amended complaint still purports that O'Connor's claims are typical of the putative class members and will fairly and adequately represent the interest of the class.

Second, Plaintiffs' proposed PAGA claim is not sufficiently limited by the applicable statute of limitations. PAGA claims are only actionable from one year from the time a plaintiff notifies the Labor and Workforce Development Agency ("LWDA"). Yet Plaintiffs' proposed amended complaint does not specifically limit their claim for recovery to alleged violations that have occurred since March 2014. Therefore, portions of their proposed TAC are subject to dismissal, and justice does not require amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion.

Dated: March 30, 2015            MORGAN, LEWIS & BOCKIUS LLP

By _____*/s/ Robert Jon Hendricks*_____
       Robert Jon Hendricks

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

DB2/ 25808700.2

11

DEF.'S OPPOSITION TO PLAINTIFFS' MOT. FOR LEAVE TO AMEND
Case No. 13-03826-EMC