SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV  13-3826-EMC<br><br>**DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION** |

1

I, Shannon Liss-Riordan, hereby declare:

1. I am a partner at the law firm of Lichten & Liss-Riordan, P.C., and counsel for the Plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' Reply in Support of Class Certification. I have personal knowledge of the information set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Administrator's Interpretation No. 2015-1, Wage and Hour Division (Dep't of Labor July 15, 2015).

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Labor Commissioner's recent decision in <u>Berwick v. Uber Technologies, Inc.</u> No. 11-46739 EK (Cal. Labor Comm. June 3, 2015).

4. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the deposition of Ryan Graves.

5. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the deposition of William Barnes

6. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Michael Coleman.

7. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Matthew Atkin.

8. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the deposition of Matthew Manahan.

9. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition of Elie Gurfinkel.

10. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the deposition of Thomas Colopy.

11. Attached hereto as **Exhibit 10** is a true and correct copy of a print-out from Uber's website as of February 7, 2012, introduced in the deposition of Ilya Abyzov as Deposition Exhibit 17.

12. Attached hereto as **Exhibit 11** is a true and correct copy of a print-out from Uber's website as of June 25, 2011, introduced in the deposition of Ilya Abyzov as Deposition Exhibit 18.

13. Attached hereto as **Exhibit 12** is a true and correct copy of Uber's website as of December 11, 2012, accessed using the Internet Archive at http://web.archive.org.

14. Attached hereto as **Exhibit 13** is a true and correct copy of Uber's website as of January 14, 2013 (UBE-OCO00004137-39).

15. Attached hereto as **Exhibit 14** is a true and correct copy of an email message dated April 10, 2015, and titled "$20 Uber Ride Credits," through which Uber allowed its passengers to refer a friend to use Uber and receive $20 in free customer credit.

16. Attached hereto as **Exhibit 15** is a true and correct copy of a Twitter conversation between a customer and UberSupport regarding tips.

17. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the transcript of a discovery hearing before Magistrate Judge Donna M. Ryu in this matter, dated July 16, 2015, in which the parties entered into the following stipulation: "A tip has never been part of the calculation of fares for either UberBlack or UberX in California."

18. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts of Plaintiff Matthew Manahan's Answers and Objections to Uber Interrogatories.

19. Attached hereto as **Exhibit 18** is a true and correct copy of excerpts of Thomas Colopy's Manahan's Answers and Objections to Uber Interrogatories.

20. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts of Thomas Colopy's Responses to Uber's First Set of Requests for Admission.

21. Attached hereto as **Exhibit 20** is a true and correct copy of an article by Dan Levine and Sarah McBride, titled "Preview: Uber, Lyft face crucial courtroom test over driver benefits," dated January 28, 2015 and published at Reuters.com.

22. Attached hereto as **Exhibit 21** is a true and correct copy of the class certification order from Raposa v. Mardi Gras Entertainment, Inc., Civ. A. No. 10-00034 (Hampden Super. Ct. Dec. 11, 2013).

3

23. Attached hereto as **Exhibit 22** is a true and correct copy of the class certification order from King Arthur's Lounge Civ. A. No. 07-2505 (Suffolk Super. Ct. Aug. 7, 2009).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2015, at Boston, Massachusetts

By: ___*/s/ Shannon Liss-Riordan*___
Shannon Liss-Riordan, Esq.

4

DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION
CASE NO. CV13-3826-EMC