# Exhibit 2



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Jun-16-2015 11:07 am

Case Number: CGC-15-546378

Filing Date: Jun-16-2015 10:59

Filed by:  DENNIS TOYAMA

Juke Box: 001    Image: 04954780

LABOR COMMISSION APPEAL

UBER TECHNOLOGIES, INC., A DELAWARE CORPORATION VS. BARBARA
BERWICK

001C04954780

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Andrew M. Spurchise, SBN 245998<br>Littler Mendelson, P.C.<br>650 California St., 20th Floor<br>San Francisco, CA 94108-2693<br>TELEPHONE NO.: (415) 433-1940    FAX NO.: (415) 399-8490<br>ATTORNEY FOR (Name): UBER TECHNOLOGIES, INC., a Delaware corporation | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>**JUN 16 2015**<br><br>CLERK OF THE COURT<br>BY: _____ DENNIS TOYAMA<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 MacAllister, Room 103
MAILING ADDRESS: 400 MacAllister, Room 103
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

CASE NAME:
Berwick v. Uber Technologies, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-15-546378 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (*not specified above*) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (*not specified above*) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☑ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (*specify*): 4
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (*You may use form CM-015.*)
Date: 6/15/15
Andrew Spurchise
_____    ►_____
(TYPE OR PRINT NAME)           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

Andrew M. Spurchise, SBN 245998
Littler Mendelson, P.C.
650 California St., 20th Floor
San Francisco, CA 94108-2693

☒ SUPERIOR COURT OF THE STATE OF CALIFORNIA

☐ MUNICIPAL COURT OF THE STATE OF CALIFORNIA

☐ JUSTICE COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

COURT OF SAN FRANCISCO-LIMITED CIVIL JURISDICTION
400 MacAllister, Room 103, San Francisco, CA 94102
_____ JUDICIAL DISTRICT

PLAINTIFF
BARBARA BERWICK

DEFENDANT
UBER TECHNOLOGIES, INC., a Delaware corporation

FOR COURT USE ONLY

F I L E D
Superior Court of California
County of San Francisco

JUN 1 6 2015

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA _____
Deputy Clerk

## NOTICE OF APPEAL

COURT NUMBER
C G C - 1 5 - 5 4 6 3 7 8

NOTICE OF APPEAL of the Order, Decision or award of the Labor Commissioner in State Case Number   11-46739 EK

Dated __June 3, 2015_____ and served upon the undersigned appellant,

UBER TECHNOLOGIES, INC., a Delaware corporation

on _____June 4, 2015_____ , is given and filed pursuant to Labor Code Section 98.2.

Appellant attached as Exhibit "A" a copy of the Order, Decision or Award appealed and requests that the Clerk of the Court set the cause for hearing before the above-entitled court, where it shall be heard *de novo* in accordance with Labor Code Section 98.2, and that the Clerk of the Court give Notice of time, date and place of the new trial to each of the following parties and the Labor Commissioner's office at the places listed below.  Appellant certifies that a copy of this Notice of Appeal has been served upon the Labor Commissioner and a copy has been mailed to the Respondent, as shown below.

APPELLANT (OR ATTORNEY) (NAME, ADDRESS, TELEPHONE NUMBER)
Andrew M. Spurchise, SBN 245998
Littler Mendelson, P.C.
650 California St., 20th Floor
San Francisco, CA 94108-2693
Phone: (415) 433-1940 / Fax: (415) 399-8490

OFFICE OF THE LABOR COMMISSIONER (ADDRESS AND TELEPHONE NUMBER)
STATE LABOR COMMISSIONER
455 Golden Gate Avenue, 10th Floor East
San Francisco, CA 94012
Phone: (415) 703-5300 / Fax: (415) 703-4130

RESPONDENT (OR ATTORNEY) (NAME, ADDRESS, TELEPHONE NUMBER)
Barbara Berwick
Berwick Enterprises, Inc.
167 Anza Vista Ave.
San Francisco, CA 94115

Dated

June 15, 2015

_____
Signature of Applicant

State of California
Department of Industrial Relations
Division of Labor Standards Enforcement

DLSE 537 (REV. 3/83)
Firmwide:134053152.1 073208.1055

NOTICE OF APPEAL – English

L.C. 98
85 35611

EX. A

EXHIBIT A

LABOR COMMISSIONER, STATE OF CALIFORNIA
Department of Industrial Relations
Division of Labor Standards Enforcement
P.O. Box 420603
San Francisco, CA 94142
Tel: (415)703-5300 Fax: (415)703-4130



**Plaintiff:** Barbara Ann Berwick

**Defendant:** Uber Technologies, Inc., a Delaware corporation, and
Rasier - CA LLC, a Delaware limited liability company

| State Case Number 11 - 46739 EK | NOTICE OF PAYMENT DUE |
|---|---|

You have been served a copy of the Labor Commissioner's Order, Decision or Award.

If the full amount of the sums set forth in the Order, Decision or Award is received by this office within ten (10 ) days of the date the Order, Decision or Award was served upon you, no judgment will be entered in this matter.

Payment must be made by certified check, cashier's check or money order (no other tender will be accepted) made payable to the Plaintiff named in the Order, Decision or Award, and  addressed to the Office of the Labor Commissioner at the address shown above.

DATED:   June 3, 2015

*Ellen Kennedy   415*
Ellen Kennedy   415  Deputy Labor Commissioner
-703-5307

**LABOR COMMISSIONER, STATE OF CALIFORNIA**
**Department of Industrial Relations**
**Division of Labor Standards Enforcement**
**P.O. Box 420603**
**San Francisco, CA 94142**
**Tel: (415)703-5300   Fax: (415)703-4130**

For Court Use Only:

Plaintiff:   Barbara Ann Berwick

Court Number

Defendant:   Uber Technologies, Inc., a Delaware corporation, and
Rasier - CA LLC, a Delaware limited liability company

| State Case Number | ORDER, DECISION OR AWARD OF THE LABOR COMMISSIONER |
|---|---|
| **11 - 46739 EK** | |

1. The above-entitled matter came on for hearing before the Labor Commissioner of the State of California as follows:

   **DATE: March 10, 2015**          ☐ **CONTINUED TO:**

   **CITY: 455 Golden Gate Ave. - 10th floor East, San Francisco, CA**

2. IT IS ORDERED THAT: **Plaintiff recover from Defendant.**

   | | | |
   |---|---|---|
   | $ | _____ | for wages **(with lawful deductions)** |
   | $ | _____ | for liquidated damages pursuant to Labor Code Section 1194.2 |
   | $ | 3,878.08 | Reimbursable business expenses |
   | $ | 274.12 | for interest pursuant to Labor Code Section(s) 98.1(c), 1194.2 and/or 2802(b), |
   | $ | _____ | for additional wages accrued pursuant to Labor Code Section 203 as a penalty *and that same shall not be subject to payroll or other deductions.* |
   | $ | _____ | for penalties pursuant to Labor Code Section 203.1 which *shall not be subject to payroll or other deductions.* |
   | $ | _____ | other (specify): |
   | $ | 4,152.20 | **TOTAL AMOUNT OF AWARD** |

3. The herein Order, Decision or Award is based upon the Findings of Fact, Legal Analysis and Conclusions attached hereto and incorporated herein by reference.

4. The parties herein are notified and advised that this Order, Decision or Award of the Labor Commissioner shall become final and enforceable as a judgment in a court of law unless either or both parties exercise their right to appeal to the appropriate court* within ten (10) days of service of this document. Service of this document can be accomplished either by first class mail or by personal delivery and is effective upon mailing or at the time of personal delivery. If service on the parties is made by mail, the ten (10) day appeal period shall be extended by five (5) days. For parties served outside of California, the period of extension is longer (See Code of Civil Procedure Section 1013). In case of appeal, the necessary filing fee must be paid by the appellant and appellant must, immediately upon filing an appeal with the appropriate court, serve a copy of the appeal request upon the Labor Commissioner. If an appeal is filed by a corporation, a non-lawyer agent of the corporation may file the Notice of Appeal with the appropriate court, but the corporation must be represented in any subsequent trial by an attorney, licensed to practice in the State of California. Labor Code Section 98.2(c) provides that if the party seeking review by filing an appeal to the court is unsuccessful in such appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other party to the appeal and assess such amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero.

**PLEASE TAKE NOTICE:** Labor Code Section 98.2(b) requires that as a condition to filing an appeal of an Order, Decision or Award of the Labor Commissioner, the employer shall first post a bond or undertaking with the court in the amount of the ODA; and the employer shall provide written notice to the other parties and the Labor Commissioner of the posting of the undertaking. Labor Code Section 98.2(b) also requires the undertaking contain other specific conditions for distribution under the bond. While this claim is before the Labor Commissioner, you are required to notify the Labor Commissioner *in writing* of any changes in your business or personal address within 10 days after any change occurs.

*Superior Court State of California
County of San Francisco (Limited Civil Jurisdiction)
400 McAllister, Room 103
San Francisco, Ca 94102*

**LABOR COMMISSIONER, STATE OF CALIFORNIA**

BY: _____
         Stephanie Barrett                    HEARING OFFICER

**DATED:** June 3, 2015

BEFORE THE LABOR COMMISSIONER
OF THE STATE OF CALIFORNIA

BARBARA ANN BERWICK,                          )
                                              )
                    Plaintiff,                )          CASE NO. 11-46739 EK
                                              )
vs.                                           )          ORDER, DECISION OR AWARD
                                              )          OF THE LABOR COMMISSIONER
UBER TECHNOLOGIES, INC., a Delaware           )
corporation, and RASIER - CA LLC, a           )
Delaware limited liability company,           )
                                              )
                    Defendants                )
_____)

## BACKGROUND

Plaintiff filed an initial claim with the Labor Commissioner's office on September 16, 2014. The complaint alleges Plaintiff is owed the following:

- Wages earned and unpaid during the period from July 25, 2014 to September 15, 2014;

- Reimbursement of expenses pursuant to Labor Code § 2802;

- Liquidated damages pursuant to Labor Code § 1194.2; and

- Waiting time penalties for violation of Labor Code §§ 202 and 203.

A hearing was conducted in San Francisco, California, on March 10, 2015, before the undersigned hearing officer designated by the Labor Commissioner to hear this matter. Plaintiff appeared in pro per. Andrew Michael Spurchise and Dalene Bramer, Attorneys at Law, represented Defendants. Product Manager Brian Tolkin appeared as a witness for Defendants.

Due consideration having been given to the testimony, documentary evidence, and arguments presented, the Labor Commissioner hereby adopts the following Order, Decision or Award.

### FINDINGS OF FACT

Defendants Uber Technologies, Inc., a Delaware corporation, and Rasier-CA LLC, a Delaware limited liability company (collectively referred to herein as "Defendants"), employed Plaintiff as a driver under the terms of a written agreement[1] in San Francisco, California, from approximately July 23, 2014, until Plaintiff resigned without advance notice on September 18, 2014.

The agreement between Defendant Rasier and Plaintiff provides, in relevant part:

> [Defendant] Rasier is engaged in the business of providing lead generation to the Transportation Provider comprised of requests for transportation service made by individuals using Uber Technologies, Inc.'s mobile application ("Users").... Through its license of the mobile application..., [Defendant] Rasier provides a platform for Users to connect with independent Transportation Providers."

* * *

> You shall be entitled to accept, reject, and select among the Requests received via the Service. You shall have no obligation to [Defendant Rasier] to accept any Request. Following acceptance of a Request, however, you must perform the Request in accordance with the User's specifications. Failure to provide promised services on an accepted Request shall constitute a material breach of this Agreement, and may subject you to damages.

* * *

> You understand that for liability reasons, Users may prohibit the transport of individuals other than themselves during the performance of a Request. If you accept a Request subject to such a prohibition, you agree to allow only the User, and any individuals authorized by User inside your vehicle during performance of a Request.

* * *

> You agree to faithfully and diligently devote your best efforts, skills and abilities to comply with the job parameters and User specifications relating to any Request accepted by you.

* * *

---

[1] Plaintiff and Defendant Rasier-CA LLC were the named parties of the "Software Sublicense & Online Services Agreement."

You agree that you shall maintain a vehicle that is a model approved by the Company. Any such vehicle shall be no more than ten (10) model years old, and shall be in good operating condition. Prior to execution of this Agreement, you shall provide to the Company a description of each vehicle and a copy of the vehicle registration for each vehicle(s) you intend to use to provide service under this Agreement. You agree to notify the Company of any change in your fleet by submitting to the Company an updated description and vehicle registration for any previously unidentified vehicle to perform services under this Agreement. The purpose of this provision is to enable the Company to determine whether your equipment meets industry standards.

* * *

In exchange for accepting and fully performing on a Request, you shall be paid an agreed upon Service Fee for your completion of that Request....

* * *

You acknowledge that there is no tipping for any transportation services that you provide pursuant to the receipt of a Request.... You understand that the aim of advertising and marketing to the effect that there is no need to leave a tip is ultimately to increase the number of Requests you receive through the Service and Software. You agree that the existence of any such advertising or marketing does not entitle you to any payment beyond the payment of Service Fees as provided in this Agreement.

The Company shall electronically remit payment of Service Fees to you consistent with Company's practices, as set forth in the Service Fee Schedule.

In the event the User cancels a Request after you arrive at the designated pick-up location or does not show after you have waited at least 10 minutes, the User is subject to a cancellation fee. The amount of the cancellation fee will be as specified in the Service Fee Schedule. Notwithstanding the foregoing, you acknowledge and agree that, in the Company's sole discretion, a User's cancellation fee may be waived, in which case you will have no entitlement to any such fee.

* * *

You shall not allow any other person, including any employee, agent, or subcontractor, to access the Service to accept transportation request using the Device or the Driver ID. You acknowledge and agree that this

Agreement only enables you, not any other person, to access the Services and Software, and to use the Device and the Driver ID to receive requests for transportation services.

\* \* \*

Company will also issue identification and password keys (each, a "Driver ID") to the Transportation Provider to enable you to access the Service. You will ensure the security and confidentiality of each Driver ID. ONLY YOU may use the Driver ID. Sharing your Driver ID with someone else constitutes a material breach of this Agreement. ONLY YOU may use the Device to accept requests for transportation services. Allowing someone else to use the Device to accept requests for transportation services constitutes a material breach of this Agreement.

\* \* \*

The Company's approval and authorization of a Driver may be conditioned upon terms and conditions including, without limitation, a requirement that such Driver, at his own cost and expense, undergo the Company's screening process and attend the Company's informational session regarding the use of Uber's mobile application. The Company reserves the right to withhold or revoke its approval of this Agreement, whether by default or otherwise, the Device, to which you acknowledge is and at all times will remain the property of the Company, must be returned to the Company.

Shortly after Defendants hired her (on or about July 25, 2014), Plaintiff requested that Defendants pay the money Plaintiff earned to Berwick Enterprises, a California corporation that Plaintiff created in 1988. Defendants complied and remitted all payments to Berwick Enterprises. Plaintiff claimed that, while she did give Defendants sufficient information to effect remittance to Berwick Enterprises, she was actually just introducing Defendants to the entity. While Plaintiff denied she had any control over the corporation she created, according to the Secretary of State, Plaintiff is the corporate agent of Berwick Enterprises.

Product Manager Brian Tolkin testified that Defendant Uber is a technological platform, a smart phone application that private vehicle drivers ("Transportation Providers") and passengers use to facilitate private transactions. Defendant Uber

1  provides administrative support to the two parties: the passengers and the
2  Transportation Providers. The Transportation Provider uses the application whenever
3  she[2] wishes to notify passengers that she is available to transport them. The passenger
4  signs on to the application and requests a ride. When the Transportation Provider
5  accepts the request, the model of her car and picture of the Transportation Provider
6  appears on the passenger's device, so that the passenger can identify her ride.

7      Defendants argued that they do not exert any control over the hours Plaintiff
8  worked. There is no minimum number of required trips. However, if a Transportation
9  Provider is inactive for 180 days, the smart phone application expires and will remain
10  inactive until the Transportation Provider applies in person or by email to reactivate it. A
11  Transportation Provider is required to obtain a permit to carry passengers for a fee from
12  the California Public Utilities Commission. The Transportation Provider must have
13  liability insurance coverage in the amount of $1,000,000.00.

14      Defendants provide the Transportation Provider with an iPhone, which is required
15  to access the application. Defendants charge a refundable deposit for the phone, but if
16  the Transportation Provider already has a compatible phone, there is no requirement that
17  the Transportation Provider use one provided by Defendants. A Transportation Provider
18  is not geographically restricted. She can opt to work only during "surge pricing" to
19  maximize her earnings.

20      Defendants perform background and DMV checks on prospective Transportation
21  Providers. Defendants require that the Transportation Provider submit a California
22  Drivers License, a Social Security Number, personal address, bank information, and proof
23  of insurance.

24      Defendants maintain quality control procedures for both the Transportation
25  Provider and the passenger. Both parties are encouraged to rate each other with stars,
26
27

[2] The feminine gender applies to both genders.

1  with one star being a bad experience and five being the best experience. A

2  Transportation Provider must maintain a star rating of 4.6 or greater. If the rating falls

3  below that level, Defendants will turn the application off for that Transportation

4  Provider. The same is true for passengers.

5  Defendants do not reimburse Transportation Providers for expenses related to

6  operating their personal vehicles. Plaintiff estimated she drove 132 hours per day for 49

7  days and paid bridge tolls in the amount of $256.00. Defendants did not dispute

8  Plaintiff's estimate.

9  On September 25, 2014, Plaintiff received a parking citation for stopping in a lane

10  of traffic when she dropped off a passenger. The ticket and the legal fees Plaintiff

11  incurred equaled $160.00. Plaintiff provided no evidence that Defendants required that

12  Plaintiff stop in traffic to effect the drop off.

13  Plaintiff is claiming compensation for 470.70 hours, but Plaintiff also acknowledges

14  that Defendants paid her for the hours she worked. Plaintiff simply objects to Defendants

15  paying Berwick Enterprises and not her directly.

16  <center>LEGAL ANALYSIS</center>

17  Defendants assert that Plaintiff was an independent contractor, and, therefore, she

18  was not entitled to recover any claimed wages or to be reimbursed for her expenses.

19  Labor Code § 95 authorizes the Labor Commissioner to enforce all labor laws of

20  the state, the enforcement of which is not specifically vested in any other officer, board or

21  commission. Where the question arises as to whether an independent contractor or

22  employment relationship exists, there is an inference of "employment" if personal

23  services are performed as opposed to business services. In making such a determination,

24  the California Supreme Court in *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations*

25  (1989) 48 Cal. 3d 341, established the following factors for consideration:

26  • Whether the person performing services is engaged in an occupation or

27  business distinct from that of the principal;

- Whether or not the work is a part of the regular business of the principal or alleged employer;

- Whether the principal or the worker supplies the instrumentalities, tools, and the place for the person doing the work;

- The alleged employee's investment in the equipment or materials required by his or her task or his or her employment of helpers;

- Whether the service rendered requires a special skill;

- The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision;

- The alleged employee's opportunity for profit or loss depending on his or her managerial skill;

- The length of time for which the services are to be performed;

- The degree of permanence of the working relationship;

- The method of payment, whether by time or by the job; and

- Whether or not the parties believe they are creating an employer-employee relationship may have some bearing on the question, but is not determinative since this is a question of law based on objective tests.

In *Yellow Cab Cooperative v. Workers Compensation Appeals Board* (1991) 226 Cal.App.3d 1288, the Court found that workers were employees based on circumstances very similar to those of the instant matter. The Court held:

> "Although some of the factors in this case can be indicative of the workers being independent contractors, the overriding factor is that the persons performing the work are not engaged in occupations or businesses distinct from that of [Defendants]. Rather, their work is the basis for [Defendants'] business. [Defendants] obtain the clients who are in need of delivery services and provides the workers who conduct the service on behalf of [Defendants]. In addition, even though there is an absence of control over the details, an employee employer relationship will be found if the [Defendants] retain pervasive control over the operation as a whole, the worker's duties are an

1    integral part of the operation, and the nature of the work makes detailed control
     unnecessary."

2        Defendants argued that they exercised very little control over Plaintiff's activities.

3    However, the *Borello* court found that it was not necessary that a principal exercise

4    complete control over a worker's activities in order for that worker to be an employee.

5    "The minimal degree of control that the employer exercised over the details of the work

6    was not considered dispositive because the work did not require a high degree of skill and

7    it was an integral part of the employer's business. The employer was thus determined to

8    be exercising all necessary control over the operation as a whole." (*Borello, supra,* 48 Cal.3d

9    at pp. 355-360.)

10       By obtaining the clients in need of the service and providing the workers to conduct

11   it, Defendants retained all necessary control over the operation as a whole. The party

12   seeking to avoid liability has the burden of proving that persons whose services he has

13   retained are independent contractors rather than employees. In other words, there is a

14   presumption of employment. (Labor Code § 3357; *Borello, supra,* at pp. 349, 354.)

15       Ownership of the vehicle used to perform the work may be a much less important

16   factor in industries other than transportation.  Even under the traditional, pre-*Borello*

17   common law standard, a person making pizza deliveries was held to be an employee of

18   the pizzeria, notwithstanding the fact that the delivery person was required to provide his

19   own car and pay for gasoline and insurance. (*Toyota Motor Sales v. Superior Court* (1990) 220

20   Cal.App.3d 864, 876.)

21       "The modern tendency is to find employment when the work being done is an

22   integral part of the regular business of the employer, and when the worker, relative to the

23   employer, does not furnish an independent business or professional service." (*Borello,*

24   *supra,* at p. 357.) Plaintiff's work was integral to Defendants' business. Defendants are in

25   business to provide transportation services to passengers. Plaintiff did the actual

26   transporting of those passengers. Without drivers such as Plaintiff, Defendants' business

27   would not exist.

Defendants hold themselves out as nothing more than a neutral technological platform, designed simply to enable drivers and passengers to transact the business of transportation. The reality, however, is that Defendants are involved in every aspect of the operation. Defendants vet prospective drivers, who must provide to Defendants their personal banking and residence information, as well as their Social Security Number. Drivers cannot use Defendants' application unless they pass Defendants' background and DMV checks.

Defendants control the tools the drivers use; for example, drivers must register their cars with Defendants, and none of their cars can be more than ten years old. Defendants refer to "industry standards" with respect to drivers' cars, however, it is unclear to what industry, other than the "taxi" industry, Defendants are referring. Defendants monitor the Transportation Drivers' approval ratings and terminate their access to the application if the rating falls below a specific level (4.6 stars).

While Defendants *permit* their drivers to hire people, no one other than Defendants' approved and registered drivers are allowed to use Defendants' intellectual property. Drivers do not pay Defendants to use their intellectual property.

The passengers pay Defendants a set price for the trip, and Defendants, in turn, pay their drivers a non-negotiable service fee. If a passenger cancels a trip request after the driver has accepted it, and the driver has appeared at the pick-up location, the driver is not guaranteed a cancellation fee. Defendants alone have the discretion to negotiate this fee with the passenger. Defendants discourage drivers from accepting tips because it would be counterproductive to Defendants' advertising and marketing strategy.

Plaintiff's car and her labor were her only assets. Plaintiff's work did not entail any "managerial" skills that could affect profit or loss. Aside from her car, Plaintiff had no investment in the business. Defendants provided the iPhone application, which was essential to the work. But for Defendants' intellectual property, Plaintiff would not have been able to perform the work.

In light of the above, Plaintiff was Defendants' employee. Therefore, the Labor Commissioner has jurisdiction to adjudicate the instant matter.

Labor Code § 2802 requires an employer to indemnify an employee for all that the employee necessarily expends in the discharge of the employee's duties. Use of the Internal Revenue Service mileage allowance will satisfy the expenses incurred in use of an employee's car in the absence of evidence to the contrary. Plaintiff asserted without dispute that she drove 6,468 miles payable at the 2014 IRS mileage rate of $0.56 per mile ($3,622.08). Plaintiff also incurred toll charges in the amount of $256.00. Plaintiff did not establish that she incurred cell phone or parking violation tickets at the behest of Defendants. Defendants shall, therefore, reimburse Plaintiff's expenses in the amount of $3,878.08.

Labor Code § 2802(b), provides that all awards granted pursuant to this hearing shall accrue interest on all due and unpaid expenses, from the date that said expenses became due until they are paid. Therefore, Plaintiff is entitled to $274.12 in interest accrued to date on the unpaid balance of expenses.

Plaintiff claims unpaid wages and liquidated damages for 470.70 hours worked. Defendants' business was subject to the requirements of the State Industrial Welfare Commission Order 9-2001 and Labor Code § 510, which require the following:

- Payment of the regular hourly pay rate for all hours worked during a workday or workweek;
- Payment of overtime (one and one-half times the regular hourly rate) for hours worked in excess of eight hours per day or 40 hours per week or the first eight hours of the seventh consecutive workday of the workweek; and
- Payment of double the regular hourly rate for hours worked in excess of twelve hours per workday or eight hours on the seventh consecutive workday of the workweek.

"[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a... difficult problem arises. The solution, however, is

not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation.... In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." (*Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727.)

Plaintiff does not dispute that Defendants paid her. While Defendants did not provide any payment information, Plaintiff refused to provide any record of payment, arguing that she did not have access to the information because her corporation retained it. Plaintiff, as the party asserting the affirmative, has the burden of proof including the initial burden of going forward and the burden of persuasion by a preponderance of the evidence. Plaintiff has presented no evidence of sufficient substantiality to support her claim for additional wages or minimum wage. Therefore, Plaintiff's claim for wages, liquidated damages pursuant to Labor Code § 1194.2, and penalties pursuant to Labor Code § 203 is dismissed.

## CONCLUSION

For all of the reasons set forth above, IT IS HEREBY ORDERED that Defendants pay Plaintiff the sum of $4,152.20, calculated as follows:

    1.  $3,878.08 in reimbursable expenses pursuant to Labor Code § 2802; and

2. $274.12 in interest pursuant to Labor Code § 2802(b).

Dated: ___June 3, 2015___

Stephanie Barrett, Hearing Officer

# APPEAL BOND REQUIREMENT
# FOR EMPLOYERS

**PLEASE TAKE NOTICE that the Labor Code Section 98.2 (b) requires that when an employer files an appeal of an Order, Decision or Award of the Labor Commissioner, the employer shall post a bond or undertaking with the court in the amount of the ODA <u>and the employer shall provide written notice to the other parties and the Labor Commissioner of the undertaking.</u>**

**Labor Code Section 98.2 (b) also requires that the bond contains certain other conditions. A copy of that subsection follows:**

**98.2 Employee complaints; Appeal; Satisfaction of Judgment**

**Subsection (b)**  Whenever an employer files an appeal pursuant to this section, the employer shall post an undertaking with the reviewing court in the amount of the order, decision or award.  The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision or award.  The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking.  The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision or award of the Labor Commissioner unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement.  If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or withdrawn of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, shall be forfeited to the employee.

FOR COURT USE ONLY

☐ SUPERIOR COURT OF THE STATE OF CALIFORNIA
☐ MUNICIPAL COURT OF THE STATE OF CALIFORNIA
☐ JUSTICE COURT OF THE STATE OF CALIFORNIA

COUNTY OF _____

_____ JUDICIAL DISTRICT

PLAINTIFF

DEFENDANT

COURT NUMBER

## NOTICE OF APPEAL

NOTICE OF APPEAL of the Order, Decision or Award of the Labor Commissioner in State Case Number _____ ,

dated _____ , and served upon the undersigned appellant, _____

_____ ,

on _____ , is given and filed pursuant to Labor Code Section 98.2.

Appellant attaches as Exhibit "A" a copy of the Order, Decision or Award appealed and requests that the Clerk of the Court set the cause for hearing before the above-entitled court, where it shall be heard *de novo* in accordance with Labor Code Section 98.2, and that the Clerk of the Court give Notice of time, date and place of the new trial to each of the following parties and the Labor Commissioner's office at the places listed below. Appellant certifies that a copy of this Notice of Appeal has been served upon the Labor Commissioner and a copy has been mailed to the Respondent, as shown below.

APPELLANT (OR ATTORNEY) (NAME, ADDRESS, TELEPHONE NUMBER)

OFFICE OF THE LABOR COMMISSIONER (ADDRESS AND TELEPHONE NUMBER)
STATE LABOR COMMISSIONER

RESPONDENT (OR ATTORNEY) (NAME, ADDRESS, TELEPHONE NUMBER)

Dated: _____

_____
Signature of Appellant

State of California
Department of Industrial Relations
Division of Labor Standards Enforcement

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

**CERTIFICATION OF SERVICE BY MAIL
(C.C.P. 1013A) OR CERTIFIED MAIL**

I, ___Marilyn Lawson___, do hereby certify that I am a resident of or employed in the County of ___San Francisco___, over 18 years of age, not a party to the within action, and that I am employed at and my business address is:

**LABOR COMMISSIONER, STATE OF CALIFORNIA
P.O. Box 420603
San Francisco, CA 94142
Tel: (415)703-5300   Fax: (415)703-4130**

I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On ___June 4, 2015___ at my place of business, a copy of the following document(s):

**Order, Decision or Award**

was(were) placed for deposit in the United States Postal Service in a sealed envelope, by first class mail_____, with postage fully prepaid, addressed to:

NOTICE TO:  Andrew Michael Spurchise, Esq.
650 California Street, 20th Floor
San Francisco, CA  94108

and that envelope was placed for collection and mailing on that date following ordinary business practices.

*I certify under penalty of perjury that the foregoing is true and correct.*

Executed on: ___June 4, 2015___ at ___San Francisco___, California

STATE CASE NUMBER:  11-46739 EK

*Marilyn Lawson*
Marilyn Lawson