# Exhibit 8

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4   DOUGLAS O'CONNOR, THOMAS          )
     COLOPY, DAVID KHAN, MATTHEW       )
 5   MANAHAN, WILSON ROLLE, JR., and   )
     WILLIAM ANDERSON, individually    )
 6   and on behalf of all others       )
     similarly situated,               )
 7                                     )
                      Plaintiffs,      )
 8                                     )
           v.                          )  No. CV 13-3826-EMC
 9                                     )
     UBER TECHNOLOGIES, INC.,          )
10                                     )
                      Defendant.       )
11   _____)
12
13
14
15
16         Deposition of ELIE GURFINKEL, taken
17         on behalf of the Defendant, at One
18         Market Street, Spear Tower, 28th Floor,
19         San Francisco, California, commencing
20         at 10:04 a.m., Tuesday, November 18, 2014,
21         before Karen Moon, Certified Shorthand
22         Reporter No. 12450.
23
24
25
```

Page 3

```
 1   APPEARANCES:
 2
 3   For Plaintiffs:
 4        SHANNON LISS-RIORDAN, ESQ.
          LICHTEN & LISS-RIORDAN, P.C.
 5        100 Cambridge Street, 20th Floor
          Boston, Massachusetts 02114
 6        (617)994-5800
          sliss@llrlaw.com
 7
 8
 9   For Defendant:
10        ROBERT JON HENDRICKS, ESQ.
          MORGAN, LEWIS & BOCKIUS LLP
11        One Market Street, Spear Street Tower, 28th Floor
          San Francisco, California 94105
12        (415)442-1000
          rhendricks@morganlewis.com
13
14
15   Also Present:
16        Abby Horrigan
17        Michael Barber, Videographer
18
19
20
21
22
23
24
25
```

Page 4

```
 1                         I N D E X
 2
 3   DEPONENT              EXAMINED BY               PAGE
 4   MR. GURFINKEL         MR. HENDRICKS            8, 292
 5                         MS. LISS-RIORDAN          283
 6
 7                         EXHIBITS
 8   DEFENDANT'S                                     PAGE
 9
     1 - 10-page Second Amended Class Action        7, 17
10       Complaint and Jury Demand.
11   2 - 12-page Plaintiff Elie Gurfinkel's         7, 34
         Answers and Objections to Defendant's
12       Interrogatories.
13   3 - 6-page Plaintiff Elie Gurfinkel's          7, 37
         Responses to Defendant's First Set
14       of Requests for Admissions.
15   4 - 20-page Plaintiff Elie Gurfinkel's         7, 38
         Answers and Objections to Defendant's
16       Requests for Production of Documents.
17   5 - 1081-page documents produced by           7, 38, 39
         Elie Gurfinkel (Gurfinkel 1-1081).
18
     6 - 1-page opt-out form signed by Mr.           24
19       Gurfinkel on 8/8/14 (UBE-OCO 7701).
20   7 - 2-page resume prepared by Mr.             43, 68
         Gurfinkel (Gurfinkel 691-692).
21
     8 - 1-page W-9 form signed by Mr.              50
22       Gurfinkel 5/2/13 (UBE-OCO 7716).
23   9 - 1-page 2013 1099 Form for Mr.              53
         Gurfinkel (UBE-OCO 8803).
24
25
```

Page 5

```
 1                         EXHIBITS
 2   DEFENDANT'S                                    PAGE
 3   10 - 18-page Transportation Provider            65
         Service Agreement electronically
 4       signed by Mr. Gurfinkel 5/7/13
         (UBE-OCO 7682).
 5
     11 - 1-page Rasier Vehicle Inspection     66, 128, 205
 6       of Mr. Gurfinkel's vehicle dated
         2/26/14 (Gurfinkel 695).
 7
     12 - 2-page Uber San Diego City                 178
 8       Knowledge Review (UBE-OCO 6788-
         6789).
 9
     13 - 18-page Uber presentation                  183
10       (UBE-OCO 7139-7156).
11   14 - 44-page Uber Presentation                  185
         (UBE-OCO 7187-7230).
12
     15 - 6-page document entitled Uber,             185
13       Everyone's Private Driver
         (UBE-OCO 6757-6762).
14
     16 - 386-page payment statement and             187
15       partner summary info for Mr.
         Gurfinkel (UBE-OCO 8416-8801).
16
     17 - 22-page texts between Mr.                  218
17       Gurfinkel and Uber riders
         (UBE-OCO 8804-8825).
18
19
20              ITEMS MARKED BY MR. HENDRICKS
21              PAGE         LINE
22              30            18
23              274           17
24              295           12
25              296           23
```

Page 6

```
 1            ITEMS MARKED BY MR. HENDRICKS
 2                     (Continued)
 3                 PAGE         LINE
 4                 297          22
 5                 298          11
 6
 7
...
25
```

Page 7

1    SAN FRANCISCO, CALIFORNIA; TUESDAY, NOVEMBER 18, 2014
2            10:04 A.M.
3
4        (Prior to going on the record, Exhibit 1
5    Exhibit 2, Exhibit 3, Exhibit 4 and Exhibit 5
6    were marked for identification by the deposition
7            officer.)
8
9        THE VIDEOGRAPHER: Good morning. My name is
10   Michael Barber. I'm a videographer associated with
11   Barkley Court Reporters located at 201 California
12   Street, Suite 375, San Francisco, California, 94111.
13       The date is November 18th, 2014. The time is
14   10:04 a.m. This deposition is taking place at Morgan
15   Lewis & Bockius, LLP in San Francisco, California in the
16   matter of Douglas O'Connor, et al. v. Uber Technologies,
17   Inc. in the U.S. District Court, Northern District of
18   California, Case No. CV 13-3826-EMC.
19       This is the videotaped deposition of Elie
20   Gurfinkel being taken on behalf of the defense.
21       Counsel, would you please identify yourselves
22   for the record and state whom you represent.
23       MR. HENDRICKS: R.J. Hendricks with Morgan,
24   Lewis & Bockius on behalf of the defendant.
25       MS. LISS-RIORDAN: Shannon Liss-Riordan from

Page 8

1    Lichten & Liss-Riordan for the plaintiff.
2        THE VIDEOGRAPHER: Thank you. Will the court
3    reporter please swear in the witness.
4
5        (ELIE GURFINKEL, deponent, was sworn and
6           examined and testified as follows:)
7
8        DEPOSITION OFFICER: Please raise your right
9    hand to be sworn. You do solemnly state that the
10   testimony you shall give in this matter shall be the
11   truth, the whole truth, and nothing but the truth, so
12   help you God?
13       MR. GURFINKEL: I do.
14       DEPOSITION OFFICER: Thank you.
15
16              EXAMINATION
17   BY MR. HENDRICKS
18   Q   Mr. Gurfinkel, let me again introduce myself.
19   My name is R.J. Hendricks. I'm a partner with Morgan,
20   Lewis & Bockius. We represent the defendant in this
21   case. I'm going to be asking you some questions
22   concerning the lawsuit that you've become a part of as
23   well as your interactions and relationship with Uber
24   Technologies, Inc., the defendant.
25       Before I do, though, I want to give you some

Page 9

1    instructions, we refer to them as admonitions, with
2    respect to how the deposition will proceed. Okay?
3    A   Okay.
4    Q   Do you understand that the oath you were just
5    given is the same oath you'd be given in a court of law?
6    A   Yes.
7    Q   As a result of taking the oath, you're
8    therefore obligated to provide truthful and complete
9    responses to my questions.
10       Do you understand this?
11   A   Yes.
12   Q   Your responses are also subject to the penalty
13   of perjury.
14       Do you understand this?
15   A   Yes.
16   Q   It is our intent to use the information that
17   we obtain during this deposition to defend against the
18   claims that you have brought.
19       Do you understand this?
20   A   Yes.
21   Q   As a result of that, it's important that we
22   get your best testimony during this deposition.
23       Do you understand that?
24   A   Yes.
25   Q   I'm going to be asking you some questions now

Page 142

1  without looking at the complaint, how many other
2  representatives, if any, are there in this case?
3      A   I don't know.
4      Q   Have you taken any research into any of their
5  backgrounds?
6      A   No.
7      Q   Prior to agreeing to be a plaintiff in this
8  action, did you review any deposition testimony from any
9  of the other named plaintiffs in this case?
10     A   No.
11     Q   Do you know whether any of them have been
12 convicted of crimes?
13     A   I don't know.
14     Q   Have you been convicted of a crime?
15     A   No.
16     Q   Do you know whether any of them have -- are
17 competent, mentally competent to serve as a class
18 representative?
19     A   I don't know.
20     Q   Do you know -- do you know the state of any of
21 their mental health?
22     A   No.
23     Q   Do you know whether any of them have
24 previously been class representatives?
25     A   I don't know.

Page 143

1      Q   How many of the other named plaintiffs in this
2  case have filed for bankruptcy?
3      A   I have no idea.
4      Q   Did you take any steps whatsoever to figure
5  out who the other people are in this case that you're
6  being associated with?
7      A   No.
8      Q   And other than this website that you referred
9  to, did you take any effort to figure out the background
10 of the lawyer that's representing you?
11     A   No.
12     Q   How many lawyers are representing you in this
13 case?
14     A   Her.
15     Q   Okay. How many law firms are representing you
16 in this case?
17     A   One, as far as I know.
18     Q   Do you know who the judge is in this case?
19     A   No.
20     Q   Do you know what motions have been filed in
21 this case?
22     A   No.
23     Q   And -- and -- without looking at the
24 complaint, can you tell me what claims are being
25 asserted in this case?

Page 144

1      A   Claims on the -- on the class action?
2      Q   Yes.
3      A   One is for tips and the other one is
4  employer-employee.
5      Q   Other than tips, is there any other claim
6  that's being asserted in this case?
7      A   The employment.
8      Q   Other than an employment in order to get the
9  tips, is there any other --
10         MS. LISS-RIORDAN: Objection. Misstates his
11 testimony.
12 BY MR. HENDRICKS
13     Q   You may answer.
14     A   The one that we are an employer-employee
15 relationship. And the tips.
16     Q   Okay. So other than just the allegation of
17 employer-employee relationship and the tips, are there
18 any other claims being asserted?
19     A   Not that I know of.
20     Q   Other than seeking relief for tips, are you
21 seeking any other relief in this case?
22     A   Other than those two, no.
23     Q   Okay. And those two being tips and you want
24 some determination that you are, what, an employee? Is
25 that correct?

Page 145

1      A   Correct.
2      Q   But in terms of the economic, the monetary
3  relief you seek, the relief you're seeking is pertaining
4  to tips; is that correct?
5      A   Correct.
6          MS. LISS-RIORDAN: No. Misstates his
7  testimony. You're asking the same question multiple
8  times in hopes of getting a different answer.
9          MR. HENDRICKS: Counsel, that's absolutely not
10 the case, and I would request that you not do something
11 which you know is improper. Okay? There are no
12 speaking objections and there's no coaching. Okay.
13 BY MR. HENDRICKS
14     Q   So we kind of briefly talked about this
15 before. But do you know how many hearings there have
16 been in this case so far?
17     A   No.
18     Q   Do you know whether there are any hearings
19 that are currently scheduled?
20     A   No.
21     Q   Do you know how much time will be expected of
22 you to the extent you continue to participate in this
23 case?
24     A   No, I don't.
25     Q   Do you know what hearings you will be expected

```
 1                    DEPOSITION OFFICER'S CERTIFICATE
 2
 3   STATE OF CALIFORNIA      }
                              }  ss.
 4   COUNTY OF  ALAMEDA       }
 5
 6        I,  Karen Moon           , hereby certify:
 7        I am a duly qualified Certified Shorthand
 8   Reporter in the State of California, holder of
 9   Certificate Number CSR 12450 issued by the Court
10   Reporters Board of California and which is in full force
11   and effect.  (Fed. R. Civ. P. 28(a).)
12        I am authorized to administer oaths or
13   affirmations pursuant to California Code of Civil
14   Procedure, Section 2093(b) and prior to being examined,
15   the witness was first duly sworn by me.  (Fed. R. Civ.
16   P. 28(a), 30(f)(1).)
17        I am not a relative or employee or attorney or
18   counsel of any of the parties, nor am I a relative or
19   employee of such attorney or counsel, nor am I
20   financially interested in this action.  (Fed. R. Civ. P.
21   28.)
22        I am the deposition officer that
23   stenographically recorded the testimony in the foregoing
24   deposition and the foregoing transcript is a true record
25                            / / /
```

299

BARKLEY
Court Reporters

1 | of the testimony given by the witness.  (Fed. R. Civ. P.
2 | 30(f)(1).)
3 |         Before completion of the deposition, review of
4 | the transcript [ ] was [XX] was not requested.  If
5 | requested, any changes made by the deponent (and
6 | provided to the reporter) during the period allowed, are
7 | appended hereto.  (Fed. R. Civ. P. 30(e).)
8 | Dated: November 24, 2014
9 |
10 |                         _____
11 |

300

BARKLEY
Court Reporters