# Exhibit 17

SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORKTH, PETERS, LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:    (415) 433-0333
Facsimile:    (415) 449-6556

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV  13-3826-EMC<br><br>**PLAINTIFF MATTHEW MANAHAN'S ANSWERS AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC.'S INTERROGATORIES** |

1

PLAINTIFF MATTHEW MANAHAN'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES

Subject to and without waiving his general objections, Plaintiff states that he thought the Uber App would help him earn a living.

**INTERROGATORY NO. 4:**

State all facts supporting YOUR contention in Paragraph 24 of the COMPLAINT that YOU are DEFENDANT'S employee.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects that this interrogatory seeks a legal conclusion from a lay person. Subject to these and Plaintiff's general objections, Plaintiff states, with the aid of counsel, that he believes he was an employee because, among other reasons, his work has been tightly controlled by Uber and because the transportation services he provides form the core services of Uber's business. Some of the examples of which Uber has controlled Plaintiff include:

Plaintiff was required to submit to an interview with Uber personnel before he could work for Uber and he has been required to submit to a background check performed by Uber. Uber has further exerted its control over Plaintiff by telling him he will be terminated if he takes tips; dictating what rates to charge customers; maintaining a customer rating system and both informing Plaintiff of his rating every one to two weeks and making Plaintiff understand that he will be terminated if his scores are too low; keeping track of Plaintiff's hours worked and number of trips and frequently instructing Plaintiff to work more hours during busier times; instructing Plaintiff as to what to talk about and what not to talk about with customers; instructing Plaintiff how often he is permitted to call customers before a pick-up and warning him not to call customers too often; requiring Plaintiff to use a iPhone owned by Uber.

Plaintiff may not solicit business on his own and is not permitted to hand out business cards. Uber also warns Plaintiff not to speak on the phone while a customer is in his vehicle.

**INTERROGATORY NO. 5:**

Describe each of the "detailed requirements" YOU contend in Paragraph 24 of the COMPLAINT "Uber drivers" are "required to follow."

4

PLAINTIFF MATTHEW MANAHAN'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES

**AS TO ALL ANSWERS,**

The foregoing answers are true and accurate to the best of my knowledge. Signed under the pains and penalties of perjury August 1, 2014.

_____
Matthew Manahan

AS TO OBJECTIONS,

Respectfully submitted,

PLAINTFF MATTHEW MANAHAN

By his attorneys,

*[signature]*

Shannon Liss-Riordan, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: sliss@llrlaw.com

Dated:		August 8, 2014

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on counsel for the Defendant on August 8, 2014.

*[signature]*

Shannon Liss-Riordan, Esq.

11

PLAINTIFF MATTHEW MANAHAN'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES