GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
tboutrous@gibsondunn.com
DEBRA WONG YANG, SBN 123289
dwongyang@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
mmcrae@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
bstoker@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

SHANNON LISS-RIORDAN, *pro hac vice*
ADELAIDE PAGANO, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801
sliss@llrlaw.com
apagano@llrlaw.com

MATTHEW CARLSON, State Bar No. 273242
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 817-1470
mcarlson@carlsonlegalservices.com

Attorneys for Plaintiffs
DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. 13-03826-EMC<br><br>HON. Edward M. Chen<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     August 6, 2015<br>Time:    1:30 p.m.<br>Place:   Courtroom 5 |

Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-10(d), in advance of the Case Management Conference scheduled in this matter for August 6, 2015, at 1:30 p.m.

## I.   JURISDICTION AND SERVICE

The Parties do not intend to raise any issues regarding personal or subject matter jurisdiction or venue at this time.

## II.   LEGAL ISSUES

The primary legal issues remaining at this time are: (1) whether Plaintiffs are Uber's employees; (2) whether Uber has violated Labor Code Section 2802; (3) whether Uber has violated the California tip statute; and (4) whether Plaintiffs' claims may appropriately be adjudicated on a class basis.

## III.   PRIOR AND PENDING MOTIONS

### A.   Prior Motions Filed

(1) Plaintiffs' Emergency Motion for Protective Order to Strike Arbitration Clauses filed on August 21, 2013;

(2) Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses filed on August 26, 2013;

(3) Defendant's Motion to Dismiss filed on September 25, 2013;

(4) Defendant's Motion for Leave to File a Motion for Reconsideration of the Order Granting Plaintiffs' Renewed Emergency Motion for a Protective Order filed on December 20, 2013;

(5) Defendant's Motion for Administrative Relief Regarding Briefing filed on February 13, 2014;

(6) Defendant's Motion for Reconsideration filed on March 3, 2014;

(7) Defendant's Motion for Judgment on the Pleadings filed on July 9, 2014;

(8) Plaintiffs' Motion for Extension of Time to File their Response to Defendant's Motion for Judgment on the Pleadings filed on July 22, 2014;

(9) Plaintiffs' Motion for Leave to Appeal and Certify Order for Interlocutory Review filed on September 10, 2014;

(10) the Parties Joint Discovery Letter Brief filed on September 16, 2014;

(11) Defendant's Motion to Shorten Time to Hear Discovery Motion filed on September 19, 2014;

(12) Plaintiffs' Motion for Administrative Relief to Alter Briefing Schedule and Summary Judgment Hearing filed on September 24, 2014;

(13) Plaintiffs' Motion for Leave to File a Second Amended Complaint filed on September 24, 2014;

(14) the Parties Joint Discovery Letter Brief filed on October 3, 2014;

(15) Plaintiffs' Motion to Appear by Telephone at Upcoming Discovery Hearing filed on October 7, 2014;

(16) Plaintiffs' Motion Requesting That the Parties' Joint Discovery Letter be Heard At the Hearing Scheduled for October 9, 2014 filed on October 7, 2014;

(17) Plaintiffs' Motion Requesting Clarification of the Court's Amended Scheduling Order filed on October 8, 2014;

(18) Plaintiffs' Motion to Appear by Telephone at the Discovery Hearing Scheduled for October 30, 2014 filed on October 20, 2014;

(19) Plaintiffs' Motion to Appear by Telephone at the Hearing Scheduled for November 4, 2014 on Plaintiffs' Motion for Leave to Amend filed on October 31, 2014;

(20) Defendant's Motion for Leave to File Excess Pages in Support of its Motion for Summary Judgment filed on November 20, 2014;

(21) Plaintiffs' Motion for Leave to File Excess Pages and Request for Leave to File a Sur-Reply filed on November 21, 2014;

(22) Defendant's Motion for Summary Judgment filed on December 4, 2014;

(23) Defendant's Administrative Motion For Leave to File Under Seal Documents in Support of Summary Judgment filed on December 4, 2014;

(24) Plaintiffs' Administrative Motion For Leave to File Under Seal Documents in Opposition to Summary Judgment filed on December 30, 2014;

(25) Defendant's Administrative Motion to File Statement of New Decision filed on February 6, 2015;

(26) Plaintiffs' Motion for Leave to File a Third Amended Complaint on March 16, 2015;

(27) Plaintiffs' Motion for Class Certification filed on April 23, 2015;

(28) Defendant's Unopposed Administrative Motion for Leave to File Excess Pages for Defendant's Memorandum Opposing Plaintiffs' Motion for Class Certification and Plaintiffs' Reply;

(29) the Parties' Joint Discovery Letter Brief filed June 19, 2015; and

(30) Plaintiffs' Motion to Appear by Telephone at Discovery Hearing Scheduled for July 16, 2015.

Plaintiffs' Motion for Leave to File a Third Amended Complaint is currently pending and was heard by this Court on May 14, 2015. Also currently pending is Plaintiffs' Motion for Class Certification, which is set for hearing on August 6, 2015, at 1:30pm.

**B.  Defendant's Anticipated Motions**

Defendant opposes Plaintiffs' Motion for Leave to File a Third Amended Complaint. Should this Court grant Plaintiffs' Motion and Plaintiffs file a Third Amended Complaint, Defendant intends to move to dismiss/strike certain portions for reasons that will be explained fully in its Motion to Dismiss/Strike.

In addition, Defendant reserves the right to file motions for summary judgment including, but not limited to, on Plaintiffs' California Labor Code Section 351 (tips) claim, and on the Labor Code 2802 claim. Moreover, if the Court grants Plaintiffs' Motion for Class Certification, Defendant will consider whether to file additional motions for summary judgment.

**IV.  AMENDMENT OF PLEADINGS**

On March 16, 2015, Plaintiffs filed a motion for leave to file a Third Amended Complaint. Dkt. No. 253. That motion was heard on May 14, 2015 and taken under submission by the Court.

**V.  DISCOVERY**

The parties have exchanged written discovery in the form of requests for admission, interrogatories, and requests for production of documents. Defendant has deposed all of the named Plaintiffs, but reserved the right to continue those depositions. Plaintiffs object to any further deposition of the named Plaintiffs. Plaintiffs have taken the depositions of two Rule 30(b)(6)

witnesses, as well as the depositions of William Barnes, the General Manager at Uber Los Angeles, Ilya Abyzov, the General Manager at Uber San Francisco, and Ryan Graves, the Vice President of Operations for Uber.

The parties met and conferred regarding various discovery issues and filed a Joint Discovery Letter with Magistrate Judge Ryu on June 19, 2015. After a hearing on July 16, 2015, the parties further met and conferred and agreed to a stipulation that resolved the discovery dispute. Should further motion practice regarding discovery become necessary, the parties will raise their issues with Magistrate Judge Ryu.

## VI. CLASS ACTION SCHEDULE

The Court will hear argument on Plaintiffs'' Motion for Class Certification on August 6, 2015.

## VII. RELATED CASES

The Court has related this case and the following cases pending in the United States District Court for the Northern District of California: *Ehret v. Uber Technologies, Inc.*, Case No. C 14-00113 EMC; *Mohamed v. Uber Technologies, Inc.*, Case No. C 14-05200 EMC; *Gillette v. Uber Technologies, Inc.*, Case No. C 14-05241; *Yucesoy v. Uber Technologies, Inc.*, Case No. C 15-00262. The parties are also aware of the following related case in another jurisdiction: *Steven Price v. Uber Technologies, Inc.*, Los Angeles Superior Court Case No. BC554512, and *Ghazi v. Uber Technologies, Inc.*, San Francisco Superior Court Case No. CGC-15-545532.

## VIII. RELIEF

### A. Plaintiffs' Statement

Plaintiffs seek relief as set forth in their operative complaint (and in their Third Amended Complaint, should the Court allow the amendment).

### B. Defendant's Statement

Defendant denies that Plaintiffs are entitled to recover any damages or relief whatsoever and further denies that Plaintiffs may maintain this action as a class action.

## IX. SETTLEMENT AND ADR

The Parties participated in private mediation with mediator Jeffrey A. Ross on April 1, 2014, but were unable to reach an agreement to settle this matter. The Parties have not engaged in further mediation or settlement discussions. The Parties await and will comply with any instructions by the Court regarding whether further mediation is appropriate.

## X. SCHEDULING

### A. Plaintiffs' Position

Plaintiffs believe this case will be ready for trial soon after the Court rules on class certification and assuming a class is certified, after an appropriate notice is issued allowing for an "opt-out" period from the class.

### B. Defendant's Position

Defendant reasserts that, given the status of the pleadings and the uncertainty of the class certification ruling, it is premature to propose further scheduling at this time.

## XI. TRIAL

Plaintiffs state that, following the Court's ruling on class certification, this case will be ready to be set for trial at the Court's convenience.

Defendant states that it is appropriate to postpone specific consideration of the length or date of trial until after the Court rules on Plaintiffs' Motion for Class Certification.

Respectfully submitted,

Dated: July 30, 2015  GIBSON, DUNN & CRUTCHER LLP

/s/   Theane D. Evangelis
Theane D. Evangelis
Attorneys for Defendant

Dated: July 30, 2015  Lichten & Liss-Riordan L.C.

/s/   Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Attorneys for Plaintiffs

**ECF ATTESTATION**

I, Shannon Liss-Riordan, am the ECF User whose ID and Password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45 X.B, I hereby attest that Theane D. Evangelis has concurred in this filing.

Dated: July 30, 2015                                  LICHTEN & LISS-RIORDAN, P.C.

                                                       By /s/ Shannon Liss-Riordan
                                                       Shannon Liss-Riordan
                                                       Attorneys for Plaintiffs