# Exhibit 2

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
DEBRA WONG YANG, SBN 123289
  dwongyang@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
  bstoker@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                     Defendant. | Case No. CV 13-03826-EMC<br><br>**DECLARATION OF THEANE EVANGELIS IN SUPPORT OF DEFENDANT UBER TECHNOLOGIES, INC.'S SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date:   August 6, 2015<br>Hearing Time:   1:30 p.m.<br>Hearing Place:  Courtroom 5<br>Judge:          Hon. Edward M. Chen |

1

**DECLARATION OF THEANE EVANGELIS**

I, Theane Evangelis, declare as follows:

1. I am an attorney admitted to practice law before the United States District Court for the Northern District of California. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and I am one of the attorneys primarily responsible for the representation of Uber Technologies, Inc. ("Uber") in the above-entitled action. I make this declaration in support of Uber's Surreply in Response to Plaintiffs' Reply in Support of Their Motion for Class Certification. I have personal knowledge of the matters stated herein, through personal review of the documents and information described herein or through information gathered and provided to me by individuals at my firm, at my direction. If called upon to do so, I could and would competently testify hereto.

2. After Plaintiffs filed their motion for class certification in this action, Uber—by and through its counsel—interviewed and obtained the declarations of 385 California drivers who have used the uberX, UberBLACK, and/or UberSUV platforms of the Uber lead generation software application (the "Uber App") since August 16, 2009, *i.e.*, putative class members.[1] Uber filed these 385 declarations on July 9, 2015 concurrently with its Opposition to Plaintiffs' Motion for Class Certification, *see* ECF No. 298.

3. Each of the 385 putative class members referenced above was initially contacted by a member of Uber's Driver Operations team who asked whether the putative class member would be interested in providing information to help Uber defend itself against a class action lawsuit. Members of Uber's Driver Operations team were instructed to read a script word for word to the putative class members. This script was written by Uber's counsel.

4. Attached as Exhibit A is a true and correct copy of the script that was provided to the members of Uber's Driver Operations team who contacted the putative class members.

---

[1] In support of its opposition to class certification, Uber also filed 21 driver declarations that were previously filed in support of its Motion for Summary Judgment, *see* ECF Nos. 211 & 214, bringing the total number of driver declarations above 400, *see* Uber's Opp'n to Pls.' Mot. for Class Cert. at 1, ECF No. 298.

5. Each of the 385 putative class members was then interviewed by an attorney from Gibson Dunn or Littler Mendelson P.C. Following the interview, each putative class member reviewed and signed a declaration reflecting the contents of the interview.

6. The attorneys who conducted the interviews and obtained the declarations of these 385 individuals were instructed to read a pre-interview script to each individual prior to conducting an interview. The pre-interview script was prepared by Uber's counsel. Attorneys were instructed to read this script word for word before each interview, and to follow all instructions contained therein.

7. Attached as Exhibit B is a true and correct copy of the pre-interview script that was provided to the attorneys conducting the interviews and obtaining the declarations.

8. In support of their reply brief, Plaintiffs filed six driver declarations from drivers whose declarations were filed concurrently with Uber's Opposition to Plaintiffs' Motion for Class Certification. *See* Declaration of Elizabeth Lopez Beltrán Exs. A-F, ECF No. 314. Plaintiffs state that "it appears that Uber obtained [driver] declarations under false pretenses, without fully explaining to the drivers what this case is about, and what the plaintiffs are seeking to recover on behalf of the class." Pls.' Reply in Support of Their Motion for Class Certification at 18 n.24, ECF No. 312 ("Reply"). To aid in the Court in analyzing and comparing the declarations submitted by the parties in this matter, each of the following exhibits includes: 1) a driver declaration filed by Uber on July 9th, 2015, in support of Uber's Opposition to Plaintiffs' Motion for Class Certification, ECF No. 307, and 2) the same declarant's declaration filed on July 23, 2015, and attached to Elizabeth Lopez Beltrán's declaration in support of Plaintiffs' Reply.

    a. Attached as Exhibit C are true and correct copies of the declarations of Daniel James Beltran;

    b. Attached as Exhibit D are true and correct copies of the declarations of Andrew Harris;

    c. Attached as Exhibit E are true and correct copies of the declarations of Angel Herroz;

    d. Attached as Exhibit F are true and correct copies of the declarations of Eduardo Belloso;

  e. Attached as <u>Exhibit G</u> are true and correct copies of the declarations of Ernesto Gallardo;

  f. Attached as <u>Exhibit H</u> are true and correct copies of the declarations of Arthur Jimenez.

9. On July 13, 2015, I sent an email to Shannon Liss-Riordan, counsel for Plaintiffs, asking how counsel would prefer to receive the data considered by Dr. Justin McCrary. An email correspondence ensued in which Uber offered to make Dr. McCrary available for deposition at a mutually agreed upon date.

10. Attached as <u>Exhibit I</u> is a true and correct copy of this email correspondence.

11. Plaintiffs' counsel did not reply to Uber's offer to make Dr. McCrary available for deposition, never proposed a time for a deposition of Dr. McCrary, and never requested an extension of time for the reply brief in order to take the deposition of Dr. McCrary. I have been informed that Plaintiffs' counsel received and could fully access the expert data.

12. On July 28, 2015, I was copied on email correspondence between Dhananjay Manthripragada, an associate attorney at Gibson Dunn, and Plaintiffs' counsel. Mr. Manthripragada requested that Plaintiffs' counsel stipulate to the filing of a surreply in accordance with Civil Local Rule 7-11 and Standing Order 4, but Plaintiffs' counsel declined to so stipulate.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California, the 30th day of July, 2015.

By: */s/ Theane Evangelis*
   Theane Evangelis

   Attorney for Defendant
   UBER TECHNOLOGIES, INC.

**ECF ATTESTATION**

I, Dhananjay S. Manthripragada, attest that concurrence in the filing of this document has been obtained from the other Signatory, which shall serve in lieu of her signature on the document. Signed this 30th day of July, 2015.

/s/ *Dhananjay S. Manthripragada*
Dhananjay S. Manthripragada