GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
DEBRA WONG YANG, SBN 123289
  dwongyang@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
  mmcrae@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
  bstoker@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | Case No. CV 13-03826-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION; [PROPOSED] ORDER**<br><br>Hearing Date:   August 6, 2015<br>Hearing Time:   1:30 p.m.<br>Hearing Place:   Courtroom 5<br>Judge:   Hon. Edward M. Chen |

## MOTION FOR ADMINISTRATIVE RELIEF TO FILE SURREPLY

Pursuant to Civil Local Rule 7-11 and Standing Order No. 4, Defendant Uber Technologies, Inc. ("Uber") respectfully requests that the Court enter an order granting Uber leave to file a surreply in response to Plaintiffs' Reply in Support of Their Motion for Class Certification, ECF No. 312 ("Reply").[1] Uber's Surreply in Response to Plaintiffs' Reply ("Surreply") is attached hereto as Exhibit 1 and declarations in support of the Surreply are attached hereto as Exhibits 2 through 8. Uber has complied with Local Rule 7-11 and Standing Order No. 4 by asking Plaintiffs to stipulate to the filing of the Surreply and supporting declarations; however, Plaintiffs' counsel has refused Uber's request. *See* Ex. 2, Evangelis Decl. in Supp. of Uber's Surreply ("Evangelis Decl.") ¶ 12.

A court may grant leave to file a surreply whenever "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Sampiero v. Davis*, 2015 WL 2455541, at *1 n.1 (E.D. Cal. May 22, 2015) (internal quotation marks and citation omitted); *see also United States v. Quintanilla*, 2010 WL 4922686, at *3 n.2 (N.D. Cal. Nov. 29, 2010). A surreply also may be appropriate when a party seeks leave to respond to new evidence presented in a reply brief. *Resnansky v. United States*, 2015 WL 1968606, at *8 n.4 (N.D. Cal. May 1, 2015); *Bautista v. Hunt & Henriques*, 2012 WL 160252, at *3 n.1 (N.D. Cal. Jan. 17, 2012).

In their Reply, Plaintiffs raise—for the first time—three new arguments pertaining to their request for class certification. They urge the Court to: (1) ignore the more than 400 driver declarations filed with Uber's opposition brief based on unsupported accusations that they were allegedly "obtained . . . under false pretenses";[2] (2) "disregard[]" the expert report of Dr. Justin McCrary filed in support of Uber's opposition to class certification, ECF No. 301 ("McCrary Report"), on grounds that it is purportedly "inadmissible and legally irrelevant"; and (3) give

---

[1] Alternatively, Uber requests that the Court consider Uber's arguments in the attached Surreply as an Objection to Reply Evidence under Local Rule 7-3(d)(1).

[2] After Plaintiffs filed their motion for class certification in this action, Uber—by and through its counsel—interviewed and obtained the declarations of 385 California drivers who have used the uberX, UberBLACK, and/or UberSUV platforms of the Uber App since August 16, 2009, *i.e.*, putative class members. Evangelis Decl. ¶ 2. Uber filed these 385 declarations, as well as another 21 driver declarations that were previously filed in support of Uber's Motion for Summary Judgment, concurrently with Uber's Opposition to Plaintiffs' Motion for Class Certification. *Id.* & ¶ 2 n.1.

deference to statements made by the U.S. Department of Labor ("DOL") in an administrative interpretation of the Fair Labor Standards Act ("FLSA") when determining whether class certification is proper here. *See* Pls.' Reply in Supp. of Their Mot. For Class Cert., ECF No. 312 ("Reply"), at 3 n.4, 8 n.10, 9 n.11, 18 n.24. In such circumstances, where a party introduces new evidence or makes an evidentiary objection in the reply, courts routinely grant leave to file a surreply. *See, e.g.*, *Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 197 (N.D. Cal. 2009) (noting that court granted leave to file surreply including an argument against new evidence in the form of declarations); *Makreas v. First Nat. Bank of N. California*, 2013 WL 2436589, at *3 (N.D. Cal. June 4, 2013) (noting that the court allowed the filing of a surreply for the "purpose of addressing [ ] evidentiary objections"); *Quintanilla*; 2010 WL 4922686, at *3 n.2 (granting request to file surreply that discussed authority issued after the close of briefing).

A surreply is warranted in this case because, as set forth below and more fully in the Surreply attached hereto as Exhibit 1, Plaintiffs' contentions have no basis in fact or law:

**First**, Plaintiffs' claim that "Uber obtained [driver] declarations under false pretenses" is baseless, unsupported by the handful of driver declarations Plaintiffs submitted, and rests solely on hearsay testimony from Plaintiffs' counsel's paralegal. Uber's attorneys used a script that informed each driver that the attorney taking his or her declaration represented Uber, explained the claims at issue in this litigation and the fact that drivers could fall within the putative class, and emphasized the fact that giving a declaration was entirely voluntary, without benefit or risk of retaliation. *See* Evangelis Decl. ¶¶ 2-7, Exs. A & B; *see also* Exs. 3-8, Declarations of Armen Adzhemyan, Van Allyn Goodwin, Annureet Grewal, Victor Lee, Lalitha Madduri, and Nima Rahimi in Supp. of Uber's Surreply. Further, the entire basis for Plaintiffs' specious accusations—the Declaration of Elizabeth Lopez Beltrán, filed with Plaintiffs' reply brief—rests on nothing more than hearsay. *See Taylor v. Shippers Transp. Exp., Inc.*, 2014 WL 7499046, at *4 (C.D. Cal. Sept. 30, 2014) (a declaration in which the declarant describes what other people supposedly "contacted him to tell him" . . . is "inadmissible hearsay"); *Twentieth Century Fox Film Corp. v. Dastar Corp.*, 2000 WL 35503105, at *2 (C.D. Cal. Jan. 4, 2000) (sustaining hearsay objections to a declaration that relayed the declarant's conversation with another person). And, despite Beltrán's unsupported statement that over 1,700

drivers have contacted Plaintiffs' counsel to "express[] their support for the case and their desire to be classified as Uber's employees," *see* Reply at 18, Plaintiffs do not submit a single driver declaration stating so.

*Second*, the expert declaration of Justin McCrary discusses a number of factual issues and economic themes that are plainly relevant to class certification under *Borello*, including the profound differences among drivers who use the Uber App and how they use it, *see* McCrary Report at 30-74, *Arnold v. Mut. of Omaha Ins. Co.*, 202 Cal. App. 4th 580, 589 (2011), the minimal degree of supervision exercised by Uber over drivers, *see* McCrary Report at 74-81, *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 350–51 (1989), the difficulties associated with calculating Plaintiffs' claimed damages on a classwide basis, *see* McCrary Report at 81-90, *Comcast v. Behrend*, 133 S. Ct. 1426, 1433 (2013), and the fact that many drivers would be harmed by the very relief Plaintiffs seek, *see* McCrary Report at 91-97, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997), *Broussard v. Meineke Discount Muffler Shops*, 155 F.3d 331, 338 (4th Cir. 1998). Furthermore, Uber has complied fully with the Federal Rules because, contrary to Plaintiffs' claims, Rule 26 does not require parties to disclose the existence or identity of their expert witnesses prior to the filing of their class certification briefing, absent a court order requiring disclosure, *see Ridgeway v. Wal-Mart Stores, Inc.*, 2014 WL 4477662, at *11 (N.D. Cal. Sept. 10, 2014); *Ewert v. eBay, Inc.*, 2010 WL 4269259, at *13 (N.D. Cal. Oct. 25, 2010), and Plaintiffs have suffered no harm as a result, *see Carrillo v. Schneider Logistics Inc.*, 2013 WL 6442328, at *2 (C.D. Cal. Dec. 6, 2013); *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 190–91, 195 (N.D. Cal. 2004).

*Third*, the Administrator's Interpretation recently issued by the DOL discusses the manner by which the federal FLSA should be interpreted, not the standards for analyzing employee misclassification claims under California law (which differs from the FLSA), and Plaintiffs have not explained why this federal agency interpretation of federal law is entitled to any deference when this Court interprets California's *state* misclassification law. Even if this Court were to conclude that the Administrator's Interpretation were relevant, it would in fact *undermine* Plaintiffs' efforts to obtain class certification. *See* Administrator's Interpretation No. 2015-1 at 2 (Dep't of Labor Wage and Hour Div. July 15, 2015) ("All of the factors must be considered in each case, and no one factor

(particularly the control factor) is determinative of whether a worker is an employee."); *see also id*. at 14 ("The control factor should not overtake the other factors of the economic realities test . . . ."); *id*. at 7 n.6 ("The addition or alteration of any . . . fact[] . . . could change the resulting analysis.").

Furthermore, Plaintiffs would suffer no prejudice should the Court grant this motion. The upcoming class certification hearing is not scheduled to take place for another week, ample time for Plaintiffs to prepare a response to the Surreply if they deem that such a response is necessary.

For the foregoing reasons, and those set forth more fully in the accompanying Surreply, Uber respectfully requests that the Court grant this motion and deem Exhibits 1 through 8 to be filed in response to Plaintiffs' Reply.

DATED: July 30, 2015　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP

　　　　　　　　　　　　　　　　　　　　By: ____/s/ Theodore J. Boutrous, Jr._____
　　　　　　　　　　　　　　　　　　　　　　　　Theodore J. Boutrous, Jr.

　　　　　　　　　　　　　　　　　　　　Attorneys for UBER TECHNOLOGIES, INC.

### ECF ATTESTATION

I, Dhananjay S. Manthripragada, attest that concurrence in the filing of this document has been obtained from the other Signatory, which shall serve in lieu of his signature on the document. Signed this 30th day of July, 2015.

　　　　　　　　　　　　　　　　　　　　___/s/ Dhananjay S. Manthripragada___
　　　　　　　　　　　　　　　　　　　　　　　　Dhananjay S. Manthripragada

**[PROPOSED] ORDER**

Defendant Uber Technologies, Inc.'s ("Uber") Motion for Administrative Relief to File Surreply In Response To Plaintiffs' Reply In Support Of Their Motion For Class Certification is GRANTED.  Uber's Surreply In Response to Plaintiffs' Reply In Support Of Their Motion For Class Certification (Exhibit 1) and the declarations submitted in support thereof (Exhibits 2 through 8) are hereby deemed FILED on this date.

IT IS SO ORDERED.

Dated: _7/31/15_____

*IT IS SO ORDERED*
*Judge Edward M. Chen*
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA