SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO*, pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'CONNOR, THOMAS
COLOPY, MATTHEW MANAHAN, and
ELIE GURFINKEL, individually and
on behalf of all others similarly situated,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC,

Defendant.

Case No. CV  13-3826-EMC

**DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**

1

1

2          I, Shannon Liss-Riordan, hereby declare:

3     1.   I am a partner at the law firm of Lichten & Liss-Riordan, P.C., and counsel for the Plaintiffs in

4          the above-captioned matter.  I submit this declaration in support of Plaintiffs' Motion to Strike.  I

5          have personal knowledge of the information set forth herein.

6     2.   Attached hereto as **Exhibit 1** is a true and correct copy of Defendant Uber Technologies Inc.'s

7          First Supplemental Response to Plaintiffs' First Request for Production of Documents, dated

8          July 6, 2015.

9     3.   Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from Defendant Uber

10         Technologies Inc.'s First Response to Plaintiffs' First Request for Production of Documents,

11         dated July 2, 2014.

12    4.   Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the Rule 30(b)(6)

13         deposition of Michael Coleman.

14    5.   Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from Defendant Uber

15         Technologies Inc.'s Further Supplemental Initial Disclosures, dated July 9, 2015.

16

17         I declare under penalty of perjury that the foregoing is true and correct.

18         Executed on August 3, 2015, at Boston, Massachusetts

19

20                                         By:  ___*/s/ Shannon Liss-Riordan*_____
                                                Shannon Liss-Riordan, Esq.
21

22

23

24

25

26

27

28

2

# Exhibit 1

1   THEODORE J. BOUTROUS JR., SBN 132099
       tboutrous@gibsondunn.com
2   DEBRA WONG YANG, SBN 123289
       dwongyang@gibsondunn.com
3   MARCELLUS MCRAE, SBN 140308
       mmcrae@gibsondunn.com
4   THEANE EVANGELIS, SBN 243570
       tevangelis@gibsondunn.com
5   DHANANJAY S. MANTHRIPRAGADA, SBN 254433
       dmanthripragada@gibsondunn.com
6   BRANDON J. STOKER, SBN 277325
       bstoker@gibsondunn.com
7   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
8   Los Angeles, CA  90071-3197
    Telephone: 213.229.7000
9   Facsimile:  213.229.7520

10  JOSHUA S. LIPSHUTZ, SBN 242557
       jlipshutz@gibsondunn.com
11  KEVIN RING-DOWELL, SBN 278289
       kringdowell@gibsondunn.com
12  GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
13  San Francisco, CA 94105-0921
    Telephone:   415.393.8200
14  Facsimile:   415.393.8306

15  Attorneys for Defendant
    UBER TECHNOLOGIES, INC.
16

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19

20  DOUGLAS O'CONNOR, THOMAS COLOPY,          | Case No. 13-03826-EMC
    MATTHEW MANAHAN, and ELIE
21  GURFINKEL, individually and on behalf of all   | Hon. Edward M. Chen
    others similarly situated,
22                                            | **DEFENDANT UBER TECHNOLOGIES,**
                        Plaintiffs,            | **INC.'S FIRST SUPPLEMENTAL**
23                                            | **RESPONSE TO PLAINTIFFS' FIRST**
                 v.                            | **REQUEST FOR PRODUCTION OF**
24                                            | **DOCUMENTS**
    UBER TECHNOLOGIES, INC.,
25
                        Defendant.
26

27  **PROPOUNDING PARTY:** Plaintiffs Douglas O'Connor and Thomas Colopy

28  **RESPONDING PARTY:**   Defendant Uber Technologies, Inc.

                                    1

**SET NUMBER:**        One

Pursuant to Federal Rule of Civil Procedure 34, Defendant Uber Technologies, Inc. ("Defendant") hereby provides the following first supplemental responses and objections ("Supplemental Responses") to the First Set of Requests for Production of Documents ("Requests") propounded by Plaintiffs Douglas O'Connor and Thomas Colopy as follows:

## I.    PRELIMINARY STATEMENT

Defendant has not completed its investigation of this action, has not completed discovery, and has not completed its trial preparation. Accordingly, the Supplemental Responses contained herein are based on Defendant's knowledge, information and belief at this time, and are made without prejudice to any objections. It is anticipated that further independent investigation, discovery, legal research, and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the Supplemental Responses set forth herein.

The following Supplemental Responses are given without prejudice to the Defendant's right to introduce evidence of any subsequently discovered fact or facts which the Defendant may later locate or recall. Defendant accordingly reserves the right to change any and all Supplemental Responses as additional facts are ascertained, further analysis and legal research is completed, and/or contentions are made. The Supplemental Responses herein are made in a good faith effort to supply as much information as is presently known, which should in no way be to the prejudice of Defendant in relation to further discovery, research, or analysis. All of Defendant's Supplemental Responses are made subject to this Preliminary Statement.

## II.    GENERAL OBJECTIONS

The following General Objections apply to each and every applicable Request, and are incorporated by reference into each and every applicable response as if set forth in full in each such numbered response.

1.    Defendant objects that the Requests seek individualized discovery concerning individuals other than Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel (the "Named Plaintiffs") when this matter has not been certified as a class action, such

DEF.'S FIRST SUPPL. RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

1  individuals are not otherwise a party to or a participant in this action, and the Court has indicated that

2  the Parties should only "proceed with reasonable discovery focused on individual class

3  representatives, facts material to enforceability of arbitration clauses, and high level information and

4  documents relative to class certification and damages," which discovery should "be focused and

5  designed not to be overly burdensome in this first phase." *See* Dkt. No. 92; *see also* Dkt. No. 119

6  ("I'm going to ask that discovery proceed, but with a focus on class cert. So not to spend a lot of time

7  on things that don't relate to class cert.").  Requests seeking individualized discovery concerning

8  individuals other than the Named Plaintiffs are therefore inappropriate, premature, and unduly

9  burdensome.

10      2.      Defendant objects to the Requests to the extent that they seek documents not relevant

11  to the subject matter of the instant suit, are not calculated to lead to the discovery of admissible

12  evidence, and are unduly burdensome and oppressive.

13      3.      To the extent that the Requests seek information which is protected by the attorney-

14  client privilege and/or work product doctrine, Defendant objects on the grounds of said privilege and

15  doctrine, and declines to provide such documentation.  This objection extends to and includes

16  requests for documents regarding the identities of individuals with knowledge of matters where such

17  persons are counsel for Defendant or obtained such knowledge solely through communications with

18  counsel for Defendant, and to requests for documents regarding the identities of individuals who

19  participated in communications, where such communications were between Defendant and its

20  counsel.

21      4.      Defendant objects to the Requests to the extent that they seek information the release

22  of which would be a violation of any individual's right of privacy under Article I, section 1 of the

23  California Constitution, or Sections 1799.1 and 3344 of the California Civil Code, or any other

24  constitutional, statutory or common law right of privacy of any person.

25      5.      Defendant objects to the Requests to the extent that they are overly broad, unduly

26  burdensome, and oppressive to the extent that they request Defendant to obtain documentation from

27  individuals not employed by Defendant or from documents not in Defendant's possession, custody,

28  or control.

DEF.'S FIRST SUPPL. RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

1   6.  Defendant objects the Requests on the ground, and to the extent, that they seek

2 information that could more easily and properly be obtained from non-parties.

3   7.  Defendant objects to the Requests on the grounds, and to the extent, that they are

4 vague, ambiguous, unintelligible, uncertain, overly broad, duplicative, and unreasonably oppressive.

5   8.  Defendant objects to the Requests on the grounds, and to the extent, that they seek a

6 legal conclusion.  Defendant's responses shall not be construed as providing a legal conclusion

7 concerning the meaning of any terms or phrases.

8   9.  Defendant objects to the Requests on the grounds, and to the extent, that they assume

9 disputed facts or legal conclusions.  In responding to the Requests, Defendant neither admits nor

10 denies any such facts or legal conclusions.

11   10.  Defendant objects to the Requests to the extent that they are overly broad as to time,

12 scope, and geography.

13   11.  Defendant objects to the Requests, including the definitions and instructions, to the

14 extent that they seek to impose obligations or requirements on Defendant beyond those contained in

15 the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and/or the Local Rules and

16 procedures of this Court.

17   12.  Defendant objects to the definition of "document" on the grounds that it is overbroad

18 and the Requests are thus unduly burdensome and oppressive and seek documents not relevant to the

19 subject matter of the instant suit, nor calculated to lead to the discovery of admissible evidence.

20   13.  Defendant makes the following Supplemental Responses with the understanding that

21 the Requests seek information relating to Defendant's operations in California.  *See* Second Amended

22 Complaint, Dkt. No. 199, ¶¶ 1, 24.

23   14.  Defendant incorporates each of these General Objections and the limitations discussed

24 therein into the following responses below.

25   Subject to and without waiving any of the foregoing objections, Defendant responds as

26 follows:

27

28

DEF.'S FIRST SUPPL. RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

1

2

## FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

3

### REQUEST FOR PRODUCTION NO. 1:

4

5

6

7
All documents describing any requirements for drivers to begin providing transportation services using the Uber mobile phone application (including but not limited to any application materials that have been in use by Uber at any time, registration requirements, and all versions of all contracts Uber has used with any such drivers.).

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

8

9

10

11

12

13

14

15·

16

17

18

19

20

21

22

23

24

25

26

27

28
Defendant incorporates in full herein its preliminary statement and its general objections. Defendant objects that this Request is argumentative and premised upon alleged facts that are not accurate. Defendant objects to this Request on the ground that it is vague and ambiguous in its use of the undefined terms "requirements," "application materials, and "registration requirements." Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and oppressive in that it seeks "all documents" and seeks information concerning drivers who operated in cities in which the Named Plaintiffs did not operate. Defendant objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the Request to the extent it seeks information which is protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request to the extent that it seeks documents which contain information in which individuals have a legitimate expectation or right of privacy or confidentiality under California law, and any other constitutional, statutory, or common law right of privacy. Defendant objects to this Request on the grounds that individualized discovery is an abuse of the class action procedure, premature, and unduly burdensome and oppressive. Defendant objects that this Request is improper in that the Named Plaintiffs cannot sustain their burden to make a sufficient showing to justify such individualized class-wide discovery prior to class certification. Defendant objects that this Request is improper under the Class Action Fairness Act.

Subject to and without waiving the foregoing or its general objections, Defendant responds as follows: Defendant will produce documentation received from the Named Plaintiffs and agreements

---

DEF.'S FIRST SUPPL. RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

1   entered into with the Named Plaintiffs.  Defendant will also produce exemplars of Terms and

2   Conditions, Software License and Online Services Agreements, Transportation Provider Service

3   Agreements, Software Sublicense & Online Services Agreements and Driver Addendums sent to

4   California UberX, UberBlack, and UberSUV app users between August 16, 2009 and the present.

5   Defendant will also produce current website information reflecting any generally applicable

6   requirements for drivers to access the Uber Application.  Historical website information reflecting

7   generally applicable requirements for drivers to gain access to its application is available in the

8   Internet Archive at www.archive.org but is not maintained by Uber.  Defendant will also produce

9   readily available internet advertising related to the Uber application and the requirements to become

10  authorized to use the application for lead generation service.

11

12  Dated: July 6, 2014                          GIBSON, DUNN & CRUTCHER LLP

13

14                                               By: _____
                                                        Theane Evangelis

15                                               Attorneys for Defendant
16                                               UBER TECHNOLOGIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEF.'S FIRST SUPPL. RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

# Exhibit 2

1　MORGAN, LEWIS & BOCKIUS LLP
　　ROBERT JON HENDRICKS (SBN 179751)
2　STEPHEN L. TAEUSCH (SBN 247708)
　　CAITLIN V. MAY (SBN 293141)
3　One Market, Spear Street Tower
　　San Francisco, California  94105
4　Telephone:  415.442.1000
　　Facsimile:  415.442.1001
5　rhendricks@morganlewis.com
　　staeusch@morganlewis.com
6　cmay@morganlewis.com

7　Attorneys for Defendant
　　UBER TECHNOLOGIES, INC.

8

9　　　　　　　　UNITED STATES DISTRICT COURT

10　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12　DOUGLAS O'CONNOR, THOMAS COLOPY, DAVID KHAN, MATTHEW MANAHAN, WILSON ROLLE, JR., and WILLIAM ANDERSON, individually and on behalf of all others similarly situated, | Case No. 13-03826-EMC |
| | Hon. Edward M. Chen |
| 15　　　　　　　Plaintiffs, | **DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 16　　　　v. | |
| 17　UBER TECHNOLOGIES, INC., | |
| 18　　　　　　　Defendants. | |

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1

DEFENDANT'S RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

DB2/ 25005781.2

1    responds as follows:  Defendant will produce relevant documents referring to each of the Named

2    Plaintiffs, including, where applicable, ZenDesk communications between Defendant and the

3    Named Plaintiffs, MailChimp communications, text message records, agreements, payment

4    statements, tax forms, and documents received from the Named Plaintiffs in connection with the

5    onboarding process.

6    **REQUEST FOR PRODUCTION NO. 2:**

7         All documents describing any requirements for drivers to begin providing transportation

8    services using the Uber mobile phone application (including but not limited to any application

9    materials that have been in use by Uber at any time, registration requirements, and all versions of

10   all contracts Uber has used with any such drivers.).

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

12        Defendant incorporates in full herein its preliminary statement and its general objections.

13   Defendant objects that this Request is argumentative and premised upon alleged facts that are not

14   accurate.  Defendant objects to this Request on the ground that it is vague and ambiguous in its

15   use of the undefined terms "requirements," "application materials, and "registration

16   requirements."  Defendant objects to this Request on the grounds that it is overly broad, unduly

17   burdensome, harassing, and oppressive in that it seeks "all documents" and seeks information

18   concerning drivers who operated in cities in which the Named Plaintiffs did not operate.

19   Defendant objects to this Request to the extent that it seeks information that is neither relevant to

20   the subject matter of this litigation nor reasonably calculated to lead to the discovery of

21   admissible evidence.  Defendant objects to the Request to the extent it seeks information which is

22   protected by the attorney-client privilege and/or work product doctrine.  Defendant objects to this

23   Request to the extent that it seeks documents which contain information in which individuals

24   have a legitimate expectation or right of privacy or confidentiality under California law, and any

25   other constitutional, statutory, or common law right of privacy.  Defendant objects to this Request

26   on the grounds that individualized discovery is an abuse of the class action procedure, premature,

27   and unduly burdensome and oppressive.  Defendant objects that this Request is improper in that

28   the Named Plaintiffs cannot sustain their burden to make a sufficient showing to justify such

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25005781.2

5

DEFENDANT'S RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

1 individualized class-wide discovery prior to class certification. Defendant objects that this

2 Request is improper under the Class Action Fairness Act.

3     Subject to and without waiving the foregoing or its general objections, Defendant

4 responds as follows: Defendant will produce documentation received from the Named Plaintiffs

5 and agreements entered into with the Named Plaintiffs. Defendant will also produce current

6 website information reflecting any generally applicable requirements for drivers to access the

7 Uber Application. Historical website information reflecting generally applicable requirements for

8 drivers to gain access to its application is available in the Internet Archive at www.archive.org but

9 is not maintained by Uber. Defendant will also produce readily available internet advertising

10 related to the Uber application and the requirements to become authorized to use the application

11 for lead generation service.

12 **REQUEST FOR PRODUCTION NO. 3:**

13     All documents describing any rules, requirements, expectations, or suggestions (that have

14 been disseminated to drivers at any time) for drivers who have provided transportation services

15 using the Uber mobile phone application.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17     Defendant incorporates in full herein its preliminary statement and its general objections.

18 Defendant objects that this Request is argumentative and premised upon alleged facts that are not

19 accurate. Defendant objects to this Request on the grounds that it is overly broad, unduly

20 burdensome, harassing, and oppressive in that it seeks "all documents" and seeks information

21 concerning drivers who operated in cities in which the Named Plaintiffs did not operate.

22 Defendant objects to this Request to the extent it seeks information that is neither relevant to the

23 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

24 evidence. Defendant specifically objects to this Request to the extent it seeks information

25 regarding "rules, requirements, expectations, or suggestions" disseminated to drivers not by or at

26 the direction of Defendant but by independent transportation companies that employed or

27 contracted with drivers who received trip requests via the Uber App. Defendant objects to the

28 Request to the extent it seeks information which is protected by the attorney-client privilege

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
DB2/ 25005781.2

6

DEFENDANT'S RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

**REQUEST FOR PRODUCTION NO. 15:**

Copies of all Uber agreements that include an arbitration clause that were disseminated to drivers after August 16, 2013 (including documents demonstrating to whom each agreement was disseminated), and including all agreements that drivers were required to agree to after August 16, 2013, in order to provide transportation services using the Uber mobile phone application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant incorporates in full herein its preliminary statement and its general objections. Defendant objects that this Request is argumentative and premised upon alleged facts that are not accurate. Defendant objects to this Request on the ground that it is vague and ambiguous in its use of the undefined term "Uber agreements." Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and oppressive in that it seeks information concerning drivers who operated in cities in which the Named Plaintiffs did not operate. Defendant objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request on the grounds that individualized discovery is an abuse of the class action procedure, premature, and unduly burdensome and oppressive. Defendant objects that this Request is improper in that the Named Plaintiffs cannot sustain their burden to make a sufficient showing to justify such individualized class-wide discovery prior to class certification. Defendant objects that this Request is improper under the Class Action Fairness Act.

Dated: July 2, 2014                         MORGAN, LEWIS & BOCKIUS LLP

By: _Steve T_____

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 25005781.2

17

DEFENDANT'S RESPONSE TO
PLAINTIFFS' RFPD (SET ONE)
Case No. 13-03826-EMC

# Exhibit 3

# In The Matter Of:

*Douglas O'Connor, et al. v.*
*Uber Technologies, Inc.*

---

*Michael Coleman*
*July 9, 2014*

---

*195 State Street • Boston, MA 02109*
*Nationwide - Worldwide*
*888.825.3376 - 617.399.0130*
*www.court-reporting.com*



O'BRIEN & LEVINE
Court Reporting Services
*Making Your Case*

Original File Michael Coleman 7-9-14.txt
Min-U-Script® with Word Index

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3   - - - - - - - - - - - - - - - -
 4   DOUGLAS O'CONNOR, ET AL.,      )
 5            PLAINTIFFS,           )
 6   v.                            ) CASE NO. 13-03826-EMC
 7   UBER TECHNOLOGIES, INC.,       )
 8            DEFENDANT.            )
 9   - - - - - - - - - - - - - - - -
10
11
12
13
14
15           DEPOSITION OF MICHAEL COLEMAN
16              WEDNESDAY, JULY 9, 2014
17
18
19
20
21
22           BY:  CYNTHIA F. DAMMANN, CSR NO. 10610
23
24
```

Page 2

```
 1
 2
 3
 4
 5
 6
 7
 8
 9          Deposition of MICHAEL COLEMAN, taken on
10   behalf of PLAINTIFFS, at 100 Bush Street, Suite
11   1800, San Francisco, California, commencing at 9:33
12   A.M., WEDNEDAY, JULY 9, 2014, before Cynthia F.
13   Dammann, Certified Shorthand Reporter No. 10610,
14   pursuant to Notice.
15
16
17
18
19
20
21
22
23
24
```

Page 3

```
 1   APPEARANCES OF COUNSEL
 2   FOR PLAINTIFFS:
 3      LICHTEN & LISS-RIORDAN, P.C.
 4      BY:  SHANNON LISS-RIORDAN, ATTORNEY AT LAW
 5      100 Cambridge Street
 6      20th Floor
 7      Boston, Massachusetts 02114
 8      Telephone:  (617) 994-5800
 9      Email:  Sliss@llrlaw.com
10
11   FOR DEFENDANT:
12      MORGAN LEWIS & BOCKIUS, LLP
13      BY:  ROBERT JON HENDRICKS, ATTORNEY AT LAW
14      One Market
15      Spear Street Tower
16      San Francisco, California 94111
17      Telephone:  (415) 442-1000
18      Email:  Rhendricks@morganlewis.com
19
20   ALSO PRESENT:
21      MATT ATKIN
22      ABIGAIL K. HORRIGAN
23
24
```

Page 4

```
 1                    INDEX
 2   WEDNESDAY, JULY 9, 2014
 3   MICHAEL COLEMAN                          Page
 4      Examination by MS. LISS-RIORDAN        7
 5
 6                    -oOo-
 7
 8   QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:
 9            PAGE    LINE
10             8      13
11            27      16
12            28      14
13            79      19
14           154      2
15           246      19
16           250      23
17           257      23
18           258      7, 22
19           259      19
20           264      15
21      251   7
22          MARKED FOR COUNSEL:
23           142      10
24
```

Douglas O'Connor, et al. v.
Uber Technologies, Inc.

Michael Coleman
July 9, 2014

Page 5

```
 1              EXHIBITS
 2            MICHAEL COLEMAN
 3   Number        Description           Page
 4   Exhibit 1   Craig's List posting - 1 page      79
 5
 6   Exhibit 2   "How to Be a Star Uber Driver"
 7               - 5 pages                         260
 8
 9   Exhibit 3   Uber document - 5 pages           264
10
11   Exhibit 4   Document entitled Uber Taxi
12               Onboarding - 19 pages             265
13
14   Exhibit 5   Uber presentation packet - 47 pages   269
15
16   Exhibit 6   Uber presentation packet - 6 pages    273
17
18
19
20
21
22
23
24
```

Page 6

1  WEDNESDAY, JULY 9, 2014; 9:33 A.M.
2
3  MICHAEL COLEMAN,
4  having been first duly sworn, testified as follows:
5  THE WITNESS: Yes.
6  -oOo-
7  MR. HENDRICKS: Counsel, before we get
8  going, let me do a little bit of housekeeping, first
9  of which, in connection with the deposition, the
10  defendant does reserve, under the federal rules, the
11  right to review the transcript and so we would like
12  to make sure we get that opportunity.
13  Second, we did serve objections to the
14  topics in the deposition notice. We stand on those
15  objections. Having said that, as I look at this
16  notice, I don't know whether or not we made an
17  objection to the fact that the notice states, "The
18  oral examination will continue from day to day until
19  complete." We're proceeding under the federal rules
20  and so we object to the extent this is suggested
21  that it will proceed in a manner inconsistent with
22  the limitations set by the federal rules.
23  And as I previously have indicated, the
24  first designate will be Mr. Michael Coleman. He's

Page 7

1  being designated with respect to Topics B, C, D, E,
2  and F subject to the objections that we made in our
3  objections.
4  MS. LISS-RIORDAN: I'm sorry. Can you tell
5  me one more time the name of our designate?
6  THE WITNESS: The other designate will be
7  Matt Atkin, who we --
8  MS. LISS-RIORDAN: Matt Atkin?
9  MR. HENDRICKS: Yes. Who we designated with
10  respect to Topics A, G, H, and I.
11  MS. LISS-RIORDAN: Okay. Very good.
12  MR. HENDRICKS: To the extent you want to
13  ask certain questions that are outside the scope of
14  the designation, we'll allow that, but that -- I'll
15  probably make an objection that it's outside the
16  scope.
17  MS. LISS-RIORDAN: Okay.
18  MR. HENDRICKS: Okay.
19  -oOo-
20  EXAMINATION
21  BY MS. LISS-RIORDAN:
22  Q.  Good morning.
23  A.  Good morning.
24  MS. LISS-RIORDAN: I'm sorry. Did you swear

Page 8

1  the witness?
2  COURT REPORTER: I did.
3  MS. LISS-RIORDAN: You did. Thank you.
4  By MS. LISS-RIORDAN:
5  Q.  Mr. Coleman, my name is Shannon
6  Liss-Riordan. I'm an attorney who's representing
7  the plaintiffs against Uber in this matter.
8  Can we begin by having you state your full
9  name for the record, please?
10  A.  Yes. It's Michael Coleman.
11  Q.  And Mr. Coleman, where do you reside?
12  A.  San Francisco.
13  Q.  What's your address?
14  MR. HENDRICKS: Objection, privacy.
15  Instruct the witness not to answer.
16  MS. LISS-RIORDAN: I assume he'll be
17  available through Uber's counsel?
18  MR. HENDRICKS: I just don't think that
19  question's appropriate given the designation. So we
20  can talk about that after the deposition.
21  MS. LISS-RIORDAN: Okay.
22  By MS. LISS-RIORDAN:
23  Q.  Mr. Coleman, have you ever been deposed
24  before?

Douglas O'Connor, et al. v.
Uber Technologies, Inc.

Michael Coleman
July 9, 2014

Page 245

1  the scope, lacks foundation. If you have actual
2  knowledge, provide it. If you don't, let her know
3  that as well.
4      THE WITNESS: If a driver is active on the
5  system, they simply just can choose not to go
6  online.
7      BY MS. LISS-RIORDAN:
8  Q. Without giving any prior notice to Uber?
9      MR. HENDRICKS: As framed, vague and
10 ambiguous, but you may answer.
11     THE WITNESS: They don't have to give us
12 notice when they want to go online. They don't have
13 to give us notice when they want to go offline.
14 They can simply choose to do that on their own.
15     BY MS. LISS-RIORDAN:
16 Q. Does Uber give drivers notice who are being
17 deactivated?
18     MR. HENDRICKS: Again, vague and ambiguous
19 as framed. Well, it's not vague and ambiguous.
20 It's overly broad as to time and location, but you
21 may answer.
22     THE WITNESS: I'm not specifically familiar
23 with what communications particular cities send out
24 to drivers.

Page 246

1      BY MS. LISS-RIORDAN:
2  Q. As far as you know, does Uber have any
3  policy that drivers will get a certain amount of
4  notice prior to being deactivated?
5      MR. HENDRICKS: Again, as framed, that calls
6  for a potential legal conclusion as to the
7  agreement, vague and ambiguous, outside the scope of
8  the designated topics, but if you have personal
9  knowledge, you may answer in your personal
10 capacity.
11     THE WITNESS: I'm not aware of any advance
12 notice requirements.
13     BY MS. LISS-RIORDAN:
14 Q. You referred a moment ago to the agreement.
15     What agreement were you talking about?
16 A. Any driver, whether they're Uber Black,
17 Taxi, peer-to-peer, before they can go online for
18 the first time, must accept an agreement.
19 Q. And is this an agreement that is generally
20 consistent throughout the Uber cities?
21     MR. HENDRICKS: Again, that's getting into a
22 legal area. It's outside the scope of the topic --
23 the designation. Because of the legal nature of it,
24 I'm actually going to instruct the witness not to

Page 247

1  answer that question. I feel that when we start
2  getting fully into the agreement we may be getting
3  into communications with counsel and other sorts of
4  things which may be privileged. So I'm going to
5  instruct him not to answer on that basis.
6      BY MS. LISS-RIORDAN:
7  Q. Has the agreement that drivers are required
8  to sign in order to use the Uber app changed from
9  time to time over the years?
10     MR. HENDRICKS: A similar sort of
11 instruction. If you have independent knowledge with
12 respect to the changes, if any, of the agreements
13 over time to time that counsel's referring to,
14 provide it, but if your knowledge relating to the
15 agreements and the changes in the agreements comes
16 from discussions with counsel, I'm instructing you
17 not to answer because that would be violative of the
18 attorney-client communication privilege and
19 potentially work product. But you may answer
20 otherwise.
21     Do you understand my instruction?
22     THE WITNESS: Not fully.
23     MR. HENDRICKS: Okay. I need to confer with
24 the witness to explain the instruction.

Page 248

1      MS. LISS-RIORDAN: No, no, no. There's a
2  question pending. I'm not asking about any
3  communication with --
4      MR. HENDRICKS: Are you withdrawing the
5  question?
6      MS. LISS-RIORDAN: I'm not withdrawing the
7  question, so there can't be a break because there's
8  a question pending. I'm not going to let you take
9  the witness outside to discuss how he's going to
10 answer this question. Can you read --
11     MR. HENDRICKS: Counsel, I'm not going to
12 argue with you. The witness has said he doesn't
13 understand my instruction. I'm not going to explain
14 it in front of you. So if you're withdrawing the
15 question, we can stay. If you're not, then I need
16 to explain my instruction to the witness.
17     MS. LISS-RIORDAN: Can you restate the
18 question, please?
19     (Record read: Has the agreement that
20     drivers are required to sign in order to use
21     the Uber app changed from time to time over
22     the years?)
23     MR. HENDRICKS: Are you still asking that
24 same question?

Douglas O'Connor, et al. v.
Uber Technologies, Inc.

Michael Coleman
July 9, 2014

Page 249

1  MS. LISS-RIORDAN: Yes, I am.
2  MR. HENDRICKS: Okay. Then I'm going to
3  explain my instruction to the witness.
4  MS. LISS-RIORDAN: I'm not --
5  MR. HENDRICKS: You can stay on the record.
6  MS. LISS-RIORDAN: I'm not giving my
7  permission for you to take a break. Counsel's
8  walking out of the room with the witness with a
9  question pending, and I have not permitted a break.
10  (Break, 4:13 p.m. to 4:14 p.m.)
11  MR. HENDRICKS: Can I hear the question
12  again, please?
13  (Record read: Has the agreement that
14  drivers are required to sign in order to use
15  the Uber app changed from time to time over
16  the years?)
17  MR. HENDRICKS: Okay. So I do maintain my
18  concern that this line of questioning does implicate
19  attorney-client communication. Having conferred
20  with the witness regarding the matter, he can answer
21  that question yes or no. We'll just baby step the
22  following questions to protect attorney-client
23  communication. You may answer.
24  THE WITNESS: Can you repeat that one more

Page 250

1  time, please?
2  (Record read: Has the agreement that
3  drivers are required to sign in order to use
4  the Uber app changed from time to time over
5  the years?)
6  MR. HENDRICKS: Same objections, same
7  instruction. You may answer the question yes or no.
8  THE WITNESS: Drivers are not required to
9  sign an agreement.
10  MR. HENDRICKS: That's not the -- that's not
11  the question. Listen to the question. Let me hear
12  the question again.
13  (Record read: Has the agreement that
14  drivers are required to sign in order to use
15  the Uber app changed from time to time over
16  the years?)
17  THE WITNESS: Yes.
18  BY MS. LISS-RIORDAN:
19  Q. In order to use the Uber app, drivers do
20  have to agree to an agreement, don't they?
21  A. In order to use the app, yes, they must
22  agree to the agreement.
23  Q. And are you aware of any significant
24  changes, as you sit here today, to that agreement

Page 251

1  over the years?
2  MR. HENDRICKS: Again, on that -- as to that
3  question, I'm going to instruct the witness not to
4  answer on attorney-client communication basis and
5  privilege.
6  BY MS. LISS-RIORDAN:
7  Q. Are you aware of any significant -- or any
8  differences at all in the agreement that is used for
9  drivers in different cities?
10  MR. HENDRICKS: Let me hear that again.
11  (Record read: Are you aware of any
12  significant -- or any differences at all in
13  the agreement that is used for drivers in
14  different cities?)
15  MR. HENDRICKS: Outside the scope. Again,
16  my concern is the question implicates
17  attorney-client communication. I'm instructing the
18  witness not to answer as the question's framed.
19  MS. LISS-RIORDAN: Okay. I want to point
20  out that Topic B is requirements for drivers to use
21  the Uber application. I'm asking questions
22  regarding the requirement that they agree to an
23  agreement, but you're instructing the witness not to
24  answer. Is that right?

Page 252

1  MR. HENDRICKS: I'm instructing as to that
2  question. You can try to shoehorn it in however you
3  want to. If you want to ask about requirements and
4  whether something is or is not a requirements, ask
5  it, but the question dealing with significance and
6  changes and all those different issues, that
7  implicates attorney-client communication.
8  MS. LISS-RIORDAN: So you're instructing the
9  witness not to answer that last question?
10  MR. HENDRICKS: That last question, that's
11  correct, but you can ask other questions that might
12  fall within your topic.
13  BY MS. LISS-RIORDAN:
14  Q. Are you aware of Uber including an
15  arbitration clause in the agreement that drivers
16  need to agree to in order to use the Uber
17  application?
18  MR. HENDRICKS: To the extent your knowledge
19  of any arbitration clause relates to communications
20  you've had with counsel, I'm instructing you not to
21  answer. To the extent you have some sort of
22  independent knowledge about that issue, you can
23  provide whatever independent knowledge you may
24  have.

# Exhibit 4

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
DEBRA WONG YANG, SBN 123289
  dwongyang@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
  mmcrae@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,SBN 254433
  dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
bstoker@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>        Defendant. | CASE NO.  13-03826-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S FURTHER SUPPLEMENTAL INITIAL DISCLOSURES**<br><br>Complaint Filed:      8/16/2013<br>First Am. Complaint Filed:   5/30/2014<br>Second Am. Complaint Filed: 11/12/2014 |

1    Pursuant to Federal Rule of Civil Procedure 26(a) Defendant Uber Technologies, Inc.

2    ("Uber"), by and through its counsel of record, hereby submits the following further supplemental

3    Rule 26(a) disclosures based upon information reasonably available to Uber as of the date of these

4    disclosures. Uber hereby incorporates by reference all prior Rule 26 disclosures of individuals

5    identified as likely to have discoverable information that Uber may use to support its defenses. Uber

6    reserves its right to amend and supplement these disclosures as appropriate and necessary as each

7    Plaintiffs' claims and Uber's defenses are refined and as additional information becomes available, or

8    where the failure to include information was substantially justified or harmless pursuant to Federal

9    Rule of Civil Procedure 37(c)(1).

10   **I.      INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

11   In addition to the individuals previously identified, the following individuals are likely to

12   have discoverable information that Uber may use to support its defenses, unless solely for

13   impeachment. Plaintiffs have asserted individual and class claims in this action. Uber believes it is

14   improper to determine such claims on a class-wide basis and that individual adjudication of each

15   class member's claims is necessary. At this stage of the litigation, Uber believes it would be

16   premature, unduly burdensome, and not required by Rule 26(a)(1)(A)(1) to attempt to determine and

17   identify all such individuals with discoverable information as to claims of individuals in an

18   uncertified class. Accordingly, Uber at this time discloses the names of potential witnesses to

19   Plaintiffs' claims and Uber's defenses to those claims, whose declarations are submitted in support of

20   Uber's Opposition to Plaintiffs' Motion for Class Certification. In addition, Uber discloses the

21   telephone numbers at which Uber, to the best of its knowledge, believes these witnesses may be

22   contacted.

| First Name | Last Name | Phone No. |
| --- | --- | --- |
| Saad | Abbas | 415-602-2650 |
| Ahmed | Abdi | 619-549-7477 |
| Tony | Abousleiman | 925-818-4660 |
| Larry | Adams | 408-497-1122 |
| Reynaldo | Adelantar | 415-307-6862 |
| Amir | Afshar-Tavana | 818-667-1954 |
| Mohamed | Ahmed | 619-384-9631 |
| Sam | Al Janaby | 415-889-3267 |

2

| **First Name** | **Last Name** | **Phone No.** |
|---|---|---|
| Tony | Thurston | 510-290-5288 |
| Efrain | Torres | 323-849-9423 |
| Jay | Townsend | 510-541-7630 |
| Adama | Traore | 510-363-4919 |
| Sebastien | Trouplin | 415-819-3424 |
| Tim | Truesdell | 760-464-6507 |
| Gary | Tucker | 760-840-7271 |
| Valery | Tumanov | 213-605-1427 |
| Johnson | Uko | 310-977-7832 |
| Christopher | Uribe | 707-479-9216 |
| Juan | Urionabarrenechea | 323-275-8110 |
| Brian | Vaivio | 858-405-7886 |
| Ara | Vartanian | 818-454-9027 |
| Santos | Venegas | 626-208-7439 |
| Francisco | Vizcarra | 562-714-0544 |
| Arunas | Vysniauskas | 408-680-6720 |
| Kapil | Wadhwa | 213-210-4108 |
| Tisa | Wagner | 707-363-8029 |
| Thomas | Walding | 707-799-7469 |
| William | Walker | 510-648-5709 |
| Janet | Waller | 510-938-2906 |
| Lendrek | Washington | 323-710-5969 |
| Stephen | West | 408-460-7808 |
| Jeffrey | Wezenter | 310-437-9327 |
| LaDawna | Williams | 415-793-9779 |
| Brett | Wilson | 858-699-6446 |
| Matthew | Wodzynski | 310-430-0481 |
| David | Wong | 415-238-1970 |
| John | Wubbenhorst | 301-346-0789 |
| Moges | Wyohans | 619-245-3077 |
| Ali | Yaldiz | 650-430-3256 |
| Babar | Yasin | 925-254-4599 |
| Million | Yirgu | 909-561-1710 |
| Tedros | Yohannes | 510-302-8000 |
| Naveed | Zafar | 650-452-5444 |
| Hooman | Zahedi | 818-429-2940 |
| Sam | Zakaria | 619-438-3978 |
| Todd | Zeidner | 626-991-0838 |

In addition to the above-named individuals, Dr. Justin McCrary, whose expert report is submitted in support of Uber's Opposition to Plaintiffs' Motion for Class Certification, may have

11

1  discoverable information related to Plaintiffs' claims and Uber's defenses to those claims. Dr.

2  McCrary may be contacted through undersigned counsel.

3        Uber reserves the right to disclose additional individuals as its discovery and preparation for

4  trial continues.

5  **II.    DESCRIPTION OF DOCUMENTS THAT DEFENDANT MAY USE TO SUPPORT**

6  **            ITS DEFENSES IN THIS ACTION**

7        In addition to the categories of documents previously identified, Uber discloses the following

8  categories of documents that it may use to support its defenses in this action, other than those

9  documents for purposes of impeachment.

10      1.    Signed declarations from drivers who have used the UberX, UberBlack, and UberSUV

11             platforms during the putative class period.

12      2.    The Declaration of Dr. Justin McCrary In Support of Uber's Opposition to Plaintiffs'

13             Motion for Class Certification—an expert report prepared by Dr. McCrary—and all

14             materials cited in the Appendix to Dr. McCrary's report.

15        The categories of documents identified by Uber are within its possession, custody, and/or

16  control, unless otherwise noted. Uber reserves the right to disclose additional documents as its

17  discovery and preparation for trial continues.

18

19  Dated: July 9, 2015                    GIBSON, DUNN & CRUTCHER LLP

20

21                            By:       */s/ Theane Evangelis*
                                        Theane Evangelis

22

23                            Attorneys for Defendant
                          UBER TECHNOLOGIES, INC.

24

25

26

27

28