1  GIBSON, DUNN & CRUTCHER LLP
   THEODORE J. BOUTROUS, JR., SBN 132099
2    tboutrous@gibsondunn.com
   DEBRA WONG YANG, SBN 123289
3    dwongyang@gibsondunn.com
   MARCELLUS A. MCRAE, SBN 140308
4    mmcrae@gibsondunn.com
   THEANE D. EVANGELIS, SBN 243570
5    tevangelis@gibsondunn.com
   DHANANJAY S. MANTHRIPRAGADA, SBN 254433
6    dmanthripragada@gibsondunn.com
   BRANDON J. STOKER, SBN 277325
7    bstoker@gibsondunn.com
   333 South Grand Avenue
8  Los Angeles, CA 90071-3197
   Telephone:   213.229.7000
9  Facsimile:   213.229.7520

10 JOSHUA S. LIPSHUTZ, SBN 242557
     jlipshutz@gibsondunn.com
11 KEVIN J. RING-DOWELL, SBN 278289
     kringdowell@gibsondunn.com
12 555 Mission Street, Suite 3000
   San Francisco, CA 94105-0921
13 Telephone:   415.393.8200
   Facsimile:   415.393.8306
14
   Attorneys for Defendant
15 UBER TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO.  13-03826-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE (ECF NO. 323-1)**<br><br>Hearing Date:   Aug. 6, 2015<br>Hearing Time:   1:30 p.m.<br>Hearing Place:   Courtroom 5<br>Judge:   Hon. Edward M. Chen |

Plaintiffs moved—just *three days* before the Court hears their class certification motion and *11 days* after the Court-ordered deadline for their reply— to strike the following evidence submitted by Uber in support of its opposition to Plaintiffs' certification motion *more than 25 days ago*, and *14 days before Plaintiffs' reply was due*: (1) the Colman Declaration (ECF No. 302) and exhibits A-R thereto; (2) the McCrary Declaration (ECF No. 301) and associated exhibits; and (3) the Evangelis Declaration (ECF No. 299) and associated exhibits. *See* ECF No. 323. Plaintiffs' belated motion violates Civil Local Rule 7-3(c) and the Court's Orders setting deadlines and page limits for class certification briefing. Further, the motion has no basis in law or fact, and reflects Plaintiffs' continued failure to abide by the rules governing class certification that require *them* to come forward with actual *evidence* supporting their motion. These procedural and substantive deficiencies are independently sufficient reasons for the Court to deny Plaintiffs' motion to strike. Accordingly, Defendant Uber Technologies, Inc. ("Uber") respectfully requests that the Court deny Plaintiffs' motion and deny class certification.

**A.    Plaintiffs' Motion to Strike Violates Civil Local Rule 7-3(c) And This Court's Orders**

Civil Local Rule 7-3 plainly states that "[a]ny evidentiary and procedural objections to the opposition **must be contained within the reply brief or memorandum**." *See* Civ. L. Rule 7-3(c) (emphasis added). Numerous courts in this district have stricken or disregarded evidentiary objections that were filed separately and contrary to the procedure set forth in Rule 7-3(c), and this Court should do the same. *See, e.g., R.H. v. Los Gatos Union School District*, 33 F. Supp. 3d 1138, 1152 (N. D. Cal. 2014) (disregarding evidentiary objections that were filed separately in violation of Rule 7-3(c)); *Monterey Bay Military Housing v. Pinnacle Monterey LLC*, --F. Supp. 3d--, 2015 WL 4498812, at *19, n. 19 (N. D. Cal. July 23, 2015) (same); *Cruz v. Starbucks Corp.*, 2013 U.S. Dist. LEXIS 69271, *1-2 (N.D. Cal. May 15, 2013) (same). Plaintiffs state that their motion is submitted "to further explicate their objections to Uber's evidence." *See* Mot. for Admin. Relief to File Mot. to Strike (ECF No. 323). But that is false; Plaintiffs never before suggested striking all of Defendants' evidence (certainly not in their reply brief), as they do now, and Plaintiffs offer no good reason now for failing to comply with the local rules by including all evidentiary and procedural objections in their reply brief.

Further, Plaintiffs' reply brief was due on July 23, 2015 (*see* ECF No. 262), and was limited to 25 pages (*see* ECF No. 293) pursuant to this Court's Orders. Plaintiffs' motion to strike—which Plaintiffs admit contains arguments that should have been raised in their reply brief—is untimely and an improper end-run around the page limits imposed by this Court. *See Soto v. Castlerock Farming And Transport*, 2013 WL 6844398, at *1 (E. D. Cal. Dec. 23, 2013) (denying as untimely Plaintiffs' motion to strike filed "on the eve of the class certification hearing" and after the reply brief deadline where Defendant's declarations were filed with its opposition); *Los Gatos Union School District*, 33 F. Supp. 3d at 1152, n. 8 ("To permit these separately-filed objections here would allow … an end run around the page limits set forth in the local rules.")

Because Plaintiffs' Motion to Strike violates Civil Local Rule 7-3(c) and this Court's Orders, it should be stricken or disregarded.[1]

**B.  Plaintiffs' Motion to Strike Has No Basis In Law Or Fact, And Ignores The Requirements For Class Certification**

Even if this Court were to look past Plaintiffs' procedural violations (which it should not), it should deny the motion to strike because it lacks any basis in law or fact.

**1.  The Colman Declaration and Exhibits Are Based On Documents Properly Produced In Discovery**

Plaintiffs' sole basis for moving to strike the Colman Declaration and the licensing agreements attached to it is that Uber purportedly "should have" responded to discovery regarding licensing agreements at an earlier point in time.[2] (Mot. to Strike at 2-4.) But Plaintiffs' argument is belied by the discovery record, which demonstrates that Uber fully complied with its discovery obligations under Rule 26. In response to discovery requests seeking the licensing agreements at issue, Uber's response was crystal clear that "Defendant will produce … ***agreements entered into***

---

[1] The Court should strike Plaintiffs' motion for the additional reason that the timing of Plaintiffs' dilatory filing is highly prejudicial to Uber, requiring Uber to prepare its opposition on an exceedingly compressed schedule and just days before the class certification hearing.

[2] Uber notes that Plaintiffs inexplicably move to strike the entirety of the Colman Declaration, even though they take no issue with Exhibits S-Z. At the very least, the Court should consider the portions of the Colman Declaration that relate to Exhibits S-Z.

*with the Named Plaintiffs*." (ECF No. 323-2, at 13 (emphasis added).) This response was consistent with the discovery practices of the parties, which at the time focused on discovery related to the named plaintiffs. Moreover, Plaintiffs *never* sought to challenge the completeness of Uber's discovery response through the discovery dispute procedures established by Magistrate Judge Ryu despite having nearly a year to do so before filing their motion for class certification, and *never* raised this issue during the innumerable meet and confers that resulted in *four* discovery dispute letters filed with the Court. *See* ECF Nos. 141, 157, 198, and 294. Nor did Plaintiffs seek the additional licensing agreements that they knew existed through any additional discovery request, despite relying on them during their class certification motion and reply. Plaintiffs can point to no discovery obligation with which Defendants failed to comply. In fact, Plaintiffs' counsel admitted, on the record, that Plaintiffs did not need further discovery related to class certification. *See* Hr'g Tr. 3:20-4:1 (Apr. 2, 2015) (ECF No. 265) ("I really think I have what I need. These are largely legal issues.").

In any event, Plaintiffs have failed to show that they suffered any prejudice—an independent reason to deny the draconian result they seek. *See Mixt Greens v. Sprout Café*, 2010 WL 2555753, at *1 (N.D. Cal. June 21, 2010) (preclusion sanction "excessively severe" where defendants ultimately produced all discovery sought and plaintiff did not suffer irreparable prejudice). Uber produced the licensing agreements at issue *before* filing its opposition, voluntarily, despite being under no discovery obligation to do so, and more than two weeks before Plaintiffs' reply was due. Plaintiffs had ample opportunity to review and address the licensing agreements in their reply brief, or request that Defendants agree to move the briefing schedule for the Reply so that they would have time to pursue further discovery of the licensing agreements at issue, to the extent they believed such discovery was appropriate. *Temple v. Guardsmark LLC*, 2011 WL 723611, at *3 n.3 (N.D. Cal. Feb. 22, 2011) ("The Court would have been more sympathetic to plaintiffs' objection if, instead of merely objecting . . . plaintiff had attempted to depose the declarants to test their assertions. . . ."). But Plaintiffs did not serve a single discovery request regarding those agreements. Likewise, they failed to ask Uber's former CEO and current Vice President of Operations, Ryan Graves, about the licensing agreements during his deposition, which occurred on July 13, 2015—*after* Uber had

produced the agreements. Plaintiffs did not even object to the Colman declaration and exhibits until *after* the Court ordered Uber to supplement the exhibits. (ECF No. 321.) As Plaintiffs' counsel admits, she simply failed to "realize" the basis for her motion to strike until "further preparation for the class certification hearing." *See* Mot. to Strike, n. 1.

Given Uber's compliance with its discovery obligations, Plaintiffs' dilatory conduct, and the lack of prejudice to Plaintiffs, the Court should deny Plaintiffs' "particularly harsh" request to strike the Colman declaration and exhibits. *See Rooney v. Sierra P. Windows,* 2011 WL 2149097, at *3 (N.D. Cal. June 1, 2011).

**2. The McCrary Report is Legally Relevant And Admissible, and Should Not Be Excluded**

Plaintiffs' contentions regarding the McCrary Report are nothing more than repackaged versions of the arguments contained in their reply brief (Reply at 9 n. 11). In response, Uber respectfully refers the Court to the pertinent portions of its Surreply. (ECF No. 319-1 at 4-8.) As explained in detail in the Surreply, the McCrary Report, among other things, assists the Court in analyzing how the economics of the sharing economy affect the class certification inquiry, analyzes the many substantial ways in which drivers' economic relationships with Uber vary, and discusses a number of factual issues that are plainly relevant to class certification under *Borello*. (*Id.*) Further, the McCrary Report does not purport to apply fact to law. (*Id.*) And, Uber's disclosure of the report and underlying data fully complied with Rules 26 and 37, and in any event Plaintiffs have failed to show that they suffered any prejudice. (*Id.*) Accordingly, the McCrary Report is legally relevant and admissible, and should not be excluded.[3]

Importantly, however, Plaintiffs' motion to strike and their class certification papers—which suggest that analyses such as Dr. McCrary's are "irrelevant" to the central issues of commonality and predominance—evidence a fundamental misunderstanding of Plaintiffs' burden at class certification

---

[3] Although Plaintiffs ask this Court to exclude Dr. McCrary's declaration in its entirety, they do not even challenge most of his conclusions. Putting aside the fact that Plaintiffs' specific challenges fail, the Court has no basis for excluding Dr. McCrary's declaration in its entirety where the Plaintiffs do not challenge most of it.

to prove that the requirements of Rule 23 are met. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011). In his report in support of Uber's opposition to class certification, Dr. McCrary employs a variety of empirical approaches to illustrate the considerable variability and heterogeneity reflected in the putative class—*evidence* that class certification is inappropriate here. In contrast, **Plaintiffs** failed to adduce *any evidence* (expert or otherwise) that even remotely attempts to address, let alone satisfy, their burden to establish commonality and predominance. The question before the Court is whether Plaintiffs have met their burden to adduce significant evidence establishing the prerequisites of class certification. *See id*. Yet Plaintiffs continue to ignore that burden, choosing instead to deny the ***critical role that expert witness evidence plays at the class certification stage***. *See Dukes*, 131 S. Ct. at 2553-4. Indeed, this was a central holding of a recent Supreme Court Rule 23 decision, which Plaintiffs do not address: In *Comcast Corp. v. Behrend,* 133 S. Ct. 1426 (2013), the plaintiffs *submitted* expert witness testimony at the class certification stage and the Supreme Court *still* reversed class certification because plaintiffs' expert's testimony was insufficient to meet the stringent requirements of Rule 23, including the Rule 23(b)(3) predominance requirement. *Id.* at 1435-1436.

Plaintiffs insist that they "are simply attempting to focus the record on the legal arguments properly submitted through the briefs . . . and urge the Court to not allow Uber to attempt to overwhelm the record with voluminous pages that Plaintiffs submit are not helpful to deciding the issues at hand." Mot. to Strike at 2 n.1. But this is backwards: As N.D. Cal. Chief Judge Phillis Hamilton recently held, "under *Comcast*, the plaintiff is required to provide 'evidentiary proof' showing a classwide method of awarding relief that is consistent with plaintiff's theory of liability." *Astiana v. Ben & Jerry's Homemade, Inc.*, 2014 WL 60097, at *13 (N.D. Cal. Jan. 7, 2014). Here, Plaintiffs have offered no expert and no damages model in support of their effort to certify this 160,000+ member class. As a result, Plaintiffs plainly fail to satisfy Rule 23, which

> does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.

*Dukes*, 131 S. Ct. at 2551 (emphasis in original).

### 3. The Evangelis Declaration and Exhibits Comply With FRE 1006

Plaintiffs' sole legal objection to the Evangelis Declaration—that it "really amounts to additional legal arguments in excess of the page limits" (Mot. to Strike at 7)—is frivolous. The Evangelis declaration contains no legal argument, and states on its face that "[t]o assist the Court in resolving the pending motion for class certification, Uber—by and through its counsel—has prepared several Rule 1006 exhibits to collect and present pertinent evidence that would otherwise require this Court to devote substantial time, energy, and effort to locate and analyze," and then presents and describes the exhibits. *See* ECF No. 299.[4]

Unlike Plaintiffs' bare-bones certification motion, the certification record submitted by Uber is, by any measure, "voluminous." *See* Fed. R. Evid. 1006 ("[A] proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."). Uber prepared 55 summary exhibits to assist the Court in synthesizing that expansive record (ECF No. 299). Every one of the challenged exhibits summarizes voluminous material contained in driver declarations and licensing agreements that Uber is relying on in opposing class certification. Uber explained how every exhibit was created and provided Plaintiffs with the source documents for every exhibit, as Rule 1006 requires. Rule 1006 is designed precisely to "allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge . . . ." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985). So long as the summaries "fairly represent" the underlying documents, the "admission of summaries is left to the discretion of the trial judge."[5] *Id.* Plaintiffs do not point to a single deficiency in the substance of the Evangelis declaration.

Plaintiffs further argue that "the Evangelis Declaration is largely irrelevant" because it summarizes the declarations of drivers and complain that "these 400 driver declarations were not

---

[4] Accordingly, the cases cited by Plaintiffs, all of which relate to declarations that contain legal argument, are inapposite.

[5] Indeed, similar summaries of voluminous class certification evidence were filed successfully in the *Dukes* case before Judge Breyer. *Dukes v. Wal-Mart Stores, Inc.*, No. 3:01-cv-02252-CRB (N.D. Cal.), ECF No. 918.

produced until Uber filed its Opposition with the Court." Mot. to Strike at 9. Uber respectfully disagrees with Plaintiffs' rather cavalier assertion that the putative class members' interests and desires (as reflected in the declarations) *do not matter*. *See* Reply at 16 ("Drivers' desires on this question are legally irrelevant.") and 19 ("Plaintiffs note that this case is not a 'popularity contest' and indeed, whether drivers 'want' to be classified as independent contractors or as employees is legally irrelevant."). To the contrary, the drivers' intention to form an independent contractor relationship with Uber, rather than employee relationship, is *one of the Borello factors*—indeed, a factor that *Borello* itself described as "significant." *S.G. Borello & Sons, Inc. v. Dep't of Indus Relations*, 48 Cal. 3d 341, 358 (1989). In addition, the declarations highlight that the named plaintiffs' interests directly conflict with those of many of the absent individuals they seek to represent and whose lives would be substantially impacted by this suit. Moreover, the driver declarations demonstrate that there is no typical Uber driver.

In any event, Uber timely produced all driver declarations shortly after obtaining them, and at the same time as it filed its opposition, and Uber should not be penalized for Plaintiffs' failure to request an extension to the briefing schedule if they required more time to analyze the declarations.[6]

\*\*\*

Uber respectfully requests that the Court deny Plaintiffs' Motion to Strike.

Dated: August 5, 2015

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

---

[6] Notably, Plaintiffs did not seek to depose a single driver, which is not surprising in light of their argument that the drivers' desires are irrelevant.

**ECF Attestation**

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from Theodore J. Boutrous, Jr.

Dated:  August 5, 2015

By: */s/ Dhananjay S. Manthripragada*
Dhananjay S. Manthripragada