| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>THEODORE J. BOUTROUS, JR., SBN 132099<br>　tboutrous@gibsondunn.com<br>MARCELLUS A. MCRAE, SBN 140308<br>　mmcrae@gibsondunn.com<br>THEANE D. EVANGELIS, SBN 243570<br>　tevangelis@gibsondunn.com<br>DHANANJAY S. MANTHRIPRAGADA,<br>SBN 254433<br>　dmanthripragada@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:　213.229.7000<br>Facsimile:　213.229.7520<br><br>JOSHUA S. LIPSHUTZ, SBN 242557<br>　jlipshutz@gibsondunn.com<br>KEVIN J. RING-DOWELL, SBN 278289<br>　kringdowell@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:　415.393.8200<br>Facsimile:　415.393.8306<br><br>Attorneys for Defendant<br>UBER TECHNOLOGIES, INC. | SHANNON LISS-RIORDAN, *pro hac vice*<br>　sliss@llrlaw.com<br>ADELAIDE PAGANO, *pro hac vice*<br>　apagano@llrlaw.com<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone:　(617) 994-5800<br>Facsimile:　(617) 994-5801<br><br>MATTHEW CARLSON, State Bar No. 273242<br>Carlson Legal Services<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone:　(415) 817-1470<br>　mcarlson@carlsonlegalservices.com<br><br>Attorneys for Plaintiffs<br>DOUGLAS O'CONNOR, THOMAS COLOPY,<br>MATTHEW MANAHAN, and ELIE<br>GURFINKEL, individually and on behalf of all<br>others similarly situated |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | CASE NO. 13-03826-EMC<br><br>Hon. Edward M. Chen<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　November 24, 2015<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 5 |

Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-10(d), in advance of the Case Management Conference scheduled in this matter for November 24, 2015, at 1:30 p.m. The parties incorporate by reference the Case Management Statement filed on October 28, 2015 (Dkt. 368), and now address only the additional matters that have arisen since that time. Specifically, the Court has ordered the parties to "meet and confer on the form of notice to be prepared to issue shortly after scope of class is determined" (Dkt. 374), so the parties have provided an update regarding their meet and confer efforts below. Pursuant to the Court's comment at the November 4 hearing that the CMC statements in *O'Connor* and *Yucesoy* need only address "new developments," the parties have not included in this CMC statement their positions on all of the topics that were addressed in the October 28, 2015 CMC statement (Dkt. 368).

**I.     DISCOVERY**

In addition to the discovery issues outlined in their previous Case Management Statement, the parties note that in light of the Court's order scheduling a trial beginning on June 20, 2016 (Dkt. 378), the parties are in the process of meeting and conferring regarding additional discovery that the parties intend to seek prior to the February 22, 2016 deadline for the close of fact discovery ordered by the Court (*see id.*). Upon the conclusion of the parties' meet and confer efforts, if any disputes remain, the parties will submit such disputes to Magistrate Judge Ryu pursuant to this Court's prior orders.

Plaintiffs state that they intend to pursue any further discovery expeditiously and do not anticipate any problems complying with the discovery deadline the Court has set of February 22, 2016, provided that the Court bifurcate liability from damages, so that the trial in June will address liability only. Plaintiffs note that they requested in their class certification motion that the Court bifurcate liability from damages.[1]

---

[1]  See Plaintiffs' Motion for Class Certification [Dkt. 276], at 20 ("At this stage, the Court may certify the class as to liability while reserving damages determinations for a later proceedings").

Defendant states that, as set forth below, the upcoming trial should not be bifurcated, and pre-trial discovery should address both liability and damages issues. Defendant further notes that Plaintiffs' bifurcation suggestion is not the subject of any formal motion, is completely improper to unilaterally raise in a joint case management statement, and is unworkable in light of the significant overlap between liability and damages issues in this case. Moreover, the Court has already squarely rejected Plaintiffs' prior attempt to suggest a liability-only trial through their "untimely" and "not sufficiently detailed" trial plan, finding that "both liability and damages under section 351 can easily be adjudicated in one proceeding." *See* Amended Class Cert. Order at 29 n.13, 64.

The parties are conferring regarding a proposal by Plaintiffs regarding the exchange of lists of witnesses who the parties expect will actually be called at trial and depositions of these witnesses. Plaintiffs state that they have proposed that the parties exchange their lists of witnesses who are actually expected to testify by the end of February and that the parties be permitted to depose trial witnesses who have not yet been deposed during March and April. Although Defendant states that it is considering Plaintiffs' proposal, Defendant has not given Plaintiffs' any response on the proposal since it was made a week ago, and Plaintiffs seek the Court's guidance on this issue at the upcoming Case Management Conference so that the parties can be prepared to plan for trial (given that the parties may not be before the Court again prior to the close of discovery).

Defendant states that it is considering Plaintiffs' proposal, and notes that upon the conclusion of the parties' meet and confer efforts, if any disputes remain, the parties should submit such disputes to Magistrate Judge Ryu pursuant to this Court's prior orders. Defendant objects to Plaintiffs' tactic of unilaterally including such proposals—which Plaintiffs have included over Defendant's objection—in a joint case management statement, especially when the meet and confer process is still underway.

## II.   CLASS ACTION SCHEDULE

The Court granted in part and denied in part Plaintiffs' Motion for Class Certification on September 1, 2015. See Dkt. 342. Plaintiffs filed related supplemental briefing on October 6, 2015. See Dkt. 359. Defendant's response was filed on October 27, 2015. See Dkt. 365. Plaintiffs sought leave to file a Reply brief, which the Court granted and deemed filed as of November 4, 2015. See

Dkt. 370-1, 373. The Court set a hearing on this supplemental class certification briefing for November 24, 2015. At the hearing held on November 4, 2015, the Court also requested additional briefing from the parties related to the 2014 arbitration clause and its impact on the scope of the class. Pursuant to the Court's Order, that additional briefing was filed by both parties on November 10, 2015. See Dkt. 380, 381. The parties will file responses to that additional briefing by 12:00pm Pacific time on November 18, 2015. See Dkt. 383, 385.

Since the previous case management conference, pursuant to the Court's order (Dkt. 374), the parties have been diligently meeting and conferring regarding the form and content of the class notice, and have reached agreement on several issues. Once the parameters of the class are settled, the parties are prepared to further meet and confer promptly, as ordered by the Court, to finalize the form and content of the class notice. For any points the parties cannot agree upon, the parties are prepared to submit their disagreements concisely to the Court, so that the notice can be quickly finalized and disseminated to the class. The parties await the Court's decision regarding notice to drivers who are not included in the class, and will attempt to reach agreement on the content and form of that notice if such notice is ordered by the Court.

**II.     TRIAL**

The Court has scheduled trial to begin on June 20, 2016.

Plaintiffs propose that the Court bifurcate liability and damages, so that this trial will address liability only. Damages on the expense reimbursement claim (assuming the Court allows certification of this claim) can then be addressed in a later proceeding, if necessary (as Plaintiffs have urged throughout their class certification briefing, see supra note 1). If the Court agrees to allow Plaintiffs to amend their complaint to add PAGA claims, those claims can then be addressed in a later proceeding as well. Because there is no right to a jury trial on a UCL claim, Plaintiffs' tips claim will be tried to the Court. See Hodge v. Superior Court, 145 Cal. App. 4th 278, 285, 51 Cal. Rptr. 3d 519, 524 (2006).[2]

---

[2] Although the Court wrote in its earlier ruling that a jury would address the tips claim, it appears that the parties simply had not addressed before the point that there is not actually a right to a jury under the UCL.

     Defendant opposes the amendment of Plaintiffs' complaint to add a PAGA claim for all the reasons set forth in Defendant's opposition to Plaintiffs' motion for leave to file a fourth amended complaint (Dkt. 362).  Defendant does not agree to a bifurcated trial.  If the Court is inclined to consider Plaintiffs' request for a bifurcated trial (which it should not), then Defendant respectfully requests that the parties be allowed to brief this issue before a decision by the Court.  And, again, Defendant objects to Plaintiffs' continued and inappropriate insistence on unilaterally injecting irrelevant argument into the parties' joint case management statement.  Defendant reserves the right to respond fully to Plaintiffs' "propos[als]"—which have been included in this case management statement over Defendant's objection—that damages determinations on the expense reimbursement claim (which has *not* been certified for class-wide adjudication) can be "addressed in a later proceeding" and that "Plaintiffs' tips claim will be tried to the Court," if  and when they are properly raised.  Defendant notes, however, that Plaintiffs continue to ignore the Court's orders and once again throw out "proposals" without submitting viable trial plans, therefore repeating the very same "significant flaw" that "pervade[d]" their original class certification motion by "put[ting] the burden on [the] Court to figure out" how it could conceivably manage the proposed convoluted multi-phase proceedings.  *See* Amended Class Cert. Order at 29 n.13; *see also* Dkt. 365 at 8-11 (discussing flaws in Plaintiffs' previously proposed multi-phase "mini-trial" process).  Further, the Court has already stated that a ***jury*** must decide the merits of Plaintiffs' tips claim.  *See* Amended Class Cert. Order at 59 ("Assuming for a moment that the ***jury*** finds Uber liable for violating section 351, it will then be tasked with determining what portion of the fares charged actually was the tip.  This the ***jury*** can likely do from its own common experience . . . ."), 60 n.35 ("For instance, the ***jury*** could determine that the average customer (or driver, or both) would expect that any advertised 'included gratuity' would be 15% of the total fare charged.") (emphases added).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 17, 2015 | GIBSON, DUNN & CRUTCHER LLP |
|  | /s/ *Theane D. Evangelis*<br>Theane D. Evangelis<br>Attorneys for Defendant |
| Dated: November 17, 2015 | LICHTEN & LISS-RIORDAN, P.C. |
|  | /s/ *Shannon Liss-Riordan*<br>Shannon Liss-Riordan, *pro hac vice*<br>Attorneys for Plaintiffs |

### ECF ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

| | |
|---|---|
| Dated: November 17, 2015 | GIBSON DUNN & CRUTCHER, LLP |
|  | By /s/ Dhananjay S. Manthripragada<br>Dhananjay S. Manthripragada<br>Attorneys for Defendant |