UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al., | Case No.  13-cv-03826-EMC |
| Plaintiffs, | **ORDER DENYING IN PART PLAINTIFFS' MOTION TO FILE THIRD AND FOURTH AMENDED COMPLAINT** |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | Docket Nos. 253, 355 |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs filed the instant class action on behalf of drivers who have performed services for Defendant Uber Technologies, Inc.  Docket No. 330 (Second Amended Complaint) (SAC) at ¶¶ 4-10.  Plaintiffs contend that they were misclassified as independent contractors as opposed to employees, who would be eligible for various protections codified for employees in the California Labor Code.  *See* SAC at ¶ 21.

On March 16, 2015, Plaintiffs filed a motion for leave to file a Third Amended Complaint, which would have added a Private Attorney General Act (PAGA) claim for violations of Labor Code Sections 351 and 2802.  Docket No. 253 at 2.  At the May 16, 2015 hearing, the Court deferred ruling on Plaintiffs' motion until after the class certification motion was to be decided. Docket No. 288.  On September 1, 2015, the Court certified a class action on behalf of the following individuals:

> All UberBlack, UberX, and UberSUV drivers who had driven for Uber in the state of California at any time since August 16, 2009, and who (1) signed up to drive directly with Uber or an Uber subsidiary under their individual name, and (2) are/were paid by Uber or an Uber subsidiary and in their individual name, and (3) did not electronically accept any contract with Uber or one of Uber's subsidiaries which contains the notice and opt-out provisions

1    previously ordered by this Court . . . *unless* the driver timely opted-
     out of that contract's arbitration agreement.

2    Docket No. 276 (Certification Order) at 67.

3            Plaintiffs then moved to file a Fourth Amended Complaint, to include an additional 382

4    named plaintiffs who were excluded from the class definition.  Docket No. 355 (Mot.) at 3.

5    Plaintiffs also renewed their request to add the PAGA claims for violations of California Labor

6    Code sections 351 and 2802.  Docket No. 355-1 (Proposed Fourth Amended Complaint) (PFAC)

7    at ¶ 411.  Finally, Plaintiffs sought to remove their jury demand.  Mot. at 9, n.7.

8            Plaintiffs' motion to file a Fourth Amended Complaint came on for hearing before the

9    Court on November 4, 2015.  For the reasons discussed below, the Court **DENIES** Plaintiffs'

10   motion to file a Third Amended Complaint and Plaintiffs' motion to file a Fourth Amended

11   Complaint.

12                                    **II.    DISCUSSION**

13           In general, the Court "should freely give leave [to amend] when justice so requires.  Fed.

14   R. Civ. P. 15(a)(2).  The Ninth Circuit has found that "this policy is to be applied with extreme

15   liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  In

16   assessing a motion for leave to amend, the Court considers "the presence of any of four factors:

17   bad faith, undue delay, prejudice to the opposing party, and/or futility."  *Id.*; *see also Foman v.*

18   *Davis*, 371 U.S. 178, 182 (1962).  Where, as here, the district court "has already granted a plaintiff

19   leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'"

20   *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp.,*

21   *Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

22   A.    Addition of Non-Class Parties

23           The Court denies Plaintiffs' motion to add the 382 named plaintiffs.  First, the issue is

24   mostly mooted out by the Court's December 9, 2015 certification order, which certified a sub-

25   class of the following individuals:

26           All UberBlack, UberX, and UberSUV drivers who have driven for
             Uber in the state of California at any time since August 16, 2009,

27           and meet all the following requirements: (1) who signed up to drive
             directly with Uber or an Uber subsidiary under their individual

28           name, and (2) are/were paid by Uber or an Uber subsidiary directly

*United States District Court*
For the Northern District of California

2

> and in their individual name, and (3) electronically accepted any contract with Uber or one of Uber's subsidiaries which contain the notice and opt-out provisions previously ordered by this Court, and did not timely opt out of that contract's arbitration agreement.

Docket No. 395.

To the extent that Plaintiffs seek to add individuals who are not part of either the September 1, 2015 class or December 9, 2015 sub-class, the Court denies Plaintiffs' motion. Permitting the addition of these individuals would inject individualized issues that this Court found defeated class certification for such individuals. Because Plaintiffs' proposal would only complicate an already complicated case and effectively undermine the effect of the Court's certification decision, the Court denies Plaintiffs' motion to add the individual plaintiffs.

B.   Jury Demand

In a footnote, Plaintiffs "note that their proposed Fourth Amended Complaint does not include a jury demand." Mot. at 9 n.7. Defendants contend that Plaintiffs are not permitted to unilaterally withdraw their jury demand. Opp. at 16. Federal Rule of Civil Procedure 38(d) expressly provides that once a proper demand is served and filed, it "may be withdrawn only if the parties consent." However, although not yet determined by the Ninth Circuit, other courts have interpreted Rule 38 as only applying where a right to a jury trial exists. Thus, the Seventh Circuit concluded that "Rule 38, as is made clear by its caption, is concerned with jury trials of right." *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004). As applied:

> Assuming Kramer had a right to a jury trial (for instance, if she was actually entitled to recover compensatory and punitive damage), BOA could not withdraw a demand for a jury trial. But Kramer had no right to a jury trial and there is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right.

*Id.*; *see also Treemo, Inc. v. Flipboard, Inc.*, No. C13-1218-JPD, 2014 U.S. Dist. LEXIS 113883, at *14-15 (W.D. Wash. Aug. 15, 2014) ("Thus, in a situation such as this, where a right to a jury trial no longer exists, consent to withdraw the jury demand is no longer required."); *Starbucks Corp. v. Lundberg*, CV. No. 02-948-HA, 2005 U.S. Dist. LEXIS 46167, at *9-10 (D. Or. May 25, 2005) ("Both parties concede that the Rule 38(d) prohibition against withdrawing a jury demand applies only to claims where there exists a right to trial by jury.").

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1        Here, Plaintiffs have three claims: a UCL claim based on violations of California Labor

2  Code Sections 351 and 2802, an independent contractor misclassification and expense

3  reimbursement violation under Labor Code Section 2802, and a PAGA claim.  California courts

4  have found that there is no entitlement to a jury trial on UCL claims because such claims are a

5  separate equitable cause of action.  *See Hodge v. Superior Court*, 145 Cal. App. 4th 278, 284

6  (2006) (because the "[p]laintiffs seek relief from alleged unfair competition, not to enforce the

7  Labor Code . . . . those remedies are solely equitable, [and] AON is not entitled to a jury trial.");

8  *People v. First Federal Credit Corp.*, 104 Cal. App. 4th 721, 732-33 (2002) ("in UCL cases . . .

9  there is no right to a jury trial").

10        Similarly, the PAGA claim does not appear to be a damages claim with any right to a jury.

11  Instead, the statute is focused on the civil penalties that may be awarded by a court.  Cal. Labor

12  Code § 2699; *see also DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 182 ("A demand for civil

13  penalties does not in itself require a jury trial").

14        However, Plaintiffs' Section 2802 is for the reimbursement of expenses that misclassified

15  drivers were required to bear.  Courts have suggested that reimbursement of expenses is a claim

16  for damages rather than equitable relief.  *See Drake v. Morgan Stanley & Co.*, Case No. CV 09-

17  6467 ODW (RCx), 2010 U.S. Dist. LEXIS 47627, at *20-21 (C.D. Cal. Apr. 30, 2010) (finding

18  that the suit was primarily to recover monetary damages, as "four of Plaintiff's five claims seek

19  nothing more than the recovery of unpaid minimum wages, overtime charges, and reimbursement

20  expenses to which they believe they are entitled.  [Citation]  As such, injunctive or declaratory

21  relief are clearly not the 'predominant' relief Plaintiffs seek."); *see also Stuart v. Radioshack*

22  *Corp.*, 259 F.R.D. 200, 205 n.5 (with respect to plaintiff's argument that a § 2802 claim is a claim

23  at law, noting that "there is at least a serious question on this issue since the legal or equitable

24  nature of a cause of action is ordinarily determined by the remedy sought).  Plaintiffs have cited no

25  authority to the contrary.  Thus, the Court concludes that Plaintiffs are seeking a remedy at law for

26  which there is a right to jury trial.  Plaintiffs' motion for leave to file a complaint that removes the

27  jury demand is therefore denied.

28  C.      <u>PAGA</u>

In Plaintiffs' motions to file an amended complaint, Plaintiffs sought to add PAGA claims for violations of Labor Code sections 351 and 2802.  These claims have already been pled in *In re Uber FCRA Litigation*, Case Nos. 14-5200-EMC, 14-5241-EMC, and 15-3009-EMC, as well as *Price v. Uber Technologies, Inc.*, No. BC554512 (Los Angeles Sup. Ct.).  Counsel for Plaintiffs in *In re Uber FCRA Litigation* have expressed no objection to these claims being added into this case.  *See* Docket No. 379 at 86:10-13.  However, as explained during the hearing, the Court still has concerns with adding these claims now.  Before making a final decision on this issue, the Court requires further input from the parties in this case, as well as Plaintiffs in *In re Uber FCRA Litigation*, on the following questions:

- What effect will the PAGA claims have on the Court's case management schedule?  Do Plaintiffs propose phasing or bifurcating the Rule 23 and PAGA trials?  What economics would be obtained by allowing the §§ 351 and 2802 PAGA claims in *O'Connor*?

- Given that a PAGA representative claim is brought on behalf of all putative employees irrespective of whether they are in the Rule 23 class, how will the number of drivers who should be deemed employees and the number of PAGA violations be proven; how will proof of those issues overlap with or differ from the Rule 23 class action trial in *O'Connor*?

- What is the current status of the PAGA claims in *In re Uber FCRA Litigation*?  What do the Plaintiffs therein propose happen with the residual PAGA claims therein (claims not based on § 351 and 2802)?

- What effect does determining these PAGA claims in *O'Connor* have on the remaining PAGA claims in *In re Uber FCRA Litigation* and on all PAGA claims in *Price* and other cases asserting similar PAGA claims (*e.g.*, *Del Rio v. Uber*, C-15-3667 EMC)?

The parties should be prepared to discuss these questions at the case management conference, currently scheduled for December 17, 2015, at 1:30 p.m.

///

///

///

5

### III.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion to file a Third Amended Complaint and Plaintiffs' motion to file a Fourth Amended Complaint except that a decision on Plaintiffs' motion to amend in PAGA claims is deferred pending further consideration. This order disposes of Docket Nos. 235 and 355.


**IT IS SO ORDERED**.


Dated: December 10, 2015

_____
EDWARD M. CHEN
United States District Judge