SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV  13-3826-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING APPEAL**<br><br>Judge:        Hon. Edward M. Chen<br><br>Hearing Date:      December 17, 2015<br>Hearing Time:      1:30 p.m.<br>Hearing Location:  Courtroom:  5<br>Judge:                Hon. Edward M. Chen |

# INTRODUCTION

Uber has fail to meet the standard to stay these proceedings pending its appeal of this Court's December 9, 2015 Order, determining that Uber's 2014 and 2015 arbitration agreements are unenforceable. As discussed below, Uber's appeal simply does not raise serious legal issues that might justify a stay.  The Court's ruling is on firm legal footing, as the Ninth Circuit Court of Appeals has upheld the <u>Iskanian</u> rule,[1] the Supreme Court has repeatedly denied certiorari on this issue (as recently as this past Monday),[2] and the California Court of Appeals has issued precedential decisions supporting the Court's interpretation of Uber's non-severable PAGA waiver.[3]  Furthermore, this Court has already determined that "Uber has not established that it has a sufficient likelihood of success on the merits … vis-a-vis the 2013 Agreement." <u>Gillette v. Uber Techs.</u>, 2015 WL 4481706, *2 (N.D. Cal. July 22, 2015).

Moreover, even if the appeal did raise serious issues (which it does not), Uber has not shown any irreparable harm because this case will proceed to trial anyway for the sub-class that this Court certified on September 1, 2015.  Thus, even if litigation costs alone were enough to constitute harm (which they are not), Uber will have to incur the costs of litigating this trial in any case, such that a stay would have no effect.[4]  On the contrary, a stay would cause grave harm to the class, resulting in lengthy delay in the proceedings and delay in the drivers' obtaining relief.  Finally, the public interest clearly cuts against a stay, as this important case presents an important issue that requires resolution and seeks to enforce remedial wage laws that protect the

---

[1]     See <u>Sakkab v. Luxottica Retail N. Am., Inc.</u>, 803 F.3d 425, 440 (9th Cir. 2015).

[2]     See <u>CarMax Auto Superstores California, LLC v. Areso</u>, No. 15-236, 2015 WL 5005244 (U.S. Dec. 14, 2015).

[3]     See <u>Securitas Sec. Servs. USA, Inc. v. Superior Court of San Diego Cty.</u>, 234 Cal. App. 4th 1109, 1126 (2015), <u>reh'g denied</u> (Mar. 26, 2015), <u>review denied</u> (June 10, 2015).

[4]     As discussed below, <u>see infra</u> note 8, the Court could hold a trial on liability next year and either defer adjudication of damages, or have damages calculated separately for drivers who are and are not covered by the 2014 and 2015 arbitration agreements.

citizens of California.  For all these reasons, Plaintiffs respectfully request that the Court deny

Uber's Motion to Stay these proceedings and allow this case proceed to trial as scheduled.[5]

## ARGUMENT

**A. Legal Standard on A Motion to Stay.**

A district court's order denying a motion to compel arbitration does not effectuate an

automatic stay of proceedings pending appeal. Britton v. Co-op Banking Group, 916 F.2d 1405,

1412 (9th Cir. 1990).  Instead, it is within the District Court's discretion as to whether or not to

grant a stay in a particular case. Id.; see also Jimenez v. Menzies Aviation Inc, No. 15-CV-

02392-WHO, 2015 WL 5591722, at *1 (N.D. Cal. Sept. 23, 2015) ("A stay is not a matter of

right but an exercise of judicial discretion and the propriety of its issue is dependent on the

circumstances of the particular case") (internal citation omitted). "The party requesting a stay

bears the burden of showing that the circumstances justify an exercise of that discretion." Nken

v. Holder, 556 U.S. 418, 433-34 (2009).  In determining whether the moving party has satisfied

its burden, courts in this Circuit consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on
> the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether
> issuance of the stay will substantially injure the other parties interested in the proceeding;
> and (4) where the public interest lies.

Newton v. Am. Debt Servs., Inc., 2012 WL 3155719, *2 (N.D. Cal. Aug. 2, 2012) (Chen, J.)

(citing Nken, 556 U.S. at 426).  Courts apply a "sliding scale" when considering these four

factors, such that "a stronger showing of one element may offset a weaker showing of another."

Morse v. Servicemaster Global Holdings, Inc., 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013).

---

[5]     Plaintiffs note that a petition to transfer and consolidate this case into an MDL
proceeding was recently filed and set for hearing on January 28, 2015.  Plaintiffs intend to
oppose the petition on the grounds that this case is nearing the end of pre-trial proceedings and
moving rapidly toward trial. See MDL No. 2686, Dkt. No. 6.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING APPEAL
Civ. A. No. 13-3826-EMC

1    Thus, "[u]nder this sliding scale approach, a moving party who cannot show a strong likelihood

2    of success on the merits" at a minimum show that "his appeal raises serious legal questions." <u>Id.</u>;

3    <u>Jimenez</u>, 2015 WL 5591722, at *2. "However, a party satisfying this lower threshold under the

4    first <u>Nken</u> factor must then demonstrate that the balance of hardships under the second and third

5    factors tilts *sharply* in its favor." <u>Jimenez</u>, 2015 WL 5591722, *2 (emphasis in original).

6         Here, Uber has plainly not met its burden.  The Court's ruling is on firm legal footing and

7    Uber has certainly not shown a likelihood of success in its appeal, given that the Court's ruling is

8    premised on the existing precedent of the Ninth Circuit and California Court of Appeals.

9    Moreover, Uber has not shown that this appeal raises "serious legal issues," and even if it had, it

10   has not even remotely shown that it would suffer hardship by proceeding to trial, much less that

11   "the balance of hardships…tilts sharply in its favor." <u>Id.</u>

12        **B.  Uber is Unlikely To Succeed On The Merits Of Its Appeal.**

13        Uber argues that its appeal raises "serious legal issues" because the question of whether

14   the Court should have severed the offending PAGA waiver is substantial. Dkt. 411 at 5.

15   Specifically, Uber argues that the Court's decision violates the FAA and California law, [and]

16   contradicts <u>Iskanian</u> and <u>Sakkab</u>." <u>Id.</u> at 6.  Uber's arguments are entirely misplaced. This

17   Court's December 9, 2015 Order is entirely in line with the binding precedent of <u>Iskanian</u> and

18   <u>Sakkab</u>, and as such, is not subject to reversal.  As set forth further below, the Court's Order is

19   on firm legal ground and does not raise an "serious legal issues" that would warrant a stay.

20        First, Uber argues that the Court's decision violates the Federal Arbitration Act (FAA).

21   <u>See</u> Dkt. 411 at 6-7.  However, the Ninth Circuit has already ruled in <u>Sakkab</u>, 803 F.3d at 439-

22   40, that <u>Iskanian's</u> rule is not preempted by the FAA and there is no reason to believe that this

23   ruling will be reversed any time soon.  Indeed, earlier this week the U.S. Supreme Court denied

24   *certiorari* (yet again) on the question of the <u>Iskanian</u> rule's validity, further underscoring the

25   notion that this issue will not be addressed by the high court any time soon, and certainly does

26

27                                                      3

28   ───────────────────────────────────────────────
     PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING APPEAL
     Civ. A. No. 13-3826-EMC

1  not warrant a stay of these proceedings. See CarMax Auto Superstores California, LLC v. Areso,

2  No. 15-236, 2015 WL 5005244, at *1 (U.S. Dec. 14, 2015) (denying petition for writ of

3  certiorari on the question of the validity of Iskanian where lower court had refused to compel

4  individual arbitration of respondent's PAGA claim).

5           Uber's argument that the Supreme Court's recent decision in DIRECTV, Inc. v.

6  Imburgia, No. 14-462, 2015 WL 8546242 (U.S. Dec. 14, 2015), will have any bearing on this

7  appeal is entirely misplaced.  DIRECTV simply stands for the proposition that the court's

8  analysis should place arbitration agreements on equal footing with other contracts and should

9  focus on "a general principle that would apply to contracts using similar language" in other

10 contexts. Id., *6.  Here, that is exactly what the Court has done, applying general principles of

11 contract interpretation and relying on cases outside the arbitration context in reaching its

12 decision. See Dkt. 395 at 17-20.  Similarly, the pending decision in Zaborowski v. MHN Gov't

13 Servs., Inc., No. 14-1458, is entirely inapplicable here.  The Zaborowski case concerns an

14 entirely different situation in which a Court determines to strike an agreement, notwithstanding a

15 severability clause, because it is permeated by unconscionable terms.  By contrast, here, the

16 Court has stricken Uber's agreement because of its non-severability clause and its determination

17 that "the arbitration agreement here is not divisible, with the illegal portion being easily

18 separable from the legal portion" because the "blanket PAGA waiver is instead an integral part

19 of Uber's goal of requiring individual arbitration of all claims." Dkt. 395 at 19.  Thus,

20 Zaborowski has no bearing on the situation presented here.[6]

21

22

_____

23       [6]      Even if Zaborowski arguably could have some impact on Uber's appeal of the Court's
   decision with respect to the 2013 agreement, see Dkt. 400, Plaintiffs submit that the Defendant-
24 Petitioner's position in that case is untenable because it is based on the premise that only
   arbitration agreements are stricken when they are permeated with unconscionable terms, when,
25 in fact, all contracts are subject to the same rule, such that the practice does not offend the FAA.

26

27                                             4

28 _____
   PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING APPEAL
   Civ. A. No. 13-3826-EMC

Second, Uber argues that the Court's decision violates California's policy in favor of severability. See Dkt. 411 at 7-10. This argument was already duly considered and rejected by this Court, see Dkt. 395 at 16-20, and there is no reason to think that the Court's determination that the PAGA waiver (which is expressly non-severable), is nonetheless divisible.

Finally, Uber argues that this Court's decision is inconsistent with Iskanian v. CLS Transp. Los Angeles, LLC, 59 Cal. 4th 348, 391 (2014), cert. denied, 135 S. Ct. 1155 (2015) and Sakkab, 803 F.3d at 440, because in both of these cases the courts "sever[ed] PAGA waivers under the Iskanian rule and enforce[ed] the remainder of the parties' arbitration agreements." Dkt. 411 at 10-11. However, Uber ignores that in neither of these cases did the agreements present a non-severability clause like the one at issue here. Indeed, in Sakkab, the Ninth Circuit expressly noted that "Sakkab has not argued that the PAGA waiver contained in the arbitration agreement rendered the entire arbitration agreement void. Nor has he disputed that he is required to arbitrate the four non-PAGA claims." Sakkab, 803 F.3d at 440. Similarly, in Iskanian, the California Supreme Court did not even mention whether the agreement contained a non-severability clause like the one at issue here, and presumably the issue was not even raised. Iskanian, 59 Cal. 4th at 391. By contrast, the California Court of Appeals did address a situation nearly identical to this one, where the contract contained an invalid PAGA waiver *and* a non-severability clause, and concluded that the entire agreement was void. See Securitas, 234 Cal. App. 4th at 1126 (2015); Montano v. The Wet Seal Retail, Inc., 232 Cal.App. 4th 1214, 1224 (2015).[7] Notably, Uber does not even cite these cases in its Motion to Stay (or Williams v.

---

[7]    Similarly, the other cases cited by Uber at pp. 11-12 of its briefing, which severed a PAGA waiver and compelled other claims to arbitration, did not contain the type of express non-severability clause that exists here and in the Securitas case. Indeed, in Valdez v. Terminix Int'l Co. Ltd. P'ship, 2015 WL 4342867, *9 (C.D. Cal. July 14, 2015), the Court expressly noted that "[i]n some cases, there is a nonseverability clause requiring the entire agreement to be thrown out if the waiver is invalid. However, in this case, the waiver clause is explicitly severable; thus, the issue is simply whether the claim is within the scope of the arbitration agreement at all." (internal citation omitted). Thus, the case is plainly distinguishable. In Gomez v. Marukai (continued on next page)

1    <u>Superior Court</u>, 237 Cal. App. 4th 642, 649 (2015), on which this Court also relied), and

2    willfully ignores the case law from the California Court of Appeals that undermines its position

3    and bolsters this Court's decision.  Thus, because Uber's motion to stay overlooks the case law

4    from the California Court of Appeals that is directly on point, and which this Court relied upon

5    in invalidating the 2014 and 2015 agreements, the Motion has fundamentally failed to

6    demonstrate the existence of a "serious legal issue."  Uber cannot simply ignore all contrary

7    authority and insist that its appeal has merit.  Thus, the Court should deny the Motion to Stay.

8    **C.  Uber Will Suffer No Irreparable Harm if The Case Moves Forward Toward Trial.**

9      Even if Uber had shown that this appeal raises "serious legal issues," it has utterly failed to

10   show that it would suffer hardship by proceeding to trial, much less that "the balance of

11   hardships…tilts sharply in its favor." <u>Id.</u>  Uber argues that it will suffer irreparable injury if a

12   stay is not granted because of "the substantial time and resources that Uber and this Court will

13   have devoted to litigating this dispute during the appeal…[which] can never be recovered."  Dkt.

14   411 at 13. "Many courts, however, have concluded that incurring litigation expenses does not

15   amount to an irreparable harm." <u>Guifu Li v. A Perfect Franchise, Inc.</u>, 2011 WL 2293221, at *4

16   (N.D. Cal. June 8, 2011) (citing cases); <u>see</u> <u>also</u> <u>Renegotiation Bd. v. Bannercraft Clothing Co.</u>,

17   415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does

18

(Footnote continued from previous page)

19   <u>Corp.</u>, 2013 WL 492544, *3 (Cal. Ct. App. Feb. 11, 2013), <u>review denied</u> (May 15, 2013) the
Court upheld the lower court's decision to sever the PAGA waiver without any discussion

20   simply noting that "Plaintiff cannot seek appellate review of the trial court's finding that the
PAGA waiver is severable from the arbitration agreement because she has not supported her

21   arguments to the contrary with any applicable legal authorities or cogent discussion of the law."

22   Thus, it appears that any arguments against severance weren't raised.  Similarly, in <u>Hilton v.</u>
<u>Allcare Med. Mgmt., Inc.</u>, 2015 WL 5634742, *8 (Cal. Ct. App. Sept. 25, 2015), the Court

23   simply concluded that the PAGA waiver "can easily be severed without affecting the remainder
of the agreement" without discussion.  Finally, in <u>Cobarruviaz v. Maplebear, Inc.</u>, 2015 WL

24   6694112, *11-12 (N.D. Cal. Nov. 3, 2015), there was no similar non-severability clause as there
is here, and instead there was a severability clause which allowed the Court to sever the PAGA

25   waiver.

26

27 6

not constitute irreparable injury"). Uber concedes that "expenses incurred in litigation are generally not considered irreparable harm," but insists that in the context of a motion to compel arbitration, losing the so-called advantages of arbitration, such as "speed and economy" are irreparably lost by proceeding to trial. Dkt. 411 at 13.  It is not clear how arbitrating the cases of these many thousands of drivers as opposed to proceeding as a class would achieve any "economy," but more importantly, Uber will have to incur the expenses of this upcoming trial regardless of whether the Ninth Circuit should rule in its favor on this appeal, because it will still have to litigate the claims of those drivers who accepted the 2013 arbitration agreement, as well as all drivers who cannot be bound by any arbitration agreement because they opted out of the agreement or their work for Uber preceded its implementation of an arbitration clause.

This Court has already determined that "Uber has not established that it has a sufficient likelihood of success on the merits, nor does Uber's appeal of this Court's order vis-a-vis the 2013 Agreement present any serious legal issues." Gillette, 2015 WL 4481706, *2.  Though Uber insists that the Court's ruling with respect to the 2013 Agreement "also raises serious legal questions," see Dkt. 411 at 5, n. 3, this Court has already determined otherwise and has resolved this issue in Plaintiffs' favor.  Thus, the trial will proceed with respect to the class of drivers that this Court certified on September 1, 2015, regardless of the outcome of Uber's appeal of the Court's December 9, 2015 Order (and at the very least, with respect to those drivers who are not bound by any arbitration clause).  The liability issues in the trial for all of these drivers will be the same (i.e. whether the drivers are Uber's employees, whether Uber retains tips intended for drivers, and whether drivers are owed reimbursement for business expenses).  It does not appear that the inclusion of the additional class members added to this case by the December 9, 2015 Order will even affect the length of the trial on liability.[8]  Because the "harm" that Uber

---

[8]     As Plaintiffs have suggested (and are suggesting again in the CMC statement to be filed today), the Court could bifurcate liability and damages so that next year's trial addresses liability (continued on next page)

references will not be eliminated by a Ninth Circuit ruling in their favor on the appeal of the Court's December 9, 2015 ruling, and because this litigation will proceed to trial either way, Uber has not shown irreparable injury and no stay is warranted.[9]

**D.  Plaintiffs Will Suffer Irreparable Harm If the Court Should Stay Proceedings.**

Granting a stay will cause Plaintiffs irreparable harm because all the drivers will be delayed in obtaining relief (including those drivers who are not covered by the Court's recent December 9, 2015 ruling, which Uber seeks to appeal).  There is simply no reason for these drivers to be delayed in obtaining redress when Uber is going to have to prepare for trial anyway. Notably, the Ninth Circuit denied Uber's request to expedite its appeal in <u>Mohamed v. Uber Technologies, Inc.</u>, No. 15-16178, Dkt. 30 (Oct. 22, 2015). Given that it currently takes approximately two years from the filing of an appeal at the Ninth Circuit for a case to be argued, the delay the plaintiffs will suffer if a stay is granted here would be substantial.

Meanwhile, drivers have already been waiting more than two years since this case began. If the case is stayed and a trial delayed, evidence will grow stale or may be lost and the momentum of the case will grind to a halt. <u>Bradberry v. T-Mobile USA, Inc.</u>, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("[R]isk of lost evidence weighs against granting a stay. This risk

---

(Footnote continued from previous page)
only.  As Plaintiffs are explaining in the CMC statement, they are prepared to dismiss their stand-alone claim under § 2802 so that only UCL claims remain, which are non-jury.  With this case proceeding to a bench trial, it would be much more easily manageable for the Court to sequence evidence regarding liability and damages as the Court sees fit.  Such sequencing could include deferring damages altogether until after a decision is reached on liability, or it could include determining damages for the drivers who are not bound by the 2014 or 2015 arbitration clauses separately from those who are (and deferring calculation of the latter, if the Court believes that to be appropriate).

[9]     Uber's reliance on <u>Zaborowski v. MHN Gov't Servs.</u>, No. C 12-05109 SI, 2013 WL 1832638 (N.D. Cal. May 1, 2013) is misplaced because it does not present the same situation as this case, where the trial is going to go forward.

and the delay in litigation constitute a substantial injury to Plaintiff.").  Moreover, the Court has already noted that the Court's schedule is such that pushing back this trial could mean that drivers will not have their day in court until 2017 (and likely even later, based on the Ninth Circuit's schedule). <u>See</u> Hearing Tr. (Nov. 4, 2015) at 115:6-13 (my inclination is somewhere in the June-July time frame. If we get beyond that, I've got a scheduling problem. I have a 14-week criminal trial that cannot move for speedy trial reasons, and so my fall is not looking very bright in terms of space").  This kind of lengthy delay is extremely harmful to the class is entirely unwarranted.

### E.  The Public Interest Favors A Swift Trial And Cuts Against Needless Delay.

The public interest cuts strongly against a stay.  This is an action to vindicate the rights of a class of low-wage drivers under remedial laws. "A delay of proceedings will allow any harm to the putative class members to continue, and therefore may materially affect the public interest in vindicating the rights of [the drivers]." <u>Bradberry</u>, 2007 WL 2221076, *5; <u>Covillo v. Specialty's Café</u>, 2012 WL 4953085, *5 (N.D. Cal. Oct. 17, 2012) ("While mindful of the strong federal policy favoring arbitration, the existence of a federal policy does not necessarily mean that a stay is always in the public interest, particularly given California's own public policy interests in enforcing worker protections").  This case has already been pending for nearly two and half years and it is against the interests of the drivers, the state of California, and the public, that these issues remains unresolved any longer than absolutely necessary.  This interest clearly outweighs Uber's interest in avoiding litigation costs that it will have to incur anyway, since this case is going to trial regardless. Therefore, the public interest weighs in favor of denying a stay.

## <u>CONCLUSION</u>

For all the reasons set forth herein, the Court should deny Uber's Motion to Stay, and the case should proceed expeditiously toward trial.

Respectfully submitted,

DOUGLAS O'CONNOR, THOMAS
COLOPY, MATTHEW MANAHAN, and ELIE
GURFINKEL, individually and on behalf of all
others similarly situated,

By their attorneys,

  /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Dated:        December 16, 2015

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing document was served by electronic filing on

December 16, 2015, on all counsel of record.

  /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

10