GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
    tboutrous@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
    mmcrae@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,
SBN 254433
    dmanthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
    jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
    kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

SHANNON LISS-RIORDAN, *pro hac vice*
    sliss@llrlaw.com
ADELAIDE PAGANO, *pro hac vice*
    apagano@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON, State Bar No. 273242
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470
    mcarlson@carlsonlegalservices.com

Attorneys for Plaintiffs
DOUGLAS O'CONNOR, THOMAS COLOPY,
MATTHEW MANAHAN, and ELIE
GURFINKEL, individually and on behalf of all
others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,

                    Plaintiffs,

        v.

UBER TECHNOLOGIES, INC.,

                    Defendant.

CASE NO. 13-03826-EMC

Hon. Edward M. Chen

**JOINT CASE MANAGEMENT STATEMENT**

Date:      December 17, 2015
Time:      1:30 p.m.
Place:     Courtroom 5

Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-10(d), in advance of the Case Management Conference scheduled in this matter for December 17, 2015, at 1:30 p.m.  The parties incorporate by reference the detailed positions set forth in their Case Management Statements filed on October 28, 2015 (Dkt. 368) and November 17, 2015 (Dkt. 386), and jointly provide an update regarding the "meet-and-confer regarding the contents and logistics of class notice and other relevant procedural details in advance of the next case management conference" ordered by the Court (Dkt. 395).

Uber objects, however, to Plaintiffs' continued and inappropriate insistence on unilaterally injecting irrelevant argument (just two days before the filing deadline) into the parties' joint case management statements, despite the Court's previous comment that it does not "view Case Management Conference Statements as an occasion to make arguments."  July 10, 2014 Hr'g Tr. 3:17-25.  Uber further objects to Plaintiffs' improper use of this Joint Case Management Statement as a vehicle to, among other things, request amendment of their Complaint (*see* Sections IV, VII, and XI, *infra*); attempt to change the scope of the certified class by dismissing their stand-alone Section 2802 claim (*see id.*); request reconsideration of the aspects of the Supplemental Class Certification Order (*see* Section IV, note 5); request reconsideration of the Court's denial of Plaintiffs' attempt to withdraw their jury demand (*see* Sections IV, VII, and XI, *infra*); request reconsideration of the Court's rejection of Plaintiffs' prior attempts to suggest a liability-only trial (*see* Sections IV and XI); continue to throw out "proposals" without submitting a viable trial plan (*see id.*); and raise discovery issues that are not the subject of any dispute (*see* Section V, *infra*). None of these requests or proposals is the subject of any formal motion.  If the Court is inclined to consider any of Plaintiffs' requests or proposals, then Uber respectfully requests that the parties be allowed to brief these issues before a decision by the Court.

The Court also outlined a number of questions regarding whether Plaintiffs should be permitted to amend their Complaint to add PAGA claims for violations of Labor Code sections 351 and

2802.  Over Uber's objection that the parties' arguments in response do not belong in a *joint* case management statement, Plaintiffs have very briefly outlined their positions on this issue.  Uber reserves the right to respond to the Court's questions at the December 17 hearing, as requested by the Court.

## I.  JURISDICTION AND SERVICE

Plaintiffs do not intend to raise any issues regarding personal or subject matter jurisdiction or venue at this time.

Uber has asserted and continues to assert that, respectfully, this Court lacks jurisdiction over certain of the absent class members' claims because certain of the absent class members agreed to arbitration, including the more than 100,000 drivers who executed binding arbitration agreements that were drafted, in part, by this Court, and who were added to the certified class by this Court's Supplemental Class Certification Order (Dkt. 395).  The Court denied Defendant's Motions to Compel Arbitration (Dkt. 400), and Uber has noticed its appeal from this Order and the Court's Supplemental Class Certification Order (Dkt. 395).

## II.  LEGAL ISSUES

The primary legal issues remaining at this time are: (1) whether Plaintiffs and members of the certified class are Uber's employees; (2) whether, with respect to Plaintiffs and members of the certified class, Uber has violated Labor Code Section 2802; and (3) whether, with respect to Plaintiffs and members of the certified class, Uber has violated the Labor Code Section 351.  In addition, the legal issues regarding whether Plaintiffs' claims may appropriately be adjudicated on a class basis, what the scope of the class (if any) should be, and whether the claims of some absent class members must be compelled to arbitration continue to be briefed by the parties in the United States Court of Appeals for the Ninth Circuit.

## III.  PRIOR AND PENDING MOTIONS

### A.  Prior Motions Filed

(1) Plaintiffs' Emergency Motion for Protective Order to Strike Arbitration Clauses filed on August 21, 2013;

(2) Plaintiffs' Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses filed on August 26, 2013;

(3) Defendant's Motion to Dismiss filed on September 25, 2013;

(4) Defendant's Motion for Leave to File a Motion for Reconsideration of the Order Granting Plaintiffs' Renewed Emergency Motion for a Protective Order filed on December 20, 2013;

(5) Defendant's Motion for Administrative Relief Regarding Briefing filed on February 13, 2014;

(6) Defendant's Motion for Reconsideration filed on March 3, 2014;

(7) Defendant's Motion for Judgment on the Pleadings filed on July 9, 2014;

(8) Plaintiffs' Motion for Extension of Time to File their Response to Defendant's Motion for Judgment on the Pleadings filed on July 22, 2014;

(9) Plaintiffs' Motion for Leave to Appeal and Certify Order for Interlocutory Review filed on September 10, 2014;

(10) the Parties Joint Discovery Letter Brief filed on September 16, 2014;

(11) Defendant's Motion to Shorten Time to Hear Discovery Motion filed on September 19, 2014;

(12) Plaintiffs' Motion for Administrative Relief to Alter Briefing Schedule and Summary Judgment Hearing filed on September 24, 2014;

(13) Plaintiffs' Motion for Leave to File a Second Amended Complaint filed on September 24, 2014;

(14) the Parties Joint Discovery Letter Brief filed on October 3, 2014;

(15) Plaintiffs' Motion to Appear by Telephone at Upcoming Discovery Hearing filed on October 7, 2014;

(16) Plaintiffs' Motion Requesting That the Parties' Joint Discovery Letter be Heard At the Hearing Scheduled for October 9, 2014 filed on October 7, 2014;

(17) Plaintiffs' Motion Requesting Clarification of the Court's Amended Scheduling Order filed on October 8, 2014;

(18) Plaintiffs' Motion to Appear by Telephone at the Discovery Hearing Scheduled for October 30, 2014 filed on October 20, 2014;

(19) Plaintiffs' Motion to Appear by Telephone at the Hearing Scheduled for November 4, 2014 on Plaintiffs' Motion for Leave to Amend filed on October 31, 2014;

(20) Defendant's Motion for Leave to File Excess Pages in Support of its Motion for Summary Judgment filed on November 20, 2014;

(21) Plaintiffs' Motion for Leave to File Excess Pages and Request for Leave to File a Sur-Reply filed on November 21, 2014;

(22) Defendant's Motion for Summary Judgment filed on December 4, 2014;

(23) Defendant's Administrative Motion For Leave to File Under Seal Documents in Support of Summary Judgment filed on December 4, 2014;

(24) Plaintiffs' Administrative Motion For Leave to File Under Seal Documents in Opposition to Summary Judgment filed on December 30, 2014;

(25) Defendant's Administrative Motion to File Statement of New Decision filed on February 6, 2015;

(26) Plaintiffs' Motion for Leave to File a Third Amended Complaint on March 16, 2015;

(27) Plaintiffs' Motion for Class Certification filed on April 23, 2015;

(28) Defendant's Unopposed Administrative Motion for Leave to File Excess Pages for Defendant's Memorandum Opposing Plaintiffs' Motion for Class Certification and Plaintiffs' Reply;

(29) the Parties' Joint Discovery Letter Brief filed June 19, 2015;

(30) Plaintiffs' Motion to Appear by Telephone at Discovery Hearing Scheduled for July 16, 2015;

(31) Defendant's Motion for Administrative Relief to File Surreply in Support of Their Motion for Class Certification filed on July 30, 2015;

(32) Plaintiffs' Motion for Administrative Relief to File Motion to Strike the Coleman Declaration (Doc. 302) and Exhibits A Through R Thereto, the McCrary Declaration (Doc. 301) and Exhibits Thereto, and the Evangelis Declaration (Doc. 299) and Exhibits Thereto filed on August 3, 2015;

(33) Interested Party Steven Price's Request for Telephonic Appearance for August 6, 2015 Hearing re Plaintiffs' Motion for Class Certification filed on August 4, 2015;

(34) Administrative Motion to Consider whether Cases Should be Related filed by Ricardo Del Rio, Plaintiff in *Del Rio v. Uber Technologies, Inc.*, filed on August 18, 2015;

(35) Administrative Motion to Consider whether Cases Should be Related filed by Greg Fisher, Plaintiff in *Fisher v. Uber Technologies, Inc.*, filed on August 28, 2015;

(36) Defendant's Motion to Compel Arbitration as to Certain Absent Class Members filed on September 10, 2015;

(37) Defendant's Petition for Permission to Appeal this Court's Class Certification Order Pursuant to Rule 23(f) filed in the Ninth Circuit on September 15, 2015;

(38) Plaintiffs' Motion for Leave to File a Fourth Amended Complaint filed on October 1, 2015;

(39) Plaintiffs' Motion for Leave to File Reply in Response to Defendant's Opposition to Plaintiffs' Supplemental Brief in Support of Class Certification, filed on October 30, 2015;

(40) Defendant's Ex Parte Motion to Compel Arbitration as to Absent Class Members, filed on December 10, 2015;

(41) Plaintiffs' Motion to Appear by Telephone at Case Management Conference Scheduled for December 17, 2015, filed on December 10, 2015;

(42) Plaintiffs' Emergency Motion for Protective Order to Enjoin Uber's Communications with Class Members that may Affect or Undermine Their Rights in This Case, Including Any Attempts to Enforce Uber's New Arbitration Agreement, filed on December 11, 2015;

(43) Plaintiffs' Motion to Shorten Time for Hearing on Their Emergency Motion, filed on December 11, 2015;

(44) Defendant's Motion to Stay Pending Appeal, filed on December 14, 2015; and

(45) Defendant's Motion to Expedite Briefing and Hearing Schedule on the Motion to Stay, filed on December 14, 2015.

**B.       Plaintiffs' Anticipated Motions**

Plaintiffs do not anticipate filing any motions at this time. However, Plaintiffs note that they will file a motion at the Court's direction, regarding the matters outlined infra, Part IV.

**C.       Defendant's Anticipated Motions**

Should this Court allow Plaintiffs to file an amended complaint to add PAGA claims, Uber reserves the right to file Rule 12 and other motions for reasons that Uber will explain fully in those motions. In addition, Uber reserves the right to file motions for summary judgment including, but not limited to, on Plaintiffs' California Labor Code Section 351 (tips) claim, and on the Labor Code Section 2802 claim.

**IV.      AMENDMENT OF PLEADINGS**

On March 16, 2015, Plaintiffs filed a motion for leave to file a Third Amended Complaint. Dkt. 253. That motion was heard on May 14, 2015 and taken under submission by the Court. On

July 30, 2015, this Court issued an order instructing Plaintiffs to properly file their Second Amended Complaint and referring to it as the operative complaint (Dkt. 318), which Plaintiffs did on August 5, 2015 (Dkt. 330).  On October 1, 2015, Plaintiffs filed a motion for leave to file a Fourth Amended Complaint.  Dkt. 355.  The Court denied Plaintiffs' motions to file third and fourth amended complaints, "except that a decision on Plaintiffs' motion to amend in PAGA claims is deferred pending further consideration."  Dkt. 401.

A.      **Plaintiffs' Position**

Plaintiffs filed a motion for leave to file a Third Amended Complaint, which would have added a Private Attorney General Act (PAGA) claim for violations of Labor Code Sections 351 and 2802, see Dkt. 253, and a Motion to file a Fourth Amended Complaint, seeking to include an additional 382 named plaintiffs who were excluded from the class definition, as well to drop their jury demand and renewing their request to add the PAGA claims. See Dkt. 355.  The Court recently ruled and denied both Motions, "except that a decision on Plaintiffs'' motion to amend in PAGA claims is deferred pending further consideration." Id. at 6.

Plaintiffs now submit that they are prepared to dismiss their stand-alone claim brought under Cal. Labor Code § 2802 claim so that they may pursue that remedy through a bench trial under Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL").  As the Court has recognized, there is no right to a jury trial on a UCL claim (see Dkt. 401, at 4, citing Hodge v. Superior Court, 145 Cal. App. 4th 278, 285, 51 Cal. Rptr. 3d 519, 524 (2006); People v. First Federal Credit Corp., 104 Cal. App. 4th 721, 732-33 (2002)).  Thus, by pursuing both their tips claim and expense reimbursement claim through the UCL, Plaintiffs would allow the case to be tried to the Court, not a jury.  This development would simplify the trial, and should alleviate the Court's concerns about adding the PAGA claims to this case (as well as potentially bifurcating damages from liability, both for the UCL claims and the PAGA claims).  Although the Court expressed concern at the last hearing about bifurcating damages from liability, Plaintiffs expect the Court's concern may have stemmed from the prospect of convening a jury for liability, and then needing to reconvene the jury, or convening a new jury, in a separate damages phase.  However, if the claims are tried to the Court, rather than to a jury, this should no longer be a concern, as the Court can manage the phasing of the trial more easily and

determine at what point to take damages evidence (assuming the plaintiffs prevail on liability)—either immediately following the presentation of liability evidence, or following the issuance of findings of fact and conclusions of law on liability.[1]  In short, a bench trial will provide a much nimbler and more flexible vehicle for the Court to manage the various moving parts of this case, including the PAGA claims, as well any possible bifurcation of liability and damages.[2]

Should the Court require Plaintiffs to file a motion to dismiss their stand-alone § 2802 claim, as well as to request that the Court bifurcate liability from damages in a bench trial, they will do so.[3] Plaintiffs raise the issue in this statement so that the Court and parties will be prepared to discuss it at the conference on Thursday, together with the bearing it may have on the Court's decision with respect to the PAGA claims and the manageability of including these claims in this case.

Given that PAGA claims are also for the Court to decide, rather than a jury (see Dkt. 401, at 4 (citing DiPirro v. Bondo Corp., 153 Cal.App.4th 150, 182)), Plaintiffs submit that it would be eminently manageable for the proposed PAGA claims to be added to this case, with this case

---

[1]     Plaintiffs served damages discovery on Uber on Friday, December 11, 2015 (including discovery requests designed to calculate potential PAGA penalties).  Although Uber has agreed to work cooperatively with Plaintiffs to produce the requested discovery, Plaintiffs have concerns about presenting damages evidence at trial in June if this production is delayed.  Plaintiffs have suggested that Magistrate Judge Ryu could supervise the discovery production to ensure that it stays on track, although Uber has objected to involving the Magistrate Judge before a dispute arises.

[2]     Pursuing the Cal. Labor Code § 2802 claim through the UCL has the added benefit of providing a longer statute of limitations of four years rather than three years.  See Brandon v. Nat'l R.R. Passenger Corp. Amtrak, 2013 WL 800265, at *3 (C.D. Cal. Mar. 1, 2013); Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 179 (2000) ("Any action on any UCL cause of action is subject to the four-year period of limitations created by that section.").  Moreover, the case law is clear that the plaintiff class may still pursue necessary business expenses as restitution under the UCL.  Brandon v. Nat'l R.R. Passenger Corp. Amtrak, 2013 WL 800265, *4 (C.D. Cal. Mar. 1, 2013); Ordonez v. Radio Shack, 2011 WL 499279, at *6 (C.D. Cal. Feb. 7, 2011); Woo v. Home Loan Group, L.P., 2007 WL 6624925, *4 (S.D.Cal. July 27, 2007).  Furthermore, pursuing this claim through the UCL would not impact the Court's rulings on class certification because "whether the putative class is certifiable as to the UCL claim depends on whether it is certifiable as to the Section 2802 claim." Trosper v. Styker Corp., 2014 WL 4145448, *4, n. 5 (N.D. Cal. Aug. 21, 2014).

[3]     As noted at the last conference, Plaintiffs did suggest bifurcation of liability from damages in their original class certification motion.  See Plaintiffs' Motion for Class Certification [Dkt. 276], at 20 ("At this stage, the Court may certify the class as to liability while reserving damages determinations for a later proceedings").

JOINT CASE MANAGEMENT STATEMENT                                CASE NO. 13-03826-EMC

proceeding with a bench trial.  Should the Court find liability, evidence regarding the PAGA penalties could then be submitted either together with the damages evidence on the underlying (UCL) claims, or separately.[4]

The Court has raised the question of how to handle the PAGA representative claim in light of the fact that it could be brought on behalf of drivers who were excluded from the certified class in this case.  Plaintiffs propose that, through a bench trial, the Court could take evidence regarding liability with respect to drivers who drove through third party transportation companies (or used corporate names) and then make a determination as to whether to extend that ruling to other drivers who drove through third party companies (or used corporate names).[5]

---

[4]    Any "residual" PAGA claims that were alleged in the In re Uber FCRA Litigation (or other cases, such as Price or Del Rio) could then be adjudicated in the In re Uber FCRA Litigation.  These additional PAGA claims would simply require an additional calculation of penalties.

Plaintiffs expect that Uber would argue that in assessing PAGA penalties, pursuant to Cal. Labor Code § 2699(e)(2), a court "may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory."  See Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1214 (2008) (reducing penalty to one-third of plaintiffs' damages award).  By adjudicating both the underlying claims, as well as the PAGA claims (either in this case, or in the In re Uber FCRA Litigation), the Court will be well positioned to determine the appropriate amount of PAGA penalties in light of this statutory provision.

[5]    In its recent Order amending the class certification order, the Court stated that these drivers could have been certified as a class had the plaintiffs explained how it could be determined which of these drivers worked more than 30 hours per week.  (Dkt. 395, at 7)  Plaintiffs had not understood that the reason the Court had declined their request on this point previously was because they had not explained that this group was ascertainable from Uber's records.  In fact, Uber does maintain records on how many hours drivers are logged on per week, and it is already in the record in this case that Uber maintains these records and shares them with the drivers (on a weekly basis).  See Dkt. 358-16, at 3 (Uber's weekly summary for Thomas Colopy, stating that he was online for 32.3 hours that week).  Moreover, given that drivers are required to accept most rides that are offered to them (see Dkt. 223-57) (drivers risk deactivation if their acceptance rate falls below 80%)), Plaintiffs submit that drivers are working for Uber during the time they have the Uber app on (since they need to be ready to accept rides whenever they are online), and thus it is ascertainable which drivers have worked for Uber more than 30 hours per week.  Thus, if the Court feels it would be appropriate to identify this group of drivers – either to include them in the PAGA claims, or a revised Rule 23 class, this group is indeed ascertainable.

---

## B.    Defendants' Position

Plaintiffs' approach to litigating this case continues to violate the Supreme Court's guidance that class action litigation requires "crisp rules with sharp corners" because the interests and rights of absent parties are at stake.  *See Taylor v. Sturgell*, 553 U.S. 880, 901 (2008) (citation omitted).

This Court has already denied "Plaintiffs' motion for leave to file a complaint that removes the jury demand." Dkt. 401 at 4.  Further, this Court has already stated that a *jury* must decide the merits of Plaintiffs' claims.  *See, e.g.*, Class Certification Order at 10 ("the ultimate question of [Plaintiffs' employment status] is one that must typically be decided by a *jury*"); *id.* at 16 ("should the *jury* determine they are Uber's employees"); *id.* at 55 ("Either the *jury* will decide that all Uber drivers require special skills to drive for Uber, or not."); Supplemental Class Certification Order at 7 ("a *jury* [could] reach different results under the *Borello* test").  Yet Plaintiffs now request that the Court reconsider its decision and order a bench trial without filing any motion for reconsideration. Moreover, as Uber has repeatedly asserted, Plaintiffs cannot unilaterally deprive Uber of *its* Seventh Amendment right to a jury trial.  *See Tull v. United States*, 481 U.S. 412, 425 (1987) ("petitioner has a constitutional right to a jury trial to determine his liability on the legal claims" and "characterizing the relief sought is more important than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial") (internal citation and quotation omitted); *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.").

This Court has already held that "[t]o the extent that Plaintiffs seek to add individuals who are not part of either the September 1, 2015 class or December 8, 2015 sub-class, the Court denies Plaintiffs' motion" because "[p]ermitting the addition of these individuals would inject individualized issues that this Court found defeated class certification for such individuals" and "Plaintiffs' proposal would only complicate an already complicated case and effectively undermine the effect of the Court's certification decision." Dkt. 401 at 3.  Yet Plaintiffs are re-arguing that "this group of drivers" can be "include[d] [] in the PAGA claims, *or a revised Rule 23 class*," without filing a motion for reconsideration.  *See supra* n. 5 (emphasis added).

The Court has already squarely rejected Plaintiffs' prior attempts to suggest a liability-only trial through their "untimely" and "not sufficiently detailed" trial plan.  Yet Plaintiffs continue to ignore the Court's orders and again throw out "proposals" without submitting viable trial plans, therefore repeating the very same "significant flaw" that "pervade[d]" their original class certification motion by "put[ting] the burden on [the] Court to figure out" how it could conceivably manage the Plaintiffs' proposed convoluted proceedings.  *See* Amended Class Cert. Order at 29 n.13.

And Plaintiffs are attempting to change the scope of the certified class by dismissing their stand-alone Section 2802 claim at the same time as the parties are meeting and conferring to finalize class notice including that claim, without seeking leave from the Court to file yet another amended complaint, and without explaining how Plaintiffs' latest tactic is beneficial to the class members they purport to represent.  Plaintiffs once again seek to jettison valuable damages claims of the class in an attempt to end run Uber's right to a jury trial, further proving their inadequacy as class representatives.  And, again, Plaintiffs attempt to make these changes without any formal motion.

Uber does not agree to any of Plaintiffs' proposals or requests.  If the Court is inclined to consider Plaintiffs' proposals and requests, Uber respectfully requests that the Court allow the parties to properly brief these issues before rendering a decision.  Plaintiffs' tactic of unilaterally including argument and scattered "proposals" in joint case management statements continues to prejudice Uber because, among other things, Plaintiffs levy these haphazard arguments without giving Uber an adequate opportunity to respond.

## V.   DISCOVERY

The parties have exchanged, and continue to exchange, written discovery in the form of requests for admission, interrogatories, and requests for production of documents.  Uber has deposed all of the named Plaintiffs in the operative complaint, and contends that it reserved the right to continue those depositions.  Plaintiffs disagree that Uber has the right to continue the depositions of the named plaintiffs.  Plaintiffs have taken the depositions of two Rule 30(b)(6) witnesses, as well as the depositions of William Barnes, the former General Manager at Uber Los Angeles, Ilya Abyzov, the former General Manager at Uber San Francisco, and Ryan Graves, the Vice President of Operations for Uber.

Uber submitted a discovery dispute letter on October 23, 2015 to Magistrate Judge Ryu (Dkt. No. 364) regarding discovery Uber served related to assertions in the Declaration of Elizabeth Lopez Beltran (Dkt. 314) that was filed in connection with Plaintiffs' class certification reply brief (Dkt. 312).  This discovery dispute is set for hearing on December 17, 2015 at 11:00 a.m.

The parties have agreed in principle that the parties should exchange lists of expected trial witnesses sufficiently in advance of trial to allow for depositions of any witnesses who were not previously identified or deposed.  Plaintiffs have proposed that the parties exchange their lists of witnesses by the end of February.  Uber has proposed meeting and conferring further to agree on a schedule after the parties receive clarity from the Court regarding the scope of the upcoming trial.

### A.    Plaintiffs' Position

In light of the Court's order scheduling a trial beginning on June 20, 2016 (Dkt. 378), Plaintiffs have identified additional discovery that they seek for trial, including more comprehensive documents regarding driver deactivations and warnings--and regarding tips—both of which categories they obtained only samplings of documents for earlier in the litigation.  The parties are in the process of conferring regarding this production.

As noted above, Plaintiffs have also served damages discovery on Uber and are in the process of conferring with Uber regarding this production.

Although Uber has agreed to be cooperative on the production of these documents that Plaintiffs have identified that they need for trial, Plaintiffs are particularly concerned (because of the time sensitivity--given that the trial is now six months out) that this discovery must be produced promptly and that Plaintiffs may be extremely prejudiced by any delays that may arise as the result of any disputes or foot-dragging.  Thus, Plaintiffs have proposed that Magistrate Judge Ryu supervise this production, in order to ensure efficient and timely production that will allow Plaintiffs adequate time to review and analyze this voluminous production in preparation for trial.  Although Uber opposes the Magistrate's involvement without a ripe discovery dispute, Plaintiffs fear that delays in this production could severely prejudice them for trial and thus submit that involvement of the Magistrate Judge is warranted at this juncture.

### B.     Defendant's Position

As Plaintiffs note, the parties are in the process of conferring regarding the "deactivation" and "tips" discovery served by Plaintiffs, and are currently in agreement regarding next steps and a schedule for forthcoming document productions.  With regard to Plaintiffs' so-called "damages discovery," it was served less than a week ago, and Uber's responses are not yet due.  *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.").  Accordingly, there is no dispute regarding the discovery at issue that requires the Court's intervention.  Moreover, Plaintiffs' unilateral injection into this joint statement of their ambiguous "fear[s]" about discovery is a flat violation of the discovery rules governing this case.  *See* Standing Order for Magistrate Judge Donna M. Ryu ¶ 10 ("as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements" and "[i]f disagreements remain, the parties shall file a joint letter").

## VI.    CLASS ACTION SCHEDULE

The Court granted in part and denied in part Plaintiffs' Motion for Class Certification on September 1, 2015.  Dkt. 342.  The Court granted in part and denied in part Plaintiffs' Supplemental Motion for Class Certification on December 9, 2015.  Dkt. 395.  Pursuant to the Court's order that the parties meet and confer regarding the contents and logistics of class notice (*see id.*), the parties attach hereto as **Exhibit A** a further revised draft of the proposed class notice with the parties' current disagreements shown.  The parties reserve the right to submit a further revised version for the Court's consideration when final proposed versions are required to be submitted.

Uber respectfully requests that the Court deny any attempt by Plaintiffs to disseminate notice to drivers who were excluded from the class, and does not agree to the form or substance of Plaintiffs' Exhibit B.  Uber awaits the Court's decision regarding notice to drivers who are not included in the class, and will attempt to reach agreement with Plaintiffs on the content and form of that notice if such notice is ordered by the Court.  Plaintiffs' position is that the Court has indicated that it will consider issuing notice to drivers who are not included in the class, and Plaintiffs have

1  therefore included a proposed notice for those drivers who are excluded from the class, attached

2  hereto as **Exhibit B**.

3  **VII.    RELATED CASES**

4           The Court has related this case and the following cases pending in the United States District

5  Court for the Northern District of California:  *Ehret v. Uber Technologies, Inc.*, Case No. 14-00113-

6  EMC; *Mohamed v. Uber Technologies, Inc.*, Case No. 14-05200-EMC and *Gillette v. Uber*

7  *Technologies, Inc.*, Case No. 14-05241-EMC, which have been consolidated by the Court as *In re*

8  *Uber FCRA Litig.*, Case No. 14-05200-EMC; *Yucesoy v. Uber Technologies, Inc.*, Case No. C 15-

9  00262-EMC; *Del Rio v. Uber Technologies, Inc.*, Case No. 15-03667-MEJ; and *Fisher v. Uber*

10  *Technologies, Inc.*, Case No. 15-3774-DMR. The parties are also aware of the following related case

11  in another jurisdiction:  *Steven Price v. Uber Technologies, Inc.*, Los Angeles Superior Court Case

12  No. BC554512.

13  **VIII.   RELIEF**

14           **A.      Plaintiffs' Statement**

15           Plaintiffs seek relief as set forth in their operative complaint and in their Second Amended

16  Complaint (as well as the proposed PAGA claims set forth in their proposed Third and Fourth

17  Amended Complaints, should the Court allow amendment to add those claims to this case).  As noted

18  above, Plaintiffs are prepared to withdraw their stand-alone Cal. Labor Code § 2802 claim so as to

19  pursue that claim through the UCL at a bench trial.

20           **B.      Defendant's Statement**

21           Uber denies that Plaintiffs are entitled to recover any damages or relief whatsoever and

22  further denies that Plaintiffs may maintain this action as a class action.  Uber opposes the amendment

23  of Plaintiffs' complaint to add PAGA claims for all the reasons set forth in Defendant's opposition to

24  Plaintiffs' motion for leave to file a fourth amended complaint (Dkt. 362) and the reasons stated by

25  the Court at the May 14, 2015 hearing where the Court expressed serious concern about "splitting up

26  the PAGA claims.  Two of them here, and the other six over there.  And I don't know.  Just

27  viscerally, it just doesn't make a whole lot of sense to me."  May 14, 2015 Hr'g Tr. at 30:14-17.

28  Uber notes that Plaintiffs' suggestion to amend their complaint by "withdraw[ing] their stand-alone

[Section] 2802 claim" and "pursu[ing] that claim through the UCL at a bench trial" is not the subject of any formal motion and is improper to unilaterally raise in a joint case management statement. Defendant expressly reserves the right to respond fully to Plaintiffs' proposals and suggestions if and when they are properly raised.

## IX.   SETTLEMENT AND ADR

The Parties participated in private mediation with mediator Jeffrey A. Ross on April 1, 2014, but were unable to reach an agreement to resolve this matter.  The Parties have not engaged in further mediation or settlement discussions.  The Parties await and will comply with any instructions by the Court regarding whether further mediation is appropriate.

## X.   SCHEDULING

### A.   Plaintiffs' Position

Plaintiffs believe this case will be ready for trial as currently scheduled on June, 20, 2016.

### B.   Defendant's Position

Uber respectfully states that the case should be stayed pending appeals from the Court's Order Granting in Part and Denying in Part Plaintiffs' Supplemental Motion for Class Certification (Dkt. No. 395) and the Court's Order Denying Defendants' Motions to Compel Arbitration (Dkt. No. 400), for all of the reasons set forth in Uber's motion to stay (Dkt. 411).  *See also Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) (granting stay because "[i]f litigation proceeds through trial, [defendant] will face substantial costs in defending it, which would affect the cost-limiting purpose of arbitration) (*cert. granted ,*136 S. Ct. 27 2015).

In any event, class notice should be disseminated promptly, given that the class period closed on the date the Court issued its Order Granting in Part and Denying in Part Plaintiffs' Supplemental Motion for Class Certification (Dkt. No. 395).  *See* April 18, 2014 Hr'g Tr. 12:17-20 (Plaintiffs' statement that "[a]t class certification, we would ask to have [certified] everyone who, as defined in the Complaint, suffered these practices up until the time of class certification"); Dkt. No. 99 at 7 n.4 ("Plaintiffs have clarified that their class definition was intended to include all those who have driven through the time of class certification ….").

## XI.   TRIAL

The Court has scheduled trial to begin on June 20, 2016.

Plaintiffs are prepared to withdraw their stand-alone Cal. Labor Code § 2802 claim, such that the trial scheduled for June 20, 2016, may proceed as a bench trial rather than a jury trial. See supra, Part IV.  Plaintiffs submit that this proposal would simplify the proceedings and would make it easier for the Court to bifurcate liability and damages, or bifurcate the proceedings on the substantive Labor Code Claims and PAGA claims, should it choose to do so.  Plaintiffs will file a motion to this effect, should the Court desire a formal motion to address this procedural issue.

The Court has already "conclude[d] that Plaintiffs are seeking a remedy at law for which there is a right to jury trial" and held that "Plaintiffs' motion for leave to file a complaint that removes the jury demand is [] denied."  Dkt. 401 at 4.  Moreover, the Court has already squarely rejected Plaintiffs' improper prior attempt to suggest a liability-only trial.  Dkt. 342 n.13, 64.  Uber reasserts that Plaintiffs' suggestion to "withdraw their stand-alone [Section] 2802 claim" and "proceed as a bench trial" is not the subject of any formal motion and is completely improper to unilaterally raise in a joint case management statement.  Defendant expressly reserves the right to respond fully to Plaintiffs' proposals and suggestions if and when they are properly raised.

Respectfully submitted,

Dated:  December 16, 2015                    GIBSON, DUNN & CRUTCHER LLP


/s/ *Theane D. Evangelis*
Theane D. Evangelis
Attorneys for Defendant


Dated:  December 16, 2015                    LICHTEN & LISS-RIORDAN, P.C.


/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan, *pro hac vice*
Attorneys for Plaintiffs


## **ECF ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: December 16, 2015                    GIBSON DUNN & CRUTCHER, LLP

By /s/ Dhananjay S. Manthripragada
Dhananjay S. Manthripragada
Attorneys for Defendant

# EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA</u>

# If you have used the Uber App as a driver, a class action lawsuit may affect your rights.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A class action lawsuit has been filed against Uber Technologies, Inc. ("Uber") by four drivers who have used the Uber App (the "App") on behalf of drivers who have used the App in California.  The plaintiffs in the lawsuit allege that they and other drivers in California should be classified as employees, and that Uber has therefore violated sections of the California Labor Code by not reimbursing drivers for certain expenses and not passing along to drivers the part of the fare that they allege represents a tip.

- The Court has certified the following class to pursue the reimbursement claim (as to vehicle-related and phone expenses, but not other expenses) and the tips claim, which include the misclassification question (i.e., whether drivers are or are not Uber's employees):

  > "All UberBlack, UberX, and UberSUV drivers who have driven for Uber in the state of California [from] August 16, 2009 [<u>Uber's suggestion</u>: up to and including December 9, 2015; <u>Plaintiffs' suggestion</u>: up to and including a date to be determined], and meet all of the following requirements:  (1) who signed up to drive directly with Uber or an Uber subsidiary under their individual name, and (2) are/were paid by Uber or an Uber subsidiary directly and in their individual name."

- The Court has not decided whether Uber has done anything wrong or whether drivers who use the App are Uber's employees.  There is no money available now and no guarantee that there will be.  However, as a member of the class described above, your legal rights are affected.  Please read the following page, which contains important information regarding your legal rights and options in this lawsuit.

- As a member of the class, you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit.  Await the outcome.  Give up certain rights.**<br><br>By doing nothing, you will [<u>Uber's suggestion</u>: be bound by any judgment that you are or are not an employee of Uber and; <u>Plaintiffs oppose this language because Plaintiffs' position is that if the plaintiffs prevail in this case, all Uber drivers will legally be</u> |

| | |
|---|---|
| | employees regardless of whether they stayed in the case, so <u>Plaintiffs contend this language is misleading</u>] keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue Uber separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it.  Keep rights.**<br><br>If you ask to be excluded and money or benefits are later awarded, you won't share in those.  But, you keep any rights to sue Uber separately about the same and related legal claims in this lawsuit, including any claims for additional expenses that are not being pursued by Plaintiffs in this case. |

- Your options are explained in this notice.  To ask to be excluded from the lawsuit, you must act before **Month 00, 0000**.

- Plaintiffs' lawyers must prove the claims against Uber at a trial.  The jury [<u>Plaintiffs oppose the inclusion of the word jury, since, as explained in the CMC statement, they are prepared to withdraw the stand-alone Sec. 2802 claim in this case so that the remaining UCL claims would be tried to the Court</u>] trial is scheduled to begin on June 20, 2016.  If you are found to be Uber's employee and money or benefits are obtained from Uber, you will be notified about how to ask for a share.

- Any questions?  Read on and visit **www._____.com**.  ==[a court-approved website providing information/notice regarding the case has not yet been created]==

# WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................................. 4
   1.   Why did I get this notice?
   2.   What is this lawsuit about?
   3.   What is a class action and who is involved?
   4.   Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT ...................................................................................................... 5
   5.   What does the lawsuit complain about?
   6.   What is Uber's position?
   7.   Has the Court decided who is right?
   8.   What are Plaintiffs asking for?
   9.   Is there any money available now?

WHO IS IN THE CLASS ................................................................................................................. 7
   10.   Am I part of this Class?
   11.   Which drivers are included?
   12.   Which drivers are not included in the Class?
   13.   I'm still not sure if I am included.

YOUR RIGHTS AND OPTIONS .......................................................................................................... 8
   14.   What happens if I do nothing at all?
   15.   Why would I ask to be excluded?
   16.   How do I ask the Court to exclude me from the Class?

THE LAWYERS REPRESENTING YOU ............................................................................................... 9
   17.   Do I have a lawyer in this case?
   18.   Should I get my own lawyer?
   19.   How will the lawyers be paid?

THE TRIAL ............................................................................................................................... 10
   20.   How and when will the Court decide who is right?
   21.   Do I have to come to the trial?
   22.   Will I get money after the trial?

GETTING MORE INFORMATION ..................................................................................................... 10
   23.   Are more details available?

### BASIC INFORMATION

| **1.      Why did I get this notice?** |
|---|

Uber's records show that you are a member of the class of individuals covered by this litigation. This notice explains that the Court has allowed, or "certified," a class action litigation that may affect you.  As a member of the class, you have legal rights and options that you may exercise before the Court holds a jury trial. The jury [Plaintiffs object to the inclusion of the word jury, as explained above] trial is to decide whether the claims being made against Uber, on your behalf, are correct.  Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing this class action.  The lawsuit is known as *Douglas O'Connor et al v. Uber Technologies, Inc.*, Case No. 13-03826-EMC.

| **2.      What is this lawsuit about?** |
|---|

This lawsuit is about whether Uber has misclassified drivers as independent contractors, as opposed to its employees.  If so, this lawsuit will determine whether part of the fare includes a tip that Uber [Plaintiffs object to the inclusion of the word allegedly] allegedly failed to pass along to drivers and whether Uber must reimburse drivers for certain vehicle-related and phone expenses.

| **3.      What is a class action and who is involved?** |
|---|

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members." In this case, two of the individuals who initiated this lawsuit, Mr. Elie Gurfinkel and Mr. Matthew Manahan, are Class Representatives.  Together, the Class Representatives and Class Members are called the Plaintiffs.  The company that has been sued—in this case Uber—is called the Defendant.  One court resolves the issues for everyone in the Class—except for those people who chose to exclude themselves from the class.

| **4.      Why is this lawsuit a class action?** |
|---|

The Court decided that the claims in this lawsuit can proceed as a class action because they meet the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.  Specifically, the Court found that:

- The size of the Class is so large that it would be impractical to join each Class Member as a party to this lawsuit;
- There are legal questions and facts that are common to each Class Member;
- The Class Representatives' claims are typical of the claims of the rest of the Class;
- The Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class' interests;

- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information on why the Court is allowing the lawsuit to be a class action is in the Court's Order Certifying the Class, which is available at [website].

## THE CLAIMS IN THE LAWSUIT

| **5.** | **What does the lawsuit complain about?** |
|---|---|

In this lawsuit, Plaintiffs claim that Uber has misclassified drivers as independent contractors and that drivers should be classified as Uber's employees.

[PLAINTIFFS BELIEVE THAT UBER'S PROPOSED LANGUAGE IN THE NEXT SECTION INAPPROPRIATELY CONTAINS UBER'S ARGUMENT ABOUT WHY IT IS NOT LIABLE UNDER THE LAW.  PLAINTIFFS BELIEVE THAT UBER'S STATEMENT IN THE NEXT SECTION SHOULD SIMPLY STATE THAT UBER DENIES THE PLAINTIFFS' CLAIMS, RATHER THAN EXPLAINING ITS DEFENSE AS TO WHY THE DRIVERS ARE NOT EMPLOYEES.  IF UBER IS PERMITTED TO INCLUDE ITS DEFENSE, THEN PLAINTIFFS WOULD WANT TO INCLUDE THE FOLLOWING LANGUAGE]

[UBER STATES THAT THE FEDERAL JUDICIAL CENTER SAMPLE, WHICH THE COURT REQUESTED THAT THE PARTIES ADHERE TO, ALLOWS FOR A STATEMENT OF UBER'S POSITION.  UBER HAS NOT ELABORATED ON ITS "DEFENSES" AS PLAINTIFFS CONTEND.  IF PLAINTIFFS ARE ALLOWED TO INCLUDE ANY OF THE LANGUAGE IN PARENTHESES BELOW, THEN UBER RESERVES THE RIGHT TO INCLUDE A MORE FULSOME DISCUSSION OF ITS LITIGATION POSITION AND DEFENSES.  UBER NOTES THAT IT DOES NOT OBJECT TO, AND PLAINTIFFS HAVE INCLUDED BELOW, A RESPONSE TO THE SHORT DESCRIPTION OF UBER'S POSITION IN THE FOLLOWING SECTION.]

[Plaintiffs contend that drivers are employees under the California Labor Code.  California Labor Law considers the following factors in determining whether a worker is an employee or an independent contractor:

(a) the degree of control exercised by the putative employer, including particularly the employer's right to terminate the worker at will; (b) whether the services performed by the worker is an integral part of the employer's business; (c) whether the one performing services is engaged in a distinct occupation or business; (d) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (e) the skill required in the particular occupation; (f) whether the principal of the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (g) the length of time for which the services are to be performed; (h) the method of payment,

whether by the time or by the job; (i) whether or not the work is a part of the regular business of the principal; and (j) whether or not the parties believe they are creating the relationship of employer-employee.

Under California Labor Law, a court or jury must consider the application of these factors.]

Plaintiffs contend that it is not dispositive that a worker does not have a fixed schedule, does not have a minimum amount of time they have to work, does not have a geographic territory assigned to them, or is permitted to engage in another occupation or business, including working for a competitor.  Plaintiffs further claim that because these drivers are employees, they are entitled to be reimbursed for certain expenses, and because Uber did not pass along to these drivers the part of the fare that they allege represents a tip, Uber violated the California Labor Code.  You can read the Complaint Plaintiffs submitted at [website].

| 6. | What is Uber's position? |
|----|--------------------------|

Uber disputes Plaintiffs' claims, and denies that it did anything wrong.  With regard to the employment classification question, Uber's position is that drivers who use the App are not Uber's employees, and that Uber does not control them like an employer would.  For example, Uber's position is that it never sets drivers' schedules, never requires them to log into the Uber App for any minimum amount of time, never requires them to accept any particular trip request received via the Uber App, never assigns them a geographic territory, never restricts them from engaging in another occupation or business, and never restricts them from simultaneous use of other apps like Lyft and Sidecar.

With regard to the tips claim, Uber's position is that the fare does not include a tip, and Uber has not withheld any tips from drivers.  With regard to the expense reimbursement claim, Uber's position is that drivers are not Uber's employees, and are not entitled to expense reimbursement under the California Labor Code.  Uber's Answer to the Complaint is also at the [website].

| 7. | Has the Court decided who is right? |
|----|-------------------------------------|

The Court hasn't decided which side is correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that Plaintiffs will win or lose this case.  Plaintiffs must prove their claims at a jury [Plaintiffs object to the word jury] trial, which is scheduled to begin on June 20, 2016.  (See "The Trial" below on page 9)

| 8. | What are Plaintiffs asking for? |
|----|---------------------------------|

Plaintiffs want Uber to classify drivers as Uber's employees instead of independent contractors. Plaintiffs also want to recover the full amount of any tips that they allege are included as part of a fare for a ride generated by the Uber App, as well as reimbursement for certain vehicle-related and phone expenses they allege they have incurred in order to transport passengers.

Plaintiffs will seek reimbursement of class members' vehicle-related expenses based upon the IRS mileage reimbursement rate for all miles that Uber's records show that class members have driven transporting Uber passengers.  The IRS reimbursement rate (which is currently 57.5 cents

per mile) covers the following expenses: (1) depreciation or lease payments on a vehicle; (2) maintenance & repairs; (3) tires; (4) gas; (5) oil; (6) insurance; and (7) license and registration fees.  Plaintiffs will not seek reimbursement of any expenses other than the vehicle-related expenses based upon the IRS mileage reimbursement rate and phone expenses.

[Uber objects to the following statement, and Plaintiffs ask that it be included:   For any class members who wish to obtain additional expense reimbursement (for expenses that are not covered by the IRS mileage reimbursement rate), class members are free to do so, either through separate proceedings that they may initiate on their own, or through this lawsuit, pursuant to instructions that will be provided at a later date (assuming that the plaintiffs prevail in establishing that they were misclassified as independent contractors).]

| 9. | Is there any money available now? |
|---|---|

No money or benefits are available now because the Court has not yet decided whether Uber did anything wrong, and the two sides have not settled the case.  There is no guarantee that money or benefits ever will be obtained.  If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

| 10. | Which drivers are included? |
|---|---|

Judge Chen determined that you are part of the Class if you meet the following criteria:

  A. You used the App to provide transportation services requested through the UberBlack, UberX, or UberSUV platforms in the state of California at any time from August 16, 2009 up to and including December 9, 2015 [Plaintiffs object to this being stated as the end date; see above];
  B. You signed up to use the App directly with Uber or an Uber subsidiary under your individual name (e.g., not a corporate or fictitious name); and
  C. You received payments directly from Uber or an Uber subsidiary and under your individual name (e.g., not a corporate or fictitious name).

| 11. | Which drivers are not included in the Class? |
|---|---|

The following groups of drivers are not included in the Class:

  A. Drivers who signed up to use the App with Uber or an Uber subsidiary through a corporate or fictitious name.

  B. Drivers who signed up to use the App to drive for the account of a third-party transportation company, such as a limousine company.

  C. Drivers who did not use the App on or prior to December 9, 2015. [Plaintiffs object to the inclusion of this end date]

| **12.** | **I'm not sure if I am included.** |
| --- | --- |

If you are not sure whether you are included, you can get free help at [website], or by calling or writing to Plaintiffs' lawyers in this case, at the phone number or address listed in question 23.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

| **13.** | **What happens if I do nothing at all?** |
| --- | --- |

You don't have to do anything now if you want to keep the possibility of [Uber proposes this language, which Plaintiffs object to, see above] being classified as Uber's employee and getting money or benefits from this lawsuit.  By doing nothing you are staying in the Class.  If you stay in and Plaintiffs prove that you are Uber's employee and obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement).  Keep in mind that if you do nothing now, regardless of whether Plaintiffs win or lose the trial, you will not be able to sue Uber—as part of any other lawsuit—about the same legal claims that are the subjects of this lawsuit.  You will also be legally bound by all of the orders the Court issues and judgments the Court makes in this class action, [Uber proposes this language, which Plaintiffs object to, see above] including any orders or judgments regarding Plaintiffs' claim that you are an employee of Uber.

| **14.** | **Why would I ask to be excluded?** |
| --- | --- |

If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class—you won't [Uber proposes this language, which Plaintiffs object to, see above] be bound by any determination that Class members are or are not Uber's employees or get any money or benefits from this lawsuit even if  Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Uber and Plaintiffs.  However, you may then be able to file your own suit against Uber for claims that are the same or similar to the claims being raised in this lawsuit.  If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Uber after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.  If you do exclude yourself so you can start your own lawsuit against Uber, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

| **15.** | **How do I ask the Court to exclude me from the Class?** |
| --- | --- |

To ask to be excluded, you must send an "Opt-Out Request" by email or mail to Plaintiffs' counsel, stating that you want to be excluded from *O'Connor v. Uber*.  Be sure to include your name and address in the email or letter.  You must email or mail your Opt-Out Request postmarked by **Month 00, 0000**, to the email or mailing address set forth below.  [Uber proposes

and Plaintiffs object to an "Opt-Out Request" form] You may also get an "Opt-Out Request" form at the website, [website].  Plaintiffs' counsel has agreed to share with the Court and Defendant any and all "Opt-Out Requests" [Plaintiffs oppose the following language] and any and all communications related to your request to be excluded from *O'Connor v. Uber*.

**Plaintiffs' Counsel**
Shannon Liss-Riordan, Esq.
Adelaide Pagano, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
sliss@llrlaw.com

**Please note that "opting-out" of the Class is different from "opting-out" of the arbitration clause, which you may have previously heard about.  If you "opt-out" of the class, you will not be eligible for any recovery that may be obtained in this lawsuit.**

| **16.** | **Can Uber retaliate against me for participating in this case?** |
|---|---|

No, it is against the law for Uber to retaliate against you for participating in this lawsuit.

## THE LAWYERS REPRESENTING YOU

| **17.** | **Do I have a lawyer in this case?** |
|---|---|

The Court decided that Ms. Shannon Liss-Riordan, Esq. and Ms. Adelaide Pagano, Esq. of the law firm Lichten & Liss-Riordan, P.C. are qualified to represent you and all Class Members. These lawyers are called "Class Counsel."  They are experienced in handling similar cases against other defendants.  If you have questions about the lawsuit or your rights in this case, you can contact them at the address below:

> **Plaintiffs' Counsel**
> Shannon Liss-Riordan, Esq.
> Adelaide Pagano, Esq.
> Lichten & Liss-Riordan, P.C.
> 729 Boylston Street, Suite 2000
> Boston, MA 02116
> (617) 994-5800
> sliss@llrlaw.com
> Erin O'Reilly, Legal Assistant, eoreilly@llrlaw.com

| **18.** | **Should I get my own lawyer?** |
|---|---|

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| **19.** | **How will the lawyers be paid?** |
|---|---|

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses.  You won't have to pay these fees and expenses.  If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Uber.

## THE TRIAL

The Court has decided to allow this lawsuit to proceed to a jury trial to decide who is right in this case.  [Plaintiffs object to including jury]

| **20.** | **How and when will the Court decide who is right?** |
|---|---|

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove Plaintiffs' claims at a jury trial.  The jury trial is scheduled to begin on June 20, 2016.  During the trial, a jury will hear all of the evidence to help them reach a decision about whether Plaintiffs or Uber are right about the claims in the lawsuit.  There is no guarantee that Plaintiffs will win, or that they will get any money for the Class. [Plaintiffs object to including jury]

| **21.** | **Do I have to come to the trial?** |
|---|---|

You do not need to attend the trial.  Class Counsel will present the case for Plaintiffs, and Uber will present the defenses.  You or your own lawyer are welcome to come at your own expense.

| **22.** | **Will I get money after the trial?** |
|---|---|

If Plaintiffs obtain a judgment that drivers are Uber's employees and money or benefits as a result of the trial or settlement, you will be notified about how to participate.  We do not know how long this will take.

## GETTING MORE INFORMATION

| **23.** | **Are more details available?** |
|---|---|

Visit the website, [website], where you will find the Court's Orders Certifying the Class, the Complaint that Plaintiffs submitted, [Plaintiffs object to an Opt Out Request form] and the Opt

Out Request form.  You may also speak to one of the lawyers by calling [dedicated number] or writing to [dedicated address].

## PLEASE DO NOT CALL THE COURT

Dated:  **Month 00, 0000**                    Clerk of the Court for the United States District
                                              Court for the Northern District of California

QUESTIONS? VISIT www._____.com

# EXHIBIT B

<u>**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**</u>

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

**NOTICE THAT YOU ARE <u>NOT</u> INCLUDED IN A CLASS ACTION
AGAINST UBER TECHNOLOGIES, INC.**

Dear current or former Uber driver:

This notice is to provide you important information regarding a class action lawsuit that has been filed against Uber Technologies, Inc., alleging that Uber has misclassified its drivers as independent contractors, in violation of California wage laws. The lawsuit is called <u>O'Connor et al v. Uber Technologies, Inc.</u>, C.A. No. 13-03826-EMC, and it is pending in the U.S. District Court for the Northern District of California.

You may have heard about this lawsuit, as it is has been widely publicized in the news.  The case alleges that Uber drivers are entitled to reimbursement for expenses that have been necessary for them to perform their work for Uber.  The case also alleges that Uber has failed to remit to drivers the total proceeds of gratuities that they allege that Uber has informed customers are included in the Uber fare.

The Court has now certified this case as a class action, and so it includes certain individuals who have driven for Uber in California.  However, based on Uber's records, you are <u>not</u> a member of the class and so you will <u>not</u> be included in the case, or able to obtain any recovery the plaintiffs may obtain from the case.

You are not included in this case because the Court excluded the following categories of drivers from the class action: (1) drivers who contracted to drive for Uber (or its subsidiary Raisier) through a corporate or fictitious name; and (2) drivers who contracted to drive for Uber through an intermediary transportation company (like a limo company).

The fact that you have been excluded from the class action does <u>not</u> mean that the Court has ruled on whether the claims that were filed on your behalf are legally correct or not.  The Court has simply decided that the claims of the drivers who fall into the categories listed above cannot be tried together with the claims of the drivers who were included in the class (that is, those drivers who contracted directly with Uber or its subsidiary Raisier, and those drivers who contracted using, and received payments to, their own name).

Thus, if you want to pursue the claims that have been asserted in this case on behalf of Uber drivers, you will need to take action.

Please note also, that if you currently drive for Uber, you have recently been asked by Uber to agree to a new contract.  This contract contains a revised arbitration clause that may prevent you from bringing a legal claim against Uber in court and may prevent you from becoming a member of any other class actions that may be filed.  You are free to "opt out" of this arbitration clause if you want to retain your right to bring a claim against Uber in court or become a member of a class action.  To "opt out" of the arbitration clause, you must send an email to optout@uber.com within 30 days, stating your name and that you wish to opt out of the arbitration clause.  Uber cannot retaliate against you for opting out of the arbitration clause.

If you have any questions about this notice, you may contact the lawyers who are representing the Uber drivers in this lawsuit.  Their contact information is:

> Shannon Liss-Riordan, Esq.
> Adelaide Pagano, Esq.
> LICHTEN & LISS-RIORDAN, P.C.
> 729 Boylston Street, Suite 2000
> Boston, MA 02116
> (617) 994-5800
> sliss@llrlaw.com
> Erin O'Reilly, Legal Assistant, eoreilly@llrlaw.com

You may also contact other counsel of your choice at your own expense.