1   SHANNON LISS-RIORDAN, *pro hac vice*
    (sliss@llrlaw.com)
2   ADELAIDE PAGANO, *pro hac vice*
    (apagano@llrlaw.com)
3   LICHTEN & LISS-RIORDAN, P.C.
    729 Boylston Street, Suite 2000
4   Boston, MA 02116
    Telephone:     (617) 994-5800
5   Facsimile:      (617) 994-5801
6
7   MATTHEW CARLSON (SBN 273242)
    (mcarlson@carlsonlegalservices.com)
8   Carlson Legal Services
    100 Pine Street, Suite 1250
9   San Francisco, CA 94111
    Telephone:     (415) 817-1470
10
11              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
12
13  DOUGLAS O'CONNOR, THOMAS            Case No. CV  13-3826-EMC
    COLOPY, MATTHEW MANAHAN, and
14  ELIE GURFINKEL, individually and    PLAINTIFFS' NOTICE OF MOTION AND
    on behalf of all others similarly situated,   MOTION TO DISMISS CAL. LABOR CODE
15                                      § 2802 CLAIM AND PURSUE THE CLAIM
                                        THROUGH THE CA. BUS. PROF. CODE §§
16  Plaintiffs,                         17200 AND TO BIFURCATE LIABILITY AND
                                        DAMAGES PROCEEDINGS
17  v.
18  UBER TECHNOLOGIES, INC,             Hearing Date:   January 21, 2016
                                        Hearing Time:   1:30 p.m.
19  Defendant.                          Hearing Place:  Courtroom 5
                                        Judge:          Hon. Edward M. Chen
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 21, 2016, at 1:30 p.m., in Courtroom 5 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Plaintiffs Thomas Colopy, Matthew Manahan, and Elie Gurfinkel, individually and on behalf of all others similarly situated, will, and hereby do, move the Court for leave to dismiss their stand-alone Cal. Labor Code § 2802 claim from the case and pursue their § 2802 claim through Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL") and to bifurcate the liability and damages phases of these proceedings.

This Motion is based on this Notice of Motion and Motion, and the Memorandum of Points and Authorities included herein, all pleadings and papers on file in this action, any matters of which the Court may or must take judicial notice, and such additional evidence or argument as may be presented at or prior to the time of the hearing.

1

**INTRODUCTION**

Plaintiffs hereby voluntarily request dismissal without prejudice of their stand-alone claim under Cal. Labor Code § 2802.  The factual and legal predicate for the Cal. Labor Code § 2802 claim, and the Cal. Bus. & Prof. Code §§ 17200 claim, premised on Defendant's unlawful conduct in violation of § 2802, is the same, and the restitution remedy under the UCL provides the same (or greater) relief than the monetary damages available under Section 2802.  Thus, Plaintiffs now submit that they are prepared to dismiss their stand-alone claim brought under Cal. Labor Code   § 2802 claim so that they may pursue that remedy through a bench trial under Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL").  As the Court has recently recognized, there is no right to a jury trial on a UCL claim (see Dkt. 401, at 4, citing Hodge v. Superior Court, 145 Cal. App. 4th 278, 285 (2006)); see also People v. First Federal Credit Corp., 104 Cal. App. 4th 721, 732-33 (2002) (noting that "there is no right to a jury trial in [UCL] cases"); People v. Toomey, 157 Cal. App. 3d 1, 17, 203 Cal. Rptr. 642 (Ct. App. 1984) (noting that "it is now firmly established that an action brought pursuant to the unfair business practices act seeks only civil penalties, and accordingly the due process rights which apply in criminal actions, including the right to a jury trial, need not be provided").  The Court has now recently acknowledged in its Order from last week that both UCL and PAGA claims are non-jury claims, see Dkt. 401, and has recently certified Plaintiffs' Cal. Labor Code § 2802 claim, see Dkt. 395, so that the moment is now ripe for Plaintiffs to elect to dismiss their stand-alone § 2802 claim and pursue the claim solely through the UCL.  By pursuing both their tips claim and expense reimbursement claim through the UCL, the case can be tried to the Court, not a jury.  Plaintiffs have made the strategic choice that pursuing these claims through the UCL through a bench trial provides important advantages to the class.  Plaintiffs should have the right to choose to only try the equitable claims. "Plaintiffs are masters of their own complaints, and thus are entitled to frame their claims in any way they choose…" McCarthy v. Target Corp., 2012 WL 967853, *8 (N.D. Ill. Mar. 19,

1

2012) (internal citation omitted).  As such, Plaintiffs move the Court to permit them to dismiss their stand-alone Cal. Labor Code § 2802 claim and pursue the claim through Cal. Bus. & Prof. Code §§ 17200 *et seq.* in a bench trial on Plaintiffs' recently certified § 351 and § 2802 claims.

Likewise, Plaintiffs ask that the Court exercise its powers to bifurcate liability and damages proceedings in this case. In light of Plaintiffs' request for dismissal of their stand-alone Cal. Labor Code § 2802 claim, this case can now proceed as a bench trial, which will provide a more flexible vehicle for the Court to manage this case, and will avoid the need to convene a jury for liability, and then needing to reconvene the jury, or convening a new jury, in a separate damages phase.

**ARGUMENT**

**A. The Court Should Grant Plaintiffs' Motion to Dismiss Their Cal. Labor Code § 2802 Claim And Pursue The Claim Through The UCL.**

The standard for class certification is the same for both the stand-alone § 2802 claim and the § 2802 claim through the UCL, such that the Court's rulings on class certification will not be affected.  "[T]he 'unlawful' prong of the UCL, [] is derivative of the alleged Section 2802 violation" such that "whether the putative class is certifiable as to the UCL claim depends on whether it is certifiable as to the Section 2802 claim." Trosper v. Styker Corp., 2014 WL 4145448, *4, n. 5 (N.D. Cal. Aug. 21, 2014).  Having now certified the § 2802 claim, the claim can now proceed through the UCL rather than as a stand-alone claim without any need to disturb the Court's well-reasoned class certification decisions.

Plaintiffs in other cases have pursued a similar approach, dismissing their stand-alone § 2802 claim, to pursue the claim through a bench trial under the UCL.  For example, in Jou Chau v. Starbucks Corp., No. GIC-836925 (San Diego Sup. Ct.), after class certification and shortly before trial, Plaintiffs' counsel dismissed their stand-alone statutory claim (and over Defendant's objection) and pursued the claim in a bench trial through the UCL.  Indeed, in that case, the

2

decision to dismiss the stand-alone statutory claim necessitated that a second notice be sent to class members and was made shortly before trial over the vociferous objection of Starbucks. By contrast, here, notice has yet to be sent to the class, and Plaintiffs' decision may require no, or minimal, changes to the notice the parties have proposed, as the § 2802 claim would still seek restitution of necessary business expenses, albeit through the UCL.

Similarly, in Estrada v. Fedex Ground Package Sys., Inc., No. B187951, 2006 WL 3378246, *1 (Cal. Ct. App. Nov. 22, 2006), "former FedEx drivers, filed [a] class action complaint against FedEx, alleging in their subsequently filed first amended complaint claims for reimbursement of business expenses (Lab.Code, § 2802), an accounting, declaratory relief (Code Civ. Proc., § 1060), and injunctive relief and restitution under the Unfair Competition Law (the UCL, Bus. & Prof. Code, § 17200 et seq.)." Ultimately, "the trial judge (Hon. Howard J. Schwab) ruled that because the same facts would determine liability for both the legal and equitable claims, the case would be tried to the court, not a jury..." Id. at *2. Thus, in Estrada, there were both equitable and non-equitable claims but the court decided that all claims should all go to a bench trial. Here, the court has made the opposite determination and concluded that the presence of the legal claims requires a jury; however, Plaintiffs are now choosing to try only equitable claims. As in Estrada, here, liability will be decided under the same standard for the § 2802 claim, regardless of whether it is pursued as a stand-alone claim or through the UCL, and by dismissing the stand-alone claim, Plaintiffs can be assured of the advantages of a bench trial.[1]

---

[1]     Indeed, Plaintiffs have maintained throughout this litigation that factual issues are really not in dispute here, and that the question of whether Uber drivers are employees under California law should be decided as a legal issue by the Court. See Alexander v. FedEx Ground Package Sys., Inc., 765 F.3d 981 (9th Cir. 2014). Plaintiffs believe that, as in Alexander, there are not material factual disputes regarding liability in this case but that the open question is how the relevant law should be applied to the facts presented here. In Alexander, the Ninth Circuit concluded that the Borello factors pointed different ways on the employee status question, but the Ninth Circuit ultimately held that FedEx drivers were employees as a matter of law. This (continued on next page)

Plaintiffs' counsel is class counsel and have the right to make strategic decisions, which Plaintiffs' counsel have determined are in the class' best interest.  Plaintiffs should have the right to choose to only try the equitable claims. See In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Sec. Act (ERISA) Litigation, 2012 WL 1308993, *2 (S.D.N.Y. Apr. 16, 2012) (noting that "lead plaintiffs have authority and discretion to choose which claims to pursue…") McCarthy v. Target Corp., 2012 WL 967853, *8 (N.D. Ill. Mar. 19, 2012) ("Plaintiffs are masters of their own complaints, and thus are entitled to frame their claims in any way they choose…") (internal citation omitted); see also Hodge, 145 Cal. App. 4th at 282 (2006) (where Plaintiffs dismissed their statutory cause of action and proceeded under the UCL only, Defendant did not have a right to a jury trial, notwithstanding the fact that "Plaintiffs' stated rationale [for dismissing their statutory claim] was strategic: they wanted a bench trial instead of a jury trial").  Indeed, Plaintiffs frequently strategically dismiss certain claims prior to trial. Thus, what Plaintiffs propose here is nothing extraordinary and is well-within the purview of their role to safeguard the interests of the class.

Plaintiffs' counsel has determined that that the certified class will benefit from this approach and they should be permitted to dismiss this claim.  Dropping the stand-alone § 2802

---

(Footnote continued from previous page)

was a legal determination -- not simply a finding that "no reasonable jury could have found otherwise" (as is evident by the fact that a federal district court did previously hold otherwise in granting summary judgment in favor of FedEx).  The Alexander case demonstrates that the application of the law to the facts of a misclassification case such as this is fundamentally a legal one regarding how the law should be applied to the facts.

Plaintiffs recognize that this Court has disagreed with Plaintiffs on this point, and has ruled previously that the case will proceed to a jury.  They raise it again to preserve it for appeal but also to note that, regardless of the Court's views on this point, Plaintiffs now have the right to make a decision to dismiss their stand-alone § 2802 claim, such that the case would now have to be tried to the court in a bench trial.

claim will streamline the trial process and allow for a bench trial.[2]  A bench trial will assure that

there are clear factual findings and conclusions in the record and can more easily allow for an

appeal of any adverse decision in a way that would be more difficult in a jury trial.[3]  Moreover,

pursuing the Cal. Labor Code § 2802 claim through the UCL has the added benefit of providing

a longer statute of limitations of four years rather than three years. See Bus. & Prof. Code

§ 17208; Brandon v. Nat'l R.R. Passenger Corp. Amtrak, 2013 WL 800265, at *3 (C.D. Cal.

Mar. 1, 2013); Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 179 (2000) ("*Any*

action on *any* UCL cause of action is subject to the four-year period of limitations created by that

section").  Furthermore, the case law is clear that the plaintiff class may recover the same amount

of unpaid necessary business expenses under the UCL's restitution remedy. See, e.g., Brandon v.

Nat'l R.R. Passenger Corp. Amtrak, 2013 WL 800265, *4 (C.D. Cal. Mar. 1, 2013) (noting that

"Plaintiff seeks restitution for unpaid meal and rest periods and ***unreimbursed business***

***expenses***. These expenses are restitutionary and therefore recoverable under the UCL")

---

[2]      Pursing all claims through the UCL will not only simplify the trial but should also
alleviate the Court's concerns about adding the PAGA claims to this case. Through a bench trial,
the Court can sequence liability, then damages, then PAGA penalties, then even "residual"
PAGA penalties from the FCRA litigation if necessary.

[3]      Plaintiffs have concern that a jury may be more susceptible to outside, irrelevant
considerations that have no bearing on the Borello analysis.  This concern is particularly acute
here given Uber's widespread media campaign, and arguments to the Court, that drivers should
not be declared employees because they "like" being independent contractors, as well as the
threat that if drivers are declared employees Uber may take away their flexibility. See, e.g.,
Judge Allows More Drivers to Join Uber Lawsuit Over Whether They Were Employees, (Dec. 9,
2015), available at: http://sacramento.cbslocal.com/2015/12/09/judge-allows-more-drivers-to-
join-uber-lawsuit-over-whether-they-were-employees/ ("As employees, drivers would lose the
personal flexibility they value most"); Said, Carolyn, Uber Fights Lawsuit Over Drivers' Pay and
Benefits, Tribune News Service, (July 10, 2015), available at:
http://www.governing.com/topics/mgmt/tns-uber-lawsuit-rebuttal.html ("Uber drivers prefer the
flexibility of being independent contractors, Uber said in a sharply worded response to a lawsuit
from drivers seeking reclassification as employees").

1   (emphasis added); <u>Ordonez v. Radio Shack</u>, 2011 WL 499279, at *6 (C.D. Cal. Feb. 7, 2011)

2   ("The Court further concludes that the UCL claim may be maintained to the extent it is

3   predicated on plaintiff's claim under Sections 221 and 2802"); <u>Woo v. Home Loan Group, L.P.</u>,

4   2007 WL 6624925, *4 (S.D.Cal. July 27, 2007) ("[T]he Court denies CVHI and THLG's motion

5   to dismiss Plaintiff's section 17200 claim based on the argument that unreimbursed business

6   related expenses and improper deductions are unavailable as restitution under sections 17200 and

7   17203 of California's Labor Code.").  Additionally, the UCL provides for injunctive relief to

8   prevent Uber from engaging in its unlawful policy in the future. <u>See</u> Bus. & Prof. Code § 17203.[4]

9   Thus, if Plaintiffs prevail on the UCL claim, Uber will be required to restore as much or more

10  than class members would recover under Section 2802, and class members will not be negatively

11  impacted.[5]  Thus, Plaintiff's counsel has determined that the advantages of proceeding on their

12  claims through the UCL only are manifest and outweigh any perceived disadvantage of pursuing

13  the § 2802 claim on a stand-alone basis.

14       Plaintiffs recognize that the Court has previously ruled that the case would require a jury

15  rather than a bench trial, but that was only because the case included non-equitable claims.  Now

16  that Plaintiffs are prepared to dismiss those claims, the Court is free to order a bench trial.

17  Indeed, the court's earlier ruling that the plaintiffs could not withdraw a jury demand was based

18  on the presence of a single legal claim in the case (<u>see</u> Dkt. 401), which plaintiffs are now

---

[4]     In their operative Second Amended Complaint, Plaintiffs requested that the Court "award any other relief to which the plaintiffs may be entitled," which included injunctive relief. <u>See</u> Dkt. 333 at 9.

[5]     Indeed, the only difference is the unavailability of attorneys' fees under the UCL, <u>see</u> Cal. Bus. & Prof. Code § 17203.  However, this is not a serious harm to the class, particularly given that, should Plaintiffs' counsel be successful on the merits of their claims at trial, they will likely obtain fees based on a percentage of fund calculation, rather than through a fee petition in any event.

1  prepared to dismiss.  In its ruling the Court relied on <u>Kramer v. Banc of Am. Sec., LLC</u>, 355

2  F.3d 961, 968 (7th Cir. 2004), for the proposition that "Rule 38, as is made clear by its caption, is

3  concerned with jury trials of right …[and] [t]here is no restraint … on the ability of a party to

4  withdraw its consent to a jury trial that is not of right." As this Court has already recognized, the

5  only claim in the case that still includes a right to a jury trial, is the "Section 2802 is for the

6  reimbursement of expenses that misclassified drivers were required to bear." Dkt. 401 at 4. Thus,

7  by dismissing this claim, no right to a jury trial would remain and the case could proceed as a

8  bench trial.

9       Thus, for all these reasons, Plaintiffs should be permitted to pursue their reimbursement

10 claim solely through the UCL.

11 **B.  The Court Should Grant Plaintiffs' Request to Bifurcate Liability and Damages.**

12      In light of Plaintiffs' request for dismissal of their stand-alone Cal. Labor Code § 2802

13 claim, this case can now proceed as a bench trial, which will provide a much nimbler and more

14 flexible vehicle for the Court to manage the various moving parts of this case, including the

15 proposed addition of PAGA claims, as well bifurcation of liability and damages.  Although the

16 Court expressed concern at the last hearing about bifurcating damages from liability, it appears

17 the Court's concern may have stemmed from the prospect of convening a jury for liability, and

18 then needing to reconvene the jury, or convening a new jury, in a separate damages phase.

19 However, if the claims are tried to the Court, rather than to a jury, this should no longer be a

20 concern, as the Court can manage the phasing of the trial more easily and determine at what

21 point to take damages evidence (assuming the plaintiffs prevail on liability) — either

22 immediately following the presentation of liability evidence, or following the issuance of

23

24

25

26                                          7

27

findings of fact and conclusions of law on liability.[6]  With a bench trial, the prospect of convening a jury for liability, and then needing to reconvene the jury, or convening a new jury, in a separate damages phase, is eliminated, and the Court can more easily manage the bifurcation.

Likewise, a bifurcated bench trial will also make it simpler to include the PAGA claims in this case, as the Court can first try liability, then damages, then PAGA penalties (either together with damages or in third phase if it so chooses).  The Court could then take up any "residual" PAGA penalties through the In re Uber FCRA Litigation case if necessary.[7]

"Courts have recognized and approved of conducting a trial on the issue of liability," and then conducting separate phased proceedings on damages. Schramm v. JPMorgan Chase Bank, N.A., 2013 WL 7869379, *6 (C.D. Cal. Dec. 13, 2013).  As Plaintiffs have noted previously, bifurcation of damages is common in class wage cases. See, e.g., Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1167–68 (9th Cir.2014) (affirming bifurcation of class action proceedings into liability phase and damages phase and noting that "[t]his split preserved both [the defendant's] due process right to present individualized defenses to damages claims and the plaintiffs' ability to pursue class certification on liability issues based on the common questions of whether [the defendant] violated California labor law"); Ellis v. Costco Wholesale Corp., 285

---

[6]     The Court also expressed its hesitancy to rule on bifurcation in the absence of a formal motion requesting bifurcation.  Plaintiffs have sought to address that concern by filing this Motion (though they note that they did propose bifurcation of liability from damages in their original class certification motion. See Plaintiffs' Motion for Class Certification [Dkt. 276], at 20 ("At this stage, the Court may certify the class as to liability while reserving damages determinations for a later proceeding").

[7]     The Court may need to determine if additional penalties are permissible, see Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1214 (2008) (reducing penalty to one-third of plaintiffs' damages award); however, this phased method will allow the court to make that determination and to accept further evidence on additional potential penalties if necessary.

8

F.R.D. 492, 539 (N.D. Cal. 2012) (certifying Rule 23(b)(3) class where, under plaintiffs'

proposed trial plan, "individual class members will present their claims for relief in a second

phase of trial if liability is established, and defendant will have an opportunity to present

individualized defenses with respect to each class member"); <u>Allied Orthopedic Appliances, Inc.</u>

<u>v. Tyco Healthcare Grp. L.P.</u>, 247 F.R.D. 156, 176 (C.D. Cal. 2007) (noting that "district courts

retain numerous tools to manage individual damages issues that might arise at later stages of the

litigation, including: [] bifurcating liability and damage trials…"); <u>Bates v. United Parcel Serv.</u>,

204 F.R.D. 440, 448 (N.D. Cal. 2001) (approving plaintiffs' proposal that "the trial be bifurcated

into two phases: a first phase to determine class liability and equitable relief issues, and a

subsequent phase to address named plaintiff and class damages" and noting that "[t]he district

court has 'broad discretion' to order separate trials under this rule").

     Indeed, in the <u>Estrada</u> case, cited above, the judge chose to trifurcate the proceedings into

(1) a liability phase, (2) a damages phase, and (3) an equitable relief phase that dealt with

declaratory and injunctive relief.  <u>Estrada</u>, No. B187951, 2006 WL 3378246, at *2.  Here, the

Court has the same flexibility to bifurcate the proceedings and should exercise its authority to do

so.

## CONCLUSION

     Wherefore, Plaintiffs respectfully request that the Court grant their request to dismiss the

stand-alone Cal. Labor Code § 2802 claim from the case, and permit Plaintiffs to pursue their

claims under the Cal. Bus. & Prof.Code § 17200, *et seq*. ("UCL"), through a bench trial, and

further request that the Court grant their request to bifurcate liability and damages phases of

these proceedings.

9

1

2          Respectfully submitted,

3          DOUGLAS O'CONNOR, THOMAS
           COLOPY, MATTHEW MANAHAN, and
4          ELIE GURFINKEL, individually and on behalf of
           all others similarly situated,

5          By their attorneys,

6           _/s/ Shannon Liss-Riordan_____

7          Shannon Liss-Riordan, *pro hac vice*
           Adelaide Pagano, *pro hac vice*
8          LICHTEN & LISS-RIORDAN, P.C.
           729 Boylston Street, Suite 2000
9          Boston, MA 02116
           (617) 994-5800
10         Email:  sliss@llrlaw.com, apagano@llrlaw.com

11
           Matthew Carlson (SBN 273242)
12         Carlson Legal Services
           100 Pine Street, Suite 1250
13         San Francisco, CA 94111
           (415) 817-1470
14         Email:  mcarlson@carlsonlegalservices.com

15   Dated:          December 17, 2015

16

17

18

19

20

21

22

23

24

25

26                                    10

27

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on December 17, 2015, on all counsel of record.

　　_/s/ Shannon Liss-Riordan_____
　　Shannon Liss-Riordan, Esq.

11