SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC,<br><br>Defendant. | Case No. CV 13-3826-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL**<br><br>Hearing Date:    February 4, 2016<br>Hearing Time:    1:30 p.m.<br>Hearing Place:   Courtroom 5<br>Judge:           Hon. Edward M. Chen |

# NOTICE OF MOTION AND MOTION

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 4, 2016, at 1:30 p.m., in Courtroom 5 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Plaintiffs Thomas Colopy, Matthew Manahan, and Elie Gurfinkel, individually and on behalf of all others similarly situated, will, and hereby do, move the Court for a bench trial and for leave to file for summary judgment.

This Motion is based on this Notice of Motion and Motion, and the Memorandum of Points and Authorities included herein, all pleadings and papers on file in this action, any matters of which the Court may or must take judicial notice, and such additional evidence or argument as may be presented at or prior to the time of the hearing.

1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

**INTRODUCTION**

The question of whether Uber drivers are employees under California law is a legal issue that should be decided by the Court.[1] There are not truly any material disputes of fact in this case -- only the question of how the law should be applied to the facts presented here (or at most, there are disputes of non-material facts).[2] As shown by the Ninth Circuit's decision last year

---

[1] In light of the Court's comments at the hearing yesterday (December 17, 2015), Plaintiffs have withdrawn their request to dismiss their stand-alone § 2802 claim (Dkt. 419). However, as explained in this motion, Plaintiffs maintain that even with the § 2802 claim in the case, a bench trial is warranted here (or Plaintiffs should be permitted to seek summary judgment), because there are no material facts in dispute, and the ultimate application of the law to the facts on the employee status question is a legal matter for the Court. Uber has argued that it has a Seventh Amendment right to a jury trial, but the right to a jury trial exists only when there are material disputed facts. Here, as there are no material disputed facts, liability can and should be decided by the Court. If there is a factual dispute regarding the damages award, then that issue can be presented to a jury in a damages trial.

[2] As demonstrated in the Court's rulings on summary judgment (Dkt. 251) and class certification (Dkt. 342), the basic facts in this case are not in dispute. Uber is a transportation service (not a technology company), and Uber drivers provide services within that course of business. (Dkt. 251, at 9-12). The skill required to do the job is uniformly low; no prior experience is required, and drivers must simply have a valid license to drive. (Dkt. 223-28; Dkt. 342 at 46). Drivers are paid by a fare (set by Uber) that is based on time and distance, less a percentage-based commission paid to Uber (also set by Uber). (Dkt. 342, at 49). Although drivers may work for different lengths of time for Uber, the relationship between Uber and its drivers is open-ended (rather than for a discrete duration) and continues until a driver chooses to stop driving or Uber deactivates the drivers. Id. at 48. Drivers provide their own cars. Id. at 46. Drivers can choose when they want to work. The contract specifies that drivers are independent contractors, and so many drivers may be led to "believe" they are independent contractors.

With respect to the "control" factor, Uber may argue that this factor is hotly disputed. While some aspect of control may be disputed, as the Court has recognized, the California Supreme Court has held that the most important indicia of control for purposes of this analysis is the company's ability to terminate workers at will. See Ayala v. Antelope Valley Newspapers, Inc., 59 Cal. 4th 522, 532 (2014) ("the extent of the hirer's right to control the work is the foremost consideration in assessing whether a common law employer-employee relationship exists"). Here, the Court has already ruled that all of Uber's contracts with the class members have termination at-will provisions. See Dkt. 342 at 38.

Thus, the basic facts underlying the Borello factors are undisputed in this case. While there may be minor disagreements on some subsidiary factual issues, the facts cited above (continued on next page)

1

in Alexander v. FedEx Ground Package Sys., Inc., 765 F.3d 981 (9th Cir. 2014), the question of employee status is fundamentally a legal question; as demonstrated by Alexander, even where the court concluded that the Borello factors cut in different directions, the ultimate weighing of the factors and determination of whether they lead to a conclusion that the workers are employees was a legal determination made by the court.[3]  As such, Plaintiffs submit that they should be permitted to file a summary judgment motion in this case (which the Court previously denied them the right to do because a class had not yet been certified).

Plaintiffs do not want nor intend to slow down the trial in this case.  They are prepared to move for summary judgment promptly, which will largely advance legal arguments and demonstrate the lack of material factual disputes.  Plaintiffs have proposed a schedule in their proposed order here whereby briefing on their summary judgment motion will be complete in just over a month, and the Court can hear argument on the motion in early February.  By having

---

(Footnote continued from previous page)
summarize the most relevant facts to the pertinent legal analysis, which are not disputed.

[3]    As Plaintiffs have noted, the Ninth Circuit in Alexander did not reach its decision that FedEx drivers were employees on the ground that "no reasonable jury" could find they were independent contractors.  Indeed, it would be difficult for the Ninth Circuit to have reached that conclusion given that the district court in that case had found the drivers to be independent contractors.  Instead, the Ninth Circuit disagreed with the district court's legal conclusion and reached the opposite legal conclusion based on its balancing of the Borello factors.
    In addressing this point, this Court has noted that the facts in this case are different than the facts in Alexander.  That may be so, and the balancing could be the same or different in this case, but the result of the Alexander case (as shown by the fact that the Borello factors pointed in different directions in Alexander) underscores that the ultimate question of whether workers are employees or independent contractors is a legal issue for the Court to decide (and there is no place for a jury on that liability determination if there are no material disputed facts regarding the underlying factors).
    Although this issue has been discussed several times in open court in this case, the Court has not addressed this point through a reasoned ruling on a motion by Plaintiffs.  Given the significance of this issue, Plaintiffs urge the Court to consider Plaintiffs' arguments here and address them.

2

PLAINTIFFS' NOTICE OF MOTION  AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT
ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

this motion briefed and argued on an expedited timetable, the Court could go forward with the June 2016 trial as scheduled, should it ultimately deny Plaintiffs' motion--or use the trial date to try damages if necessary.

Alternatively, if the Court wants to explore the (undisputed) factual record in this case more fully, it should do so through a bench trial on liability.[4]

## ARGUMENT

Plaintiffs submit that the certified class of Uber drivers are employees as a matter of law. As such, Plaintiffs now move the Court for permission to file a Motion for Summary Judgment. Earlier in this case, the Court determined that it would allow Uber to file an early motion for summary judgment but would not allow Plaintiffs to move for summary judgment prior to class certification. See Dkt. 176. However, now that a class has been certified, Plaintiffs should be permitted to move for summary judgment and there is no reason to continue to withhold permission for them to do so.[5] Indeed, as Plaintiffs can set forth in more detail in their

---

[4] Plaintiffs also repeat their request that the Court bifurcate liability from damages. If the Court rules in Plaintiffs' favor on liability, then Uber can then have a jury trial on damages (assuming there are factual disputes on damages). The Court can then award equitable remedies under the UCL (and assess PAGA penalties, if it allows PAGA claims to be added to this case). Or if the Court determines that PAGA penalties should be decided by a jury, that could be done together with the damages trial before a jury.
Even if the Court denies Plaintiffs' request here, and orders that liability must be tried before a jury, it would still make sense from a case manageability perspective to bifurcate damages, as discussed further below.

[5] In its earlier ruling on the summary judgment briefing, the Court indicated that it would not allow Plaintiffs to make an early motion for summary judgment prior to class certification, because "there would be little or no efficiency to be gained from ruling on such a motion before class certification," since even if Plaintiffs were successful, the parties would still need to brief class certification. See Dkt. 176 at 2. However, now that class certification has been briefed and a class has been certified, Plaintiffs submit that the Court's earlier reasoning no longer applies, and they should be permitted to file a Motion for Summary Judgment to demonstrate that no material facts are in dispute.

3

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT
ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

motion, there are no material facts in dispute in this case, such that the Court should resolve the employee-status question on the papers. If the liability issue can be decided through a Motion for Summary Judgment, the Court will avoid the expense and effort of a lengthy trial on liability – that will not be addressing any relevant material disputed facts.[6]

As noted, the only real dispute in this case is how the law should be applied to the agreed-upon factual situation at hand. Even where the Borello factors cut in opposite directions, the weighing of the factors and ultimate determination of employee status is fundamentally a *legal* question. Indeed, courts routinely decide the employee status question as a matter of law, rather than leaving this question to a jury. See, e.g., Alexander, 765 F.3d 981 (holding drivers are employees as a matter of law under California's right-to-control test); Slayman v. FedEx Ground Package Sys., Inc., 2014 WL 4211422 (9th Cir. Aug. 27, 2014) (holding drivers are employees a matter of law under Oregon's right-to-control and economic-realities tests); Craig v. FedEx Ground Package Sys., Inc., 2014 WL 4933044 (Kan. Oct. 3, 2014) (holding drivers are employees as a matter of law under a "20–factor test"); Elms v. Renewal by Andersen, 96 A.3d 175, 181 (Md. 2014) (holding "[a]s a matter of law," that window installer was an employee for purposes of worker's compensation under a common law test); Terry v. Sapphire Gentlemen's Club, 336 P.3d 951, 958-60 (Nev. 2014) (holding that exotic dancer were employees "as a matter

---

[6] As things stand now, it appears that Uber's evidence at the upcoming trial will largely be devoted to demonstrating that many Uber drivers work part time, work for other companies, "like" driving for Uber, and "like" having the flexibility of not having a set schedule. Uber's arguments (which its counsel have repeated at court hearings) appear to largely mimic its arguments that it made unsuccessfully in opposition to class certification. Plaintiffs do not dispute that many Uber drivers work part time, work for other companies, "like" driving for Uber, and "like" having the flexibility of not having a set schedule. However, these factors do not make Uber drivers independent contractors (and that is a legal question). Plaintiffs fear that spending several weeks on a trial devoted to these issues (particularly before a jury) would simply be an attempt by Uber to confuse a factfinder about the relevant legal standard. But most importantly, this type of evidence would not present disputed issues of material fact.

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

of law"); Villalpando v. Exel Direct Inc., 2015 WL 5179486, *51 (N.D. Cal. Sept. 3, 2015) (holding "Plaintiffs are entitled to summary judgment in their favor as to their classification").

Plaintiffs note as well that although they have withdrawn yesterday's motion (Dkt. No. 419), they are still asking that the Court consider bifurcating liability and damages (regardless of whether it determines that a jury trial is necessary). Although a bench trial might make bifurcation easier in some respects, the Court can still decide to hold liability proceedings (with or without a jury), and proceed with damages proceedings at a later date. Bifurcation will help the Court to streamline the trial process and will allow the parties to focus on the fundamental issue of liability first.[7]

---

[7] As Plaintiffs have noted previously, bifurcation of damages is common in class wage cases. "Courts have recognized and approved of conducting a trial on the issue of liability," and then conducting separate phased proceedings on damages. Schramm v. JPMorgan Chase Bank, N.A., 2013 WL 7869379, *6 (C.D. Cal. Dec. 13, 2013). See also, e.g., Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1167–68 (9th Cir.2014) (affirming bifurcation of class action proceedings into liability phase and damages phase and noting that "[t]his split preserved both [the defendant's] due process right to present individualized defenses to damages claims and the plaintiffs' ability to pursue class certification on liability issues based on the common questions of whether [the defendant] violated California labor law"); Ellis v. Costco Wholesale Corp., 285 F.R.D. 492, 539 (N.D. Cal. 2012) (certifying Rule 23(b)(3) class where "individual class members will present their claims for relief in a second phase of trial if liability is established, and defendant will have an opportunity to present individualized defenses with respect to each class member"); Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P., 247 F.R.D. 156, 176 (C.D. Cal. 2007) (noting that "district courts retain numerous tools to manage individual damages issues that might arise at later stages of the litigation, including: [] bifurcating liability and damage trials…"); Bates v. United Parcel Serv., 204 F.R.D. 440, 448 (N.D. Cal. 2001) (approving plaintiffs' proposal that "the trial be bifurcated into two phases: a first phase to determine class liability and equitable relief issues, and a subsequent phase to address named plaintiff and class damages" and noting that "[t]he district court has 'broad discretion' to order separate trials under this rule"); Estrada v. Fedex Ground Package Sys., Inc., No. B187951, 2006 WL 3378246, *1 (Cal. Ct. App. Nov. 22, 2006) (trifurcating the proceedings into (1) a liability phase, (2) a damages phase, and (3) an equitable relief phase that dealt with declaratory and injunctive relief).

5

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

As discussed at the hearing yesterday, another advantage to bifurcating liability and damages is that, should the Court decide to stay the trial with respect to the newly expanded class pending Uber's appeal of the arbitration ruling (which Plaintiffs oppose, for all the reasons they have argued), the liability trial could still proceed with respect to the drivers in the class certified on September 1, 2015 (which includes drivers who accepted the 2013 arbitration agreement, as well as drivers not covered by any arbitration agreement). Then, by bifurcating damages, the Court could defer the calculation of damages and determining which drivers are included in the class for purposes of entering a final monetary judgment, while Uber's appeal is pending. Thus, regardless of what the Court determines regarding the need for a jury, bifurcation is warranted and makes eminent sense in this situation.[8]

---

[8] As discussed at the hearing yesterday, the Court could allow Plaintiffs to pursue the PAGA claims in this case and then the liability determination in this case on Plaintiffs' Section 2802 and 351 claims would then serve as the predicate for the PAGA penalties, which could be assessed by the Court, as the Court has previously noted (see Dkt. 401).

Uber has argued that the Court erred in that ruling and that PAGA penalties must go to a jury. If that is the case, then the jury could hear the evidence on PAGA penalties together with the damages assessment. (For the same reasons as discussed above in this motion, Uber would not have the right to a jury trial on liability underlying PAGA penalties--as with the statutory claim--if there are no material disputed issues of fact.)

The Court has continued to voice concern regarding the PAGA claims as they apply to drivers who were excluded from the class (i.e. those who drove through limo companies or drove using corporate names). Plaintiffs have proposed a solution for how those drivers could be identified and included here. See Dkt. 418 at 8, n. 5 (noting that "Uber does maintain records on how many hours drivers are logged on per week, and it is already in the record in this case that Uber maintains these records and shares them with the drivers (on a weekly basis)" and "given that drivers are required to accept most rides that are offered to them …Plaintiffs submit that drivers are working for Uber during the time they have the Uber app on (since they need to be ready to accept rides whenever they are online)"). However, if the Court finds that including these drivers makes this proceeding too complicated, that issue could be addressed in a separate proceeding (such as in the In re FCRA litigation), where "residual" PAGA claims could also be addressed.

Although Plaintiffs will respond as ordered next week to Uber's argument (raised for the first time at the hearing yesterday) that PAGA mandates that these claims only be adjudicated in a "first-filed" case, Plaintiffs strongly dispute this assertion. And for reasons discussed
(continued on next page)

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT
ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

## CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court allow them to file a Motion for Summary Judgment (on an expedited briefing schedule), or alternatively, that the Court order that the trial set for June be a bench trial on the employee-status question. Plaintiffs also request that the Court bifurcate liability and damages.

Respectfully submitted,

DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, apagano@llrlaw.com

Dated:      December 18, 2015

---

(Footnote continued from previous page)
yesterday, it makes far more sense (from a perspective of case manageability and reducing the risk of inconsistent rulings--and providing a single Court the ability to determine at what point, if any, PAGA penalties become "confiscatory" (see Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1214 (2008)), for the PAGA claims to be adjudicated in the same courtroom.

7

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT
ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by electronic filing on December 18, 2015, on all counsel of record.

                                                     /s/ Shannon Liss-Riordan
                                                     Shannon Liss-Riordan, Esq.

8

PLAINTIFFS' NOTICE OF MOTION  AND MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT
ON LIABILITY OR, ALTERNATIVELY, FOR A BENCH TRIAL
Civ. A. No. 13-3826-EMC