UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-03826-EMC<br><br>**ORDER RE CLASS NOTICE**<br><br>Docket No. 446 |

On January 4, 2016, the parties submitted a Joint Statement and Stipulated Proposed Schedule Regarding Class Notice. Docket No. 446. The Court has reviewed the Joint Statement and resolves the issues raised by the parties as follows.

First, with respect to drivers who failed to provide tax classification data, Uber is to review its records to determine if the driver is listed as being paid as an individual or as a business. Any drivers to whom payment was not clearly made to a business shall be included in the class list. Ambiguities shall be resolved in favor of inclusion in the class for purposes of class notice.

Second, drivers who changed their classification over time must be included in the class. While their damages may be limited to the period in which they drove under their individual name, these drivers are still class members and should receive class notice.

Third, while the parties appear to agree that a single notice should be disseminated to all drivers, the Court will require that separate notices go out for class and non-class members. Issuing a single notice creates ambiguity for drivers as to whether or not they are class members, and whether they will need to act in order to preserve their rights. A single class notice sent to class members only will minimize confusion.

Fourth, the Court will not stay dissemination of class notice pending the appeal. The Court

has already denied Uber's motion to stay the entire case (*see* Docket No. 429), and the trial is set to proceed on June 20, 2016. Any further delays in issuing class notice will likely disrupt the trial schedule.

Fifth, the class notice shall include an opt-out mechanism, the simplicity of which shall be as similar to the opt-out function ordered by the Court as to Uber's arbitration agreement (*i.e.*, a hyperlink that brings up a pre-addressed e-mail and does not require the recipient to draft an e-mail from scratch) as possible. *See* Docket No. 435. The parties are to meet-and-confer as to the revised class notice and opt-out mechanism, and must submit their proposed notice by **Thursday, January 7, 2016**.[1]

Finally, the following deadlines will apply in this case:

| | |
|---|---|
| Deadline for parties to submit further revisions to class notice. | January 7, 2016 |
| Deadline for production of class list, with e-mail addresses, to Notice Administrator | January 15, 2016 |
| Deadline to complete dissemination of notice and set up of neutral website | Within 14 days of receipt of list of notice recipients by Notice Administrator, but no later than January 29, 2016 |
| Opt-out deadline | 60 days from dissemination of notice |
| Non-expert discovery cut-off | 30 days after opt-out deadline |
| Expert Reports | Opening reports by 30 days after opt-out deadline<br><br>Rebuttal reports by 14 days after filing of opening reports |
| Expert-discovery cut-off | 14 days after filing of rebuttal reports |

No further dispositive motions will be permitted.

**IT IS SO ORDERED**.

Dated: January 5, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court notes that both parties appear to have requested that the Court delay issuance of the corrective notice as to the arbitration agreement (*see* Docket No. 435); Uber seeks a complete stay while Plaintiffs request that the corrective notice be delayed until after the class notice process in this case is complete. The Court will address this request in its order on Uber's motion to stay (*see* Docket No. 439).