UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-03826-EMC<br>Case No. 14-cv-5200-EMC<br>Case No. 15-cv-3667-EMC<br><br>**ORDER RE FIRST-FILED RULE AND UBER'S REQUEST FOR STAY/DISMISSAL PURSUANT TO *COLORADO RIVER* ABSTENTION DOCTRINE** |
| IN RE UBER FCRA LITIGATION | |
| RICARDO DEL RIO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | |

On December 17, 2015, the Court ordered Uber to file an opposition to the *O'Connor* Plaintiffs' motion to amend in claims under the Private Attorney General Act (PAGA). *O'Connor*, Docket No. 426. Uber filed a brief in *O'Connor*, *In re Uber FCRA Litigation*, and *Del Rio*, arguing that the Court should not only deny the *O'Connor* Plaintiffs' request to add PAGA claims to the *O'Connor* action, but that the Court should also "stay or dismiss any PAGA claims asserted by the *In re FCRA* and *Del Rio* Plaintiffs, to the extend those PAGA claims are

1  duplicative of PAGA claims already asserted by the *Price* [*v. Uber Technologies, Inc.*, State Court
2  Case No. BC554512] plaintiff in the first-filed action." *O'Connor*, Docket No. 427; *In re Uber*
3  *FCRA Litigation*, Docket No. 135; *Del Rio*, Docket No. 46 at 2. In the alternative, Uber urged the
4  Court to "apply the *Colorado River* doctrine of abstention and deny amendment to add, stay, or
5  dismiss the proposed PAGA claims without prejudice, pending the outcome of *Price*." *Id.*
6  First, the Court finds that the PAGA statute does not require the stay or dismissal of
7  duplicative PAGA claims. Instead, PAGA only states that:

> No action may be brought under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person within the timeframes set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

Cal. Lab. Code § 2699(h). Thus, under the plain language of the statute, an employee may not bring an action only when the Labor and Workplace Development Agency (LWDA) cites an employer based on the same Labor Code violation. Uber has cited dicta in cases suggesting the contrary. *See Stafford v. Dollar Tree Stores, Inc.*, Case No. 13-cv-1187 KJM CKD, 2014 U.S. Dist. LEXIS 163458, at *8 (E.D. Cal. Nov. 21, 2014) (citing section 2699(h) for the proposition that "[t]he aggrieved employee cannot pursue a PAGA action if the agency or another party is pursuing enforcement against the employer on the same claims under the same provisions of the Labor Code"); *Brown v. Ralph's Grocery Co.*, 197 Cal. App. 4th 489, 501 (2011) (citing section 2699(h) for the proposition that PAGA "prohibits an employee action when the agency or someone else is directly pursuing enforcement against the employer 'on the same facts and theories' under the same 'section(s) of the Labor Code'"). But the issue at bar was not presented in those cases, and the statements therein are merely descriptive of section 2699(h); they were not holdings. Importantly, other than a one sentence description, none of those cases explain why section 2699(h) should be read to include deferring to a suit brought by *private* plaintiffs (as opposed to the LWDA) when the statutory language makes no such provision. The Court

therefore declines to stay or dismiss the duplicative PAGA claims.[1]

Second, the Court declines to apply the *Colorado River* doctrine of abstention. Abstention in favor of a parallel state action may be proper due to considerations of "[w]ise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, such cases are "rare," "limited," and 'exceptional," with only "only 'the clearest of justifications,'" supporting abstention. *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818-19).

In determining whether to stay a case pursuant to *Colorado River*, courts in the Ninth Circuit consider eight factors:

> (1) which court first assumed jurisdiction over [the case]; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St.*, 656 F.3d at 978-79. In this analysis, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. Nevertheless, certain of the eight factors are "dispositive;" in particular, "substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

Here, Uber argues that the Court should abstain from adjudicating PAGA claims that have been raised in *Price*. *O'Connor*, Docket No. 427 at 8. However, even if the Court should abstain

---

[1] A different analysis would be required if the *Price* PAGA claims had been decided, as a "judgment in such an action is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employee not a party to the proceeding." *Arias v. Superior Court*, 46 Cal. 4th 969, 985 (2009). However, the *Price* PAGA claims have yet to be decided.

from adjudicating the PAGA claims that have been raised in *Price*, there is no dispute that PAGA claims will remain in both *In re Uber FCRA* and *Del Rio* because both cases raise PAGA claims that have not been brought in any other proceeding. Thus, the state case will not resolve the federal actions, and there is little judicial economy to be gained from abstention. *See Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 815 (N.D. Cal. 2015) ("Given the fact of the broader remedies sought herein and the fact that certain of Plaintiffs' claims that are not based directly on Proposition 65, the Court concludes that there is substantial doubt that the state proceedings will resolve the federal action; this precludes a *Colorado River* stay."). The Court therefore denies Uber's request that it abstain from adjudicating PAGA claims that have been raised in *Price*.

Having found that neither the first-filed rule nor abstention apply in the instant cases, the Court must still resolve the *O'Connor* Plaintiffs' request to amend in PAGA claims. The Court will defer a decision on the motion to amend until after it has received a trial plan in this case. The Court therefore **ORDERS** the *O'Connor* parties to meet-and-confer **in-person** on a viable trial plan. The trial plan must, at a minimum, explain what claims and defenses (and elements thereof) will be presented, the types of evidence that will be produced for each claim and defense, how the presentation of evidence on behalf of or against the class will proceed, whether the trial should proceed in phases (and what each phase would entail), and how damages and penalties will be calculated. The trial plan should include the proposed PAGA claims to facilitate the Court's assessment of Plaintiffs' motion to amend. If the parties are unable to agree on a trial plan, the parties shall detail their separate trial plans along with a joint statement explaining the disputes and each party's position. The trial plan(s) must be filed by **March 10, 2016**, and the Court will set a Status Conference for **March 24, 2016, at 1:30 p.m.** to discuss any outstanding issues with the trial plan.

**IT IS SO ORDERED**.

Dated: February 4, 2016

_____
EDWARD M. CHEN
United States District Judge