GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
    tboutrous@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
    mmcrae@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,
SBN 254433
    dmanthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
    jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
    kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

SHANNON LISS-RIORDAN, *pro hac vice*
    sliss@llrlaw.com
ADELAIDE PAGANO, *pro hac vice*
    apagano@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON, State Bar No. 273242
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470
    mcarlson@carlsonlegalservices.com

Attorneys for Plaintiffs
DOUGLAS O'CONNOR, THOMAS COLOPY,
MATTHEW MANAHAN, and ELIE
GURFINKEL, individually and on behalf of all
others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                Defendant. | CASE NO. 13-03826-EMC<br><br>HON. Edward M. Chen<br><br>**SECOND AMENDED STIPULATED PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER**<br><br>Complaint Filed:    August 16, 2013 |

This Second Amended Stipulated Protective Order (the "Order" or "Protective Order") is intended to amend and supersede the prior protective orders entered by the Court on October 21, 2014 (Dkt. 181) and November 26, 2014 (Dkt. 208).  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.      The Protective Order shall govern all materials deemed to be "Confidential Information" and "Highly Confidential—Attorneys' Eyes Only Information."  Nothing in this Protective Order shall be deemed to require the production of information that a Party or a Non-Party believes to be objectionable on other grounds, nor shall anything in this Protective Order be deemed to allow for non-production of confidential information that is otherwise discoverable.

2.      A Party or a Non-Party may designate as "Confidential Information" any documents or information produced in response to informal or formal discovery requests, subpoenas and/or other exchanges of documents/information which, in good faith, such Party deems confidential, including without limitation, any documents or information:

(a)      Referring or related to confidential and proprietary human resources, business or pricing information and/or financial records and information of Defendant;

(b)      Referring or related to any current, former or prospective business partner or third-party vendor of Defendant;

(c)      Referring or related to any other confidential or trade secret information of Defendant; and

(d)     Any portions of depositions (including audio or video) where Confidential Information is disclosed or used as exhibits.

3.     A Party or a Non-Party may designate as "Highly Confidential—Attorneys' Eyes Only Information" any documents or information produced in response to informal or formal discovery requests, subpoenas and/or other exchanges of documents/information which, in good faith, such designating Party or Non-Party believes could place it at a competitive disadvantage if disclosed to anyone other than the receiving Party's counsel of record in this litigation because such documents or information contain commercially sensitive information, proprietary information, or trade secrets, the disclosure of which is likely to cause irreparable harm or significant injury to the competitive position of the designating Party.

4.     In the case of documents and the information contained therein, designation of Confidential Information produced pursuant to this Order shall be made by placing the following legend on the face of the document or collection of documents:  "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."  Upon such designation, all parties shall treat the identified information as confidential under this agreement until and unless it is otherwise agreed by all parties or ordered by the Court.  In the event a party or a Non-Party neglects to identify any disclosed information as confidential, it may do so after disclosure by sending notice to all parties that clearly delineates the confidential information.

5.     Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall be disclosed only to qualified recipients for purposes that are specifically and directly related to the reasonable conduct of this litigation.

6.     Qualified recipients shall include only the following:

(a)     In-house counsel and law firms for each Party and the secretarial, clerical and paralegal staff of each, if/as needed to perform their job duties;

(b)     Deposition notaries;

(c)     Persons other than legal counsel who have been retained or specially employed by a Party as an expert witness or consultant for purposes of this lawsuit or to perform investigative

work or fact research, provided that the disclosing counsel identify to opposing counsel and to

counsel for any Non-Party who produced the Confidential Information to be disclosed such expert

witness or consultant, and provide to opposing counsel and to counsel for any Non-Party who

produced the Confidential Information to be disclosed that individual's full curriculum vitae, at least

one week before the disclosure for the sole purpose of affording the opposing party or the Non-Party

who produced the Confidential Information to be disclosed an opportunity to object to the disclosure

if necessary.  However, the opposing party or the Non- Party who produced the Confidential

Information to be disclosed shall not be permitted to use the disclosure of any such expert witness or

consultant for any other purpose in the litigation.  The opposing party or the Non-Party who produced

the Confidential Information to be disclosed shall have one week to notify the disclosing counsel of

an objection to the disclosure.  If any objections are raised, no confidential materials shall be shown

to the expert witness or consultant until after all objections have been resolved by the Court;

   (d) Deponents during the course of their depositions or potential witnesses of this

case;

   (e) A mediator selected by mutual agreement of the Parties; and

   (f) The Parties as defined above through their employees who are engaged directly

in this litigation on a need to know basis.

  7. Persons to whom Confidential Information is shown shall be informed of the terms of

this Order, advised that its breach may be punished or sanctioned as contempt of the Court and

required to sign the Acknowledgement and Agreement to Be Bound by Protective Order in the form

attached this Order as Exhibit A.  Deponents may be shown Confidential materials during their

deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of

the deposition transcript reflecting the Confidential Information.  Portions of deposition testimony

deemed confidential by any party may be so designated at the deposition, and any such testimony

shall be segregated in the deposition transcript and identified as "confidential" by the stenographer

assigned to the deposition.

  8. In the case of documents and the information contained therein, designation of Highly

Confidential—Attorneys' Eyes Only Information produced pursuant to this Order shall be made by

placing the following legend on the face of and/or in the title of the document or collection of

documents:  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Upon such designation,

all parties shall treat the identified information as highly confidential under this agreement until and

unless it is otherwise agreed by all parties or ordered by the Court.  In the event a Party or a Non-

Party neglects to identify any disclosed information as highly confidential, it may do so after

disclosure by sending notice to all parties that clearly delineates the highly confidential information.

9.      Highly Confidential—Attorneys' Eyes Only Information shall be disclosed only to the

receiving Party's counsel of record in this litigation for purposes that are specifically and directly

related to the reasonable conduct of this litigation, and to no other persons.  Such information shall be

held in the highest confidence by each person to whom it is disclosed, shall be used only for purposes

that are specifically and directly related to the conduct of this litigation, and shall not be used for any

business purpose.  The receiving Party shall maintain a log of all electronic images and paper copies

of Highly Confidential—Attorneys' Eyes Only Information in its possession and all such copies shall

be securely destroyed subject to the provisions of Paragraph 12 herein.

10.      The unauthorized disclosure of Confidential Information or Highly Confidential—

Attorneys' Eyes Only Information shall give the producing Party or Non-Party the right to seek and

obtain immediate injunctive or other equitable relief to enjoin any unauthorized use or disclosure of

its Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, in addition

to any other rights or remedies that it may have at law or otherwise.

11.      Challenging Confidentiality Designations

(a)      Timing of Challenges.  Any Party or Non-Party may challenge a designation of

confidentiality at any time.  Unless a prompt challenge to a designating party's or non-party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

economic burdens, or a significant disruption or delay of the litigation, a party does not waive its

right to challenge a confidentiality designation by electing not to mount a challenge promptly after

the original designation is disclosed.

(b)      Meet and Confer.  The party challenging a confidentiality designation shall

initiate the dispute resolution process by providing written notice of each designation it is challenging

and describing the basis for each challenge.  The parties and the non-party who designated the information as confidential shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party and the non-party who designated the information as confidential an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

    (c) <u>Judicial Intervention</u>.

      (i) <u>Party Designations</u>.  If the parties who designated the information as confidential or highly confidential cannot resolve a challenge without court intervention, the parties shall submit their dispute to Magistrate Judge Ryu for resolution in accordance with her Standing Order regarding resolution of discovery disputes.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the court rules on the challenge.

      (ii) <u>Non-Party Designations</u>.  In the event of designations by Non-Parties, if the Parties and the Non-Party who designated the information as confidential cannot resolve a challenge without court intervention, the dispute shall be submitted to Magistrate Judge Ryu for resolution in accordance with her Standing Order regarding resolution of discovery disputes.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Non-Party's designation until the court rules on the challenge.

    12. No copies of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall be made except as required for the conduct of this litigation and by or on behalf of attorneys of record in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Order.  Copies of documents containing Confidential Information that are attached to pleadings or motions filed with the court may be retained in counsel's file.  Any other copies of documents containing Confidential Information shall be destroyed when no longer required for purposes of this

litigation.  All copies of documents containing Highly Confidential—Attorneys' Eyes Only Information shall be securely and immediately destroyed when no longer required for purposes of this litigation.

13.     All information and/or documents produced in this action that are Confidential or Highly Confidential—Attorneys' Eyes Only shall be used only for purposes of this litigation and not for any other purpose.

14.     In the event that a Party or Non-Party wishes to use any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information in any papers filed in Court in this litigation, the Party or Non-Party shall file a motion requesting that the Court maintain the documents containing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information under seal pursuant to Civil Local Rule 79-5.  In the event the Party or Non-Party does not believe the documents should be filed under seal, it shall meet and confer with regard to which documents, if any, should be filed under seal.  Should the Parties and designating Non-Party not agree upon which documents should be placed under seal, the Party or Non-Party seeking the maintenance of such documents under seal shall file a motion requesting that the Court maintain the documents under seal. The Parties acknowledge that whether Confidential Information or Highly Confidential—Attorneys' Eyes Only Information submitted to the Court is maintained under seal is subject to the Court's ultimate decision on any motion to place and/or accept confidential documents under seal.  The parties and non-parties shall follow the procedure set forth in Civil Local Rule 79-5 regarding filing documents under seal in civil cases.

15.     The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

16.     Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties and designating Non-Parties may request the return or destruction of all previously furnished Confidential Information and Highly Confidential—Attorneys' Eyes Only Information, including any copies thereof, and each person or Party to whom such Confidential Information and Highly Confidential—Attorneys' Eyes Only Information has been furnished or

produced shall be obligated to comply with such request within thirty (30) days, with the exception of copies of Confidential Information and Highly Confidential—Attorneys' Eyes Only Information that were filed with the Court as part of this action, which the Parties' counsel shall be permitted to retain. Any Confidential Information and Highly Confidential—Attorneys' Eyes Only Information that is not requested shall be destroyed, subject to the provisions of paragraph 12 herein.

17.     Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

18.     Nothing in the Protective Order shall be deemed to preclude any Party or Non- Party from moving to modify or dissolve this Order.

19.     This Protective Order, until it is entered by the Court, *and even if it is never entered by the Court*, shall be deemed to be an enforceable agreement between the Parties, except that either Party may apply to the Court to challenge a confidentiality designation.

Respectfully submitted,

Dated:  January 26, 2016                    GIBSON, DUNN & CRUTCHER LLP


                                            */s/ Dhananjay S. Manthripragada*
                                            Dhananjay S. Manthripragada
                                            Attorneys for Defendant


Dated:  January 26, 2016                    LICHTEN & LISS-RIORDAN, P.C.


                                            */s/ Shannon Liss-Riordan*
                                            Shannon Liss-Riordan, *pro hac vice*
                                            Attorneys for Plaintiffs

## ECF ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: January 26, 2016                    GIBSON DUNN & CRUTCHER, LLP

                                           By /s/ *Dhananjay S. Manthripragada*
                                           Dhananjay S. Manthripragada
                                           Attorneys for Defendant

**PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.**

Date: _____Feb. 10, 2016_____          _____
                                           Hon. Edward M. Chen
                                           Hon. Donna M. Ryu
                                           United States Magistrate Judge

**EXHIBIT A**

Acknowledgement and Agreement to Be Bound by Protective Order:

I, _____, acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Protective Order (Order) in the lawsuit *Douglas O'Connor, et al., v. Uber Technologies, Inc.*, pending in United States District Court, Case No. 13-03826-EMC.  Having read and understood its terms, I agree to be bound by the Order and consent to the jurisdiction of said Court for any proceeding to enforce the terms of the Order.

I further agree that, within thirty (30) days after my responsibilities relating to this case end, I will destroy all copies of any confidential documents that were provided to me in this case.


Name of individual:

Present occupation/job description:

Name of Company or Firm:

Address:

Dated:



_____
Signature