UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 13-cv-03826-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OR DECERTIFICATION**<br><br>Docket No. 479, 493 |

Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel brought the instant class action against Defendant Uber Technologies, Inc., alleging that Uber misclassifies drivers as independent contractors rather than employees. Docket No. 330 (Second Amended Complaint) (SAC) at ¶ 3. The Court has certified the class action to bring two claims: (1) a tips claim, in which Plaintiffs allege that Uber represented that tips are included in the fare but do not give the total amount of the tip to the drivers, and (2) an expense reimbursement claim, in which Plaintiffs allege that Uber does not pay vehicle-related and phone expenses that employees are entitled to. *See* Docket No. 342 at 60; Docket No. 395 at 31.

Uber now brings a motion for summary judgment on Plaintiffs' tips claim. Docket No. 479 (Mot.). Uber contends that Plaintiffs' tips claim is fundamentally based on an "Uber's alleged misrepresentations to riders that a 'tip is included' in the fare." *Id.* at 1. Thus, Uber argues that Plaintiffs' tips claim fails because: (1) Plaintiffs cannot prove first-person reliance, as required by the UCL; (2) the named Plaintiffs lack standing because they cannot prove that they ever had a rider who saw Uber's alleged misrepresentation; (3) riders' alleged classwide exposure to the alleged misrepresentation was *de minimis*; and (4) no rider who used the Uber app since November 10, 2014 could reasonably believe a gratuity is included because Uber's rider

agreements state that the fare does not include gratuity. *Id.* at 1-2. In the alternative, Uber argues that decertification is appropriate because there is no ascertainability, commonality, predominance, or superiority. *Id.* at 2.

Uber's motion for summary judgment or decertification came on for hearing before the Court on March 24, 2016. For the reasons stated on the record and below, the Court **DENIES** Uber's motion for summary judgment or decertification. In short, Plaintiffs' tips claim is not a typical case based on fraud or misrepresentation. As this Court previously stated in the class certification order, Plaintiffs allege that Uber *did* in fact charge every rider for a tip (demonstrated by its advertisements that "tip is included" in the fare) on every ride. Docket No. 342 at 58. Thus, Plaintiffs' theory is not that Uber misrepresented or committed fraud by advertising that tip is included in the fare; instead, Plaintiffs are arguing that Uber was being *truthful* when it made such representations, and that because Uber charges a tip it is required to distribute the tip in its entirety to the drivers. Docket No. 484 (Opp.) at 3; *see also* Docket No. 312 at 15 (Plaintiffs' class certification reply brief, stating: "Plaintiffs' claim they are seeking to certify under § 351 is not that passengers chose not to leave additional tips because they were misled -- instead, Plaintiffs argue that passengers paid tips (because they were labeled as such), but they were never remitted to drivers."). Because Plaintiffs' tip claim is not based on a traditional theory of misrepresentation, the elements of a misrepresentation claim are not at issue.

To the extent that Uber relies on the effect of its statement in its rider agreements since November 2014 that tip is not being charged, this goes to the ultimate question of whether or not the jury can find that tip is included in every fare charged by Uber.[1] The November 2014

---

[1] There is also a factual question of whether the disclaimer is effective. In many of the cases cited by Uber, the courts found as a matter of law that the disclaimers were effective based on facts that are very different from the instant case. *E.g.*, *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (finding that a reasonable customer would not have been deceived because "[t]he promotions expressly and repeatedly state the conditions which must be met in order to win[, n]one of the qualifying language is hidden or unreadably small[, and t]he qualifying language appears immediately next to the representations it qualifies and no reasonable reader could ignore it."); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (finding that no reasonable consumer would be deceived by advertisements because the plaintiff did not allege that the advertisements contained any statements that were actually false, and the advertisements included a legible disclaimer that "other restrictions may apply"); *Baxter v. Intelius*, No. SACV 09-1031 AG (MLGx), 2010 WL 3791487, at *3-4 (C.D. Cal. Sept. 16, 2010) (finding that the

disclaimer is a piece in the universe of statements that Uber has made about whether or not tip is included, just as more recent statements made by Uber that tip is included is relevant to the jury's determination.[2] Because Plaintiffs assert an all-or-nothing claim (either Uber's charges did or did not include tips), the beliefs of individual riders are not at issue, and Plaintiffs are not required to prove that every rider believed that they were leaving a tip.[3]  Thus, the question of whether Uber charges tip is a singular question that is not dependent on a showing of individualized reliance by each rider, but instead turns on an analysis of Uber's uniform practice and policy.  This is especially the case in view of Uber's admission that its conduct with respect to the way it charges customers and its goal of not requiring customers to deal with cash is uniform.  *See* Docket No.

---

webpage was not deceptive because the new transaction was clear, and that the plaintiff's allegation that the defendants "obfuscated any purported disclosures in gray lettering no larger than approximately half the size of other highlighted information" was a mischaracterization because there was a disclaimer right next to where the consumer had to positively indicate his agreement to the terms).

In short, in each of the three cases, the disclaimer at issue was located right next to the allegedly deceptive statement.  By contrast, in the instant case, the disclaimer in the rider agreement is on page five of an eight-page document, and does not immediately follow any of Uber's alleged representations that tip is included.  *Cf. Baxter*, 2010 WL 3791487, at *4 ("A consumer cannot decline to read clear and easily understandable terms that are provided on the same webpage in close proximity to the location where the consumer indicates his agreement to those terms and then claim that the webpage, which the consumer failed to read, is deceptive.") (internal quotation omitted).

[2] Plaintiffs filed an administrative motion for leave to file supplemental evidence in opposition to the instant motion.  Docket No. 493.  Specifically, Plaintiffs submit a March 17, 2016 radio interview with Ms. Blair Mattson, Global Lead for Uber's One Million Women Initiative, in which when asked about whether "you are supposed to tip the driver," Ms. Mattson responds that "tips are actually included" in the fare.  Docket No. 493; *see also* Docket No. 493-1 at 1 (Ms. Mattson: "if you try to tip a driver you might get some funny looks, but yeah the tip's actually included.  You don't need to, you don't need to include an extra tip.").  The Court will grant Plaintiffs' administrative motion, as the interview did not take place until after the parties' filings were due, is relevant to the instant motion, and was not objected to by Uber.

[3] The Court does not determine at this time whether the jury will be instructed on a "reasonable customer" standard as advocated by Plaintiffs.  However, any standard that is applied will be an objective one.  *Cf. Beard v. Goodrich*, 110 Cal. App. 4th 1031, 1038 (2003) ("Contract formation is governed by objective manifestations, not the subjective intent of any individual involved.  The test is what the outward manifestation of consent would lead a reasonable person to believe.  The question, then, is not what [the party] subjectively intended, but what a reasonable person would believe the parties intended."); *Ebner v. Fresh, Inc.*, -- F.3d --, 2016 WL 1056088, at *4 ("the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.") (internal quotation omitted).

3

498 at 9 ("the policy of the company -- and it was very clear -- was to make it a cashless, seamless approach.").

For these reasons, the Court **DENIES** Uber's motion for summary judgment and decertification.

This order disposes of Docket Nos. 479 and 493.

**IT IS SO ORDERED**.

Dated:  March 30, 2016

_____
EDWARD M. CHEN
United States District Judge