UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants.<br><br>HAKAN YUCESOY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants | Case No. 13-cv-03826-EMC<br>Case No. 15-cv-0262-EMC<br><br><br><br>**ORDER TO SHOW CAUSE** |

On April 21, 2016, Plaintiffs in *O'Connor v. Uber Technologies* and *Yucesoy v. Uber Technologies* moved for preliminary approval of a class settlement. Plaintiffs also filed an administrative motion to file under seal the unredacted versions of Plaintiffs' motion for preliminary approval, the declaration of Plaintiffs' counsel, and the Class Settlement and Release. *See* Case No. 13-3826-EMC, Docket No. 516. Uber then filed a memorandum in support of the administrative motion to file under seal, arguing that the redacted information pertained to Uber's trade secrets, *i.e.*, the miles driven "on app," gross fares, and Uber's Service Fees on those gross fares. *See* Case No. 13-3826-EMC, Docket No. 523 at 1. Uber also seeks to file under seal information on Uber's most recent valuation and the number of class member opt-outs that would trigger Uber's option to rescind and revoke the settlement. *Id.* at 4.

Federal Rule of Civil Procedure 23(e) requires that the claims of a certified class "may be

1  settled, voluntarily dismissed, or compromised only with the court's approval." The purpose of
2  this rule "is to protect the unnamed members of the class from unjust or unfair settlements
3  affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).
4  Accordingly, before a court approves a settlement, it must conclude that the settlement is
5  "fundamentally fair, adequate, and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75
6  (9th Cir. 2008); *see also In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 946 (9th
7  Cir. 2011). This inquiry requires that a court balance factors such as the strength of the plaintiffs'
8  case, the risk and expense of further litigation, the risk of maintaining class action status, the
9  amount offered in settlement, the extent of discovery completed and the stage of the proceedings,
10 the experience and views of counsel, the presence of a government participant, and the reaction of
11 the class members to the proposed settlement). *See Churchill Village, L.L.C. v. Gen. Elec.*, 361
12 F.3d 566, 575 (9th Cir. 2004) (listing factors to determine fairness and adequacy).

13     At the preliminary approval stage, this Court considers if the settlement: (1) appears to be
14 the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3)
15 does not improperly grant preferential treatment to class representatives or segments of the class;
16 and (4) falls within the range of possible approval. *Harris v. Vector Mktng. Corp.*, Case No. C-08-
17 5198-EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011). In considering whether the
18 settlement falls within the range of possible approval, "courts primarily consider plaintiffs'
19 expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley*
20 *Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009); *see also Cotter v. Lyft, Inc.*, Case No.
21 13-cv-4065-VC, -- F. Supp. 3d --, 2016 WL 1394236, at *4 ("In determining whether the
22 proposed settlement falls within the range of reasonableness, perhaps the most important factor to
23 consider is plaintiffs' expected recovery balanced against the value of the settlement offer") (N.D.
24 Cal. Apr. 7, 2016) (internal quotation omitted).

25     Here, a significant portion of the information that the parties seek to file under seal is
26 highly material to an assessment of whether Plaintiffs' settlement falls within the range of possible
27 approval. Specifically, the parties seek to redact all information related to Plaintiffs' expected
28 recovery, including the potential monetary value of their claims. *See* Case No. 13-3826-EMC,

Docket No. 516-3 at 24-25.  The parties are to explain why the potential value of the claims should not be publicly disclosed given the importance of this information in the Court's determination of the fairness and adequacy of a proposed class action settlement.  *Compare with Cotter*, 2016 WL 1394236, at *8 (discussing the total value of the plaintiffs' expense reimbursement claim, which was calculated by multiplying the estimated number of miles driven during the settlement period by the IRS rate); *Philliben v. Uber Techs., Inc.*, Case No. 14-cv-5615-JST, Docket No. 91 at 5 (denying motion to file under seal information related to the average amount of the Safe Rides Fee paid by the putative class members, Uber's total amount of revenue from Safe Rides Fees, the estimate of the plaintiffs' maximum potential recovery if the case was litigated, and the percentage comparison between the estimate and proposed settlement payout). The parties' response must be filed by **Wednesday**, **May 4, 2016**.

**IT IS SO ORDERED**.

Dated: April 27, 2016

_____
EDWARD M. CHEN
United States District Judge