| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>THEODORE J. BOUTROUS, JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>THEANE D. EVANGELIS, SBN 243570<br>  tevangelis@gibsondunn.com<br>DHANANJAY MANTHRIPRAGADA,<br>SBN 254433<br>  dmanthripragada@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>JOSHUA S. LIPSHUTZ, SBN 242557<br>  jlipshutz@gibsondunn.com<br>KEVIN J. RING-DOWELL, SBN 278289<br>  kringdowell@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Attorneys for Defendants<br>UBER TECHNOLOGIES, INC. and<br>TRAVIS KALANICK | LICHTEN & LISS-RIORDAN, P.C.<br>SHANNON LISS-RIORDAN, *pro hac vice*<br>  sliss@llrlaw.com<br>ADELAIDE PAGANO, *pro hac vice*<br>  apagano@llrlaw.com<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone: 617.994.5800<br>Facsimile: 617.994.5801<br><br>MATTHEW CARLSON, SBN 273242<br>  mcarlson@llrlaw.com<br>466 Geary Street, Suite 201<br>San Francisco, CA 94102<br>Telephone: 617.994.5800<br>Facsimile: 617.994.5801<br><br>Attorneys for *O'Connor* Plaintiffs<br>DOUGLAS O'CONNOR, THOMAS COLOPY,<br>MATTHEW MANAHAN, and ELIE<br>GURFINKEL, and for *Yucesoy* Plaintiffs<br>HAKAN YUCESOY, ABDI MAHAMMED,<br>MOKHTAR TALHA, BRIAN MORRIS, and<br>PEDRO SANCHEZ |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, et al., individually and on behalf of all others similarly situated,<br>              Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br>              Defendant.<br><br>HAKAN YUCESOY, et al., individually and on behalf of all others similarly situated,<br>              Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC., et al.<br>              Defendants. | CASE NO. 13-cv-03826-EMC<br>CASE NO. 15-cv-00262-EMC<br><br>**JOINT STIPULATION AND [P~~ROP~~OSED] ORDER VACATING RULE 23(D) ORDERS**<br><br>            (Denied) |

**JOINT STIPULATION VACATING RULE 23(D) ORDERS**

Pursuant to Federal Rule of Civil Procedure 54(b) and Civil Local Rule 7-12, *O'Connor* Plaintiffs Douglas O'Connor, Thomas Colopy, Matthew Manahan, and Elie Gurfinkel (collectively, the "*O'Connor* Plaintiffs"), *Yucesoy* Plaintiffs Hakan Yucesoy, Abdi Mahammed, Mokhtar Talha, Brian Morris, and Pedro Sanchez (collectively, the "*Yucesoy* Plaintiffs") (together with the *O'Connor* Plaintiffs, "Plaintiffs"), and Defendants Uber Technologies, Inc. ("Uber")[1] and Travis Kalanick (together, the "Defendants") (together with the Plaintiffs, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, Uber filed motions to compel arbitration of certain named plaintiffs' and absent class and putative class members' claims in *O'Connor v. Uber Techs., Inc.*, 13-cv-03826-EMC ("*O'Connor*") and *Yucesoy v. Uber Techs., Inc.*, 15-cv-00262-EMC ("*Yucesoy*"). *See O'Connor*, ECF Nos. 346, 397; *Yucesoy*, ECF Nos. 62, 94.

WHEREAS, the Court denied Uber's motions to compel arbitration and issued a series of orders invalidating Uber's arbitration agreements with drivers who use the Uber software application. *See O'Connor*, ECF Nos. 395, 400; *Yucesoy*, ECF Nos. 142, 158; *see also In re FCRA Litig.*, No. 14-cv-05200-EMC, ECF No. 70.

WHEREAS, Uber promulgated revised versions of its Licensing Agreement and the Rasier Agreement on December 10, 2015 (the "December 2015 Arbitration Provision"). *See O'Connor*, ECF No. 410 Exs. A–C. In those agreements, Uber revised: (1) various contractual provisions unrelated to arbitration (*e.g.*, provisions regarding drivers' obligations to satisfy the Americans with Disabilities Act, fare calculations, and drivers' automobile insurance obligations); and (2) certain clauses in the arbitration provision that the Court previously held to be unconscionable and/or otherwise unenforceable.

WHEREAS, the *O'Connor* Plaintiffs, the *Yucesoy* Plaintiffs, and the Plaintiffs in *In re FCRA Litigation* (the "*FCRA* Plaintiffs"), filed motions pursuant to Federal Rule of Civil Procedure 23(d)

---

[1] Throughout this Joint Stipulation and Proposed Order, Uber shall also refer to Uber Technologies, Inc.'s past, present, and future parents, subsidiaries, affiliates, divisions, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uber Technologies, Inc.

on December 11, 2015, requesting that the Court enjoin Uber's communications with class and putative class members and invalidate the December 2015 Arbitration Provision. *See O'Connor*, ECF No. 405; *Yucesoy*, ECF No. 145; *In re FCRA Litig.*, ECF No. 127.

WHEREAS, on December 23, 2015, the Court granted, in part, Plaintiffs' Rule 23(d) motions. *See O'Connor*, ECF No. 435; *Yucesoy*, ECF No. 161. In its order, the Court declined to rule on the enforceability of the December 2015 Arbitration Provision, but nevertheless purported to exercise its Rule 23(d) authority and held as follows: (i) the December 2015 Arbitration Provision "shall have no effect on the rights of certified class members" to pursue their certified claims in *O'Connor*; (ii) the December 2015 Arbitration Provision "may not be enforced until a revised cover letter and arbitration agreement which conform to [the Court's December 23, 2015 order] is issued;" and (iii) "[d]uring the pendency of Uber driver cases before [the] Court, all cover letters, notices and arbitration provisions given to new or prospective drivers must conform with the requirements [in the Court's December 23, 2015 order], and be approved." *O'Connor*, ECF No. 435 at 8; *Yucesoy*, ECF No. 161 at 8. The Court further requested that the parties meet and confer and stipulate to "the appropriate form, content, and procedures of the revised arbitration provision and corrective cover letter . . . ." *O'Connor*, ECF No. 435 at 8; *Yucesoy*, ECF No. 161 at 8.

WHEREAS, on January 13, 2016, the Parties submitted a joint statement in response to the Court's December 23, 2015 order, to which the Parties attached a draft proposed revised arbitration provision and corrective cover letter (with disagreements noted in redline). *O'Connor*, ECF No. 462; *Yucesoy*, ECF No. 180.

WHEREAS, on January 19, 2016, the Court issued an order regarding the Parties' joint statement and further clarifying the scope of the Court's December 23, 2015 order. *O'Connor*, ECF No. 464; *Yucesoy*, ECF No. 183.

WHEREAS, the Parties have reached a settlement agreement that will resolve the *O'Connor* and *Yucesoy* class and putative class action lawsuits, upon final Court approval. As part of that settlement agreement, Plaintiffs have agreed to stipulate to the enforceability of the December 2015 Arbitration Provision. Further, as part of the settlement agreement, Plaintiffs have agreed to stipulate to a vacating of the Court's December 23, 2015 (*O'Connor*, ECF No. 435) and January 19, 2016

(*O'Connor*, ECF No. 464) orders (together, the "Rule 23(d) Orders") finding Uber's December 2015 Arbitration Provision to be invalid and unenforceable and compelling changes to the agreement. The Parties have filed a Motion for Preliminary Approval, attaching a copy of the settlement agreement, together with this Joint Stipulation and Proposed Order.

WHEREAS, the settlement agreement in *O'Connor* and *Yucesoy* permits Uber to void the settlement agreement in its entirety unless and until this Court vacates the Rule 23(d) Orders, permits Uber to enforce the December 2015 Arbitration Provision as it was distributed to drivers nationwide, and permits Uber to continue distributing the December 2015 Arbitration Provision and/or any other arbitration provision Uber desires to drivers nationwide without prior court approval, in light of the significant changed circumstances that would result from the settlement of the *O'Connor* and *Yucesoy* actions. The Parties' stipulation to vacate the Rule 23(d) Orders is a significant and material term of the Parties' settlement agreement.

WHEREAS, Federal Rule of Civil Procedure 54(b) grants district courts authority to vacate or revise "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," if it would be "consonant with equity" to do so. Fed. R. Civ. P. 54(b); *Simmons v. Brier Bros. Co.*, 258 U.S. 82, 90–91 (1992).

WHEREAS, courts routinely grant parties' stipulations to vacate or revise non-final orders as part of the settlement approval process, including in class actions. *See, e.g.*, *U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (granting request to vacate claims construction and summary judgment orders under Rule 54(b) and noting that the parties' agreement to vacate "was a significant factor in successfully resolving [the] litigation"); *De la O v. Arnold Williams*, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (granting Rule 54(b) motion for vacatur and vacating orders finding statutes and regulations to be unconstitutional as part of class action settlement); *Gemini Ins. Co. v. N. Am. Capacity Ins. Co.*, 2015 WL 3891423, at *2–3 (D. Nev. June 18, 2015) (granting joint request to vacate summary judgment and motion for reconsideration orders under Rule 54(b) where settlement was contingent on vacatur of the orders); *Jaynes Corp. v. Amer. Safety Ins.*, 2014 WL 11115424, at *3 (D. Nev. Dec. 2, 2012) (granting joint motion to vacate

summary judgment order under Rule 54(b) in accordance with the parties' conditional settlement agreement); *see also In re L. Bruce Nybo, Inc.*, 263 B.R. 905 (D. Nev. 2001) (granting motion to vacate opinion per stipulation for settlement under Rule 60(b)(6)).

WHEREAS, the Parties believe it would be "consonant with justice" for this Court to vacate its Rule 23(d) Orders and permit Uber to enforce the December 2015 Arbitration Provision, now that the Parties have reached a settlement agreement. *Simmons*, 258 U.S. at 90–91; *see also Gemini*, 2015 WL 3891423, at *3 (granting Rule 54(b) request for vacatur as part of conditional settlement agreement, in part, because the parties joined in the stipulated motion seeking vacatur).

WHEREAS, Rule 23(d) vests courts with the authority to "exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981). Plaintiffs recognize that Uber had appealed the Court's orders regarding the arbitration clause and its distribution and, in its appeal, had made the following arguments: The Court's authority "is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules" and the First Amendment. *Id*. Thus, a "mere possibility of abuses does not justify" a Rule 23(d) order. *Id*. at 104. Rather, any "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id*. at 101. Moreover, because Rule 23(d) orders can "involve[] serious restraints on expression," a court's "weighing" process must "result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id*. at 102, 104; *see also In re Sch. Asbestos Litig.*, 842 F.2d 671, 680–81, 684 (3d Cir. 1988) ("Orders regulating communications between litigants . . . pose a grave threat to first amendment freedom of speech").

WHEREAS, the Parties disagree as to whether this Court properly exercised its Rule 23(d) authority in the first place when it entered the Rule 23(d) Orders. However, *all* Parties jointly agree that, given the settlement, an order enjoining Uber's communications and placing restrictions on Uber's ability to enforce the December 2015 Arbitration Provision is no longer appropriate under Rule 23(d).

WHEREAS, this Court originally granted Plaintiffs' Rule 23(d) motion, in large part, in order to provide "clarity" to drivers regarding a "legal landscape" that, in the Court's view, became "materially more complicated" when this Court certified the *O'Connor* class action. *O'Connor*, ECF No. 435 at 3–4; *Yucesoy*, ECF No. 161 at 3–4. Virtually all of the legal and factual developments cited by this Court in support of its Rule 23(d) Orders pertain only to the *O'Connor* litigation and thus are unique to that particular case. *See, e.g.*, *O'Connor*, ECF No. 435 at 3 ("[T]here have been significant developments since . . . December 6, 2013, including . . . the denial of Uber's motion for summary judgment in *O'Connor*, certification of a class and claims in *O'Connor*, . . . and the setting of the *O'Connor* case for trial."); *id.* at 4 ("[D]rivers may give greater credence to litigation over arbitration in view of the progression of the *O'Connor* case . . . ."); *see also id.* (noting that Uber's promulgation of the December 2015 Arbitration Provision supposedly "led to considerable confusion among the drivers" in the *O'Connor* class). Those concerns and the supposed legal complexity that this Court identified no longer exist now that the Parties have reached a settlement agreement in *O'Connor*. Thus, the Court's Rule 23(d) Orders are no longer necessary to accomplish the stated purpose of reducing or eliminating drivers' purported confusion, to the extent they ever were.

WHEREAS, the Court's December 23, 2015 order held that Uber's December 2015 Arbitration Provision threatened to interfere with *O'Connor* class members' rights because "Uber contend[ed] that it [did] not intend to invoke the [December 2015 Arbitration Provision] against the members of the certified class" in *O'Connor*, but "the [December 2015 Arbitration Provision] [did] not reflect this limitation." *O'Connor*, ECF No. 435 at 4; *Yucesoy*, ECF No. 161 at 4. This purported concern no longer exists now that the Parties have reached a settlement agreement in *O'Connor*.

WHEREAS, the Parties' settlement agreement also eliminates any supposed confusion among putative class members in the *Yucesoy* matter. Thus, the Court's Rule 23(d) Orders are no longer necessary to reduce or eliminate any purported confusion pertaining to *Yucesoy*, to the extent they ever were.

WHEREAS, the Court stated that its Rule 23(d) Orders regulating Uber's communications with class and putative class members were necessary, in part, due to the "problematic nature of some of the arbitration provisions" in Uber's Licensing Agreement and Rasier Agreement. *O'Connor*,

ECF No. 435 at 4; *Yucesoy*, ECF No. 161 at 4.  The Parties disagree as to whether previous iterations of Uber's arbitration agreements contained any "problematic" provisions; however, *all* Parties jointly agree and stipulate that the December 2015 Arbitration Provision does *not* contain any problematic provisions identified by the Court and thus the Parties will now, in light of the settlement, agree that it is enforceable in its entirety.  Specifically:

- The December 2015 Arbitration Provision makes clear that (to the extent Private Attorneys General Act ("PAGA") waivers are unenforceable) all representative PAGA claims must be asserted in a civil court of competent jurisdiction.  *O'Connor*, ECF No. 410 Ex. A at § 15.3(i) & 15.3(v), Ex. B at § 15.3(i) & 15.3(v); *cf. O'Connor*, ECF No. 395 at 9–21 (finding that the PAGA waiver contained in Uber's 2014 arbitration agreement could not be severed from the remainder of the agreement).

- The December 2015 Arbitration Provision expressly guarantees that drivers "will not be required to bear any type of fee or expense that [they] would not be required to bear if [they] had filed the action in a court of law," "[a]ny disputes in that regard will be resolved by the Arbitrator as soon as practicable after the Arbitrator is selected, and Uber shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute."  *O'Connor*, ECF No. 410 Ex. A at § 15.3(vi), Ex. B at § 15.3(vi); *cf. In re FCRA Litig.*, ECF No. 70 at 53–55 (finding the cost provisions in Uber's 2013 and 2014 arbitration agreements unconscionable).

- The December 2015 Arbitration Provision does not include the confidentiality provision that had appeared in previous arbitration agreements.  *Cf. In re FCRA Litig.*, ECF No. 70 at 54–55 (finding the confidentiality provisions in Uber's 2013 and 2014 arbitration agreements unconscionable).

- The December 2015 Arbitration Provision does not include a unilateral modification provision, and instead contains an express guarantee stating that any modifications will become operative only upon drivers' acceptance of newly promulgated agreements.  *O'Connor*, ECF No. 410 Ex. A at § 14.1, Ex. B at § 14.1; *cf. In re FCRA Litig.*, ECF No. 70 at 57–59 (finding the modification provisions in Uber's 2013 and 2014 arbitration agreements unconscionable).

WHEREAS, the December 2015 Arbitration Provision permitted drivers to opt out of arbitration altogether within thirty (30) days of acceptance in any one of four ways (via hand delivery, overnight mail, U.S. mail, or email).  *See O'Connor*, ECF No. 410 Ex. A at § 15.3(viii), Ex. B at § 15.3(viii).  The December 2015 Arbitration Provision also retained the opt-out notices and warnings that this Court previously approved in the *O'Connor* action.  *See In re FCRA Litig.*, ECF No. 70 at 61 ("[T]he 2014 agreements contain highly conspicuous and non-illusory opt-out provisions that permit drivers to obtain all of the benefits of the contracts, while avoiding any potential burdens of arbitration."); *id.* at 33–34 ("Put simply, it would be hard to draft a more visually

1  conspicuous opt-out clause even if the Court were to aid in the drafting process, which it actually
2  did.").

3    WHEREAS, several thousand drivers did, in fact, opt out of the December 2015 Arbitration
4  Provision—many more drivers than opted out of Uber's previous arbitration agreements

5    WHEREAS, the Parties do not believe that the pending *In re FCRA* action stands as an
6  impediment to vacatur of this Court's Rule 23(d) Orders.  As discussed above, this Court based its
7  Rule 23(d) Orders almost exclusively on the supposed confusion and complexity pertaining to the
8  *O'Connor* action, not any developments that have taken place in the *In re FCRA* case.  In any event,
9  the First Amendment harms Uber contends it is suffering as a result of the Rule 23(d) orders, together
10 with the benefits of the settlement agreement reached by the Parties, weigh strongly in favor of
11 vacatur.  *See Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828–29 (9th Cir. 2013) ("Both [the Ninth
12 Circuit] and the Supreme Court have repeatedly held that '[t]he loss of First Amendment freedoms,
13 even for minimal periods of time, unquestionably constitutes irreparable injury.'") (citation omitted).
14 Plaintiffs' class counsel, who *actually* represents nearly all California drivers who use Uber in an
15 attorney-client relationship, supports vacatur of the Rule 23(d) Orders, whereas plaintiffs' counsel in
16 *In re FCRA* does not currently represent any driver other than the named plaintiffs in *In re FCRA*.

17   WHEREAS, the Parties anticipate that they will expend substantial costs and significant
18 efforts, and that it will take several years of litigation in this Court and the appellate courts, in order
19 to resolve the *O'Connor* and *Yucesoy* actions if the Court does not approve the Parties' settlement
20 agreement, an agreement that is contingent on the vacatur of this Court's Rule 23(d) Orders.  Thus,
21 vacatur of the Court's Rule 23(d) Orders will substantially minimize the time and cost that would
22 otherwise be expended by the Parties and also the Court in litigation.  *See Gemini*, 2015 WL
23 3891423, at *1 (granting Rule 54(b) request for vacatur as part of conditional settlement agreement
24 because "[t]he alternative [was] continued litigation and trial in [the] Court, followed by appellate
25 proceedings and potential further litigation on remand"); *Jaynes*, 2014 WL 11115424, at *2 (granting
26 stipulated motion to strike pursuant to conditional settlement because "[t]he proposed resolution . . .
27 conserve[d] judicial resources in several respects"); *De la O*, 2008 WL 4192033, at *2 (granting Rule
28 54(b) motion for vacatur because "[t]he certain cost of continuing the case [would] be significant and

the results of both . . . [an] appeal and the action itself [were] uncertain with considerable risk of an adverse outcome for Plaintiffs").

NOW THEREFORE, the Parties hereby stipulate, subject to the approval of this Court, that:

1. The Court's December 23, 2015 and January 19, 2016 orders, *see O'Connor*, ECF Nos. 435, 462; *Yucesoy*, ECF Nos. 161, 183; *In re FCRA Litig.*, ECF Nos. 137, 156, are hereby vacated pursuant to Federal Rule of Civil Procedure 54(b).

2. Uber is permitted to continue distributing to drivers nationwide the arbitration agreement it began distributing on December 10, 2015, and may seek to enforce the December 2015 Arbitration Provision against any and all drivers who have assented to, and did not opt out of, that agreement.

3. Uber shall not be required to obtain approval from this Court prior to implementation of any revised arbitration agreements in the future.

**IT IS SO STIPULATED**

Dated:  April 21, 2016                                          GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Dhananjay S. Manthripragada
         Dhananjay S. Manthripragada

Attorneys for Defendants UBER TECHNOLOGIES, INC. and TRAVIS KALANICK


Dated:  April 21, 2016                                          LICHTEN & LISS-RIORDAN, P.C.


By:  /s/ Shannon Liss-Riordan
         Shannon Liss-Riordan

Attorneys for *O'Connor* Plaintiffs DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL

Attorneys for *Yucesoy* Plaintiffs HAKAN YUCESOY, ABDI MAHAMMED, MOKHTAR TALHA, BRIAN MORRIS, and PEDRO SANCHEZ

# [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

The joint stipulation to vacate the Rule 23(d) orders is denied without prejudice, pending review of the motion for preliminary approval.

Dated: __May 2__, 2016



The Honorable Edward M. Chen
United States District Judge

DENIED WITHOUT PREJUDICE
Judge Edward M. Chen

**ECF ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

By: /s/ Kevin J. Ring-Dowell
Kevin J. Ring-Dowell