UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants.<br><br>HAKAN YUCESOY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants | Case No. 13-cv-03826-EMC<br>Case No. 15-cv-0262-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>*O'Connor*, Docket No. 516<br>*Yucesoy*, Docket No. 204 |

## I. INTRODUCTION

On April 21, 2016, Plaintiffs in *O'Connor v. Uber Technologies, Inc.* and *Yucesoy v. Uber Technologies, Inc.* filed a motion for preliminary approval of a settlement. *O'Connor*, Docket No. 518. Plaintiffs also filed an administrative motion to file under seal certain portions of the motion and attached declarations and exhibits. *O'Connor*, Docket No. 516. The Court subsequently issued an Order to Show Cause, requesting further briefing on the motion to file under seal given that "a significant portion of the information that the parties seek to file under seal is highly material to an assessment of whether Plaintiffs' settlement falls within the range of possible approval." *O'Connor*, Docket No. 531 at 2. Having reviewed the parties' filings, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion to file under seal.

## II. DISCUSSION

A. Applicable Legal Standard

In determining whether to grant a motion to file under seal, the Court "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and internal modifications omitted). Where the records pertain to a dispositive motion, sealing must be justified by a compelling reason and supported by an articulated factual basis. *Id.* "Compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

In order to grant a motion to seal documents when applying the "compelling reasons" standard, this Court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (citations omitted). As a number of courts in this district have suggested, "only documents of *exceptionally sensitive information*" will be kept from the public. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 99188, 2012 WL 2913669, at *2 (N.D. Cal. July 17, 2012) (emphasis added); *see also Oracle Am. v. Google, Inc.*, No. 10-cv-3561-WHA, at ECF No. 540 (noting that sealing motions "will be denied outright" unless counsel identified "a limited amount of exceptionally sensitive information that truly deserves protection").

///
///
///
///
///
///
///
///

B.   Application of the Compelling Reasons Standard[1]

    1.   Information Related to Value of the Settlement

The Court **DENIES** the request to redact information about the potential value of each of Plaintiffs' claims.[2]  As this Court noted in its Order to Show Cause, this information is highly relevant to assessing whether Plaintiffs' settlement falls within the range of possible approval.  By contrast, Uber's reasons for keeping this information under seal are largely hypothetical.  For example, Uber suggests that information on the value of the claims could be used to determine the trends of usage or the effect of competitor's marketing efforts from 2010 to 2016.  *See O'Connor*, Docket No. 523-5 (Barnes Dec.), at ¶ 7.  However, Uber does not explain how an aggregate number of all miles driven or fares received over a period of several years could result in a determination of trends of usage, particularly when the information is not broken down by year or any other period.  Similarly, Uber theorizes that competitors "could compare the mileage information for the *O'Connor* class with the mileage information for California as a whole to quantify the breakdown of Uber's vehicle classes."  *See* Barnes Dec. at ¶ 6; *O'Connor*, Docket No. 558.  Again, Uber provides no explanation for how this is possible, given that the non-certified class members were not based on vehicle class but whether an individual signed up to drive directly with Uber under their individual name, or were paid directly and in their individual name.  *See O'Connor*, Docket No. 342 (Class Certification Ord.).  This definition crosses vehicle classes, such that the non-certified class members could very well include numerous individuals who signed up under fictitious or corporate names but drove solely for uberX.  More importantly,

---

[1] The parties do not suggest that the Court should apply the standard applicable for non-dispositive motions.  *See Kamakana*, 447 F.3d at 1179; *see also O'Connor*, Docket No. 523 (Uber Memorandum in Support of Plaintiffs' Administrative Motion to File Under Seal) (applying compelling reasons standard).  Given the significant public interest in this case, and the effect the settlement will have on a number of on-going litigation, the Court finds that the compelling reasons standard is appropriate.  *See also Keirsey v. eBay, Inc.*, Case No. 12-cv-1200-JST, 2013 U.S. Dist. LEXIS 147573, at *7 (N.D. Cal. Oct. 11, 2013) (explaining that "a motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive," and concluding that "the 'compelling reasons' standard is the appropriate standard.").

[2] In their response to the Order to Show Cause, Uber withdrew its request to seal Plaintiffs' estimates of the aggregate value of their claims.  *See O'Connor*, Docket No. 558. Uber did not withdraw its request to seal Plaintiffs' estimates of the individual claims, *i.e.*, the value of the expense reimbursement claim for vehicle use or the tips claims.

the information about the potential value of *each* claim is highly material to the assessment of the fairness and adequacy of the settlement.

The Court therefore finds that Uber has failed to provide a compelling reason for why this information should remain under seal, particularly when balanced against the public's significant interest in this information.

2. <u>Uber's Valuation</u>

The Court **DENIES** the request to redact Uber's most recent valuation because this information is publicly available. A simple Google search of "Uber valuation" yields numerous articles and websites that provide the same valuation. *See* Eric Newcomer, *Uber Raises Funding at $62.5 Billion Valuation*, Bloomberg Techn., Dec. 3, 2015; Mike Isaac & Leslie Picker, *Uber Valuation Put at $62.5 Billion After a New Investment Round*, N.Y. Times, Dec. 3, 2015; *Uber (company)*, Wikipedia, https://en.wikipedia.org/wiki/Uber_(company) (last visited May 6, 2016).

3. <u>Number of Opt-Outs</u>

The Court **GRANTS** the request to redact the number of opt-outs that would trigger Uber's option to rescind and revoke the settlement.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the request to file under seal the number of opt-outs that would trigger Uber's option to rescind and revoke the settlement, and **DENIES** the remainder of the motion to file under seal. Plaintiffs must file their motion for preliminary approval and the accompanying declarations and exhibits, redacted consistent with this Order, by **Monday**, **May 9, 2016**.

**IT IS SO ORDERED**.

Dated: May 6, 2016

EDWARD M. CHEN
United States District Judge