UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-03826-EMC<br><br>**ORDER DENYING MOTIONS TO INTERVENE AND DENYING MOTION TO DISQUALIFY COUNSEL**<br><br>Docket Nos. 588, 591, 627, 637, 644, 677 |

On April 21, 2016, Plaintiffs Thomas Colopy, Elie Gurfinkel, and Matthew Manahan filed a motion for preliminary approval of a class action settlement. Docket No. 518. Since the filing of that motion, plaintiffs in other on-going cases against Defendant Uber Technologies, Inc. have filed motions to intervene and a motion to disqualify class counsel. Docket No. 588 (Ghazi Mot. to Intervene); 591 (Mot. to Disqualify); 627 (Congdon Mot.); 637 (Price Mot.); 644 (John Doe Mot.); 677 (Tabola Mot.). The Court **DENIES** these motions.

The proposed interveners are not entitled to intervention as of right. In determining whether intervention as of right is appropriate, the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*State ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (internal quotation omitted).

The proposed interveners have not established that they have a significantly protectable interest that they cannot protect. First, the Court has denied preliminary approval of the

1  settlement, and thus the interveners and their respective lawsuits will be unaffected. *See* Docket
2  No. 748.  Second, proposed interveners can protect and indeed have protected their interest by
3  objecting to the settlement.  Moreover, had the settlement been preliminary approved, they could
4  object to final approval, or opt out of the class and pursue their claims separately.  *See, e.g.*,
5  *Zepada v. Paypal, Inc.*, Case No. C: 10-2500-SBA, 2014 WL 4354386, at *5 (N.D. Cal. Sept. 2,
6  2014) (denying motion to intervene because "[i]f the class is certified and Putative Interveners are
7  members of the class, then Putative Interveners do have means to protect their interests.  That is,
8  they may object to the settlement during the hearings on motions for preliminary approval or final
9  approval, or they may opt out of the class and pursue their claims separately"); *Cotter v. Lyft, Inc.*,
10 Case No. 13-cv-4065-VC, 2016 U.S. Dist. LEXIS 83963, at *2-3 (N.D. Cal. June 28, 2016) ("The
11 *Zamora* plaintiffs' ability to protect their interest in the claims released by the *Cotter* action will
12 not be impaired by the *Cotter* settlement, because the *Zamora* plaintiffs may file formal objections
13 and appear at the final approval hearing, or opt out of the *Cotter* settlement and continue to pursue
14 their claims against Lyft if they wish"); *Carroll v. Wells Fargo & Co.*, Case No. 15-cv-2321-
15 EMC, 2016 U.S. Dist. LEXIS 96149, at *3 (N.D. Cal. July 22, 2016) (no impairment of interest
16 because "[t]he three can make objections if and when Ms. Carroll moves to certify; they can also
17 object and/or opt out if, *e.g.*, a settlement class is contemplated").
18       Second, permissive intervention under Federal Rule of Civil Procedure 24(b) is not
19 warranted in this case.  "An applicant who seeks permissive intervention must prove that it meets
20 three threshold requirements: (1) it shares a common question of law or fact with the main action;
21 (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the
22 applicant's claims."  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (internal citation
23 omitted); *see also Peruta v. Cnty. of San Diego*, 771 F.3d 570, 579 (9th Cir. 2014).  As an initial
24 matter, the vast majority of proposed interveners have not established the three threshold
25 requirements.  For example, the Ghazi, Price, and Tabola proposed interveners have not shown an
26 independent basis for jurisdiction, as they are each California residents bringing California claims
27 on behalf of a class made up exclusively of California (or in the case of the Tabola plaintiffs, San
28 Francisco) residents against Uber, a California citizen.  Thus, the Court lacks diversity or federal

question jurisdiction over these claims.[1] The Congdon proposed interveners have failed to establish that their case shares a common question of law or fact with the instant case, as *Congdon* is a contract case whereas *O'Connor* is an employment misclassification case. Moreover, Uber has agreed that the breach of contract claims raised by *Congdon* will not be affected by *O'Connor*. Docket No. 664 at 1-2. Similarly, it appears Doe's suit is focused on "mandating that Uber obtain federal operating authority and appropriate insurance and surety bonds as required by law," also a separate issue from the misclassification claims. Doe Mot. at 32.

However, even if the proposed interveners met the three threshold requirements, the Court would decline to exercise its discretion to grant permissive intervention. Again, the Court has denied the preliminary approval motion, and thus the settlement will not affect the proposed interveners' cases. Thus, the Court concludes that intervention is not warranted.

The Court also denies Ghazi's motion to disqualify class counsel. Ghazi's motion is based on an alleged conflict of interest between the *O'Connor* certified class, the *Yucesoy* putative class, and the individual plaintiffs in *Colopy v. Uber Technologies, Inc.* Mot. to Disqualify at 6-7. In so arguing, Ghazi focuses on the different allocations of the class fund under the proposed settlement to these three groups. *Id.* at 11-12. This argument is moot as the Court has already denied the motion for preliminary approval. In any event, the Court is satisfied that the different allocations were reasonably explained as reflecting the respective strengths of the claims, which involve different risks to each of these three groups. There is no basis to take the extreme step of removing class counsel at this juncture.

///
///
///
///
///

---

[1] The Court also lacks jurisdiction under the Class Action Fairness Act (CAFA), as the home state mandatory abstention exception applies when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

3

In conclusion, the Court **DENIES** the motions to intervene and the motion to disqualify class counsel.

This order disposes of Docket Nos. 588, 591, 627, 637, 644, 677.

**IT IS SO ORDERED**.

Dated: August 18, 2016

_____
EDWARD M. CHEN
United States District Judge