UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 13-cv-03826-EMC<br><br>**ORDER REGARDING CORRECTIVE NOTICE AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Docket No. 826, 828 |

On August 31, 2017, the Court concluded that Class Counsel's e-mail communication to Class Members was misleading and that a corrective notice was required to protect the rights of absent class members. *See* Docket No. 825. The Court ordered the parties to meet-and-confer and to propose the contents of the corrective notice, as well as a means to distribute it. *Id.* The Court has reviewed the parties' proposal and discusses each issue below. *See* Docket No. 826. This order also addresses Plaintiffs' request to seal portions of her declaration concerning the number of arbitrations filed as a result of the misleading e-mail communication. *See* Docket No. 828.

A. <u>Contents of Corrective Notice</u>

Neither party's proposed notice is adequate. Plaintiffs' proposed notice does not communicate to Class Members that the Court determined its prior e-mail communication was misleading and does not clearly explain their rights. Uber's proposed notice contains detailed and confusing information about issues that are not essential to correcting any wrongful reliance that may have resulted from the misleading e-mail. In lieu of the parties' proposed notices, the Court adopts the notice attached to this order. Furthermore, rather than attaching the Court's August 31, 2017 sanctions order to the notice, the Settlement Administrator is ordered to post a copy of said

order on the settlement website.

B. <u>Method of Delivery</u>

The notice should be delivered by a neutral party rather than Class Counsel. Accordingly, the Settlement Administrator will be ordered to deliver the notice within 7 days of this order. The costs of notice will be borne by Class Counsel because Class Counsel's misleading e-mail necessitated the corrective notice. As explained in the Court's August 31 order, assessing costs is authorized based on Class Counsel's violation of the protective order and the California Rules of Professional Conduct. *See In re McKesson HBOC Inc. Securities Litig.*, 126 F.Supp.2d 1239 (N.D. Cal. 2000) (ordering law firm that sent misleading e-mail to class members to pay costs of corrective notice); Fed. R. Civ. P. 37(b)(2)(A) (authorizing sanctions for violations of discovery orders); Fed. R. Civ. P. 16(f)(2) (authorizing sanctions for violations of pretrial orders, including protective orders).

C. <u>Plaintiffs' Administrative Motion to Seal</u>

Class Counsel requests that portions of her declaration stating the number of individual arbitrations filed pursuant to the misleading e-mail communication be sealed. *See* Docket No. 828-4. Class Counsel argues the information should be sealed on the basis that it "contains information related to attorney-client communications, as well as information in which the class member has an interest in privacy." Docket No. 828 at 2. To support sealing of court documents, a party must overcome the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). If a filing is "more than tangentially related to the merits" of the underlying case, a party must demonstrate "compelling reasons" to overcome the presumption of public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). If a filing is not more than tangentially related, then a party need only demonstrate "good cause" to justify sealing. *Id.* at 1097; *see also* Fed. R. Civ. P. 26(c); Local C.R. 79-5(b) ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."). The instant declaration is only tangentially related to the merits of the case, so Plaintiffs need only

1 demonstrate "good cause" here.

2 Plaintiffs have not demonstrated good cause to seal all of the redacted information. Plaintiffs' claim that the information is privileged is unfounded. The mere fact that information is "related" to attorney-client communication, Docket No. 828 at 2, does not establish that it *is* an attorney-client communication protected by privilege. Further, the paragraphs in question do not disclose the contents of any such communications. The privilege does not apply. However, the Court agrees that there is good cause to redact the name of the class member discussed in the declaration to protect that individual's privacy interests. Thus, the Court grants Plaintiffs' motion to seal only with respect to the name of the class member and the caption and case-number of the individual arbitration matter filed on behalf of that class member. The remaining information may not be sealed. Plaintiffs shall file a redacted version of the declaration consistent with this order.

This order disposes of Docket No. 826.

**IT IS SO ORDERED**.

Dated: September 6, 2017

_____
EDWARD M. CHEN
United States District Judge