United States District Court
For the Northern District of California

|   |   |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 13-cv-03826-EMC<br><br>**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO STAY ISSUANCE OF CORRECTIVE NOTICE PENDING APPEAL**<br><br>Docket No. 836 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs' request for a stay is **DENIED**. A court may issue a stay pending interlocutory appeal based on evaluation of four factors: (1) whether the moving party has made a showing that he is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009). In the context of a petition for appeal, a likelihood of success on the merits means that there is a "fair prospect" that the appellate court will conclude the decision was erroneous. *See also Levia-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

These factors do not weigh in favor of a stay. First, Plaintiffs have not made a showing that they are likely to succeed on the merits. Plaintiffs argue that "the Ninth Circuit may well find that Counsel's communications did not violate the protective order and that the Court's adopted notice – and underlying order imposing sanctions – could undermine class members' cooperation with and confidence in Plaintiffs' counsel and is not reasonably tailored to simply correct the risk of misunderstanding that led the Court to order the corrective notice." Docket No. 836 at 7. The Court did not simply find the communications violated the protective order, however. The Court independently found that the communications violated the California Rules of Professional

Conduct because they were misleading. *See* Docket No. 825 at 9-11. Plaintiffs present no argument challenging that finding. Nor do they present any argument that the Court abused its discretion in issuing a corrective notice pursuant to Rule 23(d), independent of its sanctioning authority. For these reasons and for the reasons expressed in the Court's order regarding Plaintiffs' first emergency motion, *see* Docket No. 834 at 2, Plaintiffs have not shown they are likely to prevail in their appeal. Docket No. 834 at 2.

Second, Class Counsel has not shown it will be irreparably injured. Class Counsel's characterization of the corrective notice as containing an "abundant use of inflammatory language [that] suggests misconduct far more egregious than conduct falling into a 'grey area' of permissibility" is hyperbolic. Docket No. 836 at 7. The corrective notice simply states that Class Counsel's solicitation e-mail was "misleading," which correctly describes the Court's ruling. *See* Docket No. 825 at 10-11.

Third, any conceivable harm to Counsel is outweighed by the harm to Class Members. The Court found the Class was misled; the misleading information must be corrected promptly in order to prevent any further reliance on such information.

Fourth, Class Counsel has not shown that the public interest weighs in favor of a stay. The Court's order does not impose any prior restraint on any party's speech. It simply corrects misleading speech.

Accordingly, a stay is not warranted. Nor is an extension. The Court's order was entered on September 6. Counsel has had over a week to request a stay. The Court already granted a one-week extension for that purpose. Counsel still has six days to do so at the Ninth Circuit if it so chooses.

This order disposes of Docket No. 836.

**IT IS SO ORDERED**.

Dated: September 14, 2017

_____
EDWARD M. CHEN
United States District Judge