UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'CONNOR, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No. 13-cv-03826-EMC

**ORDER DENYING PLAINTIFFS'
MOTION TO AMEND PAGA CLAIM
WITHOUT PREJUDICE**

Docket No. 253, 355, 865

Plaintiffs have sought to amend a claim under California's Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.*, into the case since March 2015; the Court has deferred resolution of the request on several occasions because, *inter alia*, an identical PAGA claim was pending in Los Angeles Superior Court in *Price v. Uber Technologies, Inc.*, Case No. BC554512 (Cal. Sup. Ct.). On January 18, 2018, the Superior Court in *Price* approved a settlement of a PAGA claim covering the period from July 8, 2013 to January 29, 2017, for "any individual who consented to a background check as part of the sign-up process to use Uber software application and/or used the Uber software application to generate leads in California" during that period. *See Price* Settlement Approval Order at 4. Upon the *Price* settlement, Plaintiffs renewed their request to amend a PAGA claim to be brought by Plaintiff Thomas Colopy covering only the post-*Price* period after January 29, 2017. *See* Docket Nos. 865, 870, 874. After careful consideration of the parties' arguments, the Court **DENIES** Plaintiffs' request for amendment at this time, without prejudice to Plaintiffs' ability to renew the request after the Ninth Circuit has resolved the appeal of this Court's prior orders concerning class certification and the enforceability of Uber's arbitration agreements.

As a preliminary matter, because the events supporting the PAGA claim arise after January

29, 2017, they arise after the filing of the original complaint and therefore an amendment would constitute a supplemental pleading under Rule 15. *See* Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *Blackwell v. Thai Speed, Inc.*, 2008 WL 782556, at *2 (N.D. Cal. Mar. 24, 2008) ("A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed." (citation omitted)). A trial court has "broad discretion in deciding whether to permit a supplemental pleading," and should focus on issues like "judicial efficiency," "prejudice to the defendant, laches, or futility." *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013).

Plaintiffs' argument for inserting a PAGA claim into the case is premised on the assumption that the Court would bifurcate trial such that the PAGA claim would be adjudicated in an expedited manner while the Ninth Circuit appeal is pending and before the certified Rule 23 claims. Alternatively, Plaintiffs argue that trial could proceed on Plaintiff Thomas Colopy's individual Labor Code Section 2802 claim and the predicate question of employee/independent contractor status, resolution of which would also determine whether Mr. Colopy is an "aggrieved employee" with standing to bring a PAGA claim.

The Court would not accept Plaintiffs' proposed trial plan if amendment were permitted. Though other courts have bifurcated trial of individual Labor Code claims in advance of a representative PAGA claim premised on the same Labor Code violation, no court appears to have followed that procedure in a case where, as here, a Rule 23 class on the same claim has been certified and is pending.[1] That adds a layer of procedural complexity to the present case that does not appear in others. It also introduces a number of potential complications to which Plaintiffs have offered no persuasive response. For example, the Seventh Amendment's reexamination

---

[1] *See, e.g.*, *Lawson v. GrubHub Holdings, Inc.*, Case No. 15-cv-05128-JSC (N.D. Cal. Jun. 15, 2017) (parties stipulated to bifurcation); *Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 6633396, at *4 (E.D. Cal. Nov. 21, 2014) (at defendant's request, requiring the plaintiff to litigate his individual Labor Code claims first, with the PAGA claim for later trial only if he prevailed); *Ybarra v. Apartment Inv. and Management Co.*, 2016 WL 1359893, at *3 (LA Sup. Ct.) (at defendant's request, bifurcating trial of individual Labor Code claims from litigation of PAGA representative claim).

clause may prohibit a judge from "divid[ing] issues between separate trials in such a way that the same issue is reexamined by different juries," *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) (citation omitted), a result which could obtain under Plaintiffs' proposed bifurcation.

Moreover, the one-way intervention rule prevents a Court from adjudicating a class claim on the merits before notice has been sent to the class. *See Schwarzchild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). Although it does not apply directly here because a class has already been certified and noticed, if the class definition is modified in a way that requires a new notice to be issued (either by the Ninth Circuit or at Plaintiffs' own request expanding the class), that could be problematic under the rule. Although a PAGA trial or resolution of Mr. Colopy's individual claim under Labor Code § 2802 would not technically constitute class adjudication, it would include factual and legal issues that are so "interwoven" with the Rule 23 class claim that serious questions would be raised. *Compare Arthur Young & Co. v. U.S. Dist. Ct.*, 549 F.2d 686, 694 (9th Cir. 1977) (approving trial phasing plan where issues reserved for subsequent trials were not "so 'interwoven' with the class issues that presentation of all the issues together at one hearing before one trier of fact is necessary to comport with the guarantees of the Seventh Amendment").

Finally, Plaintiffs' proposal raises significant case administration concerns. Putting aside whether adjudication of PAGA claims may generally take into account the question of manageability,[2] amending in a PAGA claim may complicate manageability and judicial efficiency of this case which includes a Rule 23 class action, factors relevant in considering a request to supplement pleadings under Rule 15. *See Yates*, 299 F.R.D. at 613. Multiple overlapping trials would likely be required.

For those reasons, amendment is unwarranted at this time, particularly because if it were

---

[2] Some courts have implied a manageability requirement for PAGA claims in light of their "representative" nature; yet the PAGA statute does not expressly contain such a requirement. The Ninth Circuit has repeatedly rejected the notion that Rule 23's requirements apply to PAGA claims. *See Baumann*, 747 F.3d at 1121-24; *see also Sakkab v. Luxottica Retail N Am., Inc.*, 803 F.3d 425, 437-40 (9th Cir. 2015) (rejecting argument that PAGA actions are as procedurally complex as class actions); *cf. Arias v. Sup. Ct.*, 46 Cal.4th 969, 985 (2009) (rejecting contention that PAGA claims must be brought as class actions). On the other hand, a number of courts have taken manageability into account in a manner similar to a Rule 23 analysis.

permitted, the PAGA claims would remain stayed with the rest of the case not only to avoid the problems identified above, but also because it is impossible to gauge the resulting impact of PAGA claims when the scope of the Rule 23 class action is not yet known.  There thus does not appear to be any compelling reason to permit amendment; there is no looming statute of limitations for the PAGA claim, for example.

Notably, Plaintiffs' counsel identified no reason why Mr. Colopy cannot pursue his PAGA claim in Superior Court where a PAGA case (albeit different in scope as currently framed) is pending.

For these reasons, Plaintiffs' motion is **DENIED** without prejudice.  The parties are advised that, in future filings, they shall make only sparing, efficient, and reasonable use of footnotes.

This order disposes of Docket Nos. 253, 355, and 865.


**IT IS SO ORDERED**.


Dated: March 7, 2018

_____
EDWARD M. CHEN
United States District Judge