Ashley Keller (*pro hac vice forthcoming*)
ack@kellerlenkner.com
Warren Postman (*pro hac vice forthcoming*)
wdp@kellerlenkner.com
Seth Meyer (*pro hac vice forthcoming*)
sam@kellerlenkner.com
Tom Kayes (*pro hac vice forthcoming*)
tk@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
Tel: (312) 741-5220

Michael A. Geibelson (SBN 179970)
mgeibelson@robinskaplan.com
Aaron M. Sheanin (SBN 214472)
asheanin@robinskaplan.com
Tai S. Milder (SBN 267070)
tmilder@robinskaplan.com
**ROBINS KAPLAN LLP**
2440 W. El Camino Real, Suite 100
Mountain View, California 94040
Tel: (650) 784-4040
Fax: (650) 784-4041

*Counsel for Plaintiff-Movant
Diva Limousine, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS O'CONNOR, *et al.*, | Case No. 3:13-cv-3826-EMC |
| *Plaintiff*, | Case No. 3:18-cv-05546-SK |
| v. | PLAINTIFF DIVA LIMOUSINE, LTD.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| UBER TECHNOLOGIES, INC., *et al.* | |
| *Defendants*. | Judge: Hon. Edward M. Chen<br>Location: Courtroom 5 |
| ***This Motion Relates to****:*<br>*Diva Limousine, Ltd. v. Uber Tech., Inc., et al.* Case No. 3:18-cv-05546-SK | |

## I. INTRODUCTION

Diva Limousine, Ltd., the Plaintiff in the matter of *Diva Limousine, Ltd v. Uber Technologies, Inc., et al.*, Case No. 3:18-cv-05546-SK (N.D. Cal.) ("*DLL*"), hereby moves this Court, pursuant to Civil Local Rules 3-12 and 7-11, to consider whether the *DLL* case should be related to *O'Connor, et al. v. Uber Technologies, Inc., et al.*, 3:13-cv-03826-EMC ("*O'Connor*"). The *DLL* action concerns substantially the same parties, transactions and events at issue in *O'Connor*. In both cases, the plaintiffs allege that the same party (Uber), has classified the same workers (Uber's drivers) in a manner that violates the same laws (various sections of the Labor Code). Overlapping transactions and events will be at issue, namely the rides provided by Uber drivers and the relationship between Uber and the drivers that provide the Uber transportation service under the Uber brand. Further, judicial economy and efficiency favors the Court finding that the cases are related; if not related, it is likely to result in duplication of efforts, increased burden on the courts, and expense for the parties.

## II. BACKGROUND

As this Court is aware, there are a number of pending cases that have already been related to *O'Connor*, including:

- *In Re Uber FCRA Litigation*, 3:14-cv-05200-EMC;
- *Gillette v. Uber Technologies, Inc.*, 3:14-cv-05241-EMC;
- *Ehret v. Uber Technologies, Inc.,* 3:14-cv-00113-EMC;
- *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, 3:15-00262-EMC;
- *Del Rio v. Uber Technologies, Inc.*, 3:15-cv-03667-EMC;
- *Fisher v. Uber Technologies, Inc.,* 3:15-cv-03774-EMC; and
- *Johnston v. Uber Technologies, Inc.,* 3:16-cv-03134-EMC.

While these related cases involve different plaintiffs and various causes of action, they have been designated as related because they involve common questions related to the relationship between Uber and Uber's drivers.

## III. DISCUSSION

The *DLL* and *O'Connor* actions fall squarely within the definition of "Related Cases" under the Civil Local Rules. Local Rule 3-12 provides that:

> "An action is related to another action when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Civil L.R. 3–12(a). Both parts (1) and (2) of the definition of a related case apply here.

First, the *DLL* and *O'Connor* actions clearly "concern substantially the same parties, property, transaction or event." Civil L.R. 3–12(a)(1). Uber Technologies, Inc. and its subsidiaries are defendants in both cases. In addition, the gravamen of the complaint in *DLL* is the same issue that was front and center in *O'Connor*: whether or not Uber drivers are being misclassified as independent contractors when they are in fact employees. The *DLL* litigation will likewise focus on the relationship between Uber drivers and Uber, which are the parties in *O'Connor* and form the basis of the transactions and events at issue in both cases. While the plaintiff in *DLL* is not the identical party to the plaintiffs in *O'Connor*, complete overlap of parties is not required, as this Court previously related class actions brought by consumers as well as drivers where the same unlawful conduct was at issue in both cases. *O'Connor,* ECF No. 73 (February 12, 2014 Related Case Order) (relating *Ehret v. Uber Technologies, Inc.,* 3:14-cv-00113-EMC, a consumer class action brought under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, for deceptive practices as to gratuities that overlapped with the drivers' claims in *O'Connor*).

Second, "burdensome duplication of labor and expense" will result if the matters proceed before different courts. Civil L.R. 3–12(a)(2). This Court has already undertaken a thorough analysis of the relationship between Uber and Uber drivers, including a factual examination of how Uber's business operates in California. The Court has already scrutinized, *inter alia*, how drivers are recruited, hired, trained, assigned rides, paid, and disciplined by Uber. The same software applications, driver handbooks, and marketing materials will be at issue in both case. A different court would not have the same familiarity with the predicate facts, meaning that the other court and

1 the parties would need to expend significant time and resources to duplicate the previous ~~prior~~

2 efforts of this Court.

## IV. CONCLUSION

The *DLL* litigation will necessarily involve consideration of the factual and legal underpinnings that have already been analyzed in *O'Connor*. Relating the two actions will promote efficient dispute resolution and judicial economy. The two cases are therefore related within the meaning of Local Rule 3-12 and should be related.

Dated: September 13, 2018

/s/*Michael A. Geibelson*
Michael A. Geibelson
Aaron M. Sheanin
Tai S. Milder
**ROBINS KAPLAN LLC**
2440 W. El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

**KELLER LENKNER LLC**
Ashley Keller*
Warren Postman*
Seth Meyer*
Tom Kayes*
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
Tel: 312.741.5220

*Counsel for Plaintiff-Movant Diva Limousine, Ltd., and the Proposed Classes*

**Application for Admission Pro Hac Vice forthcoming*