GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>            Defendant. | Case No. 13-cv-03826-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S OPPOSITION TO DIVA LIMOUSINE, LTD.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (DKT. 718)** |

## UBER'S OPPOSITION TO MOTION TO RELATE

### I. INTRODUCTION

On Monday, Diva Limousine, Ltd. ("Diva Limousine"), a provider of livery services, filed a new putative class action against Uber Technologies, Inc. ("Uber") and four of its subsidiaries, alleging violations of California's Unfair Competition Law ("UCL") and Unfair Practices Act ("UPA"). *See Diva Limousine, Ltd. v. Uber Techs, Inc.*, No. 18-cv-05546-SK (N.D. Cal.) ("*Diva Limousine*"); Dkt. 895-1 at ¶¶ 28, 136–149. Diva Limousine alleges that Uber's "below-cost," "anticompetitive," and "[p]redatory pricing strategies" have "allowed it to gain substantial market share," harming "providers of livery services," such as Diva Limousine, who allegedly "compete[]" against Uber for business. Dkt. 895-1 at ¶¶ 1, 7–9, 13–14, 86, 104. *Diva Limousine* is not a misclassification case. Nevertheless, on Thursday, Diva Limousine filed a motion to relate *Diva Limousine* to the above-captioned misclassification action, *O'Connor v. Uber Technologies, Inc.*, No. 13-cv-03826-EMC (N.D. Cal.) ("*O'Connor*"), despite the fact that *O'Connor* and *Diva Limousine* are factually, legally, and procedurally distinguishable in virtually every way. Dkt. 718. *O'Connor* and *Diva Limousine* involve different plaintiffs, different factual allegations, different claims and theories, different class definitions, and vastly different procedural postures—in fact, *O'Connor* has been pending for several years and is currently stayed pending appeal. *See* Dkt. 877, 893. Moreover, there is no reason to believe that relation would meaningfully avoid any undue burden or inconsistent legal opinions. In short, *Diva Limousine* is a perceived corporate competitor's "unfair competition" dispute with immaterial allegations of misclassification. It should not be allowed to tag along with *O'Connor* five years after *O'Connor* was filed. The Court should deny Diva Limousine's motion to relate.

### II. ANALYSIS

Under Civil Local Rule 3-12(a), the district court may relate cases to one another only if the party seeking relation demonstrates that: (1) "[t]he actions concern substantially the same parties, property, transaction or event; *and* (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a) (emphasis added); *see also Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at

*1 (N.D. Cal. July 9, 2010) (Ware, J.). Because Diva Limousine's motion to relate fails to satisfy either requirement, let alone both, this Court should deny relation.

### A. The Actions Do Not Concern Substantially The Same Parties, Property, Transaction Or Event

As an initial matter, this Court should deny Diva Limousine's motion to relate because the parties, factual predicates, and legal claims at issue in *Diva Limousine* differ substantially from those at issue in *O'Connor*. *See* L.R. 3-12(a).

First, *O'Connor* and *Diva Limousine* concern different plaintiffs purporting to represent different certified and proposed classes; indeed, a class in *O'Connor* has already been certified, and the putative class members in *Diva Limousine* could not be members of the *O'Connor* class. According to the *Diva Limousine* complaint, Diva Limousine "is a California corporation" that "provide[s] . . . livery services." Dkt. 895-1 at ¶¶ 8, 15. Unlike the *O'Connor* Plaintiffs, Diva Limousine does *not* allege that it ever partnered with Uber or used the Uber app to generate leads. Nor could it, because Diva Limousine contends that it is Uber's *competitor*, and that it "and a class of all providers of livery services that earn revenue from rides in California are . . . entitled to an injunction" based on Uber's alleged "anticompetitive" conduct. Dkt. 895-1 at ¶¶ 9, 14. Diva Limousine seeks to certify two classes: (1) a "UCL Class" encompassing "[a]ll persons (including natural persons and entities) who earned revenue through the provision of pre-arranged ground transportation services for non-shared rides in California from September 10, 2014 to the present"; and (2) a "UPA Class" encompassing "[a]ll persons (including natural persons and entities) who earned revenue from ground transportation services for non-shared rides in California from September 10, 2015 to the present." Dkt. 895-1 at ¶¶ 117, 121. In other words, Diva Limousine seeks to represent a class of alleged *competitors* of Uber "who earned revenue" related to "the provision of pre-arranged ground transportation" and allegedly have been harmed by Uber's success, and who *never used the Uber app*. *Id.* In *O'Connor*, by contrast, the certified class encompasses an entirely different group: certain "UberBlack, UberX, and UberSUV drivers who have driven for Uber in the state of California at any time since August 16, 2009." Dkt. 395 at 2. In fact, the *O'Connor* certified class excludes "drivers" who did not "sign[] up to drive directly with Uber or an Uber subsidiary under their individual name"—*i.e.*, drivers who signed up

1. through livery services, such as Diva Limousine. *Id.* Thus, Diva Limousine cannot allege that it is a member of the certified class in *O'Connor*, nor does it appear to have any stake at all in the *O'Connor* case. Additionally, *O'Connor* and *Diva Limousine* concern different class periods. *See In re UTStarcom Secs. Litig.*, 617 F. Supp. 2d 964, 978 (N.D. Cal. 2009) (Ware, J.) (relation is inappropriate when cases have "distinct . . . class periods"). The class period for the certified class in *O'Connor* ends in December 2015, which is just months after the start of the proposed "UPA Class" period in *Diva Limousine*. For these reasons alone, the Court should deny relation.

Second, *O'Connor* and *Diva Limousine* concern different substantive legal claims and factual predicates. The *O'Connor* Plaintiffs have asserted two claims under the California Labor Code, alleging that Uber failed to remit expense reimbursements and gratuities to which driver-partners claim they were entitled. Dkt. 199. Diva Limousine, by contrast, alleges that Uber violated the UCL and UPA by allegedly engaging in "[p]redatory pricing"—a claim that would entail entirely different factual discovery and proof than the claims asserted in *O'Connor*. Dkt. 895-1 at ¶ 86; *see Adobe Sys. Inc. v. A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (Armstrong, J.) (denying motion to relate cases that "generally involve[d] claims" regarding a particular issue but involved different facts and legal issues).

Third, the mere fact that Uber is named a defendant in both actions is insufficient to satisfy the first prong of Local Rule 3-12(a). On June 20, 2016, this Court denied an administrative motion to relate *O'Connor* with *Congdon v. Uber Techs., Inc.*, No. 16-cv-02499-MEJ (N.D. Cal.), a putative class action that shared virtually nothing in common with *O'Connor*, except for the fact that plaintiffs in both cases named Uber as a defendant. Dkt. 709 (denying motion to relate *O'Connor* and *Congdon*); *see also Nozolino v. Hartford Life & Accident Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (Tigar, J.) (denying motion to relate cases brought under the same statute against the same defendant, reasoning that such "ties [were] insufficient to find that the actions concern[ed] substantially the same parties, transaction, or event."). Not every lawsuit that mentions misclassification, regardless of the actual claims asserted, should be deemed related.

Finally, class counsel in *O'Connor* (Lichten & Liss-Riordan, P.C.) and putative class counsel in *Diva Limousine* (Keller Lenkner LLC and Robins Kaplan LLP) are different from one another. *See*

*Covarrubias v. Gower*, 2014 WL 2040020, at *3 (N.D. Cal. May 16, 2014) (Chen, J.) (denying motion to relate cases, in part, because petitioners "were represented by different attorneys").

For all of these reasons—different plaintiffs, class definitions and periods, and legal claims and factual predicates—this Court should deny Diva Limousine's motion to relate.

**B.    There Will Be No Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Cases Are Conducted Before Different Judges**

If the Court finds it necessary to evaluate the second prong of Civil Local Rule 3-12(a), it should deny relation because Diva Limousine has not demonstrated that there will be "an unduly burdensome duplication of labor and expense or conflicting results" without relation.  L.R. 3-12(a).

First, although Diva Limousine asserts that "'burdensome duplication of labor and expense' will result if the matters proceed before different courts," Dkt. 894 at 3, it makes no meaningful effort to explain how relation would possibly *avoid* any burden—rather than simply shifting that burden to this Court.  Indeed, this Court in *O'Connor* has not conducted any analysis of the UPA or allegations related to predatory pricing—the subject matter of *Diva Limousine*—or any analysis of the UCL except in the specific context of the *O'Connor* Plaintiffs' expense reimbursement and gratuities claims.  Nor have the parties conducted any discovery related to the issues presented by *Diva Limousine*.  *See Pac. Coast Fed'n of Fisherman's Ass'n v. Locke*, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (Breyer, J.) ("Because the claims in the two suits are of a different nature, different parts of the administrative record and amendments are relevant to each case.  Accordingly, there is unlikely to be unduly burdensome duplication of labor[.]"); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 2010 WL 4117477, at *8 (N.D. Cal. Oct. 19, 2010) (Koh, J.) (denying relation because plaintiffs' claims turned on different prospectus supplements); *Univ. of Cal. v. Eli Lilly & Co.*, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (Jensen, J.) (denying relation because cases "involve[d] two different patents and two different products").  Consequently, relation will not avoid any undue burden.

Second, relation will not avoid any "conflicting results" because the substantive legal decisions that this Court has rendered in *O'Connor* relate to the California Labor Code, not to the UPA and UCL in the context of alleged anticompetitive conduct.  In fact, there has been no definitive ruling regarding the proper classification of drivers one way or the other in *O'Connor*.  Moreover, the misclassification

allegations in *Diva Limousine* are a red herring—how a defendant "funds" alleged "predatory pricing" is irrelevant in a purported "unfair competition" case.  For all these reasons, there is no basis to believe that there will be "conflicting" results moving forward if *Diva Limousine* and *O'Connor* are not related, and Diva Limousine has not demonstrated otherwise.

In any event, relation cannot "meaningfully mitigate" the possibility of conflicting outcomes for purposes of Civil Local Rule 3-12 where the legal question at issue is being litigated in a variety of *other* cases that are not subject to the motion to relate.  *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (Whyte, J.) ("[R]elating the cases would not meaningfully mitigate [the] risk [of conflicting rulings] given the many jurisdictions in which *Rambus* cases are pending.").  Uber's classification of drivers as independent contractors is being actively litigated in numerous jurisdictions, both in California and throughout the United States.  *See, e.g.*, *Colopy v. Uber Techs., Inc.*, No. CGC-16-549696 (S.F. Super. Ct.); *Razak v. Uber Techs., Inc.*, No. 16-cv-00573-MMB (E.D. Pa.); *Haider v. Uber Techs., Inc.*, No. 16-cv-04098-AKH (S.D.N.Y.); *Singh v. Uber Techs.*, Inc., No. 17-1397 (3d Cir.).  Thus, relation here would not "meaningfully mitigate" any potential conflicts regarding the classification of drivers as independent contractors.  *Hynix Semiconductor*, 2008 WL 3916304, at *2.

Finally, *O'Connor* and *Diva Limousine* have vastly different procedural postures.  *O'Connor* was filed in 2013 and has been heavily litigated for years, both before this Court and the Ninth Circuit.  *Diva Limousine* was filed on Monday, and defendants have not even appeared in the case.  Relation here would serve only to disrupt the *O'Connor* matter.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny Diva Limousine's motion.

Dated: September 14, 2018                    GIBSON, DUNN & CRUTCHER LLP

                                             By:  ____/s/ Theane Evangelis____
                                                   Theane Evangelis

                                             Attorneys for Defendant UBER TECHNOLOGIES, INC.

**ECF ATTESTATION**

I, Peter C. Squeri, hereby attest that concurrence in the filing of this document has been obtained from Theane Evangelis.

By: <u>  /s/ Peter C. Squeri  </u>
Peter C. Squeri

**PROOF OF SERVICE**

I, Peter C. Squeri, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, San Francisco, CA 94105-0921, in said County and State. On September 14, 2018, I served the following document(s):

**DEFENDANT UBER TECHNOLOGIES, INC.'S OPPOSITION TO DIVA LIMOUSINE, LTD.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (DKT. 718)**

on counsel stated below, by the following means of service:

| | |
|---|---|
| Ashley Keller<br>ack@kellerlenkner.com<br>Warren Postman<br>wdp@kellerlenkner.com<br>Seth Meyer<br>sam@kellerlenkner.com<br>Tom Kayes<br>tk@kellerlenkner.com<br>KELLER LENKNER LLC<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, Illinois 60606 | Counsel for Plaintiff-Movant<br>Diva Limousine, Ltd. |
| Michael A. Geibelson<br>mgeibelson@robinskaplan.com<br>Aaron M. Sheanin<br>asheanin@robinskaplan.com<br>Tai S. Milder<br>tmilder@robinskaplan.com<br>ROBINS KAPLAN LLP<br>2440 W. El Camino Real, Suite 100<br>Mountain View, California 94040 | Counsel for Plaintiff-Movant<br>Diva Limousine, Ltd. |

☑ **BY MAIL:** On September 14, 2018, I placed a true and correct copy in sealed envelopes addressed as indicated above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **BY ELECTRONIC SERVICE**: On the above-mentioned date, before 5:00 p.m., I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑ I am employed by Gibson, Dunn & Crutcher LLP, a member of the bar of this court, and that the foregoing documents were printed on recycled paper.

Gibson, Dunn & Crutcher LLP

1

UBER'S OPPOSITION TO MOTION TO RELATE – CASE NO. 13-cv-03826-EMC

1 ☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on September 14, 2018.

              /s/ *Peter C. Squeri*
                 Peter C. Squeri

Gibson, Dunn & Crutcher LLP