**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS O'CONNOR; THOMAS COLOPY; DAVID KHAN; MATTHEW MANAHAN; WILSON ROLLE, JR.; WILLIAM ANDERSON, individually and on behalf of all others similarly situated,<br>      *Plaintiffs-Appellees*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>      *Defendant-Appellant.* | No. 14-16078<br><br>D.C. No.<br>3:13-cv-03826-EMC |
| DOUGLAS O'CONNOR; THOMAS COLOPY; MATTHEW MANAHAN; ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br>      *Plaintiffs-Appellees*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>      *Defendant-Appellant.* | Nos. 15-17420<br>15-17532<br><br>D.C. No.<br>3:13-cv-03826-EMC |

| | |
|---|---|
| HAKAN YUCESOY, on behalf of himself and all others similarly situated,<br>　　　*Plaintiff-Appellee*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>　　　*Defendant-Appellant*. | Nos. 15-17422<br>　　　15-17534<br><br>D.C. No.<br>3:15-cv-00262-EMC |
| RICARDO DEL RIO; TONY MEHRDAD SAGHEBIAN, individually and on behalf of all others similarly situated,<br>　　　*Plaintiffs-Appellees*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER-CA, LLC, a Delaware Limited Liability Company,<br>　　　*Defendants-Appellants*. | No. 15-17475<br><br>D.C. No.<br>3:15-cv-03667-EMC |

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually and on behalf of all others similarly situated,<br>   *Plaintiff-Appellee*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>   *Defendant-Appellant*,<br><br>and<br><br>RASIER, LLC; HIREASE, LLC,<br>   *Defendants*. | No. 15-17533<br><br>D.C. Nos.<br>3:14-cv-05200-EMC<br>3:14-cv-05241-EMC<br>3:15-cv-03009-EMC |
| DOUGLAS O'CONNOR; THOMAS COLOPY; MATTHEW MANAHAN; ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br>   *Plaintiffs-Appellants*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>   *Defendant-Appellee*. | No. 16-15000<br><br>D.C. No.<br>3:13-cv-03826-EMC |

| | |
|---|---|
| HAKAN YUCESOY, on behalf of himself and others similarly situated,<br>   *Plaintiff-Appellant*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>   *Defendant-Appellee.* | No. 16-15001<br><br>D.C. No.<br>3:15-cv-00262-EMC |
| ABDUL KADIR MOHAMED, individually and on behalf of all others similarly situated; RONALD GILLETTE; SHANNON WISE; BRANDON FARMER; MEGHAN CHRISTENSON,<br>   *Plaintiffs-Appellants*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>   *Defendant-Appellee.* | No. 16-15035<br><br>D.C. No.<br>3:14-cv-05200-EMC |

| | |
|---|---|
| DOUGLAS O'CONNOR; THOMAS COLOPY; MATTHEW MANAHAN; ELIE GURFINKEL, individually and on behalf of all others similarly situated, *Plaintiffs-Appellees*, v. UBER TECHNOLOGIES, INC., *Defendant-Appellant*. | No. 16-15595 D.C. No. 3:13-cv-03826-EMC OPINION |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted September 20, 2017
Submission Withdrawn September 22, 2017
Re-Submitted September 25, 2018
San Francisco, California

Filed September 25, 2018

Before: Richard C. Tallman, Richard R. Clifton,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[*]

### Class Action / Arbitration

The panel reversed the district court's denial of Uber Technologies, Inc.'s motions to compel arbitration, reversed the district court's class certification orders, and reversed as moot and without foundation the district court's Fed. R. Civ. P. 23(d) orders in several putative class actions brought by current and former Uber drivers alleging violations of various federal and state statutes arising from Uber's classification of drivers as independent contractors rather than employees.

In *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1206 (9th Cir. 2016), the panel previously considered and reversed the district court's orders denying Uber's motion to compel arbitration.

The panel rejected plaintiffs' additional arguments in this current appeal alleging that the arbitration agreements were unenforceable. First, the plaintiffs argued that the lead plaintiffs in the *O'Connor* case constructively opted out of arbitration on behalf of the entire class. The panel held this was unpersuasive because nothing gave the *O'Connor* lead plaintiffs the authority to take that action on behalf of and binding other drivers, and the decision in *Bickerstaff v. Suntrust Bank*, 788 S.E.2d 787 (Ga. 2016), was not instructive where it relied exclusively on state law grounds and did not discuss the Federal Arbitration Act. Second, the plaintiffs argued that the arbitration agreements were

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

O'CONNOR V. UBER 7

unenforceable because they contained class action waivers that violated the National Labor Relations Act of 1935. The panel held that this argument was rejected by the Supreme Court in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

The panel held that it had jurisdiction to review both the original class certification order and the December 9, 2015 certification order. The panel held that in the wake of the decision in *Mohamed*, the class certification orders must be reversed because they were premised upon the district court's conclusion that the arbitration agreements were not enforceable. The question whether those agreements were enforceable was not properly for the district court to answer because the question of arbitrability was designated to the arbitrator. The panel held that remand for further proceedings was appropriate, and leaving the existing class certification orders in place in the meantime was not appropriate.

The panel held that the district court's Fed. R. Civ. P. 23(d) orders must be reversed as moot and without foundation in light of the panel's reversal of the district court's orders denying the motions to compel arbitration and certifying the class.

# COUNSEL

Theodore J. Boutrous Jr. (argued), Theane D. Evangelis, and Kevin J. Ring-Dowell, Gibson Dunn & Crutcher LLP, Los Angeles, California; Joshua S. Lipshutz, Gibson Dunn & Crutcher LLP, San Francisco, California; for Defendants-Appellants.

Shannon Liss-Riordan (argued) and Adelaide H. Pagano, Lichten & Liss-Riordan P.C., Boston, Massachusetts, for Plaintiffs-Appellees.

Jeffery Burritt (argued), Attorney; Kira Dellinger Vol, Supervisory Attorney; Linda Dreeben, Deputy Associate General Counsel; John H. Ferguson, Associate General Counsel; Jennifer Abruzzo, Deputy General Counsel; Richard F. Griffin Jr., General Counsel; National Labor Relations Board, Washington, D.C.; for Amicus Curiae National Labor Relations Board.

Andrew J. Pincus, Evan M. Tager, and Archis A. Parasharami, Mayer Brown LLP, Washington, D.C.; Jed Glickstein, Mayer Brown LLP, Chicago, Illinois; Kate Comerford Todd and Warren Postman, U.S. Chamber Litigation Center Inc., Washington, D.C.; for Amicus Curiae Chamber of Commerce of the United States of America.

**OPINION**

CLIFTON, Circuit Judge:

Current and former Uber drivers filed several putative class actions alleging on behalf of themselves and other drivers that Uber Technologies, Inc. and related defendants (collectively referred to as "Uber"), violated various federal and state statutes by, among other things, misclassifying drivers as independent contractors rather than employees. Multiple cases were consolidated for appeal to this court.[1] Uber appeals the district court's orders denying Uber's motions to compel arbitration, orders granting class certification in *O'Connor*, and orders controlling class communications pursuant to Federal Rule of Civil Procedure 23(d).

We previously considered and reversed the district court's orders denying Uber's motions to compel arbitration in *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1206 (9th Cir. 2016). Plaintiffs offer additional arguments in the current appeal why the arbitration agreements are unenforceable, but those arguments are unpersuasive. As the class certification by the district court was premised on the district court's determination that the arbitration agreements were unenforceable, the class certification must also be reversed. The Rule 23(d) orders were based on the district court's denial of the motions to compel arbitration and its

---

[1] The appeals were from four related actions pending before the same district court: (1) *O'Connor v. Uber Technologies, Inc.*, 3:13-cv-03826-EMC; (2) *Yucesoy v. Uber Technologies, Inc.*, 3:15-cv-00262-EMC; (3) *Mohamed v. Uber Technologies, Inc.*, 3:14-cv-05200-EMC; and (4) *Del Rio v. Uber Technologies, Inc.*, 3:15-cv-03667-EMC.

granting of class certification. As both of those decisions must be reversed, there is no longer a basis for the district court's restrictions on Uber's communication with class and putative class members, so these orders are moot and must be reversed as well.

**I. Background**

Two Uber drivers filed a putative class action complaint against Uber on August 16, 2013, initiating the *O'Connor* action. It alleged claims for failure to remit the entire gratuity paid by customers to drivers in violation of California Labor Code § 351 ("Tips Claim"), and for misclassifying the drivers as independent contractors and failing to pay their business expenses (including vehicles, gas, and maintenance) in violation of California Labor Code § 2802 ("Expense Reimbursement Claim").

Within a week of filing suit, the *O'Connor* Plaintiffs filed a motion under Rule 23(d) requesting that the district court declare the 2013 arbitration agreement unconscionable, or, in the alternative, requiring Uber to provide enhanced notice and opportunities for the drivers to opt out of arbitration. On December 6, 2013, the district court granted the *O'Connor* Plaintiffs' alternative request, enjoined Uber from enforcing its arbitration agreement against those drivers who entered into the agreement but did not opt out, required Uber to revise the agreement to include enhanced notice provisions, and directed Uber to extend the opt out period for an additional thirty days once the revised agreements were distributed. Uber's updated licensing agreement was issued on June 21, 2014. Uber also sent licensing agreements in November 2014 and April 2015 that were materially identical to the June 2014 agreement (collectively "2014 arbitration agreement").

Plaintiff Mohamed filed a putative class action complaint against Uber and Hirease, LLC, an independent company that conducts background checks, on November 24, 2014, asserting various federal and California state law claims. We have already provided background on that case in our decision in *Mohamed*, 848 F.3d at 1206–07. Here it is sufficient to note that the district court denied Uber's motion to compel arbitration pursuant to its 2013 and 2014 arbitration agreements, holding, among other things, that the arbitration provisions were unenforceable because they were unconscionable. Based on the same reasoning, the district court also denied Uber's motions to compel arbitration in *Yucesoy*, *Del Rio*, and *O'Connor*.

In April 2015, the *O'Connor* Plaintiffs moved for certification of a class of approximately 160,000 individuals who had driven for Uber in the state of California at any time since August 16, 2009. The district court granted class certification in part in an order filed on September 1, 2015, certifying the following class for the Plaintiffs' Tips Claim:

> All UberBlack, UberX, and UberSUV drivers who have driven for Uber in the state of California at any time since August 16, 2009, and who (1) signed up to drive directly with Uber or an Uber subsidiary under their individual name, and (2) are/were paid by Uber or an Uber subsidiary directly and in their individual name, and (3) did not electronically accept any contract with Uber or one of Uber's subsidiaries which contain the notice and opt-out provisions previously ordered by this Court (including those contracts listed in the Appendix to this Order),

>    *unless* the driver timely opted-out of that contract's arbitration agreement.

The district court excluded drivers who worked for a distinct third-party transportation company, or who contracted or were paid under corporate or fictitious names, out of concern that individualized issues would predominate if they were included. The district court, in addition, excluded any drivers who signed the Uber contracts that included enhanced notice and opt-out provisions previously ordered by the district court, unless the driver timely opted-out of the arbitration agreement. The district court declined to certify the *O'Connor* Plaintiffs' Expense Reimbursement Claim at that time because it was uncertain whether the *O'Connor* Plaintiffs could determine whether a particular expense was "necessary" on a classwide basis.

   In response to a supplemental motion for class certification by the *O'Connor* Plaintiffs, the district court, on December 9, 2015, certified an additional subclass of Uber drivers including those who accepted arbitration agreements in 2014 and 2015:

>    All UberBlack, UberX, and UberSUV drivers who have driven for Uber in the state of California at any time since August 16, 2009, and meet all the following requirements: (1) who signed up to drive directly with Uber or an Uber subsidiary under their individual name, and (2) are/were paid by Uber or an Uber subsidiary directly and in their individual name, and (3) electronically accepted any contract with Uber or one of Uber's subsidiaries which contain the notice

and opt-out provisions previously ordered by this Court, and did not timely opt out of that contract's arbitration agreement.

In the same order the district court also certified the original class and subclass to pursue the Expense Reimbursement Claim based on the *O'Connor* Plaintiffs' proposal to rely on the Internal Revenue Service's mileage reimbursement rate, which approximates a driver's necessary business expenses.

Uber issued a new arbitration agreement to all of its drivers on December 11, 2015. Plaintiffs in *O'Connor*, *Mohamed*, and *Yucesoy* filed separate motions to enjoin Uber from distributing and enforcing this new agreement and to enjoin any further communications by Uber to class and putative class members. The district court granted the motion in part on December 23, 2015, citing its authority under Federal Rule of Civil Procedure 23(d) to control communications by Uber to the class members and putative class members. Although the district court did not prohibit Uber from sending out arbitration agreements in the future (except to members of the *O'Connor* certified class), it ruled that: (1) the December 11, 2015 agreement shall have no effect on the rights of certified class members to pursue the claims certified in *O'Connor*; (2) its arbitration provision was not enforceable against non-class member drivers who had already agreed to it; (3) Uber had to issue a new version of the agreement with enhanced notice and opt out provisions and provide drivers with 30-days to decide to opt out or not; and (4) during the pendency of the Uber cases, all cover letters, notices and arbitration provisions given to new or prospective drivers had to be approved by the district court.

14 O'CONNOR V. UBER

In *Mohamed*, 848 F.3d at 1210–12, we reversed the district court's denial of Uber's motion to compel arbitration.[2] We held that the relevant provisions in the respective agreements delegated the threshold question of arbitrability to the arbitrator, that the delegation provisions were not adhesive pursuant to California law and were therefore not procedurally unconscionable, and that the provisions permitting drivers to opt-out of arbitration were not illusory but provided the drivers with a meaningful opportunity to opt out. *Id.* at 1207–12.

In response to *Mohamed*, the district court terminated its December 23, 2015 Rule 23(d) order, and stated that "Uber is permitted to issue the December 2015 Agreement to new drivers without satisfying the enhanced notice provisions required by the Court" and current drivers as well. The district court refused to vacate the order retroactively, however, explaining that "it will not deem the December 2015 Agreement effective as to drivers who did not timely opt out of the arbitration agreement during the pendency of the Rule 23(d) orders," from December 10, 2015 to August 18, 2016.

Approximately a dozen appeals arising from these cases were filed with this court. They were consolidated for appeal, and supplemental consolidated briefing was ordered and received.

---

[2] In addition, we affirmed the district court's order as to the 2013 agreement's delegation of California's Private Attorneys General Act ("PAGA") claims to the arbitrator but noted that it was severable from the rest of the agreement and did not invalidate the rest of the arbitration provision. *Mohamed*, 848 F.3d at 1212–14.

**II. Motions to Compel Arbitration**

An order denying a motion to compel arbitration is reviewed de novo. *See Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc). Underlying factual findings are reviewed for clear error. *See Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 917 (9th Cir. 2011). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Based on our decision in *Mohamed*, the district court's orders denying Uber's motions to compel arbitration must be reversed. Plaintiffs do not dispute the application of *Mohamed* regarding the issues our previous decision discussed to the other cases consolidated in the current appeal, but they argue that the arbitration agreements are unenforceable for two other reasons.

The first reason is that even if the arbitration agreements would otherwise be enforceable, Plaintiffs argue they are irrelevant here because the lead plaintiffs in *O'Connor* constructively opted out of arbitration on behalf of the entire class. The sole authority offered by Plaintiffs for this proposition is a Georgia Supreme Court decision, *Bickerstaff v. Suntrust Bank*, 788 S.E.2d 787 (Ga. 2016). The argument is unpersuasive for multiple reasons. Nothing gave the *O'Connor* lead plaintiffs the authority to take that action on behalf of and binding other drivers. Nor did *Bickerstaff* hold that individuals in the lead plaintiffs' position had the authority to make such an election for others. Perhaps more importantly, Plaintiffs provide no federal case law that has relied on *Bickerstaff*, nor could they. That decision rested

exclusively on state law grounds and did not discuss the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2.

Section 2 of the FAA "requires courts to enforce agreements to arbitrate according to their terms," *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012), in order "to place an arbitration agreement upon the same footing as other contracts . . . and to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate," *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219–20 (1985) (internal quotation marks and citation omitted). To that end, section 2 declares that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. An arbitration-specific rule, such as the one set forth in *Bickerstaff*, would be preempted by the FAA. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341–43 (2011). Plaintiffs' new argument provides no support for the district court's orders denying the motions to compel arbitration.

The second alternative argument offered by Plaintiffs is that the arbitration agreements are unenforceable because they contain class action waivers that violate the National Labor Relations Act of 1935 ("NLRA"), 29 U.S.C. §§ 151–169. After oral argument, we withdrew submission of this consolidated appeal pending resolution by the Supreme Court of another case that posed a similar question. The Court answered that question and rejected Plaintiffs'

O'CONNOR V. UBER 17

argument in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).**³**

In sum, the district court's orders denying Uber's motions to compel arbitration in *O'Connor*, *Yucesoy*, and *Del Rio* must be reversed.

### III. Class Certification

We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f) to review the district court's class certification orders in *O'Connor*. Uber timely petitioned for and received permission to appeal both orders.

As a preliminary matter, Plaintiffs contend that our review should be limited to the December 9, 2015 certification order, arguing that the motions panel which granted permission to appeal in Appeal No. 15-80220 did not grant review of the original class certification order. We can and will review both certification orders. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (the "court may address any issue fairly included within" an interlocutory order). The December 9, 2015 order incorporated the Rule 23 analysis that the district court previously conducted in its September 1, 2015 order and expanded the class as a result of supplemental briefing related to issues raised in the earlier certification order.

---

**³** Following the Supreme Court's decision in *Epic Systems*, we obtained supplemental briefing from the parties. Plaintiffs acknowledged that the Court's decision extinguished their argument that the arbitration agreements were not enforceable under the NLRA.


| | |
|---|---|
| 18 | O'CONNOR V. UBER |

"[W]e first review a class certification determination for legal error under a de novo standard, and if no legal error occurred, we will proceed to review the decision for abuse of discretion." *Sali v. Corona Reg'l Med. Ctr.*, 889 F.3d 623, 629 (9th Cir. 2018) (alteration incorporated and internal quotation marks omitted). A district court that applies "the correct legal standard abuses its discretion only if it (1) relies on an improper factor, (2) omits a substantial factor, or (3) commits a clear error of judgment in weighing the correct mix of factors." *Id.* (internal quotation marks omitted). The district court's findings of fact are reviewed for clear error, and will be reversed "only if they are (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record." *Id.* (internal quotation marks omitted).

In the wake of our decision in *Mohamed*, the class certification orders must be reversed. Certification of the class by the district court, notably the court's determinations that the requirements of Rule 23 were satisfied, was premised upon the district court's conclusion that the arbitration agreements were not enforceable. The class as certified includes drivers who entered into agreements to arbitrate their claims and to waive their right to participate in a class action with regard to those claims. As we held in *Mohamed*, the question whether those agreements were enforceable was not properly for the district court to answer. The question of arbitrability was designated to the arbitrator. *Mohamed*, 848 F.3d at 1208–12.

In their most recent supplemental brief, Plaintiffs do not dispute that the basis for the class certification orders previously entered by the district court has been undermined by *Mohamed* and *Epic Systems*, among other decisions.

O'CONNOR V. UBER 19

Plaintiffs argue that we should not disturb the existing class certification orders and should instead simply remand these cases to the district court for further consideration, so that it could consider certification of a class that might be defined differently based on some new analysis. Remand for further proceedings is appropriate, but leaving the existing class certification orders in place in the meantime is not. Those orders are reversed.

**IV.     Rule 23(d) Orders**

Reversing the class certification orders also leads us to set aside the Rule 23(d) orders. They were based on the district court's conclusion that a class could be certified and its desire to limit the effect of any new arbitration agreement on class or putative class members. As we have concluded that the district court's orders denying the motions to compel arbitration and certifying the class must both be reversed, the Rule 23(d) orders are moot and without foundation. They must be reversed as well.

**V. Conclusion**

The district court's denial of Uber's motions to compel arbitration in *O'Connor*, *Yucesoy*, and *Del Rio* must be reversed, based on *Mohamed*. Because the arbitration agreements are enforceable, the district court's class certification orders in *O'Connor* must also be reversed. The orders entered by the district court under Rule 23(d) orders are moot and are thus reversed as well.

**REVERSED AND REMANDED.**