THEODORE J. BOUTROUS, JR., Bar No. 132099
tboutrous@gibsondunn.com
THEANE D. EVANGELIS, Bar No. 243570
tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, Bar No. 254433
dmanthripragada@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:   213.229.7000
Facsimile:   213.229.7520

ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York  10022
Telephone:   212.583.9600
Facsimile:   212.832.2719

SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 13-cv-03826 EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S OPPOSITION TO MARCIANO ABADILLA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (DKT. 906)** |

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
415.433.1940

OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Case No. 13-cv-03826 EMC

## I. INTRODUCTION

On December 5, 2018, Petitioners Marciano Abadilla, et al. ("Petitioners") commenced an action in the above-captioned court by filing a Petition to Compel Arbitration against Uber Technologies, Inc. ("Uber"). *See Marciano Abadilla et al. v. Uber Technologies, Inc.*, Case No. 4:18-cv-07343-RS ("*Abadilla*") (Dkt. 1). The *Abadilla* action relates **solely** to the payment of arbitration fees. It is not a misclassification case. Nevertheless, on December 6, 2018, Petitioners filed a motion to relate *Abadilla* to the above-captioned misclassification action, *O'Connor v. Uber Technologies, Inc.*, Case No. 13-cv-03826-EMC ("*O'Connor*"), despite the fact that *O'Connor* and *Abadilla* are factually, legally, and procedurally distinguishable in virtually every way. *O'Connor* and *Abadilla* involve different plaintiffs, different factual allegations, different claims, and vastly different procedural postures—in fact, *O'Connor* has been pending for several years and is currently stayed until the parties' status conference on February 7, 2019. Dkt. 905. Moreover, there is no reason to believe that relation would meaningfully avoid any undue burden or inconsistent legal opinions. The *Abadilla* action is narrowly and singularly focused on a purported fee dispute in arbitration that is wholly unrelated to the claims and factual allegations at issue in *O'Connor*. More specifically, according to the *Abadilla* Petition to Compel, Petitioners are 12,501 transportation providers who use Uber's smartphone application for lead generation services and who have served individual arbitration demands seeking to arbitrate various wage and hour claims against Uber. *Abadilla*, Dkt. 1 at ¶¶ 1-2, 8. Petitioners allege that Uber, by failing to pay filing fees necessary to commence arbitration in a majority of Petitioners' cases, has not adhered to its obligation to arbitrate. *Id.*, Dkt. 1 at ¶¶ 17, 23-24. Accordingly, Petitioners in *Abadilla* seek an order compelling Uber to "arbitrate Petitioners' demand for arbitration, including engaging in arbitration proceedings by paying the filing fees, participating in the selection of the arbitrator, and paying the requisite retainer for the selected arbitrator." *Id.*, Dkt. 1 at p. 8. Because *Abadilla* fails entirely to meet the test for relating cases, it should not be allowed to tag along with the unrelated *O'Connor* action five years after *O'Connor* was filed. Petitioners' motion to relate should be denied.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
415.433.1940

OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1.

Case No. 13-cv-03826 EMC

## II. ANALYSIS

Under Civil Local Rule 3-12(a), the district court may relate cases to one another only if the party seeking relation demonstrates that: (1) "[t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a) (emphasis added); *see also Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (Ware, J.). Because Petitioners motion to relate fails to satisfy either requirement—let alone both—this Court should deny relation.

### A. The Actions Do Not Concern Substantially The Same Parties, Property, Transaction Or Event

This Court should deny Petitioners' motion to relate because the parties, the factual predicates, and the legal claims at issue in *Abadilla* are **entirely** different from those at issue in *O'Connor*. The only similarity is a common defendant—Uber—and that is a legally insufficient basis for relating cases.

First, *O'Connor* and *Abadilla* concern completely different plaintiffs. In December 2015, the certified class in *O'Connor* encompassed the following group: "UberBlack, UberX, and UberSUV drivers who have driven for Uber in the state of California at any time since August 16, 2009." Dkt. 395 at 2. In light of the Ninth Circuit's September 25, 2018 ruling enforcing Uber's arbitration agreement and reversing the class certification orders, the *O'Connor* case now involves just four individuals who are not bound by arbitration agreements and who are not plaintiffs in *Abadilla*: Douglas O'Connor, Matthew Manahan, Thomas Colopy, and Elie Gurfinkel. *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087 (9th Cir. 2018). In contrast, the Petitioners in *Abadilla* bring their action pursuant to the Federal Arbitration Act (FAA) and admit that they are bound by arbitration agreements requiring them to arbitrate their disputes with Uber. *Abadilla*, Dkt. 1 at ¶¶ 9, 24. Moreover, the *Abadilla* Petitioners include non-California drivers—*i.e.* individuals from Illinois, Massachusetts, New Jersey, and New York. *Id.*, Dkt. 1 at ¶¶ 8-9. In short, *O'Connor* is a now-decertified class action case involving four individual California drivers not bound by arbitration whereas *Abadilla* is a narrow action arising under the FAA involving both California and non-

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
415.433.1940

OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

2.

Case No. 13-cv-03826 EMC

California drivers who are bound by arbitration. With respect to the drivers at issue in *O'Connor* and *Abadilla*, there is no overlap whatsoever and the Court should deny relation.

Second, further evidence that these matters are not related is the change in counsel representing the Petitioners. In the underlying arbitration proceedings, the Keller Lenkner, LLC[1] firm purports to represent Petitioners. Keller Lenkner, however, is not counsel of record in the *Abadilla* case; a new firm has been retained for this purpose. This highlights that the *Abadilla* case is narrow and unrelated to the merits of the allegations in arbitration.

Third, *O'Connor* and *Abadilla* concern vastly different substantive legal claims and factual predicates. The *O'Connor* Plaintiffs allege that Uber misclassified them as independent contractors and as a result, violated the California Labor Code by failing to remit expense reimbursements and gratuities. Dkt. 199. The Petitioners in *Abadilla*, by contrast, allege that Uber has not adhered to its obligation to arbitrate by failing to pay arbitration filing fees. *Abadilla*, Dkt. 1 at ¶¶ 5, 17, 23-24. Petitioners seek an order compelling the payment of arbitration fees pursuant to 9 U.S.C. § 4. *Id.* Petitioners do not seek any other order from the *Abadilla* court. The *O'Connor* Plaintiffs claim non-payment of expenses and gratuities based on their alleged misclassification as independent contractors – *i.e.*, claims that are not alleged in *Abadilla*. Because there is no question that the facts at issue in *O'Connor* and *Abadilla* are entirely distinct, the Petitioners instead point to the claims at issue in the individual arbitration actions to support their contention that the relationship between Uber and its drivers will be the "focus" of both *O'Connor* and *Abadilla*. Dkt. 906 at 2. Contrary to Petitioners' misleading assertions, the misclassification question is **not** before the Court in *Abadilla* and Petitioners cannot satisfy the requirements of Civil Local Rule 3-12(a) by conflating their individual wage and hour arbitration claims with the narrow fee dispute at issue in *Abadilla*.[2]

---

[1] While the Keller Lenkner, LLC firm purports to represent the same group of individuals in connection with their arbitration demands against Uber, on November 20, 2018 a class action lawsuit alleging that Keller Lenkner has an "irreconcilable conflict of interest" and cannot represent such individuals was filed in the United States District Court, District of Massachusetts (Request for Judicial Notice, Ex. A [*Derrick Brown v. Keller Lenkner, LLC* Complaint].) The putative class in *Brown*—individuals who used the Uber app for lead generation services—allege false advertising and violations of the Massachusetts Consumer Protection Law in connection with Keller Lenkner's efforts to engage them as clients.

[2] Even if the Court were inclined to look beyond the narrow arbitration fee dispute at issue in *Abadilla* to the legal claims purportedly at issue in Petitioners' individual arbitration actions, those

Fourth, the mere fact that Uber is named a defendant in both actions is insufficient to satisfy the first prong of Local Rule 3-12(a).  On June 20, 2016, this Court denied an administrative motion to relate *O'Connor* with *Congdon v. Uber Techs., Inc.*, Case No. 16-cv-02499-MEJ (N.D. Cal.), a putative class action that shared virtually nothing in common with *O'Connor*, except for the fact that plaintiffs in both cases named Uber as a defendant.  Dkt. 709 (denying motion to relate *O'Connor* and *Congdon*); *see also Nozolino v. Hartford Life & Accident Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (Tigar, J.) (denying motion to relate cases brought under the same statute against the same defendant, reasoning that such "ties [were] insufficient to find that the actions concern[ed] substantially the same parties, transaction, or event.").  Not every lawsuit that mentions misclassification, regardless of the actual claims asserted, should be deemed related.

Finally, counsel in *O'Connor* (Lichten & Liss-Riordan, P.C.) and counsel in *Abadilla* (Larson O'Brien LLP) are different from one another.  *See Covarrubias v. Gower*, 2014 WL 2040020, at *3 (N.D. Cal. May 16, 2014 (Chen, J.) (denying motion to relate cases, in part, because petitioners "were represented by different attorneys.")

For all these reasons—different plaintiffs, legal claims, factual predicates, and attorneys—this Court should deny Petitioners' motion to relate.

### B.   There Will Be No Unduly Burdensome Duplication Of Labor And Expense or Conflicting Results If The Cases Are Conducted Before Different Judges

The Court should also deny relation because Petitioners have not demonstrated that there will be "an unduly burdensome duplication of labor and expense or conflicting results" without relation. L.R. 3-12(a).

First, Petitioners erroneously assert that there will be "burdensome duplication of labor and expense" if the *O'Connor* and *Abadilla* actions proceed before different courts because this Court has already conducted "deep factual analysis of Uber's relationship with its drivers" and a different court would lack familiarity with the "common facts."  Dkt. 906 at 3.  Again, Petitioners

---

claims are substantially different than those in *O'Connor*. *See Abadilla*, Dkt. 1 at ¶ 8 (describing FLSA claims as well as California, Illinois, Massachusetts, New Jersey and New York state law wage and hour causes of action entirely distinct from the California Labor Code expense reimbursement and gratuity claims at issue in *O'Connor*).

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
415.433.1940

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE
RELATED

4.

Case No. 13-cv-03826 EMC

purposefully misidentify the subject matter of *Abadilla* in an attempt to manufacture commonality with *O'Connor*. *Abadilla* relates solely to the alleged non-payment of arbitration fees and, as such, any prior factual analysis regarding Uber's relationship with its drivers will be ***irrelevant***. For Petitioners, the question of their status is before the arbitrators who have been or will be assigned to their individual arbitration cases, not before the court in *Abadilla*. Moreover, no court—this Court included—has conducted ***any*** analysis related to the recent fee dispute described in *Abadilla*. See *Abadilla*, Dkt. 1 at ¶¶ 15-23. Accordingly, relation necessarily will not avoid any duplication of labor and Petitioners' motion should be denied.[3] *See Pac. Coast Fed'n of Fisherman's Ass'n v. Locke*, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (Breyer, J.) ("Because the claims in the two suits are of a different nature, different parts of the administrative record and amendments are relevant to each case. Accordingly, there is unlikely to be unduly burdensome duplication of labor[.]"); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 2010 WL 4117477, at *8 (N.D. Cal. Oct. 19, 2010) (Koh, J.) (denying relation because plaintiffs' claims turned on different prospectus supplements); *Univ. of Cal. v. Eli Lilly & Co.*, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (Jensen, J.) (denying relation because cases "involve[d] two different patents and two different products").

Second, *O'Connor* and *Abadilla* have vastly different procedural postures. *O'Connor* was filed in 2013 and has been heavily litigated for years, both before this Court and the Ninth Circuit. *Abadilla* is a narrow action arising under the FAA filed just five days ago. Uber has not yet appeared in *Abadilla*. Relation here would serve only to disrupt the *O'Connor* matter.

### III. CONCLUSION

For the foregoing reasons, this Court should deny the *Abadilla* Petitioners' motion to relate.

---

[3] Uber notes that Petitioners do not even attempt to argue that relation would help avoid "conflicting results." L.R. 3-12(a). Indeed, there is no danger of conflicting results. While prior decisions in *O'Connor* addressed the enforceability of Uber's arbitration agreements, any such disputes have long since been resolved and Petitioners in *Abadilla* admit that they entered into arbitration agreements requiring them to arbitrate. *Abadilla*, Dkt. 1 at ¶ 24. The legal decisions rendered in *O'Connor* have no bearing on the purported fee dispute described in *Abadilla*.

1
2  Dated: December 10, 2018
3
4                                        /s/ Sophia Behnia
                                         SOPHIA BEHNIA
                                         LITTLER MENDELSON, P.C.
5                                        Attorneys for Defendant
                                         UBER TECHNOLOGIES, INC.