Robert D. Belshaw
3614 9th Ave.
Los Angeles, Ca 90018

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, Ca., 94102
Attn: Hon. Edward M. Chen
Courtroom Five, Seventeenth Floor
Re: Case No: CV13 13-3826 EMC
O'Connor adv. Uber Technologies

January 24, 2019

FILED

JAN 29 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Justice Chen;

   As an Uber Eats driver with nearly four thousand deliveries since 2017 and who has expressed driver concerns to Uber on numerous occasions, I write to this court out of concern for both current class members and those excluded from same by the 9th Circuit's September ruling.
   Recently, drivers began to receive e-mails from the Lichten Firm, asking them to refrain from discussing a recently proposed settlement, but without details of same. While there are also no details on the firm's website, a recent internet article has mentioned eleven cents per mile as a proposed settlement. Yet, the firm has refused to return my calls and E-mails requesting more detailed information. Given the additional expenses regularly incurred by drivers and the April 2018 California Supreme Court ruling that we are employees, without further details, this settlement should be rejected.
   While it is my understanding that the firm has yet to officially file this proposal, drivers have expressed their concern that on the doorstep of the recent IPO filing by Uber, further confidentiality will aid in possible collusion between the company and Lichten, both of which are motivated by a quick turnover of money. This is especially true because in my view, as stated above, the firm has yet to comply with Federal Rule of Civil Procedure section 23 through proper communication with class members.
   As one who opted out of arbitration, I am particularly concerned about the issue of tipping, as the firm has yet to

answer my inquiry as to why it is applicable only to passenger drivers. The tipping app was added four months after I joined Uber; but dozens of my customers have told me that that after hiring the company as passengers, they assumed tipping would also be included in delivery fares, which is not the case. I estimate that I have lost at least three-thousand dollars in tips, a travesty, to say the least.

But worse, should this settlement involve dismissals of current appeals on this issue, drivers will remain susceptible to further company abuse. Please note that since the Christmas holiday, Uber has cut Eats fares nearly in half, a hardship for drivers who rely on them for their sustenance, and the company seems to believe that this will make the settlement attractive to them. However, from the input I have received, the opposite is true. Uber has the ungainly habit of shortchanging Eats drivers, any way it can.

I trust that on or before the February 7 case management conference set for various Uber cases, that the court will deal with these issues of law and ethics, which all too often arise in class actions. However, I also request that the court seek further driver input and set a fairness hearing. If our government can be shut down at the expense of innocent workers, who is to say this power play cannot happen in "civil" matters?

I drive Uber to publish "American Railroad", a story of power abuse in our justice system, and do not wish drivers to suffer yet another unlevel playing field.

Thank you for your consideration.

Very truly yours;

Robert D. Belshaw.