UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br>Plaintiffs,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>Defendants. | Case No. 13-cv-03826-EMC<br><br>**ORDER RE PROPOSED NOTICE OF CLASS ACTION SETTLEMENT**<br><br>Docket No. 915 |

Regarding Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the proposed Notice of Settlement (Docket No. 916-1, Exh. E), if preliminary approval is granted, should be amended as follows:

- An estimate (or estimated range) of the monetary recovery a class member would receive under the Settlement should be prominently displayed at the beginning of the Notice;

- It should be clearly stated at the beginning of the Notice that class members would not be reclassified as Uber employees under the Settlement;

- Under Section 4 on page 5 of the Notice, it should be explained what it means that "the Ninth Circuit Court of Appeals [found] that Uber's arbitration clause is enforceable," *i.e.*, drivers who signed the arbitration clause cannot be part of a class action against Uber or of this Settlement and must pursue their claims in individual arbitration;

- Under Section 8 on page 6, the terms "dismissal with prejudice" and "release" should be clearly explained, *i.e.*, class members who do not opt out of the Settlement are permanently giving up their claims against Uber;

- Under Section 8 on page 7, the types of claims being released under the Settlement

should be explicitly listed in addition to the relevant Labor Code, Wage Order, and statutory citations;

- Under Section 11 on page 9, in addition to the hyperlink to the online claim portal, the Notice should either attach or include a hyperlink to a claim form that can be printed out for class members who prefer to submit claims by mail.

At the March 21, 2019 hearing, the parties should be prepared to discuss their views, if any, on these changes.

**IT IS SO ORDERED**.

Dated: March 19, 2019

_____
EDWARD M. CHEN
United States District Judge