SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>Defendant. | CASE NO.  13-cv-03826-EMC<br>CASE NO.  15-cv-00262-EMC<br><br>**DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF RESPONSE TO COURT'S INQUIRIES REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Judge: Hon. Edward M. Chen<br>Hearing:     March 21, 2019<br>Time:          1:30 p.m.<br>Courtroom: 5<br>Judge:        Judge Edward Chen |
| HAKAN YUCESOY, ABDI MAHAMMED, MOKHTAR TALHA, BRIAN MORRIS, PEDRO SANCHEZ, AARON DULLES, and ANTONIO OLIVEIRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.<br>Defendant. | |

DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF RESPONSE TO COURT'S INQUIRIES
REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
CASE NO. CV 13-03826-EMC; CASE No. CV 15-00262-EMC

I, Shannon Liss-Riordan, declare as follows:

1. I am a partner at the law firm of Lichten & Liss-Riordan, P.C. and am lead attorney and class counsel for the settlement class in the above-captioned matters. I submit this declaration in support of Plaintiffs' Response to the Court's Supplemental Briefing Order regarding Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (O'Connor, Dkt. 924, Yucesoy Dkt. 329). I have personal knowledge of the information set forth herein.

2. The Court has inquired as to whether notice of this proposed Settlement has been given to the plaintiffs in the affected pending cases listed in paragraph 29 of the Settlement Agreement. See Dkt. 923 at 1. Several of these cases are my own firm's cases (Colopy et al. v. Uber Technologies, Inc., Case No. CGC-16-54996 (Cal. Super. Ct., San Francisco County); James, et al. v. Kalanick, et al., Case No. BC666055 (Cal. Super. Ct., Los Angeles County), Hassen, et al. v. Uber Technologies, Inc., Case No. BC699261 (Cal. Super. Ct., Los Angeles County), Manson, et al. v. Uber Technologies, Inc., Case No. 37-2018-00014744-CU-OE-CTL (Cal. Super. Ct., San Diego County)). With respect to the remaining cases, the lawyers representing the Plaintiffs in the Del Rio, Abulzahab, and Tabola cases all receive ECF notifications in this case because they have cases related to O'Connor or previously appeared in the case on behalf of objectors, and they now receive ECF notifications of all filings, including our Motion for Preliminary Approval. The only plaintiffs who have not received notice of the proposed Settlement through ECF filings are those in the case of Toyserkani, et al. v. Rasier, LLC, et al., Case No. BC660915 (Cal. Super. Ct., Los Angeles County) (which was filed in May 2017). My firm has now sent the filing to their counsel through email as of this morning.

3. In connection with mediations and negotiations with Uber that led to this proposed Settlement, I was provided with data regarding total on-trip miles, broken out by year, and total fares for the settlement class. I calculated the expense damages by multiplying the mileage for each year by the IRS rate. For the tips damages, I took four percent of total fares up until mid-2017 when Uber changed its tipping policy. The four percent figure represents 20% (the tip) of 20% (Uber's average commission), which Plaintiffs contend should have been remitted to the drivers. Similarly, I utilized data that was provided in conjunction with the prior settlement (which I had previously used to

calculate overtime damages at the time), in order to extrapolate the exposure for the settlement class for the overtime claim. The data in question was previously filed with the Court at Docket No. 732, and in my Declaration in Support of Preliminary Approval (Dkt. 916) at ¶ 56, I explained how I extrapolated to calculate the exposure for the overtime claim.

4. In order to answer the Court's inquiries, I have been in touch with the proposed Settlement Administrator, Epiq, to receive estimates regarding the additional costs associated with using a checks mailed settlement distribution rather than a claims process. Epiq estimates that this revision would add at least an additional $15,000 to its administration costs in order to account for remailing checks and stopping payment on uncashed checks. However, I believe this number is very conservative given the age of the addresses that Uber has on file for the majority of the class. In addition to the costs simply of stopping payment and remailing checks, there would be significant costs (difficult to quantify in advance) communicating with settlement class members regarding checks mailed to outdated addresses, as well as handling issues involved with checks being cashed by someone other than the intended recipient and tax delinquencies triggered for settlement class members who have not received their checks. And, at the end of the day, based upon counsel's experiences with other cases, and communications with the administrator, such a process may not even result in more settlement class members actually receiving their settlement payments. The use of a very simply claim process (one that does not require input of information besides the basic information needed to mail a settlement check and perform required tax reporting)—coupled with repeated reminders--also ensures that settlement funds are directed to settlement class members who care enough about the claims and their right to recovery to push a simple button to receive their settlement payment. Seventy percent of the class stopped driving before Uber implemented its arbitration agreement, which it began rolling out in 2013 and 2014, meaning that many of these drivers' addresses on file with Uber will be five or six years old (if not older).

5. Epiq also informed me that if the parties were to send notice by both email and U.S. mail, the additional costs incurred would total approximately $41,500.

6. My firm's out-of-pocket costs expended in the litigation to date currently exceed $300,000, and we intend to seek those costs in additional to our request for fees, which we would

3

brief in more detail in our forthcoming Motion for Approval of Attorneys' Fees prior to final approval, should the Court grant preliminary approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 20, 2019, in San Francisco, California.

By: __/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan