# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# If you have used the Uber Application as a Driver in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement), you could get a payment from a class action settlement.

[include hyperlink to claim portal from "get a payment"]

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Two class action lawsuits were filed against Uber Technologies, Inc. ("Uber") by drivers who have used the Uber App (the "App") on behalf of themselves and other drivers who have used the App in California and Massachusetts. These lawsuits allege that drivers should be classified as employees, and that Uber has violated provisions of California and Massachusetts labor law by classifying drivers as independent contractors. Uber denies these allegations.

The parties have reached a proposed settlement ("Settlement") to resolve both of these lawsuits. Under the Settlement, Uber agrees to pay $20,000,000 and to change certain of its policies affecting drivers. The settlement does not reclassify drivers as employees. The exact recovery per driver will depend on miles driven while using the Uber App with a passenger in the car and the settlement claims rate (since unclaimed funds will be distributed to drivers who submit claims). Assuming a 50% claims rate, the average net settlement share per claiming settlement class member will be $2,206. Assuming a 100% claims rate, drivers who drove 0-1,000 miles may receive more than $180, whereas drivers who drove 10,000 miles may receive almost $2,000. Drivers who drove 100,000 miles may receive more than $18,000. If there is a 50% claims rate, these estimates would double for drivers who submit claims.

- The Court in charge of these lawsuits still has to decide whether to approve the Settlement. If it does, drivers who used the App in California or Massachusetts between August 16, 2009 and February 28, 2019 (the "Settlement Class Period"), and who are not bound by Uber's arbitration clause (either because they validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement), will be eligible for payment from Uber.

- Your legal rights are affected whether you act or don't act. This Notice is to inform you of the Settlement, including: the nature of the claims at issue, your right to participate in or exclude yourself from the Settlement, and the effect of exercising your various options.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment. Give up your right to be a part of another case against Uber about the claims being resolved in this Settlement. **In order to receive a payment, you must submit a claim** [a hyperlink will take class members to claim portal]**, which you can do electronically or by mail, as explained below in the response to Question No. 11.** [A hyperlink will be included here that will take class members down to paragraph 11.] |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Get no payment. Keep your right to be part of another case against Uber about the claims being resolved in this Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like this Settlement. You cannot object in order to ask the Court for a higher payment for yourself personally, although you can object to the payment terms (or any other terms) that apply generally to the class. |
| **GO TO A HEARING** | Seek permission to speak in Court about the fairness of the Settlement. The Court will hold a hearing regarding the fairness of the Settlement to decide whether to approve it. |
| **DO NOTHING** | Get no payment. Give up rights. |

- Your legal rights and options—**and the deadlines to exercise them**—are explained in this Notice. Please read this Notice carefully.

- Any questions? Read on and visit **www.[__________].com**.

**Para una notificación en español, visitar nuestro website, www.[__________].com.**

## WHAT THIS NOTICE CONTAINS


BASIC INFORMATION ........ 4

1. Why did I get this notice?
2. What are the *O'Connor* and *Yucesoy* lawsuits about?
3. What is a class action and who is involved?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT ........ 5

5. How do I know if I am part of the Settlement?
6. Which drivers are not part of the Settlement?
7. I'm not sure if I am included in the Settlement.

THE SETTLEMENT BENEFITS—WHAT YOU GET ........ 6

8. What does the Settlement provide?
9. How are individual Settlement Class Member payments determined?
10. What if I disagree with my payment?

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM ........ 10

11. How can I get a payment?
12. When would I get my payment?
13. What am I giving up by staying in the case and getting a payment?

THE LAWYERS REPRESENTING YOU ........ 11

14. Do I have a lawyer in this case?
15. How will the Lawyers and Class Representatives be paid?

EXCLUDING YOURSELF FROM THE SETTLEMENT ........ 12

16. What does it mean to request exclusion from the Settlement?
17. How do I ask the Court to exclude me from the Settlement?
18. If I don't exclude myself, can I sue Uber for the same thing later?
19. If I exclude myself, can I get money from this Settlement?

OBJECTING TO THE SETTLEMENT ........ 13

20. What if I do not like the Settlement?
21. What is the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING ........ 14

22. When and where will the Court determine whether to approve the Settlement?
23. Do I have to come to the Fairness Hearing?
24. What if the Settlement is not approved?

IF YOU DO NOTHING ........ 15

25. What happens if I do nothing at all?

GETTING MORE INFORMATION ........ 15

26. How do I get more information about the Settlement?

## BASIC INFORMATION

### 1. Why did I get this notice?

Uber's records show that you used the Uber smartphone application as a driver in California or Massachusetts between August 16, 2009, and February 28, 2019, and that you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement). The Court authorized you to receive this notice because you have a right to know about a proposed settlement of two class action lawsuits, and about your options, before the Court decides whether to approve the settlement. These lawsuits are known as *O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 13-03826-EMC (the "*O'Connor* lawsuit"), and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 15-0262-EMC (the "*Yucesoy* lawsuit").

Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing these lawsuits. This Notice is to inform you that the parties in the *O'Connor* lawsuit and the *Yucesoy* lawsuit have reached a single proposed Settlement intended to resolve *both* lawsuits. This Notice explains your legal rights under the Settlement, the benefits that are available to you, and how to get them.

### 2. What are the *O'Connor* and *Yucesoy* lawsuits about?

The central issue in both of these lawsuits is whether Uber has misclassified drivers as independent contractors, as opposed to its employees. In the *O'Connor* lawsuit, the plaintiffs alleged that because drivers are employees, certain of Uber's conduct and policies toward drivers in California violated California labor law. Specifically, the plaintiffs claimed Uber failed to reimburse drivers for vehicle-related and phone expenses and failed to pass along to drivers the entire portion of the fare that allegedly represents a tip.

In the *Yucesoy* lawsuit, the plaintiffs alleged that because drivers are employees, certain of Uber's conduct and policies toward drivers in Massachusetts violated Massachusetts labor law. Specifically, the plaintiffs claimed Uber unlawfully classified drivers as independent contractors, failed to reimburse drivers for their expenses, failed to pass along to drivers the entire portion of the fare that allegedly represents a tip, and interfered with drivers' relationships with passengers.

Uber denies any wrongdoing and liability and contends that it correctly classified drivers as independent contractors and complied at all times with applicable California and Massachusetts law.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Together, the Class Representatives and Class Members are called the Plaintiffs. Uber—the company that has been sued—is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the

Class. This Settlement seeks to resolve two separate class action lawsuits filed against Uber—the *O'Connor* lawsuit and the *Yucesoy* lawsuit, but only on behalf of those drivers who are not bound by Uber's arbitration clause (either because they validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

## 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs (the drivers) or the Defendant (Uber) in the *O'Connor* lawsuit or the *Yucesoy* lawsuit. Instead, the parties in each lawsuit agreed to a settlement resolving both lawsuits that they believe is a fair, reasonable, and adequate compromise. The parties reached this agreement following many years of litigation before the trial court and the Ninth Circuit Court of Appeals. In particular, in light of the recent decision by the Ninth Circuit Court of Appeals that Uber's arbitration clause is enforceable, this settlement covers only drivers who are not bound by Uber's arbitration clause. Drivers who accepted the arbitration agreement cannot be part of a class action against Uber or a part of this Settlement and must instead pursue their claims in individual arbitration.

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

The Settlement was reached only after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through formal conferences with an experienced mediator. The Class Representatives and their lawyers have considered the substantial benefits from the Settlement that will be given to the Class Members and balanced these benefits with the risk that a trial could end in a verdict in Uber's favor. They also considered the value of the immediate benefit to the Class Members versus the costs and delay of litigation through trial and additional appeals. Even if Plaintiffs were successful in these efforts, Class Members would not receive any benefits for years to come. Counsel for the Plaintiffs believe that the amount Uber has agreed to pay, along with the modifications Uber has agreed to make to certain of its business practices, is fair, adequate, and reasonable in light of the risks and time required to continue litigating this case.

# WHO IS IN THE SETTLEMENT

## 5. How do I know if I am part of the Settlement?

You are a part of this Settlement if you meet the following criteria:

You are a current or former driver who has used the Uber smartphone application in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

If you are part of the Settlement, you are called a member of the "Settlement Class" or "Settlement Class Member" and are eligible to receive the monetary benefits described in this Notice.

However, if you are a member of the Settlement Class, you may choose to exclude yourself from the Settlement. You **<u>will not</u>** be included in the Settlement if you chose to validly and timely

exclude yourself from the Settlement using the procedure set forth in the response below to Question No. 17.

**6. Which drivers are not part of the Settlement?**

The following groups of drivers are not included in the Settlement Class:

A. Drivers who have never used the App in either California or Massachusetts.

B. Drivers who are bound by Uber's arbitration clause (because they have used the Uber Application any time since Uber included an arbitration clause in the driver agreement and did not opt out of arbitration by submitting a valid opt-out request with thirty (30) days of receiving each version of Uber's arbitration agreement).

C. Directors, officers, or agents of Uber or its subsidiaries and affiliated companies.

D. Individuals designated by Uber as employees of Uber or its subsidiaries and affiliated companies.

E. Members of the Court's immediate family or staff.

F. Drivers who validly and timely exclude themselves from the Settlement using the procedure set forth in the response below to Question No. 17.

**7. I'm not sure if I am included in the Settlement.**

If you are not sure whether you are included, you can get free help at www.[__________].com, or by calling the toll-free number, [1-800-000-0000]. You may also send questions to the Settlement Administrator at [e-mail address] or [P.O. Box 0000, City, ST 00000].

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**8. What does the Settlement provide?**

The Settlement provides for monetary benefits to members of the Settlement Class, as well as changes to Uber's policies that will affect all drivers in California and Massachusetts, including those who are not part of the Settlement Class. Although Uber will be changing certain of its policies, drivers are to remain classified as independent contractors.

**Monetary Benefits**
If the Settlement is ultimately approved by the Court, Uber will pay $20,000,000 (the "Settlement Amount") to settle the *O'Connor* lawsuit and the *Yucesoy* lawsuit for those drivers who are not bound by Uber's arbitration clause, including the dismissal with prejudice and the release by all Settlement Class Members of all wage and hour claims now pending against Uber in California and Massachusetts ("the Settlement Class Members' Released Claims"), except that any claims that a Settlement Class Member may have under the Fair Labor Standards Act ("FLSA") will not be released unless that Settlement Class Member submits a claim and

acknowledges in writing that he or she agrees to a release of his or her claims under the FLSA. This means that class members who do not opt out of the Settlement are permanently giving up their right to be a part of another case against Uber about the claims being resolved in this Settlement. The Settlement Class Members' Released Claims include the following:

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

A. Claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203 and wage statement penalties pursuant to California Labor Code section 226);

B. Claims pursuant to California Labor Code sections 200-204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221-224, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245-249, 351, 353, 432.5, 450, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, and 2804 (payment of wages upon discharge at place of discharge, requirements regarding posting of regular pay days, fringe benefits, or health and welfare or pension fund contributions, penalties associated with requiring workers to repay wages to employer or with paying a lower wage, unlawful deductions, itemized wage statements, meal and rest breaks, vacation and sick days, gratuities, limits on hours and days of work, minimum wage, overtime, recordkeeping, failing to reimburse necessary business expenses);

Formatted: Font: Not Bold

C. Claims pursuant to California Code of Civil Procedure section 1021.5 (penalties associated with hiring a contractor if license is invalid);

D. Claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040 (wage orders regulating wages, hours, and working conditions);

E. Claims pursuant to Industrial Welfare Commission Wage Orders;

F. Claims under California Business and Professions Code section 17200, *et seq.* and 17500 (for unlawful, unfair, or fraudulent business practices);

G. Claims under California common law to recover any alleged tip or expense;

H. Claims pursuant to Massachusetts General Laws, chapter 149, sections 19, 19A, 19C, 20, 24A, 24B, 24C, 24D, 24F, 52C, 52D, 100, 105A, 105B, 105D, 148, 148A, 148B, 148C, 150, 150A, 152A, and 180 (keeping and furnishing information regarding personnel records, meal and rest breaks, parental leave, family and medical leave, sick time, payment of wages upon discharge, notification of deductions, violations related to tips, age and gender discrimination, requiring an employee to furnish a copy of a medical report or inquiring into undocumented status);

I. Claims pursuant to Massachusetts General Laws, chapter 151, sections 1, 1A, 1B, 7, 10, 15, 16, 19, and 20 (overtime, minimum wage, record-keeping, posting of minimum wage amounts);

J. Claims pursuant to Massachusetts General Laws, chapter 93A, sections 1, 2, and 11 (unfair business practices);

K. Claims pursuant to Massachusetts General Laws, chapter 266, section 91 (untrue and misleading advertisements);

L. Claims under Massachusetts common law to recover any alleged tip or expense;

M. Claims for attorneys' fees and costs;

N. Claims of unfair business practices; and

O. All claims, including common law claims, arising out of or related to the statutory causes of action described herein.

After deducting attorneys' fees and costs, settlement administration costs and additional awards to the Class Representatives for initiating and bearing the burdens of these lawsuits, all of which are subject to Court approval, the remainder of the Settlement Amount—called the "Net Settlement Fund"—will be available for distribution to Settlement Class Members.

**Changes to Uber's Policies**

In addition to the monetary payments outlined above, Uber will modify certain of its business practices relating to drivers in California and Massachusetts. These modifications include the following:

1. Comprehensive Written Deactivation Policy: Uber will maintain Community Guidelines (the "Policy"). Pursuant to this Policy:

    a. Low acceptance rates are not grounds for account deactivation.

    b. Uber will maintain its comprehensive Policy online in an easily-accessible and easily-understood format.

    c. Uber will provide advance warning before a Driver's user account is deactivated for reasons other than safety issues, physical altercation discrimination, fraud, sexual misconduct, harassment, or illegal conduct (each, an "Excluded Matter").

    d. Uber will provide the Driver with an explanation for its decision to deactivate the account.

2. Formal Appeals Process for Deactivation Decisions: On or before one hundred and eighty (180) days after the Effective Date, Uber will institute a formal appeals process for deactivation decisions, except in certain circumstances (*e.g.*, among others, where deactivation relates to or arises from low star ratings, safety issues, criminal activity, physical altercation, sexual misconduct, fraud, discrimination, harassment and

background checks). To that end, Uber will create a Driver Panel in major cities with Greenlight Hubs that consists of high-quality, highly-rated active Drivers. For Drivers who initiate a formal appeals process, the panel will recommend whether Drivers should be reactivated in the event their user account was deactivated.

3. Quality Courses for Drivers: Uber will make quality courses available for Drivers whose user accounts are deactivated in California and Massachusetts, except in the event of an Excluded Matter. Uber will work with third-party providers to help lower the cost of these courses for Drivers. Completion of one of these courses will make Drivers eligible for consideration for reactivation.

The complete terms of the Settlement are in the Settlement Agreement, which is available at www.[__________].com. You may also request a hard copy of the Settlement Agreement by sending a self-addressed, stamped envelope to [Settlement Administrator - name and address].

## 9. How are individual Settlement Class Member payments determined?

Payments to Settlement Class Members who submit valid claims (see Question 11) will be based on each such Settlement Class Member's share of the Net Settlement Fund. A Settlement Class Member's share will be determined by the total number of miles that he or she spent "On Trip" during the Settlement Class Period. "On Trip" means the period of time when a driver is transporting a passenger or item procured through the App. The settlement formula will distribute the funds (after the deduction of fees and expenses) in proportion to the number of On Trip miles driven.

The exact amount each such Class Member will receive cannot be calculated until (1) the Court approves the Settlement; (2) amounts are deducted from the Settlement Fund for the costs of providing notice to the Class, administering the settlement, paying lawyers' fees and expenses, paying taxes and tax-related expenses, and making enhancement payments approved by the Court; and (3) the Settlement Administrator determines the number of Class Members who excluded themselves, submitted valid claims, and after payments are made, successfully received their payment.

Approximately 60 days after final approval of the settlement, initial settlement shares will be distributed. Approximately 180 days later, all remaining unclaimed funds will be distributed to class members who received initial shares (so long as their residual payment will exceed $100.) After this final distribution, all unclaimed funds that remain from the amount allocated to California drivers will be distributed to the Legal Aid at Work, and all unclaimed funds that remain from the amount allocated to Massachusetts drivers will be distributed to Greater Boston Legal Services.

## 10. What if I disagree with my payment?

There is a process in the Settlement for you to challenge the determination of the amount of your Settlement Payment. The Settlement Administrator, with input from counsel for Plaintiffs, the Settlement Class Members, and Uber, will determine the amount of each Settlement Payment

and will resolve any objections to your payment amount. You will receive further details regarding this process in the letter you will receive regarding your payment.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM

### 11. How can I get a payment?

To qualify for a payment, you must submit a claim, either electronically or through a paper claim form.

To submit a claim electronically, you may **CLICK THIS LINK** to access the claim portal. Or you can go to www. [__].com and enter your Claimant ID and Verification Number, provided below, and follow the instructions that appear. [Website name will be linked to website where claims can be submitted.]

Claimant ID: [__]
Verification Number: [__]

To submit a claim by paper, you can click **HERE** to download and print a claim form. Alternatively, you can contact the Settlement Administrator at [phone] or [email], and the Administrator will send you a paper copy. Paper claim forms must be submitted to the address listed below.

Formatted: Font: Bold

When you fill out your claim form—either electronically or through a paper form—you must provide your name, current address, social security number, and the telephone number and email address you used to sign up for a driver account with Uber. **In order to receive a monetary payment from the Settlement, you must submit your claim no later than [__].**

If you submit a claim to receive a monetary payment, your settlement payment will be mailed to the address you provide on your claim form. You are responsible for ensuring that the Settlement Administrator has your correct mailing information.

If you need to update your mailing information after submitting your claim, you may write to the Settlement Administrator at the following address:

Uber Class Action Settlement
Settlement Administrator
c/o [__]

You can also update your information via email to [__]@[__].com.

Please include your Claimant ID on any correspondence sent to the Settlement Administrator.

**If you do not keep your address current with the Settlement Administrator, your Settlement payment may be delayed and it is possible that you will not receive your Settlement payment**.

**12. When would I get my payment?**

The Court will hold a hearing—called a "Fairness Hearing"—on July __, 2019, to decide whether to approve the Settlement. If the Court approves the Settlement after the Fairness Hearing, it is anticipated that you would receive your payment in the second half of 2019. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Everyone who submits a claim will be informed of the progress of the Settlement. Please be patient.

**13. What am I giving up by staying in the case and getting a payment?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Uber about the legal issues addressed in these lawsuits (*see* explanation of "Settlement Class Members' Released Claims" in response to Question No. 8). It also means that all of the Court's orders will apply to you and legally bind you. If you submit a claim, you will agree to a "Release of Claims," available online as part of the claim submission process, which describes exactly the legal claims that you give up if you get Settlement benefits.

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

You do not need to hire your own lawyer. The Court decided that Ms. Shannon Liss-Riordan, Esq., and Ms. Adelaide Pagano, Esq. of the law firm Lichten & Liss-Riordan, P.C. are qualified to represent you and all Settlement Class Members. These lawyers are called "Class Counsel." They are experienced in handling similar cases against other defendants. If you have questions about the lawsuit or your rights in this case, you can contact them at the address below:

**Class Counsel**
Shannon Liss-Riordan, Esq.
Adelaide Pagano, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(855) 590-2600
uberlawsuit@llrlaw.com

You and other Settlement Class Members will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How will the Lawyers and Class Representatives be paid?**

Class Counsel will ask the Court for fees up to 25% of the gross Settlement Fund and costs incurred for prosecuting these actions. Class Counsel will ask for enhancement payments for the Class Representatives for their services as Representatives and for their efforts in bringing this case. The combined sum of all enhancement payments—to Class Representatives and the other drivers—shall not exceed $40,000. The actual amounts of fees and costs awarded to Class Counsel and the actual amounts of the enhancement payments will be determined by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**16. What does it mean to request exclusion from the Settlement?**

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Uber, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

If you come within the Settlement Class definition, you will be a member of the Settlement Class and will be bound by the Settlement unless you exclude yourself. Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement, including the release of their claims and the eligibility to receive any monetary benefits.

You cannot exclude yourself from the Settlement Class if you wish to object to the Settlement and/or appear and be heard before the Court during the Fairness Hearing. This is because you need to be a Settlement Class Member affected by the Settlement to object or appear.

**17. How do I ask the Court to exclude me from the Settlement?**

To exclude yourself from this settlement, you must send a letter by mail, **postmarked on or before [__]** or by email on or before [ ] to the Settlement Administrator at the following address:

Uber Class Action Settlement
Settlement Administrator
c/o [__]
[email]@[__].com

Your letter must contain: (1) a clear statement that you wish to be excluded from the Settlement in *O'Connor, et al. v. Uber Technologies, Inc.* and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*; (2) your name (and former names, if any), address, phone number, and email address that you used when using the Uber Application to drive; and (3) your signature (or the signature of your legally-authorized representative).

If, before the deadline, you request to be excluded from the Settlement, you will not receive any payment under the settlement and you will not be bound by anything that happens in this case.

**18. If I don't exclude myself, can I sue Uber for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Uber for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. **Remember, the exclusion deadline is [__].**

**19. If I exclude myself, can I get money from this Settlement?**

No. If you exclude yourself, do not submit a claim to ask for any money. However, you may sue, continue to sue, or be part of a different lawsuit against Uber.

## OBJECTING TO THE SETTLEMENT

**20. What if I do not like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. If the Court rejects your objection, you will still be bound by the terms of the Settlement, but you will also receive a Settlement Payment.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case names and numbers (*O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 13-3826 and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 15-0262), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 17th Floor, San Francisco, CA, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [Exclusion/Objection Deadline].

Your written objection must contain: (1) your full name, address, telephone number, and signature; (2) a heading that clearly refers to these cases, *O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 13-3826 and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 15-0262; (3) a statement of the specific reasons for your objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you,

and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number.

Your objection must be signed by you (or your legally-authorized representative), even if you are represented by a lawyer. If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid.

**21. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object to the Settlement because the cases no longer affect you.

## THE COURT'S FAIRNESS HEARING

**22. When and where will the Court determine whether to approve the Settlement?**

The Court has preliminarily approved the Settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for service awards on behalf of the Class Representatives described in response to Question No. 15, and Class Counsel's request for attorneys' fees and expenses. The Court will also consider objections and may grant permission for objectors to speak. The Court may decide these issues at the Fairness Hearing or take them under consideration and decide the issues at a later time. We do not know how long these decisions will take.

The Court has scheduled a Fairness Hearing at [time] on July __, 2019, at the United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, CA 94102. The Fairness Hearing may be continued or rescheduled by the Court without further notice. Settlement Class Members should check the settlement website by visiting www.[_________].com or should check the Court's PACER site (available for a fee at https://ecf.cand.uscourts.gov) to confirm the date of the Fairness Hearing.

**23. Do I have to come to the Fairness Hearing?**

No. You are not required to come to the Fairness Hearing, but you are welcome to come at your own expense if you so desire.

Settlement Class Members who object to the Settlement do not need to attend the Fairness Hearing for their objections to be considered. If you wish to appear either personally or through your own attorney at the Fairness Hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court and send a copy to the Settlement Administrator at the addresses set forth above in the response to Question No. 20 no later than [date].

Your notice of intention to appear must include copies of any papers or other evidence that you or your lawyer will present at the hearing. Any Settlement Class Member who does not file and serve a notice of intention to appear in accordance with these instructions will not be allowed to speak at any hearing, including the Fairness Hearing, concerning this Settlement.

**24. What if the Settlement is not approved?**

If the Settlement is not granted final approval, the *O'Connor* lawsuit and the *Yucesoy* lawsuit will proceed, and none of the agreements set forth in this notice will be valid or enforceable.

## IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Uber about the legal issues in these cases, ever again.

## GETTING MORE INFORMATION

**26. How do I get more information about the Settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.[__________].com, by contacting class counsel at Lichten & Liss-Riordan, P.C. 729 Boylston Street, Suite 2000, Boston, MA 02116, uberlawsuit@llrlaw.com, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**