SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MATTHEW MANAHAN and ELIE GURFINKEL,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC,

Defendant.

Case No. CV 13-3826-EMC

**FIFTH AMENDED CLASS ACTION COMPLAINT**

CASE FILED: AUGUST 16, 2013

BEFORE THE HON. EDWARD M. CHEN

# I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Uber drivers in California. Uber is a car service that provides drivers who can be hailed and dispatched through a mobile phone application. As set forth below, Uber has advertised to customers that gratuity is included in the cost of its car service. However, Uber drivers do not receive the total proceeds of any such gratuity. Instead, they receive only a portion of such gratuity, if any is charged to the customer.

2. Plaintiffs bring this action on their own behalf, and on behalf of other similarly situated Uber drivers, for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL") and § 17500, based upon Uber's violation of the California Gratuities Law, California Labor Code Section 351, and failure to remit to drivers the entire gratuity paid by customers or that customers would otherwise intend to leave for them.

3. Plaintiffs further bring this action on behalf of Uber drivers for unjust enrichment, conversion, and fraud, based upon Uber's failure to remit to drivers the entire gratuity paid by customers, or alternatively for Uber causing the drivers not to receive tips they would otherwise receive based on Uber's communications to customers that the gratuity is already included in the price of the car service and that there is no need to tip the drivers.

4. In addition, Plaintiffs bring this action on behalf of Uber drivers who have been misclassified as independent contractors and thereby required to pay business expenses (such as for their vehicles, gas, and maintenance) in violation of California Labor Code Sections 450 and 2802.

5. Likewise, Plaintiffs bring this action on behalf of Uber drivers for a number of other Labor Code violations stemming from their misclassification as independent contractors, including but not limited to: knowing and willful misclassification of drivers as

independent contractors in violation of Cal. Labor Code §§ 226.8 and 2753, requiring employees or applicants to agree to terms or conditions of employment that Uber knows to be prohibited by law in violation of Cal. Lab. Code § 432.5, failure to remit gratuities to drivers in violation of Cal. Lab. Code § 351, failure to reimburse drivers for all necessary expenditures incurred in direct consequence of their duties in violation of Cal. Lab. Code §§ 450 and 2802, unlawful deductions in violation of Cal. Labor Code §§ 221-224, failure to pay wages due at termination in violation of Cal. Labor Code §§ 201-203, 204, and 210, failure to pay minimum wage for all hours worked in violation of Cal. Labor Code §§ 1194, 1197, 1182, failure to pay overtime in violation of Cal. Labor Code §§ 510, 1194, 1198, failure to provide required meal periods in violation of Cal. Labor Code §§ 226.7 and 512, failure to provide required rest periods in violation of Cal. Labor Code §§ 226.7, failure to keep accurate records in violation of Cal. Labor Code §§ 353 and 1174.5, failure to provide itemized wage statements in violation of Cal. Labor Code § 226, failure to provide paid sick leave in violation of in violation of Cal. Labor Code §§ 245-249, failure to provide drivers at least one day off in seven, in violation of Cal. Labor Code §§ 550-552, and UCL claims predicated on violations of Cal Labor Code §§ 3700, 3700.5, 3712, and 3715 for failing to purchase workers' compensation insurance for drivers.

6. Furthermore, as described further below, Defendant has misclassified Plaintiffs and other similarly situated drivers as independent contractors and, in so doing, violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay them minimum wage and for all time worked and overtime for all hours worked in excess of forty per week. Plaintiffs bring this claim under the FLSA on behalf of all similarly situated employees within the state of California who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

7. Plaintiff Matthew Manahan is an adult resident of Los Angeles, California, where he has worked as an Uber driver.

8. Plaintiff Elie Gurfinkel is an adult resident of San Diego, California, where he has worked as an Uber driver.

9. The above-named plaintiffs have brought this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have accepted a request using the Uber software application in the state of California.

10. Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California.

## III. JURISDICTION

11. This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and, upon the original filing of this complaint, members of the putative plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

12. Furthermore, this Court has general federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 since Plaintiff has brought claims pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IV. STATEMENT OF FACTS

13. Uber provides car service in cities throughout the country via an on demand dispatch system.

14. Uber offers customers the ability to hail a car service driver on a mobile phone application.

15. Uber's website has advertised that "Uber is your on-demand private driver."

16. Uber has stated to customers, on its website, and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

17. However, Uber drivers have not received the total proceeds of this gratuity.

18. Instead, Uber has retained a portion of the gratuity for itself.

19. For all drivers except drivers who use UberTAXI, Uber has not specified the amount of the gratuity.

20. However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers. Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

21. As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of payments to which they are entitled, and to which reasonable customers would have expected them to receive.

22. Although classified as independent contractors, Uber drivers are employees. They are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.).

23. In addition, Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide. The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

24. However, based on their misclassification as independent contractors, Uber drivers are required to bear many of the expenses of their employment, including expenses for their vehicles, gas, and other expenses. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

## V. CLASS ACTION ALLEGATIONS

25. The class representatives have brought this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all drivers who have ever accepted a request using the Uber software application in the state of California.

26. The class representatives and other class members have uniformly been deprived of gratuities that were not remitted to them, expense reimbursement, and other protections of employment.

27. The members of the class are so numerous that joinder of all class members is impracticable.

28. Common questions of law and fact regarding Uber's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether Defendant has charged customers a gratuity for class members' services;

b. Whether Defendant has failed to distribute the total proceeds of those gratuities to the class members;

c. Whether Defendant has informed customers that gratuity is included in the price of the Uber service and so there is no need to tip their drivers;

d. Whether class members have suffered damages based upon Uber's representation to customers that tips are included but not distributing them to the drivers.

29. Common questions of law and fact also exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

a. Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;

b. Whether the work performed by class members—providing car service to customers—is within Uber's usual course of business, and whether such service is fully integrated into Uber's business;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, and other expenses.

30. The class representatives are members of the class, who suffered damages as a result of Defendant's conduct and actions alleged herein.

31. The class representatives' claims are typical of the claims of the class and have the same interests as the other members of the class.

32. The class representatives will fairly and adequately represent and protect the interests of the class. The class representatives have retained able counsel experienced in

class action litigation. The interests of the class representatives are coincident with, and not antagonistic to, the interests of the other class members.

33. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VII. <u>THE COLLECTIVE ACTION</u>

35. Plaintiffs bring the seventeenth and eighteenth causes of action on behalf of themselves and all other Uber drivers who have ever accepted a request using the Uber software application in the state of California.

36. Plaintiffs bring this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and other Uber drivers are similarly situated in that they are all subject to Uber's common plan or practice of failing to pay the federal minimum wage for all hours worked and overtime for hours worked by drivers in excess of forty (40) in a given week.

**COUNT I**

**Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq*.**

37. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Business and Professions Code Section 17500 and California Labor Code Sections 351, 353, 432.5, 450, 2802, 3700.5, 3712, 3715, 3700, and 226.8.

38. As a result of Defendant's unlawful conduct and violation of California Business and Professions Code Section 17500 and Cal. Labor Code §§ 351 and 353, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to loss of gratuities to which they were entitled and customers expected them to receive.

39. As a result of Defendant's unlawful conduct and violation of Cal. Labor Code §§ 450 and 2802, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to loss of business expenses that drivers were required to pay in order to do their jobs.

40. As a result of Defendant's unlawful conduct and violation of Cal. Labor Code §3700.5, 3712, 3715, 3700, and 226.8, Plaintiffs and class members suffered injury in fact because they were required to self-insure against any accidents or harm while Defendant gained an unfair competitive advantage over its competitors by avoiding the need to pay for worker's compensation insurance for its drivers.

41. As a result of Defendant's unlawful conduct and violation of Cal. Labor Code § 432.5, Plaintiffs and class members suffered injury in fact because they were required to agree to terms and conditions in their agreements with Uber that are prohibited by law.

Pursuant to Cal. Labor Code § 2804, any contract or agreement made by Plaintiffs to waive rights and benefits conferred by California law is null and void.

42. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT II

**Independent Contractor Misclassification and Expense Reimbursement Violation (Cal. Labor Code §§ 226.8, 450, 2753, and 2802)**

43. As set forth above, Defendant knowingly misclassified drivers as independent contractors in violation of California Labor Code Sections 226.8 and 2753. Further, Defendant's conduct, in misclassifying Uber drivers as independent contractors and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Sections 450 and 2802.

## COUNT III

**Unlawful Deductions (Cal. Labor Code §§ 221-224, 225.5, 227)**

44. Cal. Labor Code §§ 221 and 224 provide that an employer may only lawfully withhold amounts from an employee's wages when (1) required or empowered to do so by state or federal law; (2) when a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions, or other deductions not amounting to a rebate on the employee's wages; or (3) when a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement. Cal. Labor Code § 222.5 prohibits an employer from deducting from an

employee's pay the cost of employer- or state-required physical or medical examinations, and Cal. Labor Code § 227 makes it illegal for an employer to fail to remit certain withholdings to the proper payee willfully or with an intent to defraud.

45. Furthermore, Cal. Labor Code § 223 provides that it is unlawful for an employer to pay a lower wage while purporting to pay the wage designated by statute or contract.

46. Defendant's conduct as alleged herein has violated Cal. Labor Code §§ 221-224 insofar as Defendant has deducted the costs of equipment and tools necessary for rendering services, as well as costs associated with property damage. In addition to all other remedies afforded by law, Defendants are subject to civil penalties pursuant to Cal. Labor Code § 225.5.

**COUNT IV**

**Failure to Pay Wages Due at Termination (Cal. Labor Code §§ 201-203, 204, 206.5, 208, 210, 227.3)**

47. Defendant's actions as set forth herein violate Labor Code § 204, which requires that Defendant pay all wages due upon the termination of any class member who has since stopped working for Uber, and § 227.3, which requires that Defendant pay the cash value of all vested but unused vacation time upon termination. Certain members of the class have been terminated by Uber, but Uber has willfully failed to make immediate payment of the full wages due to these drivers as required under California state law.

48. Pursuant to Cal. Labor Code §§ 204, 218, 218.5 and 218.6, Plaintiffs are entitled to payment of unpaid wages or compensation, including interest thereon, as well as reasonable attorneys' fees, and costs of suit.

**COUNT V**

**Minimum Wage (Cal. Labor Code §§ 1194, 1197, 1197.1 1182.12, Wage Order 9)**

49. Plaintiffs allege that they worked at rates below the state minimum wage. Pursuant to Cal. Lab. Code §§ 218.5 and 218.6, 1194, 1194.2, and 1194.3, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

50. Cal. Lab. Code § 1197 states that the minimum wage is that set by the commission in the applicable wage order, in this case Wage Order 9. Wage Order 9 incorporates by reference the minimum wage set by statute.

51. Uber failed to pay Plaintiffs and class members minimum wage. Defendant's actions as set forth herein violate Labor Code §§ 1194, 1197, 1197.1, and 1182.12 because Defendant compensated Plaintiffs at rates so low that they fell below the state minimum wage.

**COUNT VI**

**Overtime (Cal. Labor Code §§ 510, 1194, 1198, Wage Order 9)**

52. Cal. Lab. Code § 1198 and Wage Order 9 require employers to pay their employees at their overtime rate of pay for hours worked in excess of eight per day and/or 40 per week.

53. Defendant's actions as set forth herein violate Cal. Labor Code §§ 510, 1194, 1198 because Defendants have failed to pay overtime compensation to Plaintiffs and class members when due for all hours worked over forty (40) per week, or over eight per day.

## COUNT VII

**Meal and Rest Breaks (Cal. Labor Code §§ 226.7, 512, 551, 552, 558 and Wage Order 9)**

54. Wage Order 9 and Cal. Lab. Code § 226.7 require employers to provide all employees with one 10-minute duty-free rest period for every four hours worked each day, or major fraction thereof. Likewise, Cal. Lab. Code § 512 and Wage Order 9 require employers to provide all employees with one 30-minute duty-free meal period if such employee works more than five hours in one day and a second 30-minute duty-free meal period if such employee works more than ten hours in one day. In addition, Cal. Lab. Code §§ 551 and 552 precludes an employer from causing an employee to work more than six days in seven.

55. Defendant has failed to provide the requisite duty-free meal and rest periods to Plaintiffs and class members as required by California state law. Accordingly, Plaintiffs and members of the class are entitled to one hour of pay at their regular rate of pay for each day on which they were not provided with a 10-minute duty-free rest period and one hour of pay at their regular rate of pay for each day on which they were not provided with a 30-minute duty-free meal period, plus interest. Plaintiffs are also entitled to civil penalties for days in which they worked more than six days in seven pursuant to Cal. Lab. Code § 558, as well as interest upon unpaid wages or compensation, reasonable attorney's fees, and costs of suit pursuant to Cal. Labor Code §§ 218.5 and 218.6.

## COUNT VIII

**Failure to Keep Accurate Records and Provide Itemized Wage Statements (Cal. Labor Code §§ 226, 353, 1174, and 1174.5)**

56. Labor Code § 353 requires that every employer in California maintain "accurate records of all gratuities received by him, whether received directly from the employee or indirectly by means of deductions from the wages of the employee or otherwise. Such records shall be open to inspection at all reasonable hours by the department."

Similarly, Labor Code § 1174(d) requires that every employer in California maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California. In addition, Cal. Lab. Code § 1174(d) requires that these records "be kept in accordance with rules established for this purpose by the [Industrial Welfare] commission." Rules established by the commission, Wage Order 9, § 7, require that every employer in California "keep accurate information with respect to each employee," including without limitation, "time records showing when the employee begins and ends each work period," as well as "[m]eal periods, split shift intervals and total daily hours worked."

57. Moreover, Defendant's action as set forth herein constitute a violation of Cal. Labor Code § 226, because Uber unlawfully failed to provide Plaintiffs and members of the putative class with accurate itemized wage statements in writing showing gross wages earned, total hours worked, deductions, net wages earned, pay period, the name of the employee and the last four digits of his or her social security number, the legal name of the employer, and/or all applicable hourly rates. Uber further failed to comply with current or former employees' requests to inspect or copy records, in violation of Labor Code Section 226(c).

58. Because Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiffs as required by Labor Code Section 226(a), and such failure has caused injury to Plaintiffs by preventing them from accurately knowing the amount of wages to which they are and were entitled, Plaintiffs and each member of the putative class are entitled to recover fifty dollars for the initial pay period in which a violation of § 226 occurred, and one hundred dollars for each violation of § 226 in a subsequent pay period, not to exceed a penalty of four thousand dollars per member of the putative class plus attorney fees, costs, and injunctive relief. Uber is also subject to statutory

penalties pursuant to Cal. Lab. Code § 226.3. Likewise, Uber has failed to maintain accurate records in compliance with Cal. Lab. Code §§ 353 and 1174. Accordingly, Plaintiffs are entitled to collect and seek a civil penalty from Uber in the amount of $500 pursuant to Cal. Lab. Code § 1174.5.

**COUNT IX**

**Failure to provide Paid Sick Leave (Cal. Labor Code §§ 245-249)**

59. Cal. Labor Code § 246 provides that an employer must provide any employee who, on or after July 1, 2015, works in California for the same employer for 30 days or more within a year from the start of employment, with paid sick days.

60. Plaintiffs and members of the class accrued a certain number of paid sick days and were entitled to use these accrued paid sick days for purposes enumerated in Labor Code section 246.5(a)(l)-(2). Uber violated the requirement of Cal. Labor Code § 246 when it failed to implement policies and procedures that would allow Plaintiffs to accrue and use paid sick days when permitted.

61. Accordingly, pursuant to Labor Code §§ 248.5 and 558, Plaintiffs and class members are entitled to the payment of sick days unlawfully withheld from them multiplied by three; or two hundred fifty dollars ($250), whichever amount is greater. Likewise, pursuant to Labor Code §§ 248.5 and 558, Plaintiffs and class members are entitled to additional penalties, not to exceed an aggregate penalty of four thousand dollars ($4,000), as liquidated damages in the amount of fifty dollars ($50) to each Plaintiff or class member.

**COUNT X**

**Failure to Pay Reporting Time (Wage Order 9)**

62. Wage Order 9, § 5, requires that for each workday that a California employee is required to report for work and does report, but is either not put to work or is

furnished less than half of that employee's usual or scheduled day's work, each such employee must be paid an amount equal to half of his or her usual or scheduled day's pay, or in any event must be paid an amount equal to 2 hours at the employee's regular rate of pay.

63. Plaintiffs and members of the putative class, have periodically been required to report for work but have either not been put to work, or have been furnished with less than half of his or her usual or scheduled day's work. Accordingly, Plaintiffs and members of the putative class or an identifiable subset thereof are entitled to and seek payment from Uber of compensation pursuant to Wage Order 9, § 5, plus interest.

**COUNT XI**

**Failure to Post Pay Days and to Pay in Cash-Negotiable Instruments (Cal. Labor Code §§ 207, 212, 213)**

64. Cal. Labor Code § 207 requires an employer to post in a conspicuous place a notice specifying the regular pay days and time and place of payment. Cal. Labor Code §§ 212 and 213 require payment in negotiable, cash-equivalent instruments.

65. Defendant has not provided such public, posted notice as required by Cal. Labor Code § 207. Defendant has provided compensation in a manner prohibited under Cal. Labor Code §§ 212 and 213.

**COUNT XII**

**Common Counts – Restitution or Unjust Enrichment**

66. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

67. Defendant has been unjustly enriched as a result of the conduct described in this Complaint and other inequitable conduct. Defendant has failed to reimburse drivers for expenses and accepted payment of gratuities to which Plaintiffs are entitled and

customers expected Plaintiffs to receive, and Defendant and/or its affiliates has retained all or a portion of the money it otherwise would have paid to reimburse drivers for expenses and also the unlawfully retained gratuities, and refused to remit them to Plaintiffs.

68. Retention of these expenses and gratuities by Defendant would be unjust and inequitable. The gratuities that Defendant and/or its affiliates received were not legitimately earned by Defendant, and came at the expense of Plaintiffs, to whom customers expected the gratuities to be paid.

69. Defendant is guilty of malice, oppression, and/or fraud through its willful and conscious disregard for Plaintiffs' rights, and through its intentional retention of gratuities meant for Plaintiffs. Defendant's willful and conscious disregard for Plaintiffs' rights created an unjust hardship for Plaintiffs.

70. As a result of Defendant's unjust enrichment, Plaintiffs seek restitution and disgorgement of all gratuities, tips, money that should have been reimbursed to drivers for expenses, or additional compensation Defendant received from customers that customers expected Plaintiffs to receive. Additionally, Plaintiffs are entitled to exemplary damages in connection with this cause, or these causes, of action.

## COUNT XIII

### Conversion

71. Defendant intentionally and unlawfully took Plaintiffs' property, namely tips and money for expenses, without Plaintiffs' permission.

72. Defendant's conduct, as set forth above, substantially interfered with Plaintiffs' property.

73. As a result, Plaintiffs were harmed and class members are entitled to restitution for their full share of proceeds.

74. Defendant's conduct was willful, wanton, malicious, and oppressive, and further justifies the awarding of exemplary and punitive damages.

**COUNT XIV**

**Fraud**

75. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

76. Defendant made a false representation, that Plaintiffs would receive gratuities, which Defendant knew was a false representation at the time, with the intent to defraud, which Plaintiffs justifiably relied upon, causing Plaintiffs to incur damages.

**COUNT XV**

**Untrue or Misleading Advertising—Business and Professions Code § 17500**

77. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

78. Defendants intended to perform services.

79. Defendant disseminated advertising before the public in California that: (a) contained statements that were illegal, untrue or misleading; (b) Defendant knew, or in the exercise of reasonable care should have known, was illegal, untrue or misleading; (c) concerned the personal property or services or their disposition or performance; and (d) was likely to mislead or deceive a reasonable consumer. The illegal, untrue and/or misleading statements and representations made by Defendant include but are not limited to: Words stating or implying that tips are included in the fare, when in fact tips are not included.

**COUNT XVI**

**Unpaid Minimum Wage Under the FLSA**

80. Defendant's willful conduct in failing to ensure its employees receive the federal minimum wage, and requiring its employees to pay for the expenses of their employment (all of which contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. § 201, *et seq*. This claim is brought on behalf of a class of similarly situated individuals who have worked for Uber in California and may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

**COUNT XVII**

**Unpaid Overtime Under the FLSA**

81. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiffs sometimes worked in excess of forty (40) hours per week but were not paid premium pay for all hours worked over 40 in a week. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered lost wages and other damages. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt-in" to this case, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court certify this case as a class action, pursuant to Fed. R. Civ. P. 23; certify this case a collective action pursuant to 29 U.S.C. § 216(b); award restitution for all charged gratuities which were not remitted to the drivers; award reimbursement that the drivers who were misclassified as independent contractors were

required to bear; award pre- and post-judgment interest; award reasonable attorneys' fees, costs, and expenses; and award any other relief to which the plaintiffs may be entitled.

Respectfully submitted,

MATTHEW MANAHAN and ELIE GURFINKEL, individually and on behalf of all others similarly situated,

By their attorneys,

_/s/ Shannon Liss-Riordan________________
Shannon Liss-Riordan, SBN 310719
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, apagano@llrlaw.com

Dated: April 19, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served by electronic filing on April 19, 2019, on all counsel of record.

_/s/ Shannon Liss-Riordan________________
Shannon Liss-Riordan, Esq.