S. Patrick Mendel
1319 Washington Ave, #163
San Leandro, CA 94577
carpartners1@gmail.com
Ph. 415-812-8507



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| O'CONNOR,<br><br>    Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES,<br><br>    Defendant | Case No.: 13-03826-EMC<br><br>OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC |

    I, S. Patrick Mendel am an Uber driver and a member of the class of drivers being offered a settlement.

1. I object to the settlement because the settlement amount is not clearly explained. There is no way to understand how many miles Uber will actually acknowledge or the actual amount that is being offered per mile.

2. I object to the terms of the settlement because it would allow Uber to continue to operate in violation of federal transportation laws, as explained below.

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 1

3. I object to the settlement because Uber would continue to unlawfully continue to control the price of my passenger fares under their contract, in violation of the antitrust laws, as explained below.

4. I object to the settlement because it would allow Uber to continue to violate the California Labor laws, and specifically Industrial Wage Commission, Wage Order No. 9, which requires that Uber provide me with employee status and Workmen's Compensation insurance and to reimburse me for business expenses under California Labor Code §2802.

5. I object to the settlement because Uber would continue to seek to add or continue to enforce its arbitration contract which deprives me and the other drivers of the federal statutory right to be exempt from arbitration under 9 U.S.C. §1, as provided for by Congress and explained below.

6. I object to the Lichten & Liss Riordan firm receiving receiving full price attorney's fees for failing to raise the significant issues and rights of the drivers to which they are entitled to under law, that I have correctly raised as an objector.

**MY REASONS FOR OBJECTING ARE:**

The CALIFORNIA PUBLIC UITLITIES COMMISSION nor the California Legislature have any lawful authority to subvert standing federal laws for 3 reasons that cannot be disputed as a matter of law.

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 2

A. California agreed to comply [this includes not subverting or creating TNC permits and laws in conflict with federal prohibitions] and to comply and enforce federal transportation laws when they accepted federal MCSAP Grant funding from the FMCSA and to comply with 49 CFR §350.201.

B. The California TNC laws are prohibited by federal law, 49 U.S.C. §13506(b)(2) and federal regulation 49 CFR §372.101, and California and its California Public Utilities Commission may not grant authority to sell or arrange passenger transportation to private vehicles for compensation or as an occupation or business to Uber or Lyft as "TNC'S as this provides State permission to do or provide passenger transportation that federal law specifically prohibits.

C. Neither California nor its agency, the CPUC, has any lawful authority to attempt to pass TNC laws in conflict in a field of regulation occupied by Congress. *California v. Thompson*, 313 U.S. 109 (1941) and *California v. Zook*, 336 U.S. 725 (1949). This court can declare the TNC laws and the CPUC TNC violative of federal law, or in conflict with or entitled to field or express preemption.

D. California's enactment of the TNC laws was a violation of the Supremacy and Commerce clauses of the United States Constitution,

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 3

*Dennis v. Higgins*, 498 U.S. 439 (1991). This Court could provide declaratory relief by preempting these laws and CPUC TNC permits. The Uber driver contracts should be declared void and this should bar their defense under the judicial estoppel doctrine for the following reasons:

 **E.** The Uber drivers contracts should be declared void as they provide for providing prohibited passenger transportation violative of federal transportation law prohibitions under 49 U.S.C. §13506(b0(2) and 49 CFR 372.101; and

 **F.** The Uber driver contracts should be declared void as they are written horizontal contracts between competitor independent contractors drivers at fixed maximum pricing unilaterally controlled by Uber, which renders them illegal per se under *Arizona v. Maricopa County Medical Society*, 457 U.S. 332 (1982), and violative of the Sherman Antitrust Act section 1, 15 U.S.C. §1.

This Court should declare the embedded arbitration contracts as an unlawful contract because it deprives the drivers of their federal statutory right to be exempt under 9 U.S.C. §1 for the following reasons:

 **G.** The Embedded arbitration contracts in the Uber driver contracts are an unlawful usurpation of the drivers federal statutory rights to be exempt from arbitration as the drivers are "any other class of workers" "under a

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 4

contract of employment" who are "engaged in actual interstate passenger transportation" commerce. SEE: *New Prime v. Oliveira*, 586 U.S. __(2019) SEE ALSO: *In re Van Dusen*, 654F.3d 838 (9th Cir. 2011) and *In re Swift Transportation*, 830 F.3d 913 (9th Cir. 2016) and [the fact that this court has previously recognized the "airport exemption" confirms that even drivers not ever leaving the State of California are nevertheless providing interstate commerce transportation, even IF exempt from federal regulation, as part of the total journey, SEE: *United States v. Yellow Cab*, 332 U.S. 218 (1947), SEE ALSO *Vidinliev v. Carey International*, 581 F.Supp.2d 1281 (2008); *Abel v. Southern Shuttle Services*, 631 F.3d 1210 (11th Cir. 2011); *Charter Limousine v. Dade County Board of County Commissioners,* 678 F.2d 586 (5th Cir. 1982)

Objector S. Patrick Mendel requests the above declaratory relief and such other and further relief as the Court may deem just.

Objector S. Patrick Mendel requests a Statement of Decision

Respectfully submitted;                           Dated:  July 11, 2019

_____
S. Patrick Mendel

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 5

| | |
|---|---|
| 1 | PROOF OF SERVICE BY MAIL |

**US DISTRICT COURT – O'CONNOR v. UBER CASE NO. 13-03826-EMC**

I, Belinda Kirk declare:

I am a citizen of the United States, a resident of Alameda County, California, and am over 18 years of age. I am not a party to the within entitled action.

My business/residence address is: 1986 Washington Ave, Apt A, San Leandro, CA 94577

On Thursday July 12, 2019, I served a copy of the:

    1.    OBJECTION TO SETTLEMENT OF S. PATRICK MENDEL

In this action, in United States District Court for the Northern District of California, San Francisco Division, by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Leandro, California, 94577, addressed as follows:

Theodore J. Boutrous, Jr., Esquire
Attorney for Uber Technologies, Inc.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Shannon Liss-Riordan, Esquire
Plaintiff Attorney for Drivers
Lichten & Liss-Riordan, P.C.
Suite # 2000
729 Boylston Street
Boston, MA 02116

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 6

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Dated: JULY 12, 2019           *[signature: Belinda Kirk]*

BELINDA KIRK

OBJECTION TO SETTLEMENT - CASE NO. 13-03826-EMC - 7