**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, THOMAS COLOPY, MATTHEW MANAHAN, and ELIE GURFINKEL, individually and on behalf of all others similarly situated, | **CASE NO. 3:13-cv-03826-EMC** **Honorable Edward M. Chen** |
| Plaintiffs, | |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |
| HAKAN YUCESOY, ABDI MAHAMMED, MOKHTAR TALHA, BRIAN MORRIS, PEDRO SANCHEZ, ANTONIO OLIVEIRA, and AARON DULLES, individually and on behalf of all others similarly situated, | **CASE NO. 3:15-cv-00262-EMC** **Honorable Edward M. Chen** |
| Plaintiffs, | **DECLARATION OF KATHERINE** **A. HATHAWAY REGARDING** **NOTICE ADMINISTRATION** |
| v. | |
| UBER TECHNOLOGIES, INC. and TRAVIS KALANICK, | |
| Defendants. | |

I, KATHERINE A. HATHAWAY, declare and state as follows:

1.       I am a Senior Project Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and if called on to do so, I could and would testify competently about these issues.

2.       Epiq is serving as the Settlement Administrator in the above-captioned litigation ("the Action") for the purposes of administering the Class Action Settlement Agreement and Release

("Settlement Agreement") preliminarily approved by the Court in its March 29, 2019 Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order").[1] I submit this Declaration in order to advise the Parties and the Court as to the dissemination of Class Notice to Settlement Class Members and to report on Settlement administration.

3.      As Settlement Administrator, Epiq has done and continues to do the following, among other things: (i) disseminated the Long Form Notice to Settlement Class Members via email; (ii) mailed the Long Form Notice, Short Form Notice, and Claim Form to Class Members whose email notice bounced; (iii) issued multiple Reminder Notices by email and by mail to Settlement Class Members who have not filed Claim Forms; (iv) created and maintains an email address, info@UberLitigation.com, to communicate with Settlement Class Members and potential Settlement Class Members regarding the Settlement; (v) created and maintains a toll-free helpline for inquiries during the course of the administration; (vi) created and maintains a case website and posted case-specific documents on it; and (vii) received and processed claims.

### INITIAL DATA TRANSFER AND NOTICE DISSEMINATION

4.      On April 10, 2019, Defendant provided Epiq with an electronic file containing the names, email addresses, and a numerical identifier for the 14,085 drivers who met the criteria for Settlement Class Members ("Initial Class Information"). Epiq promptly loaded this data into a secure database created for the purpose of administration of the Settlement. Epiq assigned unique identification numbers to all records in order to maintain the ability to track them throughout the Settlement process; these unique identification numbers corresponded to the numerical identifier provided in Defendant's Initial Class Information.

---

[1] All capitalized terms not otherwise defined in this document shall have the same meaning ascribed to them as set forth in the Settlement Agreement.

5.       On April 19, 2019, Epiq emailed the Court-approved Long Form Notice ("Class Notice") to the 14,146 email addresses provided by Uber for the 14,085 Settlement Class Members.[2] Each Class Notice email contained the Settlement Class Member's Unique ID Number and password, as well as a personalized link that when clicked would take them directly to the log in page for a claim portal where they could file a Claim Form ("Online Claim Portal"). The Class Notice also contained a link to the case website, www.UberLitigation.com/documents, where a person could view the Short Form Notice. A sample of the emailed Class Notice is attached hereto as **Exhibit A**. Epiq promptly attempted to re-send emails that were rejected by Settlement Class Members' email providers as "soft bounces," meaning the email address was valid and the email message reached the recipient's mail server but a temporary delivery issue prevented delivery of the email to the recipient.

6.       In total, 2,034 of the emailed Class Notices were undeliverable. On April 26, 2019, Epiq provided Defendant with a file containing the name, email address(es), and numerical identifier of the Settlement Class Members whose emailed Class Notices were undeliverable so that Defendant could provide Epiq with mailing addresses to mail a paper Class Notice and Claim Form to these individuals. Defendant returned this file to Epiq on April 30, 2019, with mailing addresses for 1,097 Settlement Class Members. Epiq conducted address research using email addresses and phone numbers and was able to obtain mailing addresses for 801 of the remaining 937 Settlement Class Members. On May 10, 2019, Epiq mailed paper copies of the Class Notice to the 1,898 Settlement Class Members for whom address data was obtained. Of these, 324 were returned to Epiq by the Post Office as undeliverable. A copy of the mailed Class Notice is attached hereto as **Exhibit B**.[3]

---

[2] Uber provided multiple email addresses for some Settlement Class Members, which is why Class Notice was emailed to more than 14,085 unique email addresses.  If Uber provided multiple addresses for a Settlement Class Member, Epiq emailed a Class Notice to all of the email addresses provide for that person.

[3] In May 2019, Defendant also informed Epiq that there were additional drivers who were not part of the Initial Class Information who the Parties agreed met the definition of a Settlement Class

7.    As of July 22, 2019, Class Notices were ultimately returned undeliverable for 618 of the 15,710 recipient Settlement Class Members. Therefore, total deliverability of Class Notices to Settlement Class Members was over 96%.

### DISSEMINATION OF REMINDER NOTICE

8.    On June 11, 2019, Epiq conducted the first Reminder Notice email blast to the 13,406 Settlement Class Members in the Initial Class Information who had not yet filed claims. An example of this email is attached as **Exhibit C**. 11,393 of these email Reminder Notices were delivered, and 2,014 were undeliverable.

9.    Epiq issued a second reminder notice email blast on June 24, 2019 to all 13,047 Settlement Class Members who had not yet filed claims. 12,477 of these email Reminder Notices were delivered, and 570 were undeliverable.

10.    As of July 22, 2019, at the Parties' request, Epiq has sent out three additional Reminder Notice email blasts. The dates of the blasts and delivery statistics are:

| Date | Emails Sent | Emails Delivered | Emails Undeliverable |
|---|---|---|---|
| 7/2/2019 | 11,827 | 11,318 | 509 |
| 7/10/2019 | 10,138 | 10,133 | 5 |
| 7/19/2019 | 9,268 | Results Pending | Results Pending |

Epiq will send additional reminder notice email blasts and take any additional steps as the Parties direct.

---

Member and needed to be issued Class Notice. Epiq emailed Class Notice to three additional Settlement Class Members on May 23, 2019. On May 15, 2019, Defendant provided Epiq with a file containing data for 1,622 additional Settlement Class Members. Epiq promptly loaded this data into the secure database maintained for this Settlement, and, on June 11, 2019, Epiq emailed Class Notice to the 2,530 email addresses provided for these additional 1,622 Settlement Class Members. This Class Notice was the same as the emailed Class Notice to the drivers in the Initial Class Information, with the Exclusion and Objections deadline set at 60 days from the issuance of this notice (August 10, 2019). Epiq promptly attempted to re-send emails that were rejected by Settlement Class Members' email providers as "soft bounces." Ultimately, 158 of the emails to these additional Settlement Class Members were undeliverable, and Epiq successfully mailed paper Reminder Notices to all 158 of these individuals.

11.     The Parties also requested that Epiq mail a paper Reminder Notice (including a paper Claim Form) to Settlement Class Members who had not yet filed claims and whose awards were estimated to be at least $100, and for whom Epiq could obtain addresses from address research using commercially available databases or for whom addresses had been provided by Defendant or Class Counsel. Epiq mailed 4,328 Reminder Notices on July 8, 2019. 398 of these Reminder Notices were returned to Epiq as undeliverable. A sample Reminder Notice is attached as **Exhibit D**.

## CLAIMS RECEIVED

12.     Settlement Class Members were directed to file claims in this Settlement by August 17, 2019.  As of July 22, 2019, Epiq has received 4,590 timely Claim Forms from Settlement Class Members, accounting for 58.3% of the settlement fund (assuming 100% participation).[4]

## TOLL-FREE INFORMATION LINE

13.     Epiq maintains a toll-free number, 1-855-571-5869, and interactive voice response system ("IVR") to accommodate telephone inquiries from Settlement Class Members and to answer frequently asked questions. The toll-free number is accessible 24 hours a day, seven days a week. Live agents are available Monday through Friday from 6:00 am to 6:00 pm Pacific Time.  As of July 19, 2019, Epiq has received 1,135 calls to the toll-free number, of which 743 calls were transferred to a live operator.  Epiq will continue to maintain the toll-free number throughout the settlement administration process.

## WEBSITE

14.     Epiq established and maintains a website, www.UberLitigation.com, to assist Settlement Class Members. Settlement Class Members can submit their Claim Forms through the

---

[4] Epiq also has received 126 Claim Forms from people who obtained a Claim Form from the case website but do not appear to be Settlement Class Members. At the conclusion of the claims period, Epiq will conduct an analysis of these claims and consult with counsel for the parties to determine which, if any, Claim Forms were submitted by Settlement Class Members.

Online Claim Portal, review the Class Notice and other documents, download a Claim Form, and view important dates, including the opt-out and objection deadlines, as well as the date of the Final Approval Hearing. The website became operational on April 19, 2019 and Epiq will continue to maintain and, as appropriate, update the informational portion of this Settlement website throughout the Settlement administration process.

## EMAIL ADDRESS

15.    Epiq maintains an email addresses, info@UberLitigation.com, for Settlement Class Members to submit requests for Class Notices and ask questions regarding the settlement. Settlement Class Members also may submit Claim Forms to this email address. As of July 19, 2019, Epiq has handled approximately 2,808 emails at this email address. Epiq will continue to maintain this email address throughout the Settlement administration process.

## EXCLUSIONS

16.    Settlement Class Members who were issued Class Notice on April 19, 2019 who wished to exclude themselves from the Settlement were required to submit a request for exclusion to the Settlement Administrator either postmarked or submitted by email to exclude@UberLitigation.com by June 18, 2019.[5] As of July 22, 2019, Epiq has received timely exclusion requests from three Settlement Class Members. A true and accurate list of these three exclusion requests is attached as **Exhibit E**.[6]

---

[5] Settlement Class Members who were issued Class Notice on June 11, 2019, have until August 10, 2019 to submit their exclusion request to the Settlement Administrator.

[6] In addition, the Administrator received an exclusion request sent by an attorney purporting to represent and exclude 203 drivers. Although the list contained 203 people, the Settlement Administrator was only able to conclusively identify one of the people as a Settlement Class Member in the first instance, and the Settlement Administrator determined that this exclusion request was not valid. The Administrator also received an untimely request for exclusion on July 19, 2019, from a driver who was subject to the June 18, 2019 deadline to opt out of the settlement.

HATHAWAY DECL. REGARDING NOTICE ADMINISTRATION
CASE NOS. CV 13-03826-EMC, CV 15-00262-EMC

1

2

## **OBJECTIONS**

3

4          17.        Settlement Class Members who were issued Class Notice on April 19, 2019 who wished

5    to object to the Settlement were required to send a written objection, including the specific reason for

6    the objection, to the Court postmarked by June 18, 2019.[7]  The Settlement Agreement does not require

7    Settlement Class Members to submit their objection to the Settlement Administrator. As of July 22,

8    2019, Epiq has received one objection. A copy of this timely-submitted objection is attached as **Exhibit**

9    **F**. Additionally, the Parties have informed Epiq that two additional objections were timely filed with

10   the Court by Settlement Class Members Shawn Mendel (at Docket Number 951) and Robert Belshaw

11   (at Docket Number 952). Epiq has not directly received a copy of these objections.  Mr. Mendel

12   received notice on April 19, 2019 and June 11, 2019. Mr. Belshaw received notice on June 11, 2019.

13

## **ADMINISTRATION EXPENSES**

14

15         18.        Epiq anticipates that administration costs for this Action will exceed the initial estimate,

16   which was prepared based on the Settlement Agreement and utilized Epiq's standard procedures. Since

17   the initial estimate was prepared, the scope of the project has changed, which will result in higher

18   administration costs. Of particular note: (i) at the Parties' request, Epiq accelerated its standard

19   turnaround times and devoted additional resources to the administration in order to get Class Notices,

20   Reminder Notices, and responses to phone calls and emails to the Settlement Class Members as quickly

21   as possible; (ii) a second data load and Class Notice email blast was needed in order to provide Class

22   Notice to the additional drivers identified in June; (iii) at the parties' request, Epiq has conducted

23   multiple rounds of reminder emails that have incurred additional expenses; and (iv) the amount of

24   communications with Settlement Class Members has exceeded expectations.

25

26

27   —————————————————

28   [7] The postmark deadline for drivers who were issued notice on June 11, 2019 to submit an objection
        to the Court is August 10, 2019.

HATHAWAY DECL. REGARDING NOTICE ADMINISTRATION
CASE NOS. CV 13-03826-EMC, CV 15-00262-EMC

## **SUPPLEMENTAL DECLARATION**

19.    Epiq will provide a supplemental declaration to the Court prior to the Final Approval Hearing to advise the Court on current claim figures and any other developments that have arisen since this declaration.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 25, 2019, at Seattle, Washington.

Katherine A. Hathaway

HATHAWAY DECL. REGARDING NOTICE ADMINISTRATION
CASE NOS. CV 13-03826-EMC, CV 15-00262-EMC

# Exhibit A

**Hathaway, Katherine**

| | |
|---|---|
| **From:** | mail@msgbsvc.com on behalf of O'Connor v. Uber Technologies Settlement <info@uberlitigation.com> |
| **Sent:** | Friday, April 19, 2019 5:25 PM |
| **To:** | Hathaway, Katherine |
| **Subject:** | HTML Sample -- O'Connor v. Uber Technologies – Notice of Settlement |

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If you have used the Uber Application as a Driver in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement), you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer. A summary version of this Notice can be found here.*

⟩ Two class action lawsuits were filed against Uber Technologies, Inc. ("Uber") by drivers who have used the Uber App (the "App") on behalf of themselves and other drivers who have used the App in California and Massachusetts. These lawsuits allege that drivers should be classified as employees, and that Uber has violated provisions of California and Massachusetts labor law by classifying drivers as independent contractors. Uber denies these allegations.

The parties have reached a proposed settlement ("Settlement") to resolve both of these lawsuits. Under the Settlement, Uber agrees to pay $20,000,000 and to change certain of its policies affecting drivers. The Settlement does not reclassify drivers as employees. The exact recovery per driver will depend on miles driven while using the Uber App with a passenger in the car and the Settlement claims rate (since unclaimed funds will be distributed to drivers who submit claims). **Assuming a 50% claims rate, the average net settlement share per claiming Settlement Class Member will be $2,206. Assuming a 100% claims rate, drivers who drove 0-1,000 miles may receive more than $180, whereas drivers who drove 10,000 miles may receive almost $2,000. Drivers who drove 100,000 miles may receive more than $18,000. If there is a 50% claims rate, these estimates would double for drivers who submit claims**.

⟩ The Court in charge of these lawsuits still has to decide whether to approve the Settlement. If it does, drivers who used the App in California or Massachusetts between August 16, 2009, and February 28, 2019 (the "Settlement Class Period"), and who are not bound by Uber's arbitration clause (either because they validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement), will be eligible for payment from Uber.

⟩ Your legal rights are affected whether you act or don't act. This Notice is to inform you of the Settlement, including the nature of the claims at issue, your right to participate in or exclude yourself from the Settlement, and the effect of exercising your various options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment. Give up your right to be a part of another case against Uber about the claims being resolved in this Settlement. **In order to receive a payment, you must submit a Claim, which you can do electronically or by mail, as explained below in the response to Question No. 11.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Get no payment. Keep your right to be part of another case against Uber about the claims being resolved in this Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like this Settlement. You cannot object in order to ask the Court for a higher payment for yourself personally, although you can object to the payment terms (or any other terms) that apply generally to the class. |
| **GO TO A HEARING** | Seek permission to speak in Court about the fairness of the Settlement. The Court will hold a hearing regarding the fairness of the Settlement to decide whether to approve it. |
| **DO NOTHING** | Get no payment. Give up rights. |

ʃ  Your legal rights and options—**and the deadlines to exercise them**—are explained in this Notice. Please read this Notice carefully.

ʃ  Any questions?  Read on and visit **www.UberLitigation.com**.

**Para una notificación en español, visitar nuestro website, www.UberLitigation.com.**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.................................................................................................................... 4

    1.    Why did I get this notice?
    2.    What are the *O'Connor* and *Yucesoy* lawsuits about?
    3.    What is a class action and who is involved?
    4.    Why is there a settlement?

WHO IS IN THE SETTLEMENT............................................................................................... 5

    5.    How do I know if I am part of the Settlement?
    6.    Which drivers are not part of the Settlement?
    7.    I'm not sure if I am included in the Settlement.

THE SETTLEMENT BENEFITS—WHAT DO YOU GET.......................................................... 6

    8.    What does the Settlement provide?
    9.    How are individual Settlement Class Member payments determined?
    10.   What if I disagree with my payment?

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM.......................................................... 9

11.   How can I get a payment?
12.   When would I get my payment?
13.   What am I giving up by staying in the case and getting a payment?

THE LAWYERS REPRESENTING
YOU.................................................................................................... 11
14.   Do I have a lawyer in this case?
15.   How will the Lawyers and Class Representatives be paid?

EXCLUDING YOURSELF FROM THE
SETTLEMENT............................................................................ 11
16.   What does it mean to request exclusion from the Settlement?
17.   How do I ask the Court to exclude me from the Settlement?
18.   If I don't exclude myself, can I sue Uber for the same thing later?
19.   If I exclude myself, can I get money from this Settlement?

OBJECTING TO THE
SETTLEMENT......................................................................................... 12
20.   What if I do not like the Settlement?
21.   What is the difference between objecting and excluding?

THE COURT'S FAIRNESS
HEARING.................................................................................... 13
22.   When and where will the Court determine whether to approve the Settlement?
23.   Do I have to come to the Fairness Hearing?
24.   What if the Settlement is not approved?

IF YOU DO NOTHING.........
................................................................................................. 14
25.   What happens if I do nothing at all?

GETTING MORE
INFORMATION................................................................................. 15
26.   How do I get more information about the Settlement?

# BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

Uber's records show that you used the Uber smartphone application as a driver in California or Massachusetts between August 16, 2009, and February 28, 2019, and that you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement). The Court authorized you to receive this notice because you have a right to know about a proposed settlement of two class action lawsuits, and about your options before the Court decides whether to approve the Settlement. These lawsuits are known as *O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-03826-EMC (the "*O'Connor* lawsuit"), and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262-EMC (the "*Yucesoy* lawsuit").

Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing these lawsuits. This Notice is to inform you that the parties in the *O'Connor* lawsuit and the *Yucesoy* lawsuit have reached a single proposed Settlement intended to resolve *both* lawsuits. This Notice explains your legal rights under the Settlement, the benefits that are available to you, and how to get them.

| 2. | What are the *O'Connor* and *Yucesoy* lawsuits about? |
|---|---|

The central issue in both of these lawsuits is whether Uber has misclassified drivers as independent contractors, as opposed to its employees. In the *O'Connor* lawsuit, the plaintiffs alleged that because drivers are employees, certain of Uber's conduct and policies toward drivers in California violated California labor law. Specifically, the plaintiffs claimed Uber failed to reimburse drivers for vehicle-related and phone expenses and failed to pass along to drivers the entire portion of the fare that allegedly represents a tip.

In the *Yucesoy* lawsuit, the plaintiffs alleged that because drivers are employees, certain of Uber's conduct and policies toward drivers in Massachusetts violated Massachusetts labor law. Specifically, the plaintiffs claimed Uber unlawfully classified drivers as independent contractors, failed to reimburse drivers for their expenses, failed to pass along to drivers the entire portion of the fare that allegedly represents a tip, and interfered with drivers' relationships with passengers.

Uber denies any wrongdoing and liability and contends that it correctly classified drivers as independent contractors and complied at all times with applicable California and Massachusetts law.

| | |
|---|---|
| **3.** | **What is a class action and who is involved?** |

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Together, the Class Representatives and Class Members are called the Plaintiffs. Uber—the company that has been sued—is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class. This Settlement seeks to resolve two separate class action lawsuits filed against Uber—the *O'Connor* lawsuit and the *Yucesoy* lawsuit, but only on behalf of those drivers who are not bound by Uber's arbitration clause (either because they validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

| | |
|---|---|
| **4.** | **Why is there a settlement?** |

The Court did not decide in favor of the Plaintiffs (the drivers) or the Defendant (Uber) in the *O'Connor* lawsuit or the *Yucesoy* lawsuit. Instead, the Parties in each lawsuit agreed to a settlement resolving both lawsuits that they believe is a fair, reasonable, and adequate compromise. The Parties reached this agreement following many years of litigation before the trial court and the Ninth Circuit Court of Appeals. In particular, in light of the recent decision by the Ninth Circuit Court of Appeals that Uber's arbitration clause is enforceable, this Settlement covers only drivers who are not bound by Uber's arbitration clause. Drivers who accepted the arbitration agreement cannot be part of a class action against Uber or a part of this Settlement and must instead pursue their claims in individual arbitration.

The Settlement was reached only after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through formal conferences with an experienced mediator. The Class Representatives and their lawyers have considered the substantial benefits from the Settlement that will be given to the Class Members and balanced these benefits with the risk that a trial could end in a verdict in Uber's favor. They also considered the value of the immediate benefit to the Class Members versus the costs and delay of litigation through trial and additional appeals. Even if Plaintiffs were successful in these efforts, Class Members would not receive any benefits for years to come. Counsel for the Plaintiffs believe that the amount Uber has agreed to pay, along with the modifications Uber has agreed to make to certain of its business practices, is fair, adequate, and reasonable in light of the risks and time required to continue litigating this case.

# WHO IS IN THE SETTLEMENT

**5.        How do I know if I am part of the Settlement?**

You are a part of this Settlement if you meet the following criteria:

You are a current or former driver who has used the Uber smartphone application in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

If you are part of the Settlement, you are called a member of the "Settlement Class" or "Settlement Class Member" and are eligible to receive the monetary benefits described in this Notice.

However, if you are a member of the Settlement Class, you may choose to exclude yourself from the Settlement. You **will not** be included in the Settlement if you chose to validly and timely exclude yourself from the Settlement using the procedure set forth in the response below to Question No. 17.

**6.        Which drivers are not part of the Settlement?**

The following groups of drivers are not included in the Settlement Class:

   A.  Drivers who have never used the App in either California or Massachusetts.
   B.  Drivers who are bound by Uber's arbitration clause (because they have used the Uber Application any time since Uber included an arbitration clause in the driver agreement and did not opt out of arbitration by submitting a valid opt-out request with thirty (30) days of receiving each version of Uber's arbitration agreement).
   C.  Directors, officers, or agents of Uber or its subsidiaries and affiliated companies.
   D.  Individuals designated by Uber as employees of Uber or its subsidiaries and affiliated companies.
   E.  Members of the Court's immediate family or staff.
   F.  Drivers who validly and timely exclude themselves from the Settlement using the procedure set forth in the response below to Question No. 17.

**7.        I'm not sure if I am included in the Settlement.**

If you are not sure whether you are included, you can get free help at www.UberLitigation.com, or by calling the toll-free number, 1-855-571-5869. You may also send questions to the Settlement Administrator at info@uberlitigation.com or:

   Uber Class Action Settlement
   c/o Epiq, Settlement Administrator
   P.O. Box 3518
   Portland, OR  97208-3518

## The Settlement Benefits—What You Get

**8.        What does the Settlement provide?**

The Settlement provides for monetary benefits to members of the Settlement Class, as well as changes to Uber's policies that will affect all drivers in California and Massachusetts, including those who are not part of the Settlement Class. Although Uber will be changing certain of its policies, drivers are to remain classified as

independent contractors.

**Monetary Benefits**

If the Settlement is ultimately approved by the Court, Uber will pay $20,000,000 (the "Settlement Amount") to settle the *O'Connor* lawsuit and the *Yucesoy* lawsuit for those drivers who are not bound by Uber's arbitration clause, including the dismissal with prejudice and the release by all Settlement Class Members of all wage and hour claims now pending against Uber in California and Massachusetts ("the Settlement Class Members' Released Claims"), except that any claims that a Settlement Class Member may have under the Fair Labor Standards Act ("FLSA") will not be released unless that Settlement Class Member submits a claim and acknowledges in writing that he or she agrees to a release of his or her claims under the FLSA. This means that class members who do not opt out of the Settlement are permanently giving up their right to be a part of another case against Uber about the claims being resolved in this Settlement. The Settlement Class Members' Released Claims include the following:

A.  Claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203 and wage statement penalties pursuant to California Labor Code section 226);

B.  Claims pursuant to California Labor Code sections 200-204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221-224, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245-249, 351, 353, 432.5, 450, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, and 2804 (payment of wages upon discharge at place of discharge, requirements regarding posting of regular paydays, fringe benefits, or health and welfare or pension fund contributions, penalties associated with requiring workers to repay wages to employer or with paying a lower wage, unlawful deductions, itemized wage statements, meal and rest breaks, vacation and sick days, gratuities, limits on hours and days of work, minimum wage, overtime, recordkeeping, failing to reimburse necessary business expenses);

C.  Claims pursuant to California Code of Civil Procedure section 1021.5 (penalties associated with hiring a contractor if license is invalid);

D.  Claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040 (wage orders regulating wages, hours, and working conditions);

E.  Claims pursuant to Industrial Welfare Commission Wage Orders;

F.  Claims under California Business and Professions Code section 17200, *et seq.* and 17500 (for unlawful, unfair, or fraudulent business practices);

G.  Claims under California common law to recover any alleged tip or expense;

H.  Claims pursuant to Massachusetts General Laws, chapter 149, sections 19, 19A, 19C, 20, 24A, 24B, 24C, 24D, 24F, 52C, 52D, 100, 105A, 105B, 105D, 148, 148A, 148B, 148C, 150, 150A, 152A, and 180 (keeping and furnishing information regarding personnel records, meal and rest breaks, parental leave, family and medical leave, sick time, payment of wages upon discharge, notification of deductions, violations related to tips, age and gender discrimination, requiring an employee to furnish a copy of a medical report or inquiring into undocumented status);

I.   Claims pursuant to Massachusetts General Laws, chapter 151, sections 1, 1A, 1B, 7, 10, 15, 16, 19, and 20 (overtime, minimum wage, record-keeping, posting of minimum wage amounts);

J.   Claims pursuant to Massachusetts General Laws, chapter 93A, sections 1, 2, and 11 (unfair business practices);

K.   Claims pursuant to Massachusetts General Laws, chapter 266, section 91 (untrue and misleading advertisements);

L.   Claims under Massachusetts common law to recover any alleged tip or expense;

M.   Claims for attorneys' fees and costs;

N.   Claims of unfair business practices; and

O.   All claims, including common law claims, arising out of or related to the statutory causes of action described herein.

After deducting attorneys' fees and costs, settlement administration costs and additional awards to the Class Representatives for initiating and bearing the burdens of these lawsuits, all of which are subject to Court approval, the remainder of the Settlement Amount—called the "Net Settlement Fund"—will be available for distribution to Settlement Class Members.

**Changes to Uber's Policies**

In addition to the monetary payments outlined above, Uber will modify certain of its business practices relating to drivers in California and Massachusetts. These modifications include the following:

1.   Comprehensive Written Deactivation Policy: Uber will maintain Community Guidelines (the "Policy"). Pursuant to this Policy:
     a.   Low acceptance rates are not grounds for account deactivation.
     b.   Uber will maintain its comprehensive Policy online in an easily-accessible and easily-understood format.
     c.   Uber will provide advance warning before a Driver's user account is deactivated for reasons other than safety issues, physical altercation discrimination, fraud, sexual misconduct, harassment, or illegal conduct (each, an "Excluded Matter").
     d.   Uber will provide the Driver with an explanation for its decision to deactivate the account.

2.   Formal Appeals Process for Deactivation Decisions: On or before one hundred and eighty (180) days after the Effective Date, Uber will institute a formal appeals process for deactivation decisions, except in certain circumstances (*e.g.*, among others, where deactivation relates to or arises from low star ratings, safety issues, criminal activity, physical altercation, sexual misconduct, fraud, discrimination, harassment and background checks). To that end, Uber will create a Driver Panel in major cities with Greenlight Hubs that consists of high-quality, highly-rated active Drivers. For Drivers who initiate a formal appeals process, the panel will recommend whether Drivers should be reactivated in the event their user account was deactivated.

3.   Quality Courses for Drivers: Uber will make quality courses available for Drivers whose user accounts are deactivated in California and Massachusetts, except in the event of an Excluded Matter. Uber will work with third-party providers to help lower the cost of these courses for Drivers. Completion of one of these courses will make Drivers eligible for consideration for reactivation.

The complete terms of the Settlement are in the Settlement Agreement, which is available at www.UberLitigation.com. You may also request a hard copy of the Settlement Agreement by sending a self-addressed, stamped envelope to:

> Uber Class Action Settlement
> c/o Epiq, Settlement Administrator
> P.O. Box 3518
> Portland, OR  97208-3518

**9.      How are individual Settlement Class Member payments determined?**

Payments to Settlement Class Members who submit valid claims (see Question 11) will be based on each such Settlement Class Member's share of the Net Settlement Fund. A Settlement Class Member's share will be determined by the total number of miles that he or she spent "On Trip" during the Settlement Class Period. "On Trip" means the period of time when a driver is transporting a passenger or item procured through the App. The settlement formula will distribute the funds (after the deduction of fees and expenses) in proportion to the number of On Trip miles driven.

The exact amount each such Class Member will receive cannot be calculated until (1) the Court approves the Settlement; (2) amounts are deducted from the Settlement Fund for the costs of providing notice to the Class, administering the settlement, paying lawyers' fees and expenses, paying taxes and tax-related expenses, and making enhancement payments approved by the Court; and (3) the Settlement Administrator determines the number of Class Members who excluded themselves, submitted valid claims, and after payments are made, successfully received their payment.

Approximately 60 days after final approval of the settlement, initial Settlement shares will be distributed. Approximately 180 days later, all remaining unclaimed funds will be distributed to Class Members who received initial shares (so long as their residual payment will exceed $100.) After this final distribution, all unclaimed funds that remain from the amount allocated to California drivers will be distributed to the Legal Aid at Work, and all unclaimed funds that remain from the amount allocated to Massachusetts drivers will be distributed to Greater Boston Legal Services.

**10.      What if I disagree with my payment?**

There is a process in the Settlement for you to challenge the determination of the amount of your Settlement Payment. The Settlement Administrator, with input from counsel for Plaintiffs, the Settlement Class Members, and Uber, will determine the amount of each Settlement Payment and will resolve any objections to your payment amount. You will receive further details regarding this process in the letter you will receive regarding your payment.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM

**11.      How can I get a payment?**

To qualify for a payment, you must submit a Claim, either electronically or through a paper Claim Form. To submit a Claim electronically, you may **CLICK THIS LINK** to access the claim portal. Or you can go to www.UberLitigation.com and enter your Unique ID and Password, provided below, and follow the instructions that appear.

Unique ID:
Password:

To submit a claim by paper, you can click **HERE** to download and print a Claim Form. Alternatively, you can contact the Settlement Administrator at 1-855-571-5869 or info@uberlitigation.com, and the Administrator will send you a paper copy. Paper claim forms must be submitted to the address listed below.

When you fill out your Claim Form—either electronically or through a paper form—you must provide your name, current address, Social Security number, and the telephone number and email address you used to sign up for a driver account with Uber. **In order to receive a monetary payment from the Settlement, you must submit your Claim no later than July 18, 2019.**

If you submit a Claim to receive a monetary payment, your Settlement Payment will be mailed to the address you provide on your Claim Form. You are responsible for ensuring that the Settlement Administrator has your correct mailing information.

If you need to update your mailing information after submitting your claim, you may write to the Settlement Administrator at the following address:

> Uber Class Action Settlement
> c/o Epiq, Settlement Administrator
> P.O. Box 3518
> Portland, OR  97208-3518

You can also update your information via email to info@uberlitigation.com.

Please include your Unique ID on any correspondence sent to the Settlement Administrator.

**If you do not keep your address current with the Settlement Administrator, your Settlement Payment may be delayed and it is possible that you will not receive your Settlement Payment**.

| 12. | When would I get my payment? |
|---|---|

The Court will hold a hearing—called a "Fairness Hearing"—on **July 18, 2019**, to decide whether to approve the Settlement. If the Court approves the Settlement after the Fairness Hearing, it is anticipated that you would receive your payment in the second half of 2019. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Everyone who submits a claim will be informed of the progress of the Settlement. Please be patient.

| 13. | What am I giving up by staying in the case and getting a payment? |
|---|---|

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Uber about the legal issues addressed in these lawsuits (*see* explanation of "Settlement Class Members' Released Claims" in response to Question No. 8). It also means that all of the Court's orders will apply to you and legally bind you. If you submit a Claim, you will agree to a "Release of Claims," available online as part of the claim submission process, which describes exactly the legal claims that you give up if you get Settlement benefits.

**THE LAWYERS REPRESENTING YOU**

| 14. | Do I have a lawyer in this case? |
|-----|----------------------------------|

You do not need to hire your own lawyer. The Court decided that Ms. Shannon Liss-Riordan, Esq., and Ms. Adelaide Pagano, Esq. of the law firm Lichten & Liss-Riordan, P.C. are qualified to represent you and all Settlement Class Members. These lawyers are called "Class Counsel." They are experienced in handling similar cases against other defendants. If you have questions about the lawsuit or your rights in this case, you can contact them at the address below:

**Class Counsel**
Shannon Liss-Riordan, Esq.
Adelaide Pagano, Esq.
LICHTEN & LISS-RIORDEN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(855) 590-2600
uberlawsuit@llrlaw.com

You and other Settlement Class Members will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the Lawyers and Class Representatives be paid? |
|-----|---------------------------------------------------------|

Class Counsel will ask the Court for fees up to 25% of the gross Settlement Fund and costs incurred for prosecuting these actions. Class Counsel will ask for enhancement payments for the Class Representatives for their services as Representatives and for their efforts in bringing this case. The combined sum of all enhancement payments—to Class Representatives and the other drivers—shall not exceed $40,000. The actual amounts of fees and costs awarded to Class Counsel and the actual amounts of the enhancement payments will be determined by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 16. | What does it mean to request exclusion from the Settlement? |
|-----|------------------------------------------------------------|

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Uber, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

If you come within the Settlement Class definition, you will be a member of the Settlement Class and will be bound by the Settlement unless you exclude yourself. Being "bound by the Settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement, including the release of their claims and the eligibility to receive any monetary benefits.

You cannot exclude yourself from the Settlement Class if you wish to object to the Settlement and/or appear and be heard before the Court during the Fairness Hearing. This is because you need to be a Settlement Class Member affected by the Settlement to object or appear.

| 17. | How do I ask the Court to exclude me from the Settlement? |
|-----|----------------------------------------------------------|

To exclude yourself from this settlement, you must send a letter by mail, **postmarked on or before June 18, 2019,** or by email on or before **June 18, 2019**, to the Settlement Administrator at the following address:

> Uber Class Action Settlement
> c/o Epiq, Settlement Administrator
> P.O. Box 3518
> Portland, OR  97208-3518
> exclude@uberlitigation.com

Your letter must contain: (1) a clear statement that you wish to be excluded from the Settlement in *O'Connor, et al. v. Uber Technologies, Inc.* and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*; (2) your name (and former names, if any), address, phone number, and email address that you used when using the Uber Application to drive; and (3) your signature (or the signature of your legally-authorized representative).

If, before the deadline, you request to be excluded from the Settlement, you will not receive any payment under the Settlement and you will not be bound by anything that happens in this case.

| 18. | If I don't exclude myself, can I sue Uber for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up the right to sue Uber for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. **Remember, the exclusion deadline is June 18, 2019.**

| 19. | If I exclude myself, can I get money from this Settlement? |
|---|---|

No. If you exclude yourself, do not submit a Claim to ask for any money. However, you may sue, continue to sue, or be part of a different lawsuit against Uber.

## OBJECTING TO THE SETTLEMENT

| 20. | What if I do not like the Settlement? |
|---|---|

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. If the Court rejects your objection, you will still be bound by the terms of the Settlement, but you will also receive a Settlement Payment.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case names and numbers (*O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826 and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 17th Floor, San Francisco, CA, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c)

be filed or postmarked on or before **June 18, 2019**.

Your written objection must contain: (1) your full name, address, telephone number, and signature; (2) a heading that clearly refers to these cases, *O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826 and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262; (3) a statement of the specific reasons for your objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number.

Your objection must be signed by you (or your legally-authorized representative), even if you are represented by a lawyer. If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid.

| 21. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement.
You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object to the Settlement because the cases no longer affect you.

## THE COURT'S FAIRNESS HEARING

| 22. | When and where will the Court determine whether to approve the Settlement? |
|---|---|

The Court has preliminarily approved the Settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the Settlement. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for service awards on behalf of the Class Representatives described in response to Question No. 15, and Class Counsel's request for attorneys' fees and expenses. The Court will also consider objections and may grant permission for objectors to speak. The Court may decide these issues at the Fairness Hearing or take them under consideration and decide the issues at a later time. We do not know how long these decisions will take.

The Court has scheduled a Fairness Hearing at 1:30 pm on **July 18, 2019**, at the United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, CA 94102. The Fairness Hearing may be continued or rescheduled by the Court without further notice. Settlement Class Members should check the Settlement website by visiting www.UberLitigation.com or should check the Court's PACER site (available for a fee at https://ecf.cand.uscourts.gov) to confirm the date of the Fairness Hearing.

| 23. | Do I have to come to the Fairness Hearing? |
|---|---|

No. You are not required to come to the Fairness Hearing, but you are welcome to come at your own expense if you so desire.

Settlement Class Members who object to the Settlement do not need to attend the Fairness Hearing for their objections to be considered. If you wish to appear either personally or through your own attorney at the Fairness Hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court and send a copy to the Settlement Administrator at the addresses set forth above in the response to Question No. 20 no later than **June 18, 2019**.

Your notice of intention to appear must include copies of any papers or other evidence that you or your lawyer will present at the hearing. Any Settlement Class Member who does not file and serve a notice of intention to appear in accordance with these instructions will not be allowed to speak at any hearing, including the Fairness Hearing, concerning this Settlement.

| | |
|---|---|
| **24.** | **What if the Settlement is not approved?** |

If the Settlement is not granted final approval, the *O'Connor* lawsuit and the *Yucesoy* lawsuit will proceed, and none of the agreements set forth in this notice will be valid or enforceable.

## IF YOU DO NOTHING

| | |
|---|---|
| **25.** | **What happens if I do nothing at all?** |

If you do nothing, you'll get no money from this Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Uber about the legal issues in these cases, ever again.

## GETTING MORE INFORMATION

| | |
|---|---|
| **26.** | **How do I get more information about the Settlement?** |

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.UberLitigation.com, by contacting class counsel at Lichten & Liss-Riordan, P.C. 729 Boylston Street, Suite 2000, Boston, MA 02116, uberlawsuit@llrlaw.com, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

*Please note: This e-mail message was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.*

If you would prefer not to receive further messages from this sender, please Click Here and confirm your request.

Exhibit B

O'Connor v. Uber Technologies
Yucesoy v. Uber Technologies
P.O. Box 3518
Portland, OR 97208-3518

| Must be |
| Postmarked |
| No Later Than |
| July 18, 2019 |

<<Mail ID>>
<<Name 1>>
<<Name 2>>
<<Address 1>>
<<Address 2>>
<<Address 3>>
<<Address 4>>
<<Address 5>>
<<City>><<State>><<Zip>>
<<Country>>

Telephone: 1-855-571-5869
Website: www.UberLitigation.com

Unique ID:
Password:

# PROOF OF CLAIM AND RELEASE

## PART I - CLAIMANT IDENTIFICATION

Unique ID:

First Name:                                    MI:    Last Name:

Address Line 1:

Address Line 2 (if applicable):

City:                                          State:    ZIP Code:

Telephone Number (please provide the number associated with your Uber account):

Social Security Number/Tax Identification Number (only needed for claims over $600; if not provided, taxes may be withheld):

Current Email Address:

Email Registered With Uber (if different and available):

(The address entered above will be used to send payment. It is your responsibility to make sure that the address information provided is current and accurate until the time the payment of the settlement funds has been issued by the Settlement Administrator.)

## PART II - GENERAL INFORMATION AND RELEASE OF CLAIMS

By signing this form, I hereby agree individually and on behalf of my heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, to forever release, discharge, hold harmless, and covenant not to sue (1) Uber Technologies, Inc.

01-CA4399
X6841 v.10

1

("Uber") and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uber; (2) Travis Kalanick; and (3) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities, and by operation of the Final Judgment shall have fully and finally released, relinquished, and discharged any and all past and present claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or disbursements, including, but not limited to, those incurred by Class Counsel or any other counsel representing the Named Plaintiffs or any Settlement Class Members, other than those expressly awarded by the Court in the Fee and Expense Award authorized by this Agreement) that are based on or reasonably related to the claims asserted in the Action, including in the Amended Complaints for Settlement, and specifically the following claims based on or reasonably relating to claims asserted or alleged in the Action: (a) claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203, and wage statement penalties pursuant to California Labor Code section 226); (b) claims pursuant to California Labor Code sections 200-204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221-224, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245-249, 351, 353, 432.5, 450, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, and 2804; (c) claims pursuant to California Code of Civil Procedure section 1021.5; (d) claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040; (e) claims pursuant to Industrial Welfare Commission Wage Orders; (f) claims under California Business and Professions Code sections 17200, et seq. and 17500; (g) claims under California common law to recover any alleged tip or expense; (h) claims pursuant to Massachusetts General Laws, chapter 149, sections 19, 19A, 19C, 20, 24A, 24B, 24C, 24D, 24F, 52C, 52D, 100, 105A, 105B, 105D, 148, 148A, 148B, 148C, 150, 150A, 152A, and 180; (i) claims pursuant to Massachusetts General Laws, chapter 151, sections 1, 1A, 1B, 7, 10, 15, 16, 19, and 20; (j) claims pursuant to Massachusetts General Laws, chapter 93A, sections 1, 2, and 11; (k) claims pursuant to Massachusetts General Laws, chapter 266, section 91; (l) claims under Massachusetts common law to recover any alleged tip or expense; (m) claims for attorneys' fees and costs; (n) claims of unfair business practices; and (o) all claims, including common law claims, arising out of or related to the statutory causes of action described herein.

By signing and submitting this Claim Form, I understand that I am consenting to join the action captioned O'Connor, et al. v. Uber Technologies Inc., Case No. 13-03826-EMC (Northern District of California) or Yucesoy, et al. v. Uber Technologies, Inc., et al., Case No. 3:15-0262-EMC (Northern District of California) (collectively, the "Action") as a party plaintiff to the Fair Labor Standards Act ("FLSA") claims asserted in this Action pursuant to 29 U.S.C. § 216(b). I also understand that I am submitting to the jurisdiction of the United States District Court for the Northern District of California with respect to my claim as a Settlement Class Member and for purposes of the enforcement of the release of claims stated in the Agreement and Notice of Settlement of Class Action. I further agree that I am bound by the terms of any judgment that may be entered in this class and collective action, and to furnish additional information to support this claim if required to do so. If I am the executor, heir, or representative of a Settlement Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

By submitting this Claim Form, I agree to opt-in to an FLSA collective action and release all claims under the FLSA based on or reasonably related to the claims asserted in the Action.

I have read and understand the Notice of Settlement of Class Action and the Claim Form.

By signing below, I certify under penalty of perjury that any information I am providing with this Claim Form is true and correct, and that I fully endorse, accept, and agree to the Release and Consent to Join as detailed above in this Claim Form.

Signed date ☐☐ – ☐☐ – ☐☐
           MM     DD     YY

| | |
|---|---|
| Signature of Claimant | Print Name of Claimant |

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# If you have used the Uber application as a Driver in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement), you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Two class action lawsuits were filed against Uber Technologies, Inc. ("Uber") by drivers who have used the Uber App (the "App") on behalf of themselves and other drivers who have used the App in California and Massachusetts. These lawsuits allege that drivers should be classified as employees, and that Uber has violated provisions of California and Massachusetts labor law by classifying drivers as independent contractors. Uber denies these allegations.

The parties have reached a proposed settlement ("Settlement") to resolve both of these lawsuits. Under the Settlement, Uber agrees to pay $20,000,000 and to change certain of its policies affecting drivers. The settlement does not reclassify drivers as employees. The exact recovery per driver will depend on miles driven while using the Uber App with a passenger in the car and the settlement claims rate (since unclaimed funds will be distributed to drivers who submit claims). **Assuming a 50% claims rate, the average net settlement share per claiming Settlement Class Member will be $2,206. Assuming a 100% claims rate, drivers who drove 0–1,000 miles may receive more than $180, whereas drivers who drove 10,000 miles may receive almost $2,000. Drivers who drove 100,000 miles may receive more than $18,000. If there is a 50% claims rate, these estimates would double for drivers who submit claims**.

- The Court in charge of these lawsuits still has to decide whether to approve the Settlement. If it does, drivers who used the App in California or Massachusetts between August 16, 2009, and February 28, 2019 (the "Settlement Class Period"), and who are not bound by Uber's arbitration clause (either because they validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement), will be eligible for payment from Uber.

- Your legal rights are affected whether you act or don't act. This Notice is to inform you of the Settlement, including the nature of the claims at issue, your right to participate in or exclude yourself from the Settlement, and the effect of exercising your various options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment. Give up your right to be a part of another case against Uber about the claims being resolved in this Settlement. **In order to receive a payment, you must submit a Claim, which you can do electronically or by mail, as explained below in the response to Question No. 11.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Get no payment. Keep your right to be part of another case against Uber about the claims being resolved in this Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like this Settlement. You cannot object in order to ask the Court for a higher payment for yourself personally, although you can object to the payment terms (or any other terms) that apply generally to the class. |
| **GO TO A HEARING** | Seek permission to speak in Court about the fairness of the Settlement. The Court will hold a hearing regarding the fairness of the Settlement to decide whether to approve it. |
| **DO NOTHING** | Get no payment. Give up rights. |

- Your legal rights and options—**and the deadlines to exercise them**—are explained in this Notice. Please read this Notice carefully.

- Any questions? Read on and visit **www.UberLitigation.com**.

**Para una notificación en español, visitar nuestro website, www.UberLitigation.com.**

## What This Notice Contains

BASIC INFORMATION ................................................................................................................3

    1.   Why did I get this notice?

    2.   What are the *O'Connor* and *Yucesoy* lawsuits about?

    3.   What is a class action and who is involved?

    4.   Why is there a settlement?

WHO IS IN THE SETTLEMENT ...................................................................................................4

    5.   How do I know if I am part of the Settlement?

    6.   Which drivers are not part of the Settlement?

    7.   I'm not sure if I am included in the Settlement.

THE SETTLEMENT BENEFITS—WHAT YOU GET .....................................................................5

    8.   What does the Settlement provide?

    9.   How are individual Settlement Class Member payments determined?

    10.   What if I disagree with my payment?

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM ............................................................7

    11.   How can I get a payment?

    12.   When would I get my payment?

    13.   What am I giving up by staying in the case and getting a payment?

THE LAWYERS REPRESENTING YOU .......................................................................................8

    14.   Do I have a lawyer in this case?

    15.   How will the Lawyers and Class Representatives be paid?

EXCLUDING YOURSELF FROM THE SETTLEMENT ...................................................................8

    16.   What does it mean to request exclusion from the Settlement?

    17.   How do I ask the Court to exclude me from the Settlement?

    18.   If I don't exclude myself, can I sue Uber for the same thing later?

    19.   If I exclude myself, can I get money from this Settlement?

OBJECTING TO THE SETTLEMENT ...........................................................................................9

    20.   What if I do not like the Settlement?

    21.   What is the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING .......................................................................................10

    22.   When and where will the Court determine whether to approve the Settlement?

    23.   Do I have to come to the Fairness Hearing?

    24.   What if the Settlement is not approved?

IF YOU DO NOTHING .............................................................................................................10

    25.   What happens if I do nothing at all?

GETTING MORE INFORMATION .............................................................................................11

    26.   How do I get more information about the Settlement?

X8202 v.02

## BASIC INFORMATION

### 1.    Why did I get this notice?

Uber's records show that you used the Uber smartphone application as a driver in California or Massachusetts between August 16, 2009, and February 28, 2019, and that you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement). The Court authorized you to receive this notice because you have a right to know about a proposed settlement of two class action lawsuits, and about your options before the Court decides whether to approve the Settlement. These lawsuits are known as *O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-03826-EMC (the "*O'Connor* lawsuit"), and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262-EMC (the "*Yucesoy* lawsuit").

Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing these lawsuits. This Notice is to inform you that the parties in the *O'Connor* lawsuit and the *Yucesoy* lawsuit have reached a single proposed Settlement intended to resolve *both* lawsuits. This Notice explains your legal rights under the Settlement, the benefits that are available to you, and how to get them.

### 2.    What are the *O'Connor* and *Yucesoy* lawsuits about?

The central issue in both of these lawsuits is whether Uber has misclassified drivers as independent contractors, as opposed to its employees. In the *O'Connor* lawsuit, the plaintiffs alleged that because drivers are employees, certain of Uber's conduct and policies toward drivers in California violated California labor law. Specifically, the plaintiffs claimed Uber failed to reimburse drivers for vehicle-related and phone expenses and failed to pass along to drivers the entire portion of the fare that allegedly represents a tip.

In the *Yucesoy* lawsuit, the plaintiffs alleged that because drivers are employees, certain of Uber's conduct and policies toward drivers in Massachusetts violated Massachusetts labor law. Specifically, the plaintiffs claimed Uber unlawfully classified drivers as independent contractors, failed to reimburse drivers for their expenses, failed to pass along to drivers the entire portion of the fare that allegedly represents a tip, and interfered with drivers' relationships with passengers.

Uber denies any wrongdoing and liability and contends that it correctly classified drivers as independent contractors and complied at all times with applicable California and Massachusetts law.

### 3.    What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Together, the Class Representatives and Class Members are called the Plaintiffs. Uber—the company that has been sued—is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class. This Settlement seeks to resolve two separate class action lawsuits filed against Uber—the *O'Connor* lawsuit and the *Yucesoy* lawsuit, but only on behalf of those drivers who are not bound by Uber's arbitration clause (either because they validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

### 4.    Why is there a settlement?

The Court did not decide in favor of the Plaintiffs (the drivers) or the Defendant (Uber) in the *O'Connor* lawsuit or the *Yucesoy* lawsuit. Instead, the Parties in each lawsuit agreed to a settlement resolving both lawsuits that they believe is a fair, reasonable, and adequate compromise. The Parties reached this agreement following many years of litigation before the trial court and the Ninth Circuit Court of Appeals. In particular, in light of the recent decision by the Ninth Circuit Court of Appeals that Uber's arbitration clause is enforceable, this Settlement covers only drivers who are not bound by Uber's arbitration clause. Drivers who accepted the arbitration agreement cannot be part of a class action against Uber or a part of this Settlement and must instead pursue their claims in individual arbitration.

The Settlement was reached only after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through formal conferences with an experienced mediator. The Class Representatives and their lawyers have considered the substantial benefits from the Settlement that will be given to the Class Members and balanced these benefits with the risk that a trial could end in a verdict in Uber's favor. They also considered the value of the immediate benefit to the Class Members versus the costs and delay of litigation through trial and additional appeals. Even if Plaintiffs were successful in these efforts, Class Members would not receive any benefits for years to come. Counsel for the Plaintiffs believe that the amount Uber has agreed to pay, along with the modifications Uber has agreed to make to certain of its business practices, is fair, adequate, and reasonable in light of the risks and time required to continue litigating this case.

### WHO IS IN THE SETTLEMENT

### 5.    How do I know if I am part of the Settlement?

You are a part of this Settlement if you meet the following criteria:

You are a current or former driver who has used the Uber smartphone application in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

If you are part of the Settlement, you are called a member of the "Settlement Class" or "Settlement Class Member" and are eligible to receive the monetary benefits described in this Notice.

However, if you are a member of the Settlement Class, you may choose to exclude yourself from the Settlement. You **will not** be included in the Settlement if you chose to validly and timely exclude yourself from the Settlement using the procedure set forth in the response below to Question No. 17.

### 6.    Which drivers are not part of the Settlement?

The following groups of drivers are not included in the Settlement Class:

A.  Drivers who have never used the App in either California or Massachusetts.

B.  Drivers who are bound by Uber's arbitration clause (because they have used the Uber Application any time since Uber included an arbitration clause in the driver agreement and did not opt out of arbitration by submitting a valid opt-out request with thirty (30) days of receiving each version of Uber's arbitration agreement).

C.  Directors, officers, or agents of Uber or its subsidiaries and affiliated companies.

D.  Individuals designated by Uber as employees of Uber or its subsidiaries and affiliated companies.

E.  Members of the Court's immediate family or staff.

F.  Drivers who validly and timely exclude themselves from the Settlement using the procedure set forth in the response below to Question No. 17.

### 7.    I'm not sure if I am included in the Settlement.

If you are not sure whether you are included, you can get free help at www.UberLitigation.com, or by calling the toll-free number, 1-855-571-5869. You may also send questions to the Settlement Administrator at info@UberLitigation.com or:

Uber Class Action Settlement
c/o Epiq, Settlement Administrator
P.O. Box 3518
Portland, OR 97208-3518

THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8.    What does the Settlement provide?

The Settlement provides for monetary benefits to members of the Settlement Class, as well as changes to Uber's policies that will affect all drivers in California and Massachusetts, including those who are not part of the Settlement Class. Although Uber will be changing certain of its policies, drivers are to remain classified as independent contractors.

**Monetary Benefits**

If the Settlement is ultimately approved by the Court, Uber will pay $20,000,000 (the "Settlement Amount") to settle the *O'Connor* lawsuit and the *Yucesoy* lawsuit for those drivers who are not bound by Uber's arbitration clause, including the dismissal with prejudice and the release by all Settlement Class Members of all wage and hour claims now pending against Uber in California and Massachusetts ("the Settlement Class Members' Released Claims"), except that any claims that a Settlement Class Member may have under the Fair Labor Standards Act ("FLSA") will not be released unless that Settlement Class Member submits a claim and acknowledges in writing that he or she agrees to a release of his or her claims under the FLSA. This means that class members who do not opt out of the Settlement are permanently giving up their right to be a part of another case against Uber about the claims being resolved in this Settlement. The Settlement Class Members' Released Claims include the following:

A.  Claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203 and wage statement penalties pursuant to California Labor Code section 226);

B.  Claims pursuant to California Labor Code sections 200–204, 206.5, 207, 208, 210–214, 216, 218, 218.5, 218.6, 221–224, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245–249, 351, 353, 432.5, 450, 510, 512, 551–552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, and 2804 (payment of wages upon discharge at place of discharge, requirements regarding posting of regular paydays, fringe benefits, or health and welfare or pension fund contributions, penalties associated with requiring workers to repay wages to employer or with paying a lower wage, unlawful deductions, itemized wage statements, meal and rest breaks, vacation and sick days, gratuities, limits on hours and days of work, minimum wage, overtime, recordkeeping, failing to reimburse necessary business expenses);

C.  Claims pursuant to California Code of Civil Procedure section 1021.5 (penalties associated with hiring a contractor if license is invalid);

D.  Claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040 (wage orders regulating wages, hours, and working conditions);

E.  Claims pursuant to Industrial Welfare Commission Wage Orders;

F.  Claims under California Business and Professions Code section 17200, *et seq.* and 17500 (for unlawful, unfair, or fraudulent business practices);

G.  Claims under California common law to recover any alleged tip or expense;

H.  Claims pursuant to Massachusetts General Laws, chapter 149, sections 19, 19A, 19C, 20, 24A, 24B, 24C, 24D, 24F, 52C, 52D, 100, 105A, 105B, 105D, 148, 148A, 148A, 148B, 148C, 150, 150A, 152A, and 180 (keeping and furnishing information regarding personnel records, meal and rest breaks, parental leave, family and medical leave, sick time, payment of wages upon discharge, notification of deductions, violations related to tips, age and gender discrimination, requiring an employee to furnish a copy of a medical report or inquiring into undocumented status);

I.  Claims pursuant to Massachusetts General Laws, chapter 151, sections 1, 1A, 1B, 7, 10, 15, 16, 19, and 20 (overtime, minimum wage, record-keeping, posting of minimum wage amounts);

J.  Claims pursuant to Massachusetts General Laws, chapter 93A, sections 1, 2, and 11 (unfair business practices);

K.  Claims pursuant to Massachusetts General Laws, chapter 266, section 91 (untrue and misleading advertisements);

L.  Claims under Massachusetts common law to recover any alleged tip or expense;

M.  Claims for attorneys' fees and costs;

N. Claims of unfair business practices; and

O. All claims, including common law claims, arising out of or related to the statutory causes of action described herein.

After deducting attorneys' fees and costs, settlement administration costs and additional awards to the Class Representatives for initiating and bearing the burdens of these lawsuits, all of which are subject to Court approval, the remainder of the Settlement Amount—called the "Net Settlement Fund"—will be available for distribution to Settlement Class Members.

### Changes to Uber's Policies

In addition to the monetary payments outlined above, Uber will modify certain of its business practices relating to drivers in California and Massachusetts. These modifications include the following:

1. <u>Comprehensive Written Deactivation Policy</u>: Uber will maintain Community Guidelines (the "Policy"). Pursuant to this Policy:

    a. Low acceptance rates are not grounds for account deactivation.

    b. Uber will maintain its comprehensive Policy online in an easily-accessible and easily-understood format.

    c. Uber will provide advance warning before a Driver's user account is deactivated for reasons other than safety issues, physical altercation discrimination, fraud, sexual misconduct, harassment, or illegal conduct (each, an "Excluded Matter").

    d. Uber will provide the Driver with an explanation for its decision to deactivate the account.

2. <u>Formal Appeals Process for Deactivation Decisions</u>: On or before one hundred and eighty (180) days after the Effective Date, Uber will institute a formal appeals process for deactivation decisions, except in certain circumstances (*e.g.*, among others, where deactivation relates to or arises from low star ratings, safety issues, criminal activity, physical altercation, sexual misconduct, fraud, discrimination, harassment and background checks). To that end, Uber will create a Driver Panel in major cities with Greenlight Hubs that consists of high-quality, highly-rated active Drivers. For Drivers who initiate a formal appeals process, the panel will recommend whether Drivers should be reactivated in the event their user account was deactivated.

3. <u>Quality Courses for Drivers</u>: Uber will make quality courses available for Drivers whose user accounts are deactivated in California and Massachusetts, except in the event of an Excluded Matter. Uber will work with third-party providers to help lower the cost of these courses for Drivers. Completion of one of these courses will make Drivers eligible for consideration for reactivation.

The complete terms of the Settlement are in the Settlement Agreement, which is available at www.UberLitigation.com. You may also request a hard copy of the Settlement Agreement by sending a self-addressed, stamped envelope to:

Uber Class Action Settlement
c/o Epiq, Settlement Administrator
P.O. Box 3518
Portland, OR  97208-3518

### 9.    How are individual Settlement Class Member payments determined?

Payments to Settlement Class Members who submit valid claims (see Question 11) will be based on each such Settlement Class Member's share of the Net Settlement Fund. A Settlement Class Member's share will be determined by the total number of miles that he or she spent "On Trip" during the Settlement Class Period. "On Trip" means the period of time when a driver is transporting a passenger or item procured through the App. The settlement formula will distribute the funds (after the deduction of fees and expenses) in proportion to the number of On Trip miles driven.

The exact amount each such Class Member will receive cannot be calculated until (1) the Court approves the Settlement; (2) amounts are deducted from the Settlement Fund for the costs of providing notice to the Class, administering the settlement, paying lawyers' fees and expenses, paying taxes and tax-related expenses, and making enhancement payments approved by the Court; and (3) the Settlement Administrator determines the number of Class Members who excluded themselves, submitted valid claims, and, after payments are made, successfully received their payment.

Approximately 60 days after final approval of the settlement, initial settlement shares will be distributed. Approximately 180 days later, all remaining unclaimed funds will be distributed to Class Members who received initial shares (so long as their residual payment will exceed $100). After this final distribution, all unclaimed funds that remain from the amount allocated to California drivers will be distributed to the Legal Aid at Work, and all unclaimed funds that remain from the amount allocated to Massachusetts drivers will be distributed to Greater Boston Legal Services.

## 10.   What if I disagree with my payment?

There is a process in the Settlement for you to challenge the determination of the amount of your Settlement Payment. The Settlement Administrator, with input from counsel for Plaintiffs, the Settlement Class Members, and Uber, will determine the amount of each Settlement Payment and will resolve any objections to your payment amount. You will receive further details regarding this process in the letter you will receive regarding your payment.

### How You Get a Payment—Submitting a Claim

## 11.   How can I get a payment?

To qualify for a payment, you must submit a Claim, either electronically or through a paper Claim Form.

To submit a Claim electronically, you may **CLICK THIS LINK** to access the claim portal. Or you can go to www.UberLitigation.com and enter your Claimant ID and Verification Number, provided below, and follow the instructions that appear.

> Unique ID:
> Password:

To submit a claim by paper, you can download and print a Claim Form from www.UberLitigation.com. Alternatively, you can contact the Settlement Administrator at 1-855-571-5869 or info@UberLitigation.com, and the Administrator will send you a paper copy. Paper claim forms must be submitted to the address listed below.

When you fill out your Claim Form—either electronically or through a paper form—you must provide your name, current address, Social Security number, and the telephone number and email address you used to sign up for a driver account with Uber. **In order to receive a monetary payment from the Settlement, you must submit your Claim no later than July 18, 2019.**

If you submit a Claim to receive a monetary payment, your Settlement Payment will be mailed to the address you provide on your Claim Form. You are responsible for ensuring that the Settlement Administrator has your correct mailing information.

If you need to update your mailing information after submitting your claim, you may write to the Settlement Administrator at the following address:

> Uber Class Action Settlement
> Settlement Administrator
> c/o Epiq
> P.O. Box 3518
> Portland, OR  97208-3518

You can also update your information via email to info@UberLitigation.com.

Please include your Unique ID on any correspondence sent to the Settlement Administrator.

**If you do not keep your address current with the Settlement Administrator, your Settlement Payment may be delayed and it is possible that you will not receive your Settlement Payment**.

## 12.   When would I get my payment?

The Court will hold a hearing—called a "Fairness Hearing"—on **July 18, 2019**, to decide whether to approve the Settlement. If the Court approves the Settlement after the Fairness Hearing, it is anticipated that you would receive your payment in the second half of 2019. However, if there are appeals, it may take time to resolve them, perhaps more than a year. Everyone who submits a claim will be informed of the progress of the Settlement. Please be patient.

X8207 v.02

### 13.    What am I giving up by staying in the case and getting a payment?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Uber about the legal issues addressed in these lawsuits (*see* explanation of "Settlement Class Members' Released Claims" in response to Question No. 8). It also means that all of the Court's orders will apply to you and legally bind you. If you submit a Claim, you will agree to a "Release of Claims," available online as part of the claim submission process, which describes exactly the legal claims that you give up if you get Settlement benefits.

## THE LAWYERS REPRESENTING YOU

### 14.    Do I have a lawyer in this case?

You do not need to hire your own lawyer. The Court decided that Ms. Shannon Liss-Riordan, Esq., and Ms. Adelaide Pagano, Esq. of the law firm Lichten & Liss-Riordan, P.C. are qualified to represent you and all Settlement Class Members. These lawyers are called "Class Counsel." They are experienced in handling similar cases against other defendants. If you have questions about the lawsuit or your rights in this case, you can contact them at the address below:

**Class Counsel**
Shannon Liss-Riordan, Esq.
Adelaide Pagano, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(855) 590-2600
uberlawsuit@llrlaw.com

You and other Settlement Class Members will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15.    How will the Lawyers and Class Representatives be paid?

Class Counsel will ask the Court for fees up to 25% of the gross Settlement Fund and costs incurred for prosecuting these actions. Class Counsel will ask for enhancement payments for the Class Representatives for their services as Representatives and for their efforts in bringing this case. The combined sum of all enhancement payments—to Class Representatives and the other drivers—shall not exceed $40,000. The actual amounts of fees and costs awarded to Class Counsel and the actual amounts of the enhancement payments will be determined by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 16.    What does it mean to request exclusion from the Settlement?

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Uber, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

If you come within the Settlement Class definition, you will be a member of the Settlement Class and will be bound by the Settlement unless you exclude yourself. Being "bound by the Settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement, including the release of their claims and the eligibility to receive any monetary benefits.

You cannot exclude yourself from the Settlement Class if you wish to object to the Settlement and/or appear and be heard before the Court during the Fairness Hearing. This is because you need to be a Settlement Class Member affected by the Settlement to object or appear.

## 17.    How do I ask the Court to exclude me from the Settlement?

To exclude yourself from this settlement, you must send a letter by mail, **postmarked on or before June 18, 2019,** or by email on or before **June 18, 2019**, to the Settlement Administrator at the following address:

Uber Class Action Settlement
Settlement Administrator
c/o Epiq
P.O. Box 3518
Portland, OR 97208-3518
exclude@UberLitigation.com

Your letter must contain: (1) a clear statement that you wish to be excluded from the Settlement in *O'Connor, et al. v. Uber Technologies, Inc.* and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*; (2) your name (and former names, if any), address, phone number, and email address that you used when using the Uber Application to drive; and (3) your signature (or the signature of your legally-authorized representative).

If, before the deadline, you request to be excluded from the Settlement, you will not receive any payment under the Settlement and you will not be bound by anything that happens in this case.

## 18.    If I don't exclude myself, can I sue Uber for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Uber for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. **Remember, the exclusion deadline is June 18, 2019.**

## 19.    If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, do not submit a Claim to ask for any money. However, you may sue, continue to sue, or be part of a different lawsuit against Uber.

#### OBJECTING TO THE SETTLEMENT

## 20.    What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. If the Court rejects your objection, you will still be bound by the terms of the Settlement, but you will also receive a Settlement Payment.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case names and numbers (*O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826 and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 17th Floor, San Francisco, CA, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before June 18, 2019.

Your written objection must contain: (1) your full name, address, telephone number, and signature; (2) a heading that clearly refers to these cases, *O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826 and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262; (3) a statement of the specific reasons for your objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number.

Your objection must be signed by you (or your legally-authorized representative), even if you are represented by a lawyer. If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid.

## 21.   What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement.

You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object to the Settlement because the cases no longer affect you.

### THE COURT'S FAIRNESS HEARING

## 22.   When and where will the Court determine whether to approve the Settlement?

The Court has preliminarily approved the Settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the Settlement. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for service awards on behalf of the Class Representatives described in response to Question No. 15, and Class Counsel's request for attorneys' fees and expenses. The Court will also consider objections and may grant permission for objectors to speak. The Court may decide these issues at the Fairness Hearing or take them under consideration and decide the issues at a later time. We do not know how long these decisions will take.

The Court has scheduled a Fairness Hearing at 1:30 pm on **July 18, 2019**, at the United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, CA 94102. The Fairness Hearing may be continued or rescheduled by the Court without further notice. Settlement Class Members should check the Settlement website by visiting www.UberLitigation.com or should check the Court's PACER site (available for a fee at https://ecf.cand.uscourts.gov) to confirm the date of the Fairness Hearing.

## 23.   Do I have to come to the Fairness Hearing?

No. You are not required to come to the Fairness Hearing, but you are welcome to come at your own expense if you so desire.

Settlement Class Members who object to the Settlement do not need to attend the Fairness Hearing for their objections to be considered. If you wish to appear either personally or through your own attorney at the Fairness Hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court and send a copy to the Settlement Administrator at the addresses set forth above in the response to Question No. 20 no later than **June 18, 2019**.

Your notice of intention to appear must include copies of any papers or other evidence that you or your lawyer will present at the hearing. Any Settlement Class Member who does not file and serve a notice of intention to appear in accordance with these instructions will not be allowed to speak at any hearing, including the Fairness Hearing, concerning this Settlement.

## 24.   What if the Settlement is not approved?

If the Settlement is not granted final approval, the *O'Connor* lawsuit and the *Yucesoy* lawsuit will proceed, and none of the agreements set forth in this notice will be valid or enforceable.

### IF YOU DO NOTHING

## 25.   What happens if I do nothing at all?

If you do nothing, you'll get no money from this Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Uber about the legal issues in these cases, ever again.

## GETTING MORE INFORMATION

**26.   How do I get more information about the Settlement?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.UberLitigation.com, by contacting class counsel at Lichten & Liss-Riordan, P.C. 729 Boylston Street, Suite 2000, Boston, MA 02116, uberlawsuit@LLRLaw.com, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Exhibit C

**Hathaway, Katherine**

| | |
|---|---|
| **From:** | mail@msgbsvc.com on behalf of O'Connor v. Uber Technologies Settlement <info@uberlitigation.com> |
| **Sent:** | Monday, June 10, 2019 2:28 PM |
| **To:** | Hathaway, Katherine |
| **Subject:** | HTML Sample -- Reminder re: Settlement Payment - O'Connor v Uber Technologies |

## You are eligible for a cash payment from a legal settlement with Uber.
## CLICK HERE TO MAKE A CLAIM

Time is running out for you to claim your money in a class action settlement affecting drivers who used the Uber app in California and Massachusetts. Payments depend on how many miles you drove, but assuming a 50% claims rate, the average payment would be **around $2,000**.

**You must submit a claim in order to receive a payment.** We have not yet received your claim. **Click here** to easily file your claim online using your Unique ID and Password. **The claim deadline is August 17, 2019**, but you should file your claim as soon as possible.

Your Unique ID:
Your Password:

Visit www.UberLitigation.com for detailed information and to claim your payment. You may also call (855) 571-5869 and speak to a live operator.

Para una notificación en español, visitar nuestro website, www.UberLitigation.com.

This a reminder notice. You were sent notice of the proposed settlement in April. A summary of that notice is below.

---

A proposed settlement has been reached in two class action lawsuits filed against Uber Technologies, Inc. by drivers who have used the Uber App in California and Massachusetts. Under the proposed settlement, Uber has agreed to create a settlement fund and modify certain business practices, as described below. If you qualify, you may submit a claim to get benefits, or you can exclude yourself from the settlement, or object to it. The United States District Court for the Northern District of California authorized this notice. Before any money is paid, the Court will hold a hearing on August 29, 2019, at 1:30 PM to consider whether to approve the settlement. Please note this change in hearing date.

**Who's Included?** You are a Settlement Class Member and could get benefits if you are a driver who used the Uber App in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

**What's This About?** Two class action lawsuits claim that Uber violated various laws and regulations by classifying drivers in California and Massachusetts as independent contractors rather than employees. Uber denies these claims. The Court did not decide who was right, but both sides in these lawsuits agreed to a settlement.

**What Does the Settlement Provide?** Uber will pay $20,000,000 into a settlement fund that will be paid out to drivers who are Settlement Class Members. Uber also will modify certain business practices as described fully in the attached notice package. Specifically, Uber agrees to the following:

  ʃ          Comprehensive written deactivation policy

  ʃ          Formal appeals process for certain deactivation decisions

  ʃ          Quality courses for drivers

**How Do You Ask for a Payment?** The notice package sent to you contains all the information you need. The notice package is also available at www.UberLitigation.com. To qualify for a payment, you must submit a claim by August 17, 2019.

**What Are Your Other Options?** If you don't want to be legally bound by the settlement, you must exclude yourself by June 18, 2019, or you won't be able to sue, or continue to sue, Uber about the legal claims in this case. If you exclude yourself, you can't get money from this settlement. If you stay in the settlement, you can ask the Court to deny approval by filing or submitting an objection by June 18, 2019. The attached notice package explains how to exclude yourself or object. The Court will hold a hearing on both of these cases (*O'Connor, et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826-EMC, and *Yucesoy, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-0262-EMC) on August 29, 2019, at 1:30 p.m. to consider whether to approve the settlement and a request by the lawyers representing all Settlement Class Members (Lichten & Liss-Riordan, P.C. of Boston, MA) for up to 25% of the settlement fund for fees plus out of pocket costs, for investigating the facts, litigating the case, and negotiating the settlement. You may ask to appear at the hearing, but you don't have to. For more information, visit the website or call the number below, or write to Uber Class Action Settlement, c/o Epiq, Settlement Administrator, P.O. Box 3518, Portland, OR 97208-3518. You can also contact class counsel by emailing uberlawsuit@LLRLaw.com.

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

QUESTIONS? VISIT WWW.UBERLITIGATION.COM OR CALL (855) 571-5869

Exhibit D

O'Connor v. Uber Technologies
Yucesoy v. Uber Technologies
P.O. Box 3518
Portland, OR 97208-3518

| Must be |
| Postmarked |
| No Later Than |
| **August 17, 2019** |

<<Mail ID>>
<<Name 1>>
<<Name 2>>
<<Address 1>>
<<Address 2>>
<<Address 3>>
<<Address 4>>
<<Address 5>>
<<City>><<State>><<Zip>>
<<Country>>

Telephone: 1-855-571-5869
Website: www.UberLitigation.com

Unique ID:
Password:

# PROOF OF CLAIM AND RELEASE

## PART I - CLAIMANT IDENTIFICATION

Unique ID:

First Name:                    MI:    Last Name:

Address Line 1:

Address Line 2 (if applicable):

City:                          State:    ZIP Code:

Telephone Number (please provide the number associated with your Uber account):

Social Security Number/Tax Identification Number (only needed for claims over $600; if not provided, taxes may be withheld):

Current Email Address:

Email Registered With Uber (if different and available):

(The address entered above will be used to send payment. It is your responsibility to make sure that the address information provided is current and accurate until the time the payment of the settlement funds has been issued by the Settlement Administrator.)

## PART II - GENERAL INFORMATION AND RELEASE OF CLAIMS

By signing this form, I hereby agree individually and on behalf of my heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, to forever release, discharge, hold harmless, and covenant not to sue (1) Uber Technologies, Inc.

("Uber") and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uber; (2) Travis Kalanick; and (3) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities, and by operation of the Final Judgment shall have fully and finally released, relinquished, and discharged any and all past and present claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or disbursements, including, but not limited to, those incurred by Class Counsel or any other counsel representing the Named Plaintiffs or any Settlement Class Members, other than those expressly awarded by the Court in the Fee and Expense Award authorized by this Agreement) that are based on or reasonably related to the claims asserted in the Action, including in the Amended Complaints for Settlement, and specifically the following claims based on or reasonably relating to claims asserted or alleged in the Action: (a) claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203, and wage statement penalties pursuant to California Labor Code section 226); (b) claims pursuant to California Labor Code sections 200-204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221-224, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245-249, 351, 353, 432.5, 450, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, and 2804; (c) claims pursuant to California Code of Civil Procedure section 1021.5; (d) claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040; (e) claims pursuant to Industrial Welfare Commission Wage Orders; (f) claims under California Business and Professions Code sections 17200, et seq. and 17500; (g) claims under California common law to recover any alleged tip or expense; (h) claims pursuant to Massachusetts General Laws, chapter 149, sections 19, 19A, 19C, 20, 24A, 24B, 24C, 24D, 24F, 52C, 52D, 100, 105A, 105B, 105D, 148, 148A, 148B, 148C, 150, 150A, 152A, and 180; (i) claims pursuant to Massachusetts General Laws, chapter 151, sections 1, 1A, 1B, 7, 10, 15, 16, 19, and 20; (j) claims pursuant to Massachusetts General Laws, chapter 93A, sections 1, 2, and 11; (k) claims pursuant to Massachusetts General Laws, chapter 266, section 91; (l) claims under Massachusetts common law to recover any alleged tip or expense; (m) claims for attorneys' fees and costs; (n) claims of unfair business practices; and (o) all claims, including common law claims, arising out of or related to the statutory causes of action described herein.

By signing and submitting this Claim Form, I understand that I am consenting to join the action captioned O'Connor, et al. v. Uber Technologies Inc., Case No. 13-03826-EMC (Northern District of California) or Yucesoy, et al. v. Uber Technologies, Inc., et al., Case No. 3:15-0262-EMC (Northern District of California) (collectively, the "Action") as a party plaintiff to the Fair Labor Standards Act ("FLSA") claims asserted in this Action pursuant to 29 U.S.C. § 216(b). I also understand that I am submitting to the jurisdiction of the United States District Court for the Northern District of California with respect to my claim as a Settlement Class Member and for purposes of the enforcement of the release of claims stated in the Agreement and Notice of Settlement of Class Action. I further agree that I am bound by the terms of any judgment that may be entered in this class and collective action, and to furnish additional information to support this claim if required to do so. If I am the executor, heir, or representative of a Settlement Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

By submitting this Claim Form, I agree to opt-in to an FLSA collective action and release all claims under the FLSA based on or reasonably related to the claims asserted in the Action.

I have read and understand the Notice of Settlement of Class Action and the Claim Form.

By signing below, I certify under penalty of perjury that any information I am providing with this Claim Form is true and correct, and that I fully endorse, accept, and agree to the Release and Consent to Join as detailed above in this Claim Form.

Signed date | | | – | | | – | | |
             MM      DD      YY

| |
Signature of Claimant

| |
Print Name of Claimant

## You are eligible for a payment from a legal settlement with Uber.

Time is running out for you to claim your money in a class action settlement affecting drivers who used the Uber app in California and Massachusetts. Payments depend on how many miles you drove, but assuming a 50% claims rate, the average payment would be **around $2,000**.

**You must submit a claim in order to receive a payment.** We have not yet received your claim. File your claim easily online at www.UberLitigation.com using your Unique ID and Password. **The claim deadline is August 17, 2019**, but you should file your claim as soon as possible.

Your Unique ID:

Your Password:

Visit www.UberLitigation.com for detailed information and to claim your payment. You may also call (855) 571-5869 and speak to a live operator.

Para una notificación en español, visitar nuestro website, www.UberLitigation.com.

This a reminder notice. You were sent notice of the proposed settlement previously. A summary of that notice is below.

---

A proposed settlement has been reached in two class action lawsuits filed against Uber Technologies, Inc. by drivers who have used the Uber App in California and Massachusetts. Under the proposed settlement, Uber has agreed to create a settlement fund and modify certain business practices, as described below. If you qualify, you may submit a claim to get benefits, or you can exclude yourself from the settlement, or object to it. The United States District Court for the Northern District of California authorized this notice. Before any money is paid, the Court will hold a hearing on August 29, 2019, at 1:30 PM to consider whether to approve the settlement. Please note this change in hearing date.

**Who's Included?** You are a Settlement Class Member and could get benefits if you are a driver who used the Uber App in California or Massachusetts between August 16, 2009, and February 28, 2019, and you are not bound by Uber's arbitration clause (either because you validly opted out of arbitration or because Uber has no record of your acceptance of an arbitration agreement).

**What's This About?** Two class action lawsuits claim that Uber violated various laws and regulations by classifying drivers in California and Massachusetts as independent contractors rather than employees. Uber denies these claims. The Court did not decide who was right, but both sides in these lawsuits agreed to a settlement.

**What Does the Settlement Provide?** Uber will pay into a settlement fund that will be paid out to drivers who are Settlement Class Members. Uber also will modify certain business practices as described fully in the notice package. Specifically, Uber agrees to the following:

- Comprehensive written deactivation policy

- Formal appeals process for certain deactivation decisions

- Quality courses for drivers

**How Do You Ask for a Payment?** The notice package sent to you contains all the information you need. The notice package is also available at www.UberLitigation.com. To qualify for a payment, you must submit a claim by **August 17, 2019**.

**What Are Your Other Options?** If you don't want to be legally bound by the settlement, you must exclude yourself within 60 days after issuance of Class Notice, or you won't be able to sue, or continue to sue, Uber about the legal claims in this case. For Class Members for whom notices were sent on April 19, 2019, the exclusion deadline was June 18, 2019. If you exclude yourself, you can't get money from this settlement. If you stay in the settlement, you can ask the Court to deny approval by filing or submitting an objection within 60 days after issuance of Class Notice. For Class Members for whom notices were sent on April 19, 2019, the objection deadline was June 18, 2019. The notice package explains how to exclude yourself or object. The Court will hold a hearing on both of these cases (*O'Connor et al. v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826-EMC, and *Yucesoy et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-cv-00262-EMC) on August 29, 2019, at 1:30 p.m. to consider whether to approve the settlement and a request by the lawyers representing all Settlement Class Members (Lichten & Liss-Riordan, P.C. of Boston, MA) for up to 25% of the settlement fund for fees plus out-of-pocket costs for investigating the facts, litigating

the case, and negotiating the settlement. You may ask to appear at the hearing, but you don't have to. For more information, visit UberLitigation.com or call (855) 571-5869, or write to Uber Class Action Settlement, c/o Epiq, Settlement Administrator, P.O. Box 3518, Portland, OR 97208-3518. You can also contact class counsel by emailing uberlawsuit@LLRLaw.com.

You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

QUESTIONS? VISIT WWW.UBERLITIGATION.COM OR CALL (855) 571-5869

# Exhibit E

**<u>Timely Exclusion Requests</u>**

1.     Malden M. Moritz

2.     Jeffrey Byrnes

3.     James Reinking

Exhibit F

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'CONNOR; THOMAS

; DAVID KHAN, MATTHEW, COLOPY                    D.C. No.3:13-cv-03826-EMC

MANAHAN; WILSON ROLLE, JR.;

WILLIAM ANDERSON, individually and

on behalf of all others similarly situated,

Yucesoy, et al. v. Uber Technologies, Inc., et al.,         D.C No. 3:15-cv-0262

                    Plaintiffs-Appellees,



                v.



UBER TECHNOLOGIES, INC.,

                    Defendant-Appellant.

## <u>Motion of Intent to Appear at Fairness Hearing</u>

To The Honorable Judge of Said Court:

 Pursuant to Rule 23 of the Federal Rules of Civil Procedure, El Hassane Tadli Souabni, a class member of the federal lawsuit O'Conner v. Uber Technologies, Inc requests to appear before the Court at Fairness Hearing set for July 18, 2019.

Respectfully submitted

Class Member

El Hassane Tadli Souabni

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June 2019, I will file the foregoing motion with the Clerk of Court by mail, which I will then mail a notification of such filing to the followings:

Tony West

General Counsel Uber Technologies

1455 Market St #400,

San Francisco, CA 94103


Shannon Liss-Riordan

Lichten & Liss-Riordan, P.C.

729 Boylston Street, Suite 2000

Boston, MA 02116


c/o Epiq

P.O. Box 3518

Portland, OR 97208


El Hassane Tadli Souabni

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS O'CONNOR; THOMAS                    No. 14-16078

; DAVID KHAN, MATTHEW, COLOPY              D.C. No.3:13-cv-03826-EMC

EMC MANAHAN; WILSON ROLLE, JR.;

WILLIAM ANDERSON, individually and

on behalf of all others similarly situated,

Yucesoy, et al. v. Uber Technologies, Inc., et al.,          D.C No. 3:15-cv-0262

                    Plaintiffs-Appellees,


                v.


UBER TECHNOLOGIES, INC.,

                    Defendant-Appellant,


### Objection to Proposed Class Settlement By El Hassane Tadli

To The Honorable Judge Of Said Court:

        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, El Hassane Tadli Souabni, a class member to the lawsuit O'Conner v. Uber Technologies, Inc objects to the Proposed Class Action Settlement based on the following grounds:

        1-El Hassane Tadli Souabni (Tadli) worked as an Uber driver from 2013 to 2018. He opted out of the arbitration clause in 2013/2014. Tadli communicated his decision directly to Uber's general counsel by correspondence and electronically.

        2-Tadli, a class member suffered harm at multiple levels by the defendant's alleged wrongdoings during the period 2013-2018. Therefore, the proposed settlement is vague, unfair unreasonable.

        3-Tadli agrees in part with the Appellate Court opinion in regard to the enforcement of the arbitration clause. However, Tadli does not agree to add another subclass to the actual class considering the limited number of drivers opted out of their employment arbitration clause in

2014 prior to the beginning of this litigation. As result, recovery per class member with adding another subclass members will decrease significantly.

4- The proposed plaintiffs legal fees of 25% of the total settlement is above average and does not serve the interest of the class members since the proposed class settlement is below expectations, it was negotiated expeditiously based on a previous Uber's valuation, and finally, the plaintiff's legal team failed to reach a fair settlement with the class members on case by case as the Court ordered .

5-Tadli's objection to the Proposed Class Settlement affects the objector and the actual class members who opted out of the arbitration clause prior to the start of this lawsuit.

6-The defendant deleted the objector's driving data from his Boston account. As result, he will be unable to verify, submit, and collect his unknown settlement share.

7-Settlement methodology calculated as a specific amount of dollars for each mile driven is limited in scope. It is neglected other important data such as drivers' year of service, drivers' expenses, number of trips completed, and the drivers' road risks.

Dated 06/10/2019

Respectfully submitted

El Hassane Tadli Souabni